KATHRYN KENEALLY
Assistant Attorney General

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:   (202) 307-6648
E-mail:       *Guy.P.Jennings@usdoj.gov*

Attorneys for the United States of America

BENJAMIN B. WAGNER
United States Attorney

Of Counsel

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>L. RICHARD SHEARER;<br>DIANE SHEARER;<br>STANLEY SWENSON as Trustee of the<br>HOTLUM TRUST, BERRYVALE TRUST, and<br>REGENCY TRUST;<br>CARL S. WILSON; CAROL WILSON;<br>EVELYN LOUISE SHEARER, as Trustee of<br>the EVELYN LOUISE REVOCABLE TRUST;<br>VERNON L. SWENSON; LEORA SWENSON;<br><br>    Defendants. | Civil No.  2:12-CV-02334 GEB GGH<br><br>**AMENDED COMPLAINT TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT AND FORECLOSE FEDERAL TAX LIENS ON REAL PROPERTY** |

COMES NOW, the United States of America, by its undersigned counsel, and complains and alleges as follows:

**JURISDICTION AND VENUE**

1.    This is a civil action brought by the United States of America (a) to reduce to judgment federal tax assessments against L. Richard Shearer and Diane Shearer ("taxpayers"), husband and wife; (b) to adjudicate that Hotlum Trust, Berryvale Trust, and Regency Trust are the nominees, alter egos, and fraudulent transferees of the taxpayers; (c) to adjudicate that Hotlum

1  Trust, Berryvale Trust, and Regency Trust are sham trusts; and (d) to foreclose federal tax liens
2  against certain real property in Siskiyou County, California.

3  2.  This action is brought at the direction of the Attorney General of the United States and at
4  the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a
5  delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403.

6  3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1340 and 1345, and
7  pursuant to § 7402 of the Internal Revenue Code (26 U.S.C.).

8  4.  Venue is proper in the Eastern District of California under 28 U.S.C. §§ 1391(b) and
9  1396 because the tax assessments against the taxpayers at issue accrued within this judicial
10 district, the taxpayers reside within this judicial district, and the real property in question is
11 located within this judicial district.

## **THE DEFENDANTS**

13 5.  L. Richard Shearer and Diane Shearer, husband and wife, reside in Siskiyou County,
14 California, within this judicial district and the jurisdiction of the Court.

15 6.  The Hotlum Trust, by Stanley Swenson, trustee, if it exists, has its principal place of
16 business within this judicial district and the jurisdiction of the Court.

17 7.  The Berryvale Trust, by Stanley Swenson, trustee, if it exists, has its principal place of
18 business within this judicial district and the jurisdiction of the Court.

19 8.  The Regency Trust, by Stanley Swenson, trustee, if it exists, has its principal place of
20 business within this judicial district and the jurisdiction of the Court.

21 9.  Carl S. Wilson and Carol Wilson are named in this action because they may claim an
22 interest in real property that is the subject of this action.

23 10. Evelyn Louise Shearer, as Trustee of the Evelyn Louise Revocable Trust, is named in
24 this action because she may claim an interest in real property that is the subject of this action.

25 11. Vernon L. Swenson and Leora Swenson are named in this action because they may
26 claim an interest in real property that is the subject of this action.

27
28

## THE SUBJECT PROPERTY

### 717 Michelle Drive

12.  The first parcel of real property that is the subject of this action is located at 717 Michelle Drive, Mount Shasta, California 96067 (APN 036-460-231) (herein referred to as the "717 Michelle Drive"), in the County of Siskiyou, State of California, and is more particularly described as follows:

> ALL THAT REAL PROPERTY IN THE STATE OF CALIFORNIA, COUNTY OF SISKIYOU, DESCRIBED AS FOLLOWS:
>
> Lot 19 Block 4 as shown on the map entitled "SHASTA HOLIDAY UNIT 1 TRACT NO. 1090", LOCATED IN PORTIONS OF Sections 20, 21 & 28, Township 40 North, Range 4 West, M.D.M., filed for record in the Siskiyou County Recorder's office November 29, 1979 in Town Map Book 6 pages 130 through 138 inclusive.
>
> EXCEPTING THEREFROM 50% of all sand, gravel, clay, mineral, lignite, oil, gas and other hydrocarbon substances and of any and all rights to each of the foregoing, below a depth of 500 feet, without the right of surface entry, as reserved by Opal Fern Thompson, et al. in the Grant Deed recorded January 21, 1970 in the Volume 589 O.R. Page 146.

