Vernon L. Swenson, pro se
Leora Swenson, pro se
1045 N. Old Stage Rd.
Mt. Shasta, CA 96067
530-926-4689

**FILED**

FEB 13 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

UNITED STATES OF AMERICA )
) CASE NO. 2:12-CV-02334 GEB GGH
Plaintiff, )
)
vs. )
) ANSWER OF DEFENDANTS VERNON L.
) SWENSON & LEORA SWENSON TO
VERNON L. SWESNON, et al., ) AMENDED COMPLAINT
)
Defendants. )
)
)
)

Now come the Defendants, Vernon L. Swenson and Leora Swenson, pro se, and answer the complaint of the United States of America as follows:

1. The Defendants Vernon L. Swenson and Leora Swenson lack the requisite knowledge to admit or deny the allegations contained in paragraphs 1 through 4.

2. The Defendants Vernon L. Swenson and Leora Swenson admit the allegations contained in paragraph 5.

3. Defendants Vernon L. Swenson and Leora Swenson lack the requisite knowledge to admit or deny the allegations contained in 6 through 10 of the Plaintiff's Amended Complaint.

4. The Defendants Vernon L. Swenson and Leora Swenson admit the allegations contained in paragraph 11 of the Plaintiff's Amended Complaint and state specifically that their interest is in the real estate in question as evidenced by their "Deed of Trust with Assignment of Rents" that was filed with the Siskiyou County Recorder, California, on September 20th, 1991 at 11:29 a.m., Instrument No. 91012487, with the face amount of $150,000. This deed of trust was subsequently assigned to Vernon L. Swenson and Leora Swenson, Trustees of the VERNON and LEORA SWESNON 2000 FAMILY TRUST, dated 12-30-2002, that was filed with the Siskiyou County Recorder, California, on March 17th, 2003 at 11:08 a.m., Document No. 03-0004124, (copies of these two documents are attached hereto as Exhibits A & B, and incorporated by reference).

5. The Defendants Vernon L. Swenson and Leora Swenson deny for lack of knowledge the allegations contained in paragraph 12 and 13 of the Plaintiff's Amended Complaint.

6. The Defendants  The Defendants Vernon L. Swenson and Leora Swenson are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 14 of the Plaintiff's Amended Complaint and therefore the deny the same for lack of knowledge.

7. The Defendants Vernon L. Swenson and Leora Swenson deny for lack of knowledge the allegations contained in paragraphs 15 and 16 of the Plaintiff's Amended Complaint.

8. The Defendants Vernon L. Swenson and Leora Swenson deny for lack of knowledge the allegations contained in paragraphs 17 of the Plaintiff's Amended Complaint.

9. The Defendants Vernon L. Swenson and Leora Swenson admit the allegations contained in paragraphs 18 and 19 of the Plaintiff's Amended Complaint.

10. The Defendants Vernon L. Swenson and Leora Swenson deny for lack of knowledge the allegations contained in paragraph 20 of the Plaintiff's Amended Complaint.

11. The Defendants Vernon L. Swenson and Leora Swenson deny for lack of knowledge the allegations contained in paragraphs 21 & 22 of the Plaintiff's Amended Complaint.

12. The Defendants Vernon L. Swenson and Leora Swenson deny for lack of knowledge the allegations contained in paragraph 23 of the Plaintiff's Amended Complaint.

13. The Defendants Vernon L. Swenson and Leora Swenson deny for lack of knowledge the allegations contained in paragraph 24 of the Plaintiff's Amended Complaint.

14. The Defendants Vernon L. Swenson and Leora Swenson deny for lack of knowledge the allegations contained in paragraphs 25 through 31 of the Plaintiff's Amended Complaint.

15. The Defendants Vernon L. Swenson and Leora Swenson deny for lack of knowledge the allegations contained in paragraphs 32 through 38 of the Plaintiff's Amended Complaint.

16. The Defendants Vernon L. Swenson and Leora Swenson deny for lack of knowledge the allegations contained in paragraphs 39 through 47 of the Plaintiff's Amended Complaint.

17. The Defendants Vernon L. Swenson and Leora Swenson deny for lack of knowledge the allegations contained in paragraphs 48 through 50 of the Plaintiff's Amended Complaint

## Affirmative Defenses

18. The deed of trust was recorded with the proper governmental authority under California law, prior to the filing of the Federal Tax Lien of the United States of America on the "701 Pine Street" property referred to in averments 18 through 20 in the Plaintiff's Amended Complaint, and therefore in order of priority is superior to that the Lien of the United States of America. See Exhibit A, B, & C.

