Jihad M. Smaili, Esq. [262219]
SMAILI & ASSOCIATES, P.C.
Courthouse Professional Building
615 Civic Center Drive West, Suite 300
Santa Ana, California 92701
714-547-4700
714-547-4701 (facsimile)
jihad@smaililaw.com

**Attorney for Defendant Stanley Swenson as Trustee of**
**The Hotlum Trust, Berryvale trust and Regency Trust**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. L. RICHARD SHEARER, et. al., *Defendants*. | Case Number: 2: 12-cv-02334 GEB GGH<br><br>**ANSWER OF DEFENDANT STANLEY SWENSON AS TRUSTEE OF THE HOTLUM TRUST, BERRYVALE TRUST AND REGENCY TRUST TO THE AMENDED COMPLAINT**<br><br>**Jury Demand Endorsed Hereon** |

Now comes the Defendant, Stanley Swenson, Trustee of the Hotlum Trust, Berryvale Trust and Regency Trust, by and through legal counsel and hereby answers the Amended Complaint of the United States of America as follows:

1. The Defendant Stanley Swenson, Trustee of the Hotlum Trust, Berryvale Trust and Regency Trust, (hereinafter referred to as "Stanley Swenson, Trustee") lacks the requisite knowledge to admit or deny the allegations contained in paragraphs 1 through 4.

2. The Defendant Stanley Swenson, Trustee admits the allegations contained in

paragraph 5 of the Plaintiff's Amended Complaint.

3. The Defendant Stanley Swenson, Trustee admits the allegations contained in paragraphs 6 through 8 of the Plaintiff's Amended Complaint except denies there is any question concerning the existence of the trusts enumerated and listed in paragraphs 6 – 8.

4. Defendant Stanley Swenson, Trustee lacks the requisite knowledge to admit or deny the allegations contained in paragraphs 9 through 11.

5. The Defendant Stanley Swenson, Trustee admits the allegations contained in paragraphs 12 & 13 of the Plaintiff's Amended Complaint.

6. The Defendant Stanley Swenson, Trustee, denies the allegations in paragraph 14 which claim that no consideration was paid for the transfer of real estate described in paragraph 14.

7. The Defendant Stanley Swenson, Trustee admits the allegations contained in paragraphs 15 & 16 of the Plaintiff's Amended Complaint.

8. The Defendant Stanley Swenson, Trustee, admits the allegations of paragraph 17 of the Plaintiff's Amended Complaint, except denies that no consideration was paid for such transfer.

9. The Defendant Stanley Swenson, Trustee admits the allegations contained in paragraphs 18 & 19 of the Plaintiff's Amended Complaint.

10. The Defendant Stanley Swenson, Trustee, admits the allegations of paragraph 20 of the Plaintiff's Amended Complaint, except denies that no consideration was paid for such transfer.

11. The Defendant Stanley Swenson, Trustee admits the allegations contained in paragraphs 21 & 22 of the Plaintiff's Amended Complaint.

12. The Defendant Stanley Swenson, Trustee, admits the allegations of paragraph 23 of the Plaintiff's Amended Complaint, except that Defendant denies that no consideration was paid for

such transfer.

13. The Defendant Stanley Swenson, Trustee, lacks the requisite knowledge to either admit or deny the filing and filing dates of said tax liens alleged by the Plaintiff in paragraph 24 of the Amended Complaint.

## FIRST CLAIM FOR RELIEF: TO REDUCE TO JUDGMENT JOINT FEDERAL TAX ASSESSMENTS AGAINST L. RICHARD SHEARER AND DIANE SHEARER

14. In answer to paragraph 25 of the Plaintiff's Amended Complaint, the Defendant Stanley Swenson, Trustee, incorporates by reference his denials and other allegations contained in paragraphs 1 through 24, above, as if fully set forth herein.

15. The Defendant Stanley Swenson, Trustee, lacks the requisite knowledge to admit or deny the allegations contained in paragraphs 26 through 31 of the Plaintiff's Amended Complaint.

16. Defendants demand strict proof under the clear and convincing evidence standard for the allegations of fraud in paragraph 28.

