# EXHIBIT A (1)

JOHN K. VINCENT
United States Attorney
BENJAMIN B. WAGNER
ROBIN R. TAYLOR
Assistant U.S. Attorneys
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2745



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )  No. Cr. S-00-345 FCD<br>) |
| v. | )  **PLEA AGREEMENT**<br>) |
| RICHARD SHEARER, | )<br>) |
| Defendant. | )<br>) |

I.

**INTRODUCTION**

**A. Scope of Agreement**: The Superseding Indictment in this case charges the defendant with one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, and three counts of making and subscribing to false tax returns in violation of 26 U.S.C. § 7206(1). This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "Government") and the defendant

1

105

regarding this criminal case. The defendant understands that nothing in this agreement affects the defendant's personal federal tax liability, or restricts the United States or the Internal Revenue Service from initiating any collection or civil enforcement action relating thereto.

    B.  **Contingent Agreement**: The defendant understands that the parties intend this plea agreement to be part of a "package" arrangement involving both this agreement and a separate plea agreement between the Government and co-defendant Richard D. Pfeiffer, and that the Government's willingness to enter into either plea agreement is contingent upon each of those two defendants entering into, and fulfilling their obligations under, their plea agreements. Accordingly, if either this defendant or defendant Pfeiffer breaches or withdraws from his plea agreement, the Government will have the right to withdraw from both plea agreements.

    C.  **Charges**: Count One of the Superseding Indictment, to which the defendant herein agrees to plead guilty, charges a violation of section 371 of Title 18, conspiracy to defraud the United States, and has the following three elements: (1) that the defendant agreed with at least one other person to defraud the United States by impeding, impairing, obstructing and defeating the functions of the Internal Revenue Service in the ascertainment, computation, assessment and collection of income taxes, through the use of deceit, craft, trickery and other dishonest means, (2) that the defendant joined the conspiracy knowing of its object and intending

to help accomplish it, and (3) that one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy. Count Fifteen of the Superseding Indictment, to which the defendant herein agrees to plead guilty, charges a violation of section 7206(1) of Title 26, making and subscribing to a false tax return, and has the following four elements: (1) that the defendant signed a tax return that contained false information as to a material matter, that is, it understated the defendant's income, (2) that the defendant knew that the information was false, (3) that the return was signed subject to the penalties of perjury, and (4) that the defendant acted willfully.

**D. Court Not a Party:** The Court is not a party to this Plea Agreement. Sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the Government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

///
///

3

## II.

## DEFENDANT'S OBLIGATIONS

**A. Guilty Pleas:** The defendant will plead guilty to Count One and Count Fifteen in the Superseding Indictment, charging conspiracy to defraud the United States in violation of 18 U.S.C. § 371, and making and subscribing to a false tax return in violation of 26 U.S.C. § 7206(1). The defendant agrees that he is in fact guilty of these offenses and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

**B. Special Assessment:** The defendant agrees to pay a special assessment of $200.00 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this Plea Agreement is voidable by the Government if he fails to pay the assessment prior to that hearing.

**C. Restitution:** Pursuant to 18 U.S.C. section 3663(a)(3), the defendant agrees to pay restitution to the Internal Revenue Service of $5,000, in partial satisfaction of his outstanding federal tax obligations to the IRS. Such amount will be credited by the IRS against the principal amounts which the defendant owes IRS, in accordance with standard IRS procedure. The defendant understands that this agreement does not relieve him from any legal obligation to pay additional amounts due and owing to the IRS.

///

4

III.

THE GOVERNMENT'S OBLIGATIONS

A. **Dismissals:** The Government agrees to move, at the time of sentencing, to dismiss with prejudice the remaining counts against this defendant in the pending Superseding Indictment.

B. **Acceptance of Responsibility Recommendation:** If the United States Probation Office determines that a three-level reduction in the defendant's offense level for his full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1, the Government will not oppose such a reduction.

C. **Sentencing Recommendation:** If the defendant qualifies for a three level reduction in his offense level for acceptance of responsibility under section 3E1.1 of the sentencing guidelines, the Government will recommend that the defendant be sentenced in accordance with the stipulations set forth below, and at the low end of the applicable sentencing guideline range.

D. **Other Charges:** The Government agrees not to criminally prosecute the defendant for any other violation of the federal tax laws which occurred during the period from January 1, 1995 to the present.

E. **Future Practice of Profession:** The Government agrees that it has no basis for opposing, and will not oppose, any application by the defendant to continue to practice medicine following the service of any prison term imposed in this case. Upon request, the Government will provide a letter to that effect to any California

5

State licensing board or other relevant professional regulatory body.

