1    TAMARA W. ASHFORD
     Acting Assistant Attorney General
2
     G. PATRICK JENNINGS
3    Trial Attorney, Tax Division
     U.S. Department of Justice
4    P.O. Box 683, Ben Franklin Station
     Washington, D.C.  20044-0683
5    Telephone:   (202) 307-6648
     E-mail:      *Guy.P.Jennings@usdoj.gov*
6
     Attorneys for the United States of America
7
     BENJAMIN B. WAGNER
8    United States Attorney

9    Of Counsel

10
                    IN THE UNITED STATES DISTRICT COURT FOR THE
11
                         EASTERN DISTRICT OF CALIFORNIA
12
     UNITED STATES OF AMERICA,              )
13                                          )
                    Plaintiff,              )   Civil No.  2:12-CV-02334 TLN AC
14                                          )
              v.                            )
15                                          )   **OPPOSITION TO MOTION TO**
     L. RICHARD SHEARER;                    )   **AMEND ANSWER**
16   DIANE SHEARER;                         )
     STANLEY SWENSON as Trustee of the      )
17   HOTLUM TRUST, BERRYVALE TRUST, and )     Date:    November 20, 2014
     REGENCY TRUST;                         )   Time:    2:00 p.m.
18   CARL S. WILSON; CAROL WILSON;          )   Court:   2, Fifteenth Floor
     EVELYN LOUISE SHEARER, as Trustee of   )   Judge:   Hon. Troy L. Nunley
19   the EVELYN LOUISE REVOCABLE TRUST;     )
     VERNON L. SWENSON; LEORA SWENSON; )
20                                          )
                    Defendants.             )
21                                          )

22
            The United States opposes the motion to amend (Doc. 47) the answer of L. Richard

23   Shearer and Diane Shearer ("taxpayers").  The proposed amended answer raises numerous

24   new affirmative defenses long after discovery has closed and just before the hearing set for a

25   pending motion for summary judgment.  The defenses are futile or prejudicial to the United

26   States, where the United States has not had an opportunity to take discovery on the issues.

27

1

**Introduction**

2     This is a civil action brought by the United States of America (a) to reduce to judgment

3  federal tax assessments against the taxpayers, husband and wife; (b) to adjudicate that Hotlum

4  Trust, Berryvale Trust, and Regency Trust are the nominees, alter egos, or fraudulent

5  transferees of the taxpayers; and (c) to foreclose federal tax liens against certain real property

6  in Siskiyou County, California.  In the pending motion for summary judgment, the United States

7  seeks only an adjudication of the tax and fraud penalty liabilities, leaving for trial the nominee,

8  fraudulent transfer, and foreclosure issues.[1]

9     This civil case pertains to the same factual situation at issue in a criminal case in which

10  Dr. Shearer pled guilty to a charge that he conspired to defraud the United States in violation of

11  18 U.S.C. § 371, and three counts of making and subscribing to false tax returns in violation of

12  26 U.S.C. § 7206(1).  The facts concern Dr. Shearer's cycling of unreported income through a

13  foreign bank account and are set forth in detail in the pending motion for summary judgment

14  (Doc. 37). The United States argues in that motion that the facts admitted by Dr. Shearer in his

15  plea support a finding of fraudulent intent.

16     The United States filed the amended complaint in this case on October 16, 2012. (Doc.

17  4)  The Shearers filed an answer representing themselves on December 10, 2012. (Doc. 7).

18  Counsel Matthew Gilmartin filed a motion to be admitted pro hac vice to represent the

19  taxpayers on August 14, 2013, (Doc. 26) and so the taxpayers have had the benefit of counsel

20  for more than a year before leave to amend was sought. The parties stipulated to continue the

21  last day to take discovery to August 15, 2014.  (Doc. 36). The United States filed its motion for

22  summary judgment on August 18, 2014.  (Doc. 37)  The hearing was continued by agreement

23  and is now set to be heard on November 20, 2014.  The taxpayers filed their motion to amend

24

25     [1] The United States asserts that the Shearers continue to evade collection by holding their
26  residence and business properties in the names of the Crockett-related trusts.  This issue is
    reserved for trial.

27

on October 21, 2014, almost two years after an answer was originally filed.

In their original answer, the taxpayers essentially pleaded that the tax and penalties were abated by the Internal Revenue Service or fully paid, and the trusts involved were irrevocable. In the original answer, the taxpayers did not raise the statute of limitations and did not claim that Diane Shearer is entitled to equitable relief from the tax and penalties, although she signed joint returns for the years at issue and has continued to live in the properties at issue in the foreclosure counts and held in the name of nominee trusts.

The taxpayers now request permission to amend their answer to raise six additional affirmative defenses.  The defendants have presented no reason for the two-year delay prior to requesting leave to amend and have not moved to modify the scheduling order (Doc. 32, p.1) which cut off amendments in November of 2013.

## Issues

Whether the Shearers should be permitted to amend their answer two years after receiving the complaint and after discovery has closed and without modifying the scheduling order.

## Argument

**Requesting amendment after discovery has closed and months after a motion for summary judgment was filed is undue delay.**

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to seek leave of court to amend his pleading after a responsive pleading is filed.  A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing these factors among others to be considered). Prejudice to the opposing party is the most important factor.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971) (trial court "required" to take potential prejudice into account in deciding Rule 15(a) motion); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). "Putting the

*US Opposition to Motion to Amend*

1   defendants 'through the time and expense of continued litigation on a new theory, with the
2   possibility of additional discovery, would be manifestly unfair and unduly prejudicial.' " *Priddy v.*
3   *Edelman*, 883 F.2d 438, 447 (6th Cir. 1989).

4        The United States respectfully requests the Court to deny the amendment as
5   unnecessary and unduly delayed, and prejudicial in that additional discovery would be required.
6   *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798–99 (9th Cir.1991) (amendment not permitted
7   where plaintiffs sought to add money damages claims eight months after summary judgment
8   was granted against plaintiff, after discovery was over, and four and a half months prior to trial);
9   *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1389 (9th Cir.1990) (same, where plaintiff sought to
10  add new claims twelve months after the close of fact discovery, and eighteen months after the
11  suit was filed, because new discovery would constitute prejudice); *Kaplan v. Rose*, 49 F.3d
12  1363, 1370 (9th Cir.1994)  (same, where plaintiff sought to amend at summary judgment when
13  discovery had closed and trial was two months away).

14       After the close of a discovery period that had been repeatedly extended, and almost two
15  years after an answer was originally filed, the taxpayers have filed a motion to amend their
16  answer to add affirmative defenses.  The most burdensome defense raised is the claim of
17  "innocent spouse" under 26 U.S.C. § 6015(f) by Diane Shearer in the Fifth Affirmative Defense
18  (Ex. 1, p. 5).  Ms. Shearer's deposition was not taken and no specific defense was raised by
19  her.  The United States would be prejudiced if leave to amend were granted to introduce a new
20  defense.

21       Once a scheduling order is made under Rule 16 of the Federal Rules of Civil Procedure,
22  no later amendment is permitted unless the court first modifies the scheduling order to permit
23  such amendment.  To so modify, "good cause" must be shown.  Rule 16(b)(4).  The district
24  court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of
25  the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (1992),
26  quoting Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment).  The taxpayers  have
27  not shown such diligence.

*US Opposition to Motion to Amend*

1    Where a motion for summary judgment is pending, the defendants may simply be

2    maneuvering to stave off a loss.  In such a case the moving party must produce "substantial

3    and convincing evidence" supporting the proposed amendment.  *Cowen v. Bank United of*

4    *Texas*, FSB, 70 F.3d 937, 944 (7th Cir. 1995).  Again, the taxpayers have made no such

5    showing.

6    Another reason to deny leave to amend is futility, such as when a newly-raised

7    affirmative defense is inapplicable as a matter of law.  The taxpayers seek to apply the statute

8    of limitations on the California Uniform Fraudulent Transfers Act (UFTA) to bar this federal tax

9    collection action.  Also asserted is the statute of limitations in the federal "fraudulent

10   conveyances act" (the Federal Debt Collection Procedures Act).

11   Where a taxpayer has fraudulently disposed of property, the United States may seek

12   relief under the applicable fraudulent transfer laws of the state in which the property is located.

13   *Commissioner v. Stern*, 357 U.S. 39, 45 (1958); *United States v. Fernon*, 640 F.2d 609, 611-12

14   (5th Cir. 1981).  However, the United States is not bound by state statutes of limitations in

15   enforcing its rights.  *United States v. Summerlin*, 310 U.S. 414, 416 (1940) (late filed IRS claim

16   against probate estate not invalid despite Florida time limit).  Consistent with *Summerlin,*

17   fraudulent conveyance actions brought by the United States pursuant to 26 U.S.C. § 7403 are

18   subject only to the (generally ten-year) statute of limitations found in § 6502(a)(1) of the Internal

19   Revenue Code, and not to state statutes of limitations.  *Bresson v. Commissioner*, 213 F.3d

20   1173, 1177-79 (9th Cir. 2000) (fraudulent conveyance claim not time-barred by extinguishment

21   provision under California's codification of the UFTA); *United States v. Kellum*, 523 F.2d 1284,

22   1286 (5th Cir. 1975) (United States not subject to state extinguishment provisions). *United*

23   *States v. Fernon*, 640 F.2d 609, 611-12 & n.7 (5th Cir. 1981) (same).

24   The six-year statute of limitations in the Federal Debt Collection Procedures Act

25   (FDCPA), 28 U.S.C. §§ 3001-3308, expressly does not apply to federal tax enforcement.  28

26   U.S.C. § 3003(b).  That section states that the FDCPA shall not curtail or limit the right of the

27   United States under any Federal or State law, to collect taxes.  In other words, the detailed

1    statute of limitations in the Internal Revenue Code pertain to tax cases, and not those in the

2    FDCPA.  *United States v. Letscher*, 83 F.Supp.2d 367 (S.D.N.Y.1999); *United States v. Carney*,

3    796 F.Supp. 700 (E.D.N.Y.1992); *United States v. Upton*, 967 F.Supp.57, 59 (D. Conn. 1997).

4         The taxpayers are raising defenses which are incorrect as a matter of law.  This is an

5    additional reason to deny amendment as futile.  The remaining defenses were raised or

6    implicitly raised in the original complaint.

7                                    **CONCLUSION**

8         The Shearers owe the unpaid individual income tax liabilities reported on their amended

9    tax returns.  The motion to amend is late, would prejudice the United States, and the Shearers

10   have not sought to modify the scheduling order.  The Court is respectfully requested to deny the

11   motion to amend and to rule on the pending motion for summary judgment.

12

13                                    Respectfully submitted,

14                                    TAMARA W. ASHFORD
                                      Acting Assistant Attorney General
15

16   Date: November 5, 2014           */s/ G. Patrick Jennings*
                                      G. PATRICK JENNINGS
17                                    Trial Attorney, Tax Division
                                      U.S. Department of Justice
18

19

20

21

22

23

24

25

26

27

*US Opposition to Motion to Amend*