UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>  Plaintiff,<br><br>  v.<br><br>L. RICHARD SHEARER, ET AL,<br><br>  Defendants. | No.  2:12-cv-02334-TLN-AC<br><br>**ORDER** |

This matter is before the Court pursuant to Defendants L. Richard Shearer and Diane Shearer ("Defendants") Motion for Leave to File Joint Answer to Plaintiff's Amended Complaint. (ECF No. 47.)  Plaintiff United States ("Plaintiff") has filed an opposition to Defendants' motion. (ECF No. 50.)  The Court has carefully considered the arguments presented by both parties.  For the reasons stated below, Defendants' motion is GRANTED.

**I.   BACKGROUND**

This is a civil action brought by the Plaintiff to: (a) reduce to judgment federal tax assessments against the taxpayers, husband and wife; (b) adjudicate that Hotlum Trust, Berryvale Trust, and Regency Trust are the nominees, alter egos, or fraudulent transferees of the taxpayers; and (c) foreclose federal tax liens against certain real property in Siskiyou County, California.[1]

---

[1] This civil case pertains to the same factual situation at issue in a criminal case in which Defendant L. Richard Shearer pled guilty to conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and three counts of making and subscribing to false tax returns in violation of 26 U.S.C. § 7206(1).

1

1  The United States filed the amended complaint in this case on October 16, 2012.  (ECF No. 4)
2  Defendants filed an answer representing themselves on December 10, 2012. (ECF No. 7.)
3  Counsel Matthew Gilmartin filed a motion to be admitted pro hac vice to represent Defendants on
4  August 14, 2013.  (ECF No. 26.)  The parties stipulated to continue the last day to take discovery
5  to August 15, 2014.  (ECF No. 36.)  The United States filed its motion for summary judgment on
6  August 18, 2014.  (ECF No. 37.)  Defendants filed their motion for leave to file an amended
7  answer on October 21, 2014.  (ECF No. 47.)

8        **II.**        **STANDARDS OF LAW**

9        Pursuant to Federal Rule of Civil Procedure 15(a)(2), once a responsive pleading has been
10  filed, "a party may amend its pleading only with the opposing party's written consent or the
11  court's leave."  Rule 15(a)(2) further states that the "court should freely give leave when justice
12  so requires."  The Ninth Circuit has held that "Rule 15's policy of favoring amendments to
13  pleadings should be applied with extreme liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d
14  183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)
15  (citing *Rosenberg Brothers & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per curiam))).  This
16  liberality in granting leave to amend is not dependent on whether the amendment will add causes
17  of action or parties, but is subject to several factors.  *Id*.  The four factors that are commonly used
18  to determine the propriety of a motion for leave to amend are: bad faith, undue delay, prejudice to
19  the opposing party, and futility of amendment.  *See id*.; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4*
20  *Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011); *Loehr v. Ventura County Community College*
21  *Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.
22  1973).  These factors, however, are not of equal weight in that delay, by itself, is insufficient to
23  justify denial of leave to amend.  *See DCD Programs*, 833 F.2d at 186; Webb, 655 F.2d at 980;
24  *Hurn v. Retirement Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981).

25        Once the district court has filed a pretrial scheduling order pursuant to Federal Rule of
26  Civil Procedure 16 and the deadline for amending pleadings set in the scheduling order has
27  passed, as is the case here, Rule 16(b)(4) is implicated and provides that "[a] schedule may be
28  modified only for good cause and with the judge's consent."  Thus, a party must first show good

cause for amendment under Rule 16(b) and then if good cause is shown, the party must demonstrate that the proposed amendment is proper under Rule 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

### III.   ANALYSIS

Defendants moved to amend asserting that good cause exists because: (1) "Defendants filed their original Joint Answer to the Amended Complaint pro se, inasmuch as they were unrepresented by counsel at that time; and (2) "as a result of this additional discovery, the Defendants have become aware of additional defenses they may interpose in this matter, namely the defenses of expiration of the statute of limitations and binding policy guidelines contained in the Internal Revenue Manual." (ECF No. 47 at 2.)  In opposition, Plaintiff contends that Defendants' request would cause undue delay and that the amendments would be futile. (ECF No. 50 at 3–5.)

The Court shares Plaintiff's reservations of allowing an amendment at this stage of the litigation, but has determined that the interest of justice requires that Defendants have an adequate opportunity to defend themselves. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("A district court shall grant leave to amend freely when justice so requires," and "this policy is to be applied with extreme liberality."); *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("Although this litigation has been ongoing for several years, the mere fact that an amendment is offered late in the case is not enough to bar it.")  There is no evidence or allegation of undue delay, bad faith or dilatory motive; instead, the amendment is sought because Defendants' answer was drafted by the Defendants themselves before they had the opportunity to avail themselves of counsel. *See Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 360 (8th Cir. 1997) (holding that the district court did not abuse its discretion in allowing a late amendment where there had been a change of the counsel and a reassignment of judges after the filing of a motion to dismiss and the initial answer). This litigation involves complex tax issues that are likely to require legal expertise. The Court cannot in good conscience require Defendants to move forward on pleadings that were drafted pro se now that they have availed themselves of counsel. Furthermore, the Court is not convinced that

Plaintiff would be prejudiced if Defendants' request is granted because it is clear from its opposition that Plaintiff is fully prepared to litigate the substantive issues governing Defendants' proposed amendments and both the theory and the operative facts of the claim remain the same. As to Plaintiff's futility argument, the Court cannot determine that at this juncture that the amendments to Defendants' answer would be futile.

### IV. CONCLUSION

For the reasons stated above, the Court hereby GRANTS Defendants' Motion for Leave to Amend (ECF No. 47). However, Defendants amended answer must be limited to the subject matter within their briefing and must be filed with the Court within thirty (30) days of the entry of this order. Defendants are cautioned that this Court will not tolerate any further extensions. In light of this Court's order, Plaintiff's motion for summary judgment (ECF No. 37) is DENIED as MOOT.

IT IS SO ORDERED.

Dated: March 6, 2015

Troy L. Nunley
United States District Judge