1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES,                    No.  2:12-cv-02334-TLN-AC

12              Plaintiff,

13        v.                           **SECOND AMENDED** <u>PRETRIAL</u>
                                       <u>SCHEDULING ORDER</u>
14   L. RICHARD SHEARER, et al.,

15              Defendants.

16

17        After reviewing the parties' Joint Status Report filed on

18   September 30, 2015, the Court amends its order as follows:

19        I.    <u>SERVICE OF PROCESS</u>

20        All named Defendants have been served and no further service

21   is permitted without leave of court, good cause having been

22   shown.

23        II.   <u>ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS</u>

24        No joinder of parties or amendments to pleadings is

25   permitted without leave of court, good cause having been shown.

26        III.  <u>JURISDICTION/VENUE</u>

27        Jurisdiction is predicated upon 28 U.S.C. §§ 1340 and 1345.

28   Jurisdiction and venue are not contested.

                                  1

IV.   <u>DISCOVERY</u>

All discovery, with the exception of expert discovery, shall be completed by **February 1, 2016**.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this Court.

Any request to deviate from the Federal Rules of Civil Procedure should be made to the assigned Magistrate Judge.

V.   <u>DISCLOSURE OF EXPERT WITNESSES</u>

All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **April 1, 2016**.[1]  The designation shall be accompanied by a written report prepared and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

Within twenty (20) days after the designation of expert witnesses, any party may designate a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party.

///

///

---

[1] The discovery of experts will include whether any motions based on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and/or <u>Kumho Tire Co. v. Carmichael</u>, 119 S. Ct. 1167 (1999) are anticipated.

2

1    The right to designate a supplemental expert for rebuttal

2 purposes only shall apply to a party who has not previously

3 disclosed an expert witness on the date set for expert witness

4 disclosure by this Pretrial Scheduling Order.

5    Failure of a party to comply with the disclosure schedule as

6 set forth above in all likelihood will preclude that party from

7 calling the expert witness at the time of trial.  An expert

8 witness not appearing on the designation will not be permitted to

9 testify unless the party offering the witness demonstrates: (a)

10 that the necessity for the witness could not have been reasonably

11 anticipated at the time the list was proffered; (b) that the

12 Court and opposing counsel were promptly notified upon discovery

13 of the witness; and (c) that the witness was promptly made

14 available for deposition.

15    For purposes of this Pretrial Scheduling Order, an "expert"

16 is any person who may be used at trial to present evidence under

17 Rules 702, 703, and 705 of the Federal Rules of Evidence, which

18 include both "percipient experts" (persons who, because of their

19 expertise, have rendered expert opinions in the normal course of

20 their work duties or observations pertinent to the issues in the

21 case) and "retained experts" (persons specifically designated by

22 a party to be a testifying expert for the purposes of

23 litigation).

24    Each party shall identify whether a disclosed expert is

25 percipient, retained, or both.  It will be assumed that a party

26 designating a retained expert has acquired the express permission

27 of the witness to be so listed.

28 ///

1  Parties designating percipient experts must state in the
2  designation who is responsible for arranging the deposition of
3  such persons.

4  All experts designated are to be fully prepared at the time
5  of designation to render an informed opinion, and give their
6  bases for their opinion, so that they will be able to give full
7  and complete testimony at any deposition taken by the opposing
8  party.  Experts will not be permitted to testify at the trial as
9  to any information gathered or evaluated, or opinion formed,
10  after deposition taken subsequent to designation.

11  Counsel are instructed to complete all discovery of expert
12  witnesses in a timely manner in order to comply with the Court's
13  deadline for filing dispositive motions.

14  VI.   MOTION HEARING SCHEDULE

15  All dispositive motions, except motions for continuances,
16  temporary restraining orders or other emergency applications,
17  shall be heard no later than **June 2, 2016**.

18  All purely legal issues are to be resolved by timely
19  pretrial motions.  Local Rule 230 governs the calendaring and
20  procedures of civil motions with the following additions:

21  (a) The opposition and reply must be filed by 4:00 p.m. on
22  the day due; and

23  (b) When the last day for filing an opposition brief falls
24  on a legal holiday, the opposition brief shall be filed
25  on the last court day immediately preceding the legal
26  holiday.

27  Failure to comply with Local Rule 230(c), as modified by
28  this order, may be deemed consent to the motion and the court may

4

1    dispose of the motion summarily. Further, failure to timely

2    oppose a summary judgment motion[2] may result in the granting of

3    that motion if the movant shifts the burden to the nonmovant to

4    demonstrate that a genuine issue of material fact remains for

5    trial.

6        The Court places a page limit for points and authorities

7    (exclusive of exhibits and other supporting documentation) of

8    twenty (20) pages on all initial moving papers, twenty (20) pages

9    on oppositions, and ten (10) pages for replies.  All requests for

10   page limit increases must be made in writing to the Court setting

11   forth any and all reasons for any increase in page limit at least

12   fourteen (14) days prior to the filing of the motion.

13       For the Court's convenience, citations to Supreme Court

14   cases should include parallel citations to the Supreme Court

15   Reporter.

16       The parties are reminded that a motion <u>in limine</u> is a

17   pretrial procedural device designed to address the admissibility

18   of evidence.  The Court will look with disfavor upon

19   dispositional motions presented in the guise of motions <u>in</u>

20   <u>limine</u>.

21       The parties are cautioned that failure to raise a

22   dispositive legal issue that could have been tendered to the

23   court by proper pretrial motion prior to the dispositive motion

24   cut-off date may constitute waiver of such issue.

25   ///

26   ///

27   _____

28   [2] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

1    VII.   <u>FINAL PRETRIAL CONFERENCE</u>

2        The Final Pretrial Conference is set for **September 22, 2016**,

3    at **2:00 p.m.**  At least one of the attorneys who will conduct the

4    trial for each of the parties shall attend the Final Pretrial

5    Conference.  If by reason of illness or other unavoidable

6    circumstance a trial attorney is unable to attend, the attorney

7    who attends in place of the trial attorney shall have equal

8    familiarity with the case and equal authorization to make

9    commitments on behalf of the client.

10       Counsel for all parties are to be fully prepared for trial

11   at the time of the Final Pretrial Conference, with no matters

12   remaining to be accomplished except production of witnesses for

13   oral testimony.

14       The parties shall file, not later than **September 15, 2016**, a

15   Joint Final Pretrial Conference Statement.  The provisions of

16   Local Rules 281 shall apply with respect to the matters to be

17   included in the Joint Final Pretrial Conference Statement.  In

18   addition to those subjects listed in Local Rule 281(b), the

19   parties are to provide the Court with a plain, concise statement

20   that identifies every non-discovery motion tendered to the Court

21   and its resolution.  Failure to comply with Local Rule 281, as

22   modified by this Pretrial Scheduling Order, may be grounds for

23   sanctions.

24       At the time of filing the Joint Final Pretrial Conference

25   Statement, counsel shall also electronically mail to the Court in

26   digital format compatible with Microsoft Word, the Joint Final

27   Pretrial Conference Statement in its entirety including the

28   ///

witness and exhibit lists.  **These documents shall be sent to: tlnorders@caed.uscourts.gov.**

The parties should identify first the core undisputed facts relevant to all claims.  The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim.  The disputed facts should be identified in the same manner.  Where the parties are unable to agree as to what disputed facts are properly before the Court for trial, they should nevertheless list all disputed facts asserted by each party.  Each disputed fact or undisputed fact should be separately numbered or lettered.

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a motion in limine.

Each party shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  Parties shall not include argument or authorities with any point of law.

The parties shall prepare a joint statement of the case in plain concise language which will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 281 they are required to list in the Joint Final Pretrial Conference Statement all witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide

1   a brief statement of the nature of the testimony to be proffered.
2   The parties may file a joint list or each party may file separate
3   lists.  These list(s) shall not be contained in the body of the
4   Joint Final Pretrial Conference Statement itself, but shall be
5   attached as separate documents to be used as addenda to the Final
6   Pretrial Order.

7        Plaintiff exhibits shall be listed numerically.  Defendant
8   exhibits shall be listed alphabetically.  The parties shall use
9   the standard exhibit stickers provided by the Court Clerk's
10  Office: pink for plaintiff and blue for defendant.  In the event
11  that the alphabet is exhausted, the exhibits shall be marked "AA-
12  ZZ" and "AAA-ZZZ" etc.  After three letters, note the number of
13  letters in parenthesis (i.e., "AAAA(4)") to reduce confusion at
14  trial.  All multi-page exhibits shall be stapled or otherwise
15  fastened together and each page within the exhibit shall be
16  numbered.  All photographs shall be marked individually.  The
17  list of exhibits shall not include excerpts of depositions, which
18  may be used to impeach witnesses.  In the event that Plaintiff
19  and Defendant offer the same exhibit during trial, that exhibit
20  shall be referred to by the designation the exhibit is <u>first</u>
21  <u>identified</u>.  The Court cautions the parties to pay attention to
22  this detail so that all concerned, including the jury, will not
23  be confused by one exhibit being identified with both a number
24  and a letter.

25       The Final Pretrial Order will contain a stringent standard
26  for the offering at trial of witnesses and exhibits not listed in
27  the Final Pretrial Order, and the parties are cautioned that the
28  standard will be strictly applied.  On the other hand, the

1   listing of exhibits or witnesses that a party does not intend to

2   offer will be viewed as an abuse of the court's processes.

3        The parties also are reminded that pursuant to Rule 16 of

4   the Federal Rules of Civil Procedure it will be their duty at the

5   Final Pretrial Conference to aid the Court in: (a) the

6   formulation and simplification of issues and the elimination of

7   frivolous claims or defenses; (b) the settling of facts that

8   should properly be admitted; and (c) the avoidance of unnecessary

9   proof and cumulative evidence.  Counsel must cooperatively

10  prepare the Joint Final Pretrial Conference Statement and

11  participate in good faith at the Final Pretrial Conference with

12  these aims in mind.  A failure to do so may result in the

13  imposition of sanctions which may include monetary sanctions,

14  orders precluding proof, elimination of claims or defenses, or

15  such other sanctions as the Court deems appropriate.

16       VIII.  <u>TRIAL BRIEFS</u>

17       The parties shall file trial briefs not later than fourteen

18  (14) days before trial.  Counsel are directed to Local Rule 285

19  regarding the content of trial briefs.

20       IX.    <u>EVIDENTIARY AND/OR PROCEDURAL MOTIONS</u>

21       It is the Court's practice to hear motions in limine on the

22  first day of trial.  However, depending on the number and nature

23  of the parties' motions, the need to special set a hearing date

24  to hear such motions shall be addressed at the Final Pretrial

25  Conference.

26  ///

27  ///

28  ///

1    X.    TRIAL SETTING

2          The trial is set for **November 28, 2016**, at **9:00 a.m.**  The

3    parties estimate a trial length of **five (5) days**.

4    XI.    SETTLEMENT CONFERENCE

5          At the Final Pretrial Conference, the Court may set a

6    settlement conference if the parties so request.  In the event no

7    settlement conference is requested, the parties are free to

8    continue to mediate or attempt to settle the case with the

9    understanding that the trial date is a firm date.

10         In the event a settlement conference is set by the Court,

11   counsel are instructed to have a principal with full settlement

12   authority present at the Settlement Conference or to be fully

13   authorized to settle the matter on any terms.  At least seven (7)

14   calendar days before the settlement conference, counsel for each

15   party shall submit to the chambers of the settlement judge a

16   confidential Settlement Conference Statement.  Such statements

17   are neither to be filed with the Clerk nor served on opposing

18   counsel.  Each party, however, shall serve notice on all other

19   parties that the statement has been submitted.  If the settlement

20   judge is not the trial judge, the Settlement Conference Statement

21   shall not be disclosed to the trial judge.

22         Notwithstanding the foregoing, the parties may request a

23   settlement conference prior to the Final Pretrial Conference if

24   they feel it would lead to the possible resolution of the case.

25   In the event an early settlement conference date is requested,

26   the parties shall file said request jointly, in writing.  The

27   request must state whether the parties waive disqualification,

28   pursuant to Local Rule 270(b), before a settlement judge can be

1  assigned to the case.  Absent the parties' affirmatively

2  requesting that the assigned Judge or Magistrate Judge

3  participate in the settlement conference AND waiver, pursuant to

4  Local Rule 270(b), a settlement judge will be randomly assigned

5  to the case.

6      XII.  <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

7      Pursuant to Local Rule 271, parties may stipulate at any

8  stage in the proceedings to refer the action, in whole or in

9  part, to the Voluntary Dispute Resolution Program.

10     XIII. <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

11     The parties are reminded that pursuant to Rule 16(b) of the

12 Federal Rules of Civil Procedure, the Pretrial Scheduling Order

13 shall not be modified except by leave of court upon a showing of

14 **good cause**.  Agreement by the parties pursuant to stipulation

15 alone to modify the Pretrial Scheduling Order does not constitute

16 good cause.  Except in extraordinary circumstances,

17 unavailability of witnesses or counsel will not constitute good

18 cause.

19     XIV.  <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

20     This Pretrial Scheduling Order will become final without

21 further order of the Court unless objections are filed within

22 *fourteen* (14) days of service of this Order.

23     IT IS SO ORDERED.

24 DATED:  October 19, 2015

25

26                                 _____

27                                 Troy L. Nunley
                                    United States District Judge

28