13.  On or about March 10, 1988, the taxpayers purchased 717 Michelle Drive and a Grant Deed transferring all right, title, and interest in the property to Richard Shearer and Diane Shearer, husband and wife, as joint tenants, was recorded with the Siskiyou County Recorder. The taxpayers have occupied 717 Michelle Drive as their residence from at least 1988 to the present.

14.  On or about May 15, 1995, the taxpayers transferred 717 Michelle Drive to "Hotlum Trust" in exchange for no consideration.

### Michelle Drive Lot

15.  The second parcel of real property that is the subject of this action is located adjacent to the property at 717 Michelle Drive, Mount Shasta, California 96067 (APN 036-460-241) (herein referred to as the "Michelle Drive Lot"), in the County of Siskiyou, State of California, and is more particularly described as follows:

> ALL THAT REAL PROPERTY IN THE STATE OF CALIFORNIA, COUNTY OF SISKIYOU, DESCRIBED AS FOLLOWS:
>
> Lot 18, Block 4 in Shasta Holiday Unit 1 Tract No. 1090, being property in Sections 20, 21 & 28, Township 40 North, Range 4 West, M.D.M., as shown on the map of said Subdivision filed in the Siskiyou County Recorder's office November 29, 1979 in Town

1  Map Book 6, pages 130 through 138, inclusive.

2  EXCEPTING THEREFROM 50% of all sand, gravel, clay, mineral, lignite, oil, gas and
3  other hydrocarbon substances and of any and all rights to each of the foregoing, below a
   depth of 500 feet, without the right of surface entry, as reserved by Opal Fern
4  Thompson, et al. in the Grant Deed recorded January 21, 1970 in the Volume 589 of
   Official Records of Siskiyou County, Page 146.

5  16. On or about April 8, 1988, the taxpayers purchased the Michelle Drive Lot and a grant

6  deed transferring all right, title, and interest in the property to Richard Shearer and Diane

7  Shearer, husband and wife, as joint tenants, was recorded with the Siskiyou County Recorder.

8  17. On or about May 15, 1995, the taxpayers transferred the Michelle Drive Lot to "Hotlum

9  Trust" in exchange for no consideration.

## 701 Pine Street

11  18. The third parcel of real property that is the subject of this action is located at 701 Pine

12  Street, Mount Shasta, California, (APN 057-101-120) (herein referred to as "701 Pine Street"),

13  in the County of Siskiyou, State of California, and is more particularly described as follows:

14  ALL THAT REAL PROPERTY IN THE STATE OF CALIFORNIA, COUNTY OF
    SISKIYOU, DESCRIBED AS FOLLOWS:
15
    Lot 15 and 16 in Block 48 of the city of Mt. Shasta as the same is described and
16  designated on the Official map thereof on file and of record in the office of the County
    Recorder of Siskiyou County, California.
17
    ALSO that portion of the abandoned Northwesterly 10 feet of West Ivy Street lying
18  adjacent to the Southeasterly line of Lot 16, Block 48, city of Mt. Shasta, as set forth in
    the Resolution for Abandonment executed by the City of Mt. Shasta, recorded December
19  14, 1990 as Document No. 90016281.

20  19. On or about January 9, 1991, the taxpayers purchased 701 Pine Street and a grant deed

21  transferring all right, title, and interest in the property to Richard Shearer and Diane Shearer,

22  husband and wife, as community property, was recorded with the Siskiyou County Recorder.

23  701 Pine Street houses L. Richard Shearer's medical practice.

24  20. On or about May 15, 1995, the taxpayers transferred 701 Pine Street to the "Berryvale

25  Trust" in exchange for no consideration.

## 534 North Main Street

27  21. The fourth parcel of real property that is the subject of this action is located at 534 North

28  Main Street, Yreka, California, (APN 53-052-070) (herein referred to as "534 North Main

Street,") in the County of Siskiyou, State of California, and is more particularly described as follows:

> BEING A PART OF ORIGINAL LOT 3, BLOCK 1, AND LOT 2 OF BLOCK B OF HIGHWAY ADDITION, A SUBDIVISION OF ORIGINAL LOT 3, BLOCK 1 OF THE TOWN OF YREKA CITY; PER THE MAP FILED IN TOWN MAP BOOK 1, PAGE 61, SISKIYOU COUNTY RECORDER'S OFFICE.
>
> COMMENCING AT THE SOUTHEAST CORNER OF LOT 2, BLOCK "B" OF SAID HIGHWAY ADDITION; THENCE NORTH 10 DEGREES 45 MINUTES 00 SECONDS EAST 41.3 FEET ALONG THE EAST LINE OF SAID LOT 2; THENCE NORTH 79 DEGREES 15 MINUTES 00 SECONDS WEST 37.0 FEET ALONG THE PRESENT FENCE; THENCE NORTH 10 DEGREES 45 MINUTES 00 SECONDS EAST 85.72 FEET; THENCE SOUTH 70 DEGREES 15 MINUTES 00 SECONDS WEST 124.5 FEET ALONG WALL AND CREEK BED AND THE NORTH LINE OF PROPERTY; THENCE SOUTH 10 DEGREES 45 MINUTES 00 SECONDS WEST 63.8 FEET TO THE SOUTH LINE OF LOT 2, AND SAID BLOCK "B", HIGHWAY ADDITION AND 10.0 FEET EAST OF THE ORIGINAL SOUTHWEST CORNER OF SAID LOT 2; THENCE SOUTH 79 DEGREES 15 MINUTES 00 SECONDS EAST 144.5 FEET ALONG THE SOUTH LINE OF SAID LOT 2 TO THE PLACE OF BEGINNING.
>
> SUBJECT TO RESTRICTIONS, RESERVATIONS, EASEMENTS, COVENANTS, OIL, GAS OR MINERAL RIGHTS OF RECORD, IF ANY.

22. On or about June 28, 1985, the taxpayers purchased 534 North Main Street, and a grant deed transferring all right, title, and interest in the property to Richard Shearer and Diane Shearer, husband and wife, as joint tenants, was recorded with the Siskiyou County Recorder.

23. On or about May 15, 1995, the taxpayers transferred 534 North Main Street to the "Regency Trust" in exchange for no consideration.

### NOTICES OF FEDERAL TAX LIEN

24. On the dates listed below, in order to provide notice to third parties of statutory liens in compliance with 26 U.S.C. § 6323, the IRS filed notices of federal tax lien with the Siskiyou County Recorder against the taxpayers for the individual income tax liabilities for the tax periods set forth below:

| Tax Period | Taxpayer | Date Recorded |
|---|---|---|
| 1999 - 2000 | Richard and Diane Shearer | 01-27-2003 |
| 1995 - 2001 | Richard and Diane Shearer | 04-11-2005 |
| 1995 - 2001 | Hotlum Trust as Nominee, etc. | 05-17-2012 |
| 1995 - 2001 | Berryvale Trust as Nominee, etc. | 05-17-2012 |
| 1995 - 2001 | Regency Trust as Nominee, etc. | 05-17-2012 |

## FIRST CLAIM FOR RELIEF: TO REDUCE TO JUDGMENT JOINT FEDERAL TAX ASSESSMENTS AGAINST L. RICHARD SHEARER AND DIANE SHEARER

25. The United States incorporates by reference the allegations contained in paragraphs 1 through 24, above, as if fully set forth here.

26. On dates and for the amounts listed below, a duly authorized delegate of the Secretary of the Treasury made timely joint assessments against L. Richard Shearer and Diane Shearer for individual federal income taxes, penalties, interest, and other statutory additions for the taxable years ending December 31, 1995, through and including December 31, 2001:

| Type of Tax | Tax Period Ending | Assessment Dates | Amount Assessed | Type[1] | Unpaid Balance[2] as of 07-31-2012 |
|---|---|---|---|---|---|
| 1040 | 12-31-1995 | 03-08-2004 | $180,539.00 | T | $121,022.72 |
|  |  |  | 244,672.04 | I |  |
|  |  |  | 10.00 | F |  |
|  |  |  | 28,182.25 | FP |  |
| 1040 | 12-31-1996 | 03-08-2004 | $181,985.00 | T | $50,818.54 |
|  |  |  | 198,100.22 | I |  |
|  |  |  | 12,704.75 | FP |  |
| 1040 | 12-31-1997 | 03-08-2004 | $238,647.00 | T | $78,650.40 |
|  |  |  | 203,228.03 | I |  |
|  |  |  | 21,367.25 | FP |  |

---

[1] Key: T = Tax
   I = Interest Assessed
   FP = Fraud Penalty pursuant to 26 U.S.C. §6663
   FTP = Failure to Pay Penalty
   F = Fees and Collection Costs

[2] The unpaid balance reflects credits and abatements performed by the Service upon the filing by the taxpayers of amended returns which were accepted by the Service.

| | | | | | |
|---|---|---|---|---|---|
| 1040 | 12-31-1998 | 03-08-2004 | $249,007.00 | T | |
| | | | 163,637.77 | I | $84,517.25 |
| | | | 24,223.00 | FP | |
| 1040 | 12-31-1999 | 03-09-2004 | $195,362.00 | T | $13,207.53 |
| | | | 99,416.22 | I | |
| | | | 4,114.25 | FP | |
| 1040 | 12-31-2000 | 07-22-2002 | $17,219.00 | T | $13,292.71 |
| | | | 4,304.74 | FTP | |
| 1040 | 12-31-2001 | 10-07-2002 | $23,753.00 | T | $10,195.83 |
| | | | 400.92 | I | |
| | | | 2,964.50 | FTP | |
| **Total** | | | | | **371,711.98** |

27.  L. Richard Shearer and Diane Shearer jointly filed individual federal tax returns (IRS Forms 1040) for the taxable years ending December 31, 1995, through 2001. L. Richard Shearer and Diane Shearer are jointly and severally liable for the assessments set forth above in paragraph 26.

28.  The statute of limitations for assessment of a tax liability is inapplicable to the assessments described above in paragraph 26 for 1995-1999 because the taxpayers filed false returns and willfully attempted to evade or defeat individual federal income tax, and such tax may be assessed at any time. 26 U.S.C. § 6501(c)(1) and (2).

29.  The statute of limitations for collection of the tax liability for the tax year 2000 was tolled by an offer in compromise request by the taxpayers which was rejected. 26 U.S.C. § § 6331(k) and § 6503(a).

30.  The Internal Revenue Service gave notice of the assessments set forth above in paragraph 26 and demanded payment from L. Richard Shearer and Diane Shearer within 60 days of the assessments, as required by Section 6303 of the Internal Revenue Code, Title 26 of the United States Code.

31.  Despite notice and demand for payment of the assessments set forth above in

1  paragraph 26, L. Richard Shearer and Diane Shearer have neglected, refused, or failed to pay
2  the tax assessments against them and, as of July 31, 2012, there remains due and owing to the
3  United States on those assessments the total sum of $371,711.98, plus statutory interest and
4  other statutory additions as provided by law.

## SECOND CLAIM FOR RELIEF: TO ESTABLISH THAT
## THE HOTLUM, BERRYVALE, AND REGENCY TRUSTS
## ARE SHAM TRUSTS

8  32.    The United States incorporates by reference the allegations contained in paragraphs 1
9  through 31, above, as if fully set forth here.

10  33.    The taxpayers Richard Shearer and Diane Shearer formed Hotlum Trust, Berryvale
11  Trust, and Regency Trust (the "Sham Trusts") to conceal their ownership of the 717 Michelle
12  Drive, 534 North Main Street, 701 Pine Street, and Michelle Drive Lot properties (hereinafter the
13  "Subject Properties").  The taxpayers continued to control and benefit from all property held by
14  the Sham Trusts.

15  34.    The Sham Trusts, at all times pertinent hereto, had no legitimate business purpose and
16  lacked economic substance.

17  35.    The Sham Trusts had no independent trustees.  The taxpayers and their agents did not
18  form and operate the Sham Trusts in accordance with California law.  The Sham Trusts were
19  grantor trusts under the Internal Revenue Code and therefore ineffective to assign income away
20  from the taxpayers.  The Sham Trusts (and additional sham trusts) were used to attempt to
21  deduct personal expenses which may not deducted under the Internal Revenue Code.

22  36.    The transfers of the Subject Properties to the Sham Trusts described above were for no
23  consideration and made by the taxpayers when they knew or should have known that they
24  would incur federal tax debts.

25  37.    The taxpayers controlled the activities of the trustees of the Sham Trusts with respect to
26  the Subject Properties.  The taxpayers chose trustees that they could control and direct.

27  38.    The Sham Trusts may be disregarded in order to collect the tax liabilities of Richard
28  Shearer and Diane Shearer from property held in the name of the Sham Trusts.

## THIRD CLAIM FOR RELIEF: TO SET ASIDE FRAUDULENT TRANSFERS
## AND TO DETERMINE NOMINEE AND ALTER EGO STATUS

39. The United States incorporates by reference the allegations contained in paragraphs 1 through 38, above, as if fully set forth here.

40. Pursuant to 26 U.S.C. §§ 6321 and 6322, tax liens arose in favor of the United States upon all property and rights to property, whether real or personal, belonging to defendants Richard Shearer and Diane Shearer as of the dates of the assessments described above in paragraph 26.

### Taxpayers Retained Ownership

41. At all times pertinent herein, the Subject Properties have been property belonging to the taxpayers Richard Shearer and Diane Shearer and only to them. Accordingly, the federal tax liens at issue attached to the Subject Properties when the liens arose, and the tax liens have continued to attach to that real property to the present without interruption.

42. The Sham Trusts hold nominal title to the Subject Properties solely for the benefit of Richard Shearer and Diane Shearer. The taxpayers have remained in continuous use, possession, and control of the Subject Properties and have enjoyed all burdens and benefits of ownership. The Sham Trusts are nominees or alter egos of Richard Shearer and Diane Shearer with respect to the purported title and ownership of the Subject Properties.

43. The Sham Trusts do not now have, nor have they ever had, an ownership or other legitimate interest in the Subject Properties. The taxpayers controlled the Trustees of the Sham Trusts with respect to all actions, if any, affecting the Subject Properties. The taxpayers commingled funds with the Sham Trusts.

### Fraudulent Transfers to the Sham Trusts

44. The transfers of Subject Properties to the Sham Trusts described above were intended by the taxpayers to hinder, delay or defraud the United States of America of present and future lawful taxes; therefore, the transfers were and are fraudulent and of no effect as to the United States.

45. The transfers of the Subject Properties to the Sham Trusts described above were made

1  without the exchange of reasonably equivalent value and left the taxpayers with remaining

2  assets which were unreasonably small or insufficient to pay their current and future debts,

3  including their lawful tax liabilities; therefore, the transfers were and are fraudulent and of no

4  effect as to the United States.

5  46.   The transfers of the Subject Properties to the Sham Trusts described above were made

6  without the exchange of reasonably equivalent value and during a period when the taxpayers

7  were accruing, intended to incur, or believed or reasonably should have believed that they

8  would incur, debts beyond their ability to pay as they came due; therefore, the transfers were

9  and are fraudulent and of no effect as to the United States.

10  47.   The transfers of the Subject Properties to the Sham Trusts described above were made

11  without the exchange of reasonably equivalent value and rendered the taxpayers insolvent;

12  therefore the transfers were and are fraudulent and of no effect as to the United States.

### **FOURTH CLAIM FOR RELIEF:  TO FORECLOSE FEDERAL TAX LIENS**

14  48.   The United States incorporates by reference the allegations contained in paragraphs 1

15  through 47, above, as if fully set forth here.

16  49.   For all the reasons set forth above, the taxpayers have retained ownership of the Subject

17  Properties and the Court is respectfully requested to set aside the transfers to the Sham Trusts.

18  The federal tax liens against the property of the taxpayers have continued to attach to the

19  Subject Properties, despite the transfer of nominal title to the Sham Trusts as alter egos,

20  nominees, and fraudulent transferees of the taxpayers.

21  50.   This Court is authorized by the Internal Revenue Code to order the sale of property to

22  enforce federal tax liens.  The Court is respectfully requested to order that the federal tax liens

23  against defendants Richard Shearer and Diane Shearer encumbering the Subject Properties be

24  foreclosed and the real property be sold to satisfy the liens and outstanding and delinquent

25  federal tax assessments against defendants Richard Shearer and Diane Shearer with interest

26  and penalties according to law.

27       **WHEREFORE**, the United States prays as follows:

28       A.   That this Court determine and adjudge that defendants L. Richard Shearer and

Diane Shearer are indebted to the United States, jointly and severally, in the amount of $371,711.98 for unpaid individual federal income tax plus interest and other statutory additions, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since July 31, 2012, until the date of payment, and that judgment in that amount be entered against L. Richard Shearer and Diane Shearer and in favor of the United States;

B. That this Court determine and adjudge that defendants Hotlum Trust, Berryvale Trust, and Regency Trust are sham trusts which lack economic substance and which have no existence independent of defendants Richard Shearer and Diane Shearer, and that the purported transfers of the Subject Properties be voided and set aside;

C. That this Court determine and adjudge that Hotlum Trust, Berryvale Trust, and Regency Trust are the nominees, alter egos, and fraudulent transferees of L. Richard Shearer and Diane Shearer, and as such liable for their debts, including tax liabilities, and that the purported transfers of the Subject Properties be set aside and title returned to L. Richard Shearer and Diane Shearer;

D. That this Court determine and adjudge that the Hotlum Trust has no interest in 717 Michelle Drive and the Michelle Drive Lot;

E. That this Court determine and adjudge that the Berryvale Trust has no interest in 701 Pine Street;

F. That this Court determine and adjudge that the Regency Trust has no interest in 534 North Main Street;

G. That this Court determine and adjudge that the United States has valid liens against all property and rights to property of L. Richard Shearer and Diane Shearer, including but not limited to the Subject Properties;

H. That this Court determine and adjudge the validity and priority of all liens on and other interests in the Subject Properties and order that the proceeds from any judicial sale of such property be distributed accordingly;

I. That the federal tax liens against defendants L. Richard Shearer and Diane Shearer

1  encumbering the Subject Properties be foreclosed and the real property be sold to satisfy the
2  liens and outstanding and delinquent federal tax assessments against defendants L. Richard
3  Shearer and Diane Shearer; and
4      J.   That the United States be granted its costs and attorney's fees herein, and for such
5  other and further relief as this Court deems just and proper.

                                                  KATHRYN KENEALLY
                                                  Assistant Attorney General

Dated: October 16, 2012                      /s/ G. Patrick Jennings
                                                  G. PATRICK JENNINGS
                                                  Trial Attorney, Tax Division
                                                  U.S. Department of Justice
                                                  P.O. Box 683
                                                  Ben Franklin Station
                                                  Washington, D.C. 27044
                                                  Telephone:  (202) 307-6648