19. The Defendants Vernon L. Swenson and Leora Swenson conveyed valuable and valid consideration to Richard and Diane Shearer in return for the deed of trust granted on the subject property. See Exhibits A, B, & C.

20. As assignors to the deed of trust to Vernon L. Swenson and Leora Swenson, Trustees of the VERNON AND LEORA SWENSON 2000 FAMILY TRUST, dated 12-30-2002, the Defendants Vernon L. Swenson and Leora Swenson have standing to defend the validity of the deed of trust in question.

21. The Plaintiff has failed to join all parties in interest as required by Federal Rule of Civil Procedure 19(a)(1)(B).

## Cross Claim

22. Richard and Diane Shearer signed as payors on an "Installment Note", (a copy of which is attached hereto as Exhibit "C" and incorporated by reference), in the amount of One Hundred Fifty Thousand Dollars and no cents ( $150,000.00), in favor of Vernon L. Swenson and Leora Swenson, as payees. This Installment Note was secured by the Deed of Trust on the 717 Pine St., Mount Shasta, California property mentioned in the Plaintiff's Amended Complaint in paragraphs 18 through 20.

23. As of December 31, 2012, there is owed by Richard and Diane Shearer on the "Installment Note", to Vernon L. Swenson and Leora Swenson the sum of $ 72,094.30.

24. In the event that the United States of America should prevail on its claims against the Defendants and that this Honorable Court see fit to foreclose upon and order the sale of the real property known as 717 Pine St., Mount Shasta, County of Siskiyou, State of California, then Vernon L. Swenson and Leora Swenson ask this Honorable Court to find that their lien set forth in the Deed of Trust and Assignment of Rents be found to be in

first priority on the property, ahead of the Federal Tax Liens of the United States of America, alleged to be on the real property in question, and that they be paid from the proceeds of such sale, up to the full amount due on the Installment Note from Richard and Diane Shearer as of the date of the sale.

Date: February 11, 2013

                                                Respectfully submitted,

*/s/ Vernon L. Swenson*
Vernon L. Swenson
1045 N. Old Sage Rd.
Mount Shasta, CA 96067
Tel: 530-926-4689

*/s/ Leora Swenson*
Leora Swenson
1045 N. Old Sage Rd.
Mount Shasta, CA 96067
Tel: 530-926-4689

### Request for Jury Trial

We, Vernon L. Swenson and Leora Swenson, hereby request a jury trial on all such issues so triable.

*/s/ Vernon L. Swenson*
Vernon L. Swenson

*/s/ Leora Swenson*
Leora Swenson

DEFENDANTS ANSWER TO AMENDED COMPLAINT
-5-

PROOF OF SERVICE – BY USPS DELIVERY

I, declare that: Mary Ingram, I am a resident of the County of Siskiyou, State of California. I am over the age of eighteen (18) years and not a party to the within matter. My home address is: 1400 Pine Grove Dr., Mt. Shasta, California

I am familiar with the legal practice for collection and processing correspondence for delivery by U.S. Postal Service mail the same day and in the ordinary course of business.
On the date set forth below, I served the within:

**UNITED STATES OF AMERICA vs. RICHARD SHEARER, et al.,
CASE NO. 2:12-CV-02334**

1. **ANSWER OF DEFENDANTS VERNON L. SWENSON & LEORA SWENSON TO AMENDED COMPLAINT**

On the parties in said cause by hand delivery of a true copy thereof, enclosed in a sealed envelope, and mailed, addressed as follows:

G. Patrick Jennings
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683

Stanley Swenson, trustee
1400 Pine Grove Dr.
Mt. Shasta, CA 96067

L. Richard Shearer
Diane Shearer
717 Michelle Dr.
Mt. Shasta, CA 96067

Carl S. Wilson
Carol Wilson
105 Saradan Ln.
Grants Pass, OR 97527

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on February 11, 2013, at Mt. Shasta, California.

_____
Mary Ingram

Order No.
Escrow No. 27464MS.DH
Loan No.

RECORDED AT REQUEST OF
MT. SHASTA TITLE & ESCROW CO

SISK... CALIF.

SEP 20  11 29 AM '91
#91012487

**WHEN RECORDED MAIL TO:**

Vernon L. Swenson and Leora V. Swenson
1045 N. Old Stage Road
Mt. Shasta, Calif. 96067

91012487                      Fee $8.00 Pd.

———————————— SPACE ABOVE THIS LINE FOR RECORDER'S USE ————————————

## DEED OF TRUST WITH ASSIGNMENT OF RENTS
(This Deed of Trust contains an acceleration clause)

This DEED OF TRUST, made    September 16, 1991                     , between

RICHARD SHEARER AND DIANE SHEARER, husband and wife        herein called TRUSTOR,

whose address is   701 Pine Street,   Mt. Shasta,   California
                   (Number and Street)      (City)              (State)

MT. SHASTA TITLE AND ESCROW COMPANY, a California corporation, herein called TRUSTEE, and

VERNON L. SWENSON AND LEORA V. SWENSON, husband and wife as joint tenants
, herein called BENEFICIARY,

WITNESSETH: That Trustor grants to Trustee in Trust, with Power of Sale, that property in the
Unincorporated Area,            County of    Siskiyou         , State of California, described as:

(FOR LEGAL DESCRIPTION SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF)

APN: 57-101-120

If the trustor shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the beneficiary being first had and obtained, beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any note evidencing the same, immediately due and payable.

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) payment of the sum of $ 150,000.00 with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, and (2) the performance of each agreement of Trustor incorporated by reference or contained herein (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A, and it is mutually agreed that each and all of the terms and provisions set forth in subdivision B of the fictitious deed of trust recorded in Orange County August 17, 1964, and in all other counties August 18, 1964, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 5039 | 124 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego SERIES 5 Book 1964, Page 149774 | | | | | |

shall inure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivision A and B, (identical in all counties, and printed on the reverse side hereof) are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge therefor does not exceed the maximum allowed by law.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

STATE OF CALIFORNIA                    } ss.
COUNTY OF  Siskiyou                    }

On  September 19, 1991
before me, the undersigned, a Notary Public in and for said State, personally appeared    Richard Shearer


personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same.

WITNESS my hand and official seal.

Signature  _Diana-Lynn Henderson_

Signature of Trustor

_Richard Shearer_
Richard Shearer

Diane Shearer
by Leora V. Richard
her attorney in fact

OFFICIAL SEAL
DIANA-LYNN HENDERSON
NOTARY PUBLIC - CALIFORNIA
PLACER COUNTY
My Comm. Expires March 23, 1992

(This area for official notarial seal)           1617 (6/82)

EXHIBIT
A

#3

EXHIBIT "A"   91012487

ALL THAT REAL PROPERTY IN THE STATE OF CALIFORNIA, COUNTY OF SISKIYOU, CITY OF MT. SHASTA DESCRIBED AS FOLLOWS:

Lot 15 and 16 in Block 48 of the city of Mt. Shasta as the same is described and designated on the Official map thereof on file and of record in the Office of the County Recorder of Siskiyou County, California.

ALSO that portion of the abandoned Northwesterly 10 feet of West Ivy Street lying adjacent to the Southeasterly line of Lot 16, Block 48, city of Mt. Shasta, as set forth in the Resolution for Abandonment executed by the City of Mt. Shasta, recorded December 14, 1990 as Document No. 90016281.

6-00-57-101-120

STATE OF CALIFORNIA
COUNTY OF Siskiyou } ss.

On September 19, 1991, before me, the undersigned, a Notary Public in and for said State, personally appeared Lawrence Richard Shearer

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subcribed to the within instrument as the Attorney in Fact of Diane Shearer

and acknowledged to me that he/X)\e subscribed the name(s) of Diane Shearer

thereto as principal(s), and his/X)\e own name as Attorney in Fact.

WITNESS my hand and official seal.

Signature _Diana-Lynn Henderson_   (This area for official notarial seal)

OFFICIAL SEAL
DIANA-LYNN HENDERSON
NOTARY PUBLIC - CALIFORNIA
PLACER COUNTY
My Comm. Expires March 23, 1992

Recording Requested by: )
)
Roy F. 'Pete' Peters )
)
_____ )
When Recorded Mail And )
Send Tax Statements To: )
)
Mr. Vernon and Leora Swenson )
1045 N. Old Stage Road )
Mt. Shasta, CA 96067 )

Siskiyou, County Recorder
Leanna Dancer, Recorder
DOC-03-0004124

Check Number 11953
Mon, MAR 17, 2003 11:08:20
Ttl Pd     $13.00
Receipt #-0000014229
JEK/C2/1-3

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns, and transfers to VERNON L. SWENSON and LEORA V. SWENSON, Trustees of the VERNON and LEORA SWENSON 2002 FAMILY TRUST, an instrument dated December 30, 2002, all beneficial interest under that certain Deed of Trust dated September 19, 1991, executed by Richard Shearer and Diane Shearer, as Trustors, to Mt. Shasta Title and Escrow Company, a California corporation, as Trustee, and recorded on September 20, 1991 as Document No. 91012487, of Official Records in the County Recorders Office of Siskiyou County, California, describing land therein as set forth by Exhibit "A" attached hereto and made a part hereof.

This Assignment shall include assignment of the related promissory note and all rights thereto including collection and enforcement of the obligation.

Dated: March 6, 2003   _Vernon L. Swenson_
                       VERNON L. SWENSON

Dated: March 6, 2003   _Leora V. Swenson_
                       LEORA V. SWENSON

1

EXHIBIT B

## ACKNOWLEDGMENT

State of California )
                )ss.
County of Shasta )

On _March 6_, 2003, before me, Roy F. 'Pete' Peters, personally appeared VERNON L. SWENSON and LEORA V. SWENSON, personally known to me to be the persons whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacity, and that by their signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____     [SEAL]

> ROY F. PETERS
> Commission # 1339191
> Notary Public - California
> Shasta County
> My Comm. Expires Jan 24, 2006

2

## EXHIBIT "A"

All that real property in the State of California, County of Siskiyou, City of Mt. Shasta described as follows:

Lot 15 and 16 in Block 48 of the City of Mt. Shasta as the name is described and designated on the official map thereof on file and of record in the Office of the County Recorder of Siskiyou County, California.

ALSO that portion of the abandoned Northwesterly 10 feet of West Ivy Street lying adjacent to the Southeasterly line of Lot 16, Block 48, City of Mt. Shasta, as set forth in the Resolution for Abandonment executed by the City of Mt. Shasta, recorded December 14, 1990 as Document No. 90016281.

Assessors Parcel No. 6-00-57-101-120

3

#27464MS.DH

DO NOT DESTROY THIS NOTE: When paid, this note and the Deed of Trust must be surrendered to the First American Title Insurance Company with request for reconveyance.

# INSTALLMENT NOTE

(INTEREST INCLUDED)

(This note contains an acceleration clause)

$ 150,000.00    Mt. Shasta, California, September 16, 1991

In installments and at the times hereinafter stated, for value received  the undersigned promise_s_ to pay to   VERNON L. SWENSON AND LEORA V. SWENSON, husband and wife as joint tenants

or order, at  their direction
the principal sum of  ONE HUNDRED FIFTY THOUSAND DOLLARS AND NO/100------------ Dollars, with interest from Close/Escrow( Sept. 20, 1991     , on the amounts of principal remaining from time to time unpaid, until said principal sum is paid, at the rate of  11 1/2%----------- per cent, per annum. Principal and interest due in monthly installments of  One Thousand Five Hundred Ninety-Nine Dollars & 65/100 Dollars, ($ 1,599.65      ), or more on the   20th   day of each and every month, beginning on the   20th    day of  October 20    , 19 91   (30 DAYS FROM CLOSE OF ESCROW) AND CONTINUING UNTIL THE 20th DAY OF Sept.  , 19 96  , AT WHICH TIME THE ENTIRE UNPAID PRINCIPAL BALANCE OWING PLUS ACCRUED INTEREST SHALL BECOME ALL DUE AND PAYABLE. (FIVE YEAR FROM CLOSE OF ESCROW)

xxxx xxxxxxxx xxxx xxxxxx xxxxx xxxx xxx xxxxxxxxxxxxx xxx xxxx xxxxx xxxxx AT ANY TIME, THE PRIVILEGE IS RESERVED TO PAY MORE THAN THE SUM DUE. Each payment shall be credited first, on the interest then due; and the remainder on the principal sum; and interest shall thereupon cease upon the amount so credited on the said principal sum. Should default be made in the payment of any of said installments when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note.

If the trustor shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the beneficiary being first had and obtained, beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any note evidencing the same, immediately due and payable.

Should suit be commenced to collect this note or any portion thereof, such sum as the Court may deem reasonable shall be added hereto as attorney's fees. Principal and interest payable in lawful money of the United States of America. This note is secured by a certain DEED OF TRUST to the FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation, as TRUSTEE. This note is subject to Section 2966 of the Civil Code which provides that the holder of this note shall give written notice to the trustor, or his successor in interest, or prescribed information at least 90 and not mre than 150 days before any balloon payment is due.  IN ADDITION TO THE MONTHLY PAYMENTS SET FORTH HEREIN, MAKER AGREES TO PAY A LATE PENALTY OF 6% OF THE MONTHLY PAYMENT FOR ANY PAYMENT 15 DAYS PAST DUE.

_/s/ Richard Shearer_                                    _/s/ Diane Shearer by_
Richard Shearer                                          Diane Shearer

EXHIBIT C