## SECOND CLAIM FOR RELIEF: TO ESTABLISH THAT THE HOTLUM, BERRYVALE, AND REGENCY TRUSTS ARE SHAM TRUSTS

17. In answer to paragraph 32 the Defendant Stanley Swenson, Trustee, incorporates by reference the denials and other allegations contained in paragraphs 1 through 31, above, as if fully set forth herein.

18. The Defendant Stanley Swenson, Trustee, denies the allegations contained in paragraph 33.

19. The Defendant Stanley Swenson, Trustee denies the allegations contained in paragraph 34 through 38 of the Plaintiff's Amended Complaint, except, on information and belief,

admits that Defendants did not rely on or claim that the trust entities owned the income for income tax purposes for the tax years at issue on which the United States bases its tax liens and deficiencies.

### THIRD CLAIM FOR RELIEF: TO SET ASIDE FRAUDULENT TRANSFERS AND TO DETERMINE NOMINEE AND ALTER EGO STATUS

20. In answer to the allegations contained in Paragraph 39 of the Amended Complaint the Defendant Stanley Swenson, Trustee, incorporates by reference the allegations contained in paragraphs 1 through 38, above, as if fully set forth herein.

21. The Defendant Stanley Swenson, Trustee denies the allegations contained in paragraphs 40 through 47 of the Amended Complaint.

### FOURTH CLAIM FOR RELIEF: TO FORECLOSE FEDERAL TAX LIENS

22. In answer to the allegations contained in paragraph 48, the Defendant Stanley Swenson, Trustee, incorporates by reference the denial and other allegations contained in paragraphs 1 through 47, above, as if fully set forth herein.

23. The Defendant Stanley Swenson, Trustee, denies the allegations contained in paragraphs 49 and 50 of the Amended Complaint.

### AFFIRMATIVE DEFENSES

24. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

25. The Defendants Richard Shearer and Diane Shearer conveyed to, and received valuable and valid consideration from, Stanley Swenson, Trustee of the Hotlum Trust, Berryvale Trust and the Regency Trust for the subject real estate properties.

26. The Plaintiff's claims are barred by the three and six-year Statutes of Limitation against additional tax assessments under the Internal Revenue Code and the statutes of limitation

on Fraudulent Conveyances and other actions under the laws of the State of California and/or the Federal Fraudulent Conveyance Act of the United States of America.

27. The Plaintiff has failed to join all parties in interest as required by Federal Rule of Civil Procedure 19(a)(1)(B).

28. Upon information and belief, the Plaintiff's claims are barred by the prohibition against double taxation on income since the Defendants Richard and Diane Shearer, having paid the taxes in question and by having reported the proper income and deductions on the Schedule C on their personal IRS Form 1040 returns for the applicable tax years in question, cannot be forced to pay taxes twice on the same income.

## DEMAND FOR JURY TRIAL

29. Defendants hereby demand a jury trial.

Respectfully submitted,

*/s/ Jihad M. Smaili*
Jihad M. Smaili, Esq. [262219]
SMAILI & ASSOCIATES, P.C.
Civic Center Plaza Towers
600 West Santa Anna Blvd., Suite 202
Santa Anna, CA 92701
Tel:  (714) 547-4700
Fax: (714) 547-4710
Email:  jihad@smaililaw.com

---
ANSWER TO AMENDED COMPLAINT
5

**Certificate of Service**

I certify that a copy of the foregoing Answer was served upon the following parties or their legal counsel either by U.S. Mail or via the Court's Electronic Service System this 14th day of February, 2013:

G. Patrick Jennings
guy.p.jennings@usdoj.gov

and

L. Richard Shearer
Diane Shearer
717 Michelle Drive
Mount Shasta, CA 96067

and

Evelyn Louise Shearer
1107 Benton Street, #128
Loma Linda, CA 92354

and

Leora Swenson
Stanley Swenson
1045 N. Old Stage Rd.
Mt. Shasta, CA 96067

and

Carl S. Wilson
Carol Wilson
105 Saradan Ln.
Grants Pass, OR 97527

*/s/ Jihad M. Smaili, Esq.*
Jihad M. Smaili, Esq.