## IV.

### MAXIMUM SENTENCE

**A. Maximum Penalty:** The maximum sentence which the Court can impose on Count One is 5 years of incarceration, a 3 year period of supervised release, a fine of $250,000, and a special assessment of $100. The maximum sentence which the Court can impose on Count Fifteen is 3 years of incarceration, a 1 year period of supervised release, a fine of $250,000, and a special assessment of $100.

**B. Violations of Supervised Release:** The defendant understands and agrees that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to 2 additional years imprisonment.

## V.

### SENTENCING DETERMINATION

**A. Statutory Authority:** The defendant understands that a sentencing guideline range for this case will be determined by the Court pursuant to the Sentencing Reform Act of 1984 (18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998). The defendant further understands that the Court will impose a sentence within that guideline range, unless the Court finds that there is a basis for departure (either above or below the range) because there exists an

aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.

   B. **Stipulations Affecting Guidelines Calculation:** The Government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

   1. **Base Offense Level:** The parties agree that the applicable guideline sections for establishing the base offense level are 2T1.9, 2T1.1, and 2T4.1, and that at an evidentiary hearing the Government is currently in a position to prove that the amount of presently determinable federal tax loss attributable to the defendant's offense conduct in this case, and to his relevant conduct consisting of the federal tax loss associated with counts Thirteen and Fourteen in the Superseding Indictment, and the federal tax loss associated with other clients of defendant Crockett's from Northern California during the period of the charged conspiracy which was reasonably foreseeable to the defendant, is between $120,000 and $200,000, resulting in a base offense level under USSG §2T1.1(a)(1) of 15.

   2. **Specific Offense Characteristics:** The parties agree that the offense involved sophisticated concealment, in that it involved the use of false invoices and offshore bank accounts, resulting in another two-level increase pursuant to USSG

7

§2T1.1(b)(2).

3. **Multiple Count Rules:** The parties agree that Counts 1 and 15 should be grouped together into a single unit for purposes of the multiple count rules in Chapter 3, Part D of the sentencing guidelines.

4. **Acceptance of Responsibility:** Assuming that the defendant satisfies the Probation Officer that he has accepted responsibility, the parties agree that the defendant should receive a three-level reduction for acceptance of responsibility pursuant to § 3E1.1.

5. **Other Adjustments:** The parties agree that no specific offense characteristics or adjustments apply to this defendant in this case other than those referenced above.

6. **Sentencing Range:** The parties agree that the defendant is a criminal history category I, that the total adjusted offense level pursuant to the foregoing stipulations is an offense level 14, and that the corresponding sentencing range is therefore 15 to 21 months in prison.

C. **Departures:** The parties agree that the Government shall not move for an upward departure from the otherwise applicable sentencing guideline range.

## VI.

## WAIVERS

A. **Trial Rights:** The defendant understands that by pleading

8

guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to confront and cross-examine witnesses against him; (e) to summon witnesses to testify in his defense; and (f) not to be compelled to incriminate himself.

**B. Waiver of Appeal and Collateral Attack:** Pursuant to this Plea Agreement, the defendant waives the right to appeal or otherwise collaterally attack his guilty plea, whether by way of a motion pursuant to 28 U.S.C. § 2255 or otherwise, and, if the defendant's sentence is consistent with the stipulations set forth above regarding the sentencing guidelines variables, he similarly waives his right to appeal or collaterally attack his sentence.

**C. Waiver of Attorneys' Fees and Costs:** The defendant agrees to waive all rights under the "Hyde Amendment", Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

## VII.

### ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the Government and the defendant

exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## VIII.

### APPROVALS AND SIGNATURES

**A.  Defense Counsel:**  I have read this Plea Agreement and have discussed it fully with my client.  The Plea Agreement accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to plead guilty as set forth in this Agreement.

DATED: 10/1/2001                    _/s/ Matthew Gilmartin_
                                    MATTHEW GILMARTIN
                                    Attorney for Defendant


**B.  Defendant:**  I have read this Plea Agreement including Exhibit A, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines which may apply to my case.  No other promises or inducements have been made to me, other than those contained in this Agreement.  In addition, no one has threatened or forced me in any way to enter into this

///
///

10

Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: 10/1/01

_____
RICHARD SHEARER, Defendant

C. **Attorney for United States:**

I accept and agree to this Plea Agreement on behalf of the Government.

DATED: 10/1/01

JOHN K. VINCENT
United States Attorney

By: _____
BENJAMIN B. WAGNER
Assistant U.S. Attorney

11

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
UNITED STATES OF AMERICA,    )
                             )   No. Cr. S-00-345 FCD
            Plaintiff,       )
                             )
     v.                      )   FACTUAL BASIS FOR
                             )   PLEA OF GUILTY
RICHARD SHEARER,             )
                             )
            Defendant.       )
_____)
```

The defendant and the Government agree that the following is an accurate description of the factual basis for the defendant's plea of guilty to Count 1 in the Superseding Indictment, charging the defendant with conspiracy to defraud the United States, a felony violation of Title 18, United States Code, Section 371, and to Count 15 in the Superseding Indictment, charging the defendant with making and subscribing to a false tax return, a felony violation of Title 26, United States Code, Section 7206(1):

1.  At all times relevant to the conduct alleged in the Superseding Indictment, defendant Richard Shearer was a doctor who lived and worked in the Eastern District of California. In approximately early 1996, the defendant became a client of Lonnie Crockett, who operated a business known as Farr West Consulting, located in Bountiful, Utah. Crockett was in the business of, among other things, providing accounting, trust and tax advice, and creating and maintaining trusts, or so-called "unincorporated organizations." Crockett had clients from across the United States.

1

2. Beginning in December, 1995, and continuing through August, 2000, defendant Shearer conspired with Lonnie D. Crockett and with other Crockett clients who were also medical professionals who resided in the same area and were acquaintances of the defendant, including Daniel Bullock and Richard D. Pfeiffer, to defraud the United States by impairing, impeding, obstructing and defeating the lawful functions of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of federal income tax liabilities with respect to their income.

3. No later than late 1995, defendant Richard Shearer deposited substantial net income from his medical practice into a bank account he controlled that was in the name of a trust he controlled. In furtherance of the conspiracy to conceal such income from the Internal Revenue Service, defendant Shearer and other co-conspirators then cycled such U.S. income through bank accounts in Utah controlled by defendant Crockett and through foreign bank accounts, and then back to bank accounts in the Eastern District of California which were controlled by defendant Shearer and the co-conspirators. The cycling of funds by Shearer was accomplished through a series of sham transactions which had no economic purpose other than the evasion of income taxes. Crockett was paid a fee for each such "loop" of funds.

4. In connection with the transfer of funds from Shearer's domestic trust bank account to a bank account in Utah controlled by defendant Crockett in the name of Atlantic Telesis, Shearer received phony invoices, sent in the name of Atlantic Telesis at the

2

Case 2:12-cv-02334-DJC-DB   Document 41-2   Filed 08/22/14   Page 15 of 16

direction of Crockett, in amounts corresponding to the funds sent by Shearer to Crockett for routing through the offshore system of bank accounts. The invoices purported to be for services rendered by Atlantic Telesis to Shearer's medical practice, when in truth and in fact, no such services with such value were rendered by Atlantic Telesis.

5. The object of the cycling of funds through the various bank accounts was to conceal from the Internal Revenue Service the fact that such funds, which constituted U.S. income earned by Shearer through his medical practice, were being routed back to Shearer, and then used by Shearer for his personal benefit and enjoyment, without being reported to the IRS as income. For each of the years 1996, 1997 and 1998, defendant Shearer had his medical practice pay him wages, which he reported to the IRS as income in tax returns for each of those years. Such wages consisted of a small portion of the actual net income of his medical practice. In each of those years, a much larger portion of his net income from his practice was concealed from the IRS through the system of accounts described above, and was not reported as income on the defendant's tax returns.

6. Throughout the period of the conspiracy, defendant Shearer was aware that his co-conspirators Bullock and Pfeiffer were also using the Crockett system of domestic and offshore bank accounts to conceal from the IRS income which they earned from their medical practices.

7. In furtherance of the conspiracy, on or about October 28,

3

1998, Richard Shearer caused a check for $225, payable to Farr West, to be written on the bank account of Strawberry Valley Family Trust, a trust controlled by Richard Shearer.

8. On or about October 14, 1999, and pursuant to the conspiracy described above, defendant Shearer made and signed a 1998 joint U.S. Individual Income Tax Return, Form 1040. The return was signed under penalty of perjury. The return contained materially false information, that is, it reported taxable income of only $17,000, and did not report in excess of $100,000 in income to defendant Shearer that had been earned through Shearer's medical practice in the year 1998. The defendant knew that the return materially understated his actual income, and acted willfully in subscribing to the false return.

9. If the case were to proceed to trial, the Government would prove the foregoing through the testimony of investigating IRS Criminal Investigations Special Agents, the testimony of bank employees, accountants and other witnesses, and documents including copies of correspondence, memoranda, forms and other documents relating to the movement of funds as described above, bank account and bank wire transfer records, checks, and other evidence.