CAROLINE D. CIRAOLO
Acting Assistant Attorney General

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6648
Email: guy.p.jennings@usdoj.gov

BENJAMIN B. WAGNER
United States Attorney
Eastern District of California
*Of Counsel*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>   v.<br><br>L. RICHARD SHEARER;<br>DIANE SHEARER;<br>STANLEY SWENSON as Trustee of the HOTLUM TRUST, BERRYVALE TRUST, and REGENCY TRUST; et al.;<br><br>        Defendants. | Civil No.  2:12-CV-02334 TLN AC<br><br>**MEMORANDUM IN SUPPORT OF UNITED STATES' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:   June 2, 2016<br>Time:   2:00 p.m.<br>Court:  2, Fifteenth Floor<br>Judge:  Hon. Troy L. Nunley |

1

**TABLE OF CONTENTS**

2
**Pages**

3
Table of Authority .........................................................................................ii

4
Introduction ..................................................................................................1

5

6
Questions Presented ...................................................................................3

7
Law and Argument ......................................................................................4

8

9
    A.  Summary Judgment Standard ........................................................4

    B.  The Tax Assessments Should be Reduced to Judgment ............6

10
    C.  Dr. Shearer's Actions Merited the Fraud Penalty ......................10

11
    D.  The Applicable Statute of Limitations Does Not Bar this Suit. .................13

12
CONCLUSION ............................................................................................16

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28


1

## TABLE OF AUTHORITY

2

**CASES**                                                                          **Pages**

3

4

*Akland v. Commissioner,*
   767 F.2d 618 (9th Cir. 1985) ................................................................. 8

5

*Anderson v. Liberty Lobby, Inc.,*
   477 U.S. 242 (1986) ............................................................................ 4

6

*Bradford v. Commissioner,*
   796 F.2d 303 (9th Cir. 1986) ................................................................. 8

7

*Bresson v. Commissioner,*
   213 F.3d 1173 (9th Cir. 2000) ....................................................... 14, 15

8

*Celotex Corp. v. Catrett,*
   477 U.S. 317 (1986) ............................................................................ 4

9

*Commissioner v. Stern,*
   357 U.S. 39 (1958) ............................................................................ 13

10

*Conforte v. Commissioner,*
   692 F.2d 587 (9th Cir. 1982) ................................................................. 8

11

*Considine v. United States,*
   683 F.2d 1285 (9th Cir. 1982) ................................................. 8, 9, 12, 13

12

*Donell v. Kowell,*
   533 F.3d 762 (9th Cir. 2008) ............................................................... 14

13

*Estate of Trompeter v. Commissioner,*
   279 F.3d 767 (9th Cir. 2002) ................................................................. 8

14

*Graham v. Commissioner,*
   T .C. Memo. 2005–68 ......................................................................... 8

15

*Hansen v. United States,*
   7 F.3d 137 (9th Cir. 1993) ................................................................... 5

16

*Hanson v. Commissioner,*
   696 F.2d 1232 (9th Cir. 1983) ....................................................... 11, 12

17

*Helvering v. Mitchell,*
   303 U.S. 391 (1938) ............................................................................ 7

18

*Hughes v. United States,*
   953 F.2d 531 (9th Cir. 1992) ................................................................. 5

19

I.R.S. Notice 97–24, 1997–16 I.R.B. 6 (Apr. 21, 1997) ............................... 11

20

*In re Marriage of Dick,*
   15 Cal.App.4th 144, 18 Cal.Rptr. 2d 743 (1993) .................................. 12

21

*In re Pitts,*
   497 B.R. 73 (Bankr. C.D. Cal. 2013) .................................................. 14

22

*In re Schwarzkopf,*
   626 F.3d 1032 (9th Cir. 2010) ............................................................ 12

1

**Pages**

*In re Summers,*
    266 B.R. 292 (Bankr. E.D. Pa. 2001) ....................................................................9

*In re Wright,*
    251 B.R. 326 (Bankr. W.D. Tex. 2000) ..................................................................9

*L & M Enters., Inc. v. BEI Sensors & Sys. Co.,*
    231 F.3d 1284 (10th Cir. 2000) ............................................................................4

*Lollis v. Commissioner,*
    595 F.2d 1189 (9th Cir. 1979) .............................................................................7

*Mares v. ConAgra Poultry Co., Inc.,*
    971 F.2d 492 (10th Cir. 1992) ..............................................................................4

*Mayo Foundation v. United States,*
    562 U.S. 44 (2011) ..............................................................................................6

*Mobley v. Commissioner,*
    65 T.C.M. (CCH) 1939 (T.C. 1993) .....................................................................8

*Morse v. Commissioner,*
    T.C. Memo. 2003-332 ..........................................................................................9

*Oliver v. United States,*
    921 F.2d 916 (9th Cir. 1990) ...............................................................................5

*Palmer v. United States,*
    116 F.3d 1309 (9th Cir. 1997) .............................................................................6

*Parsons v. Commissioner,*
    T.C. Memo. 2000-205 ..........................................................................................9

*Plotkin v. Commissioner,*
    102 T.C.M. (CCH) 450 (T.C. 2011) .....................................................................9

*Powell v. Commissioner,*
    256 F.2d 941 (5th Cir. 1958) ...............................................................................6

*Purer v. United States,*
    872 F.2d 277 (9th Cir.1989) ................................................................................7

*Richardson v. Commissioner,*
    509 F.3d 736 (6th Cir. 2007) .............................................................................11

*Rossi v. United States,*
    755 F. Supp. 314 (D. Or. 1990) ...........................................................................5

*Sparkman v. Commissioner,*
    509 F.3d 1149 (9th Cir. 2007) ...........................................................................11

*Spies v. United States,*
    317 U.S. 492 (1943) ............................................................................................8

*Stafford v. Commissioner,*
    T.C. Memo. 1997-233 ..........................................................................................5

*Thore v. Howe,*
    466 F.3d 173 (1st Cir. 2006) ..............................................................................10

*Traficant v. Commissioner,*
    884 F.2d 258, (6th Cir. 1989) ..............................................................................7

-iii-

1

**Pages**

*United States v. Caldwell,*
   989 F.2d 1056 (9th Cir.1993) .................................................................... **9**

*United States v. Carney,*
   796 F.Supp. 700 (E.D.N.Y.1992) ........................................................... **15**

*United States v. Chila,*
   871 F.2d 1015 (11th Cir. 1989) ............................................................... **5**

*United States v. Estate Preservation Services,*
   202 F.3d 1093 (9th Cir. 2000) ................................................................. **12**

*United States v. Fernon,*
   640 F.2d 609 (5th Cir. 1981) ........................................................... **13, 15**

*United States v. Holmes,*
   727 F.3d 1230 (10th Cir. 2013) ............................................................. **14**

*United States v. Kellum,*
   523 F.2d 1284 (5th Cir. 1975) ............................................................... **15**

*United States v. Letscher,*
   83 F.Supp.2d 367 (S.D.N.Y.1999) ........................................................ **15**

*United States v. Meredith,*
   685 F.3d 814 (9th Cir. 2012) .................................................................... **9**

*United States v. Summerlin,*
   310 U.S. 414 (1940) ........................................................................... **13, 14**

*Voccola v. Commissioner,*
   97 T.C.M. (CCH) 1052 .......................................................................... **13**

*Waring v. Commissioner,*
   412 F.2d 800 (3d Cir.1969) ...................................................................... **6**

*White v. York Int'l Corp.,*
   45 F.3d 357 (10th Cir. 1995) .................................................................... **5**

*Wright v. Commissioner,*
   84 T.C. 636 (1985) ................................................................................... **9**

*Zmuda v. Commissioner,*
   731 F.2d 1417 (9th Cir. 1984) ................................................................ **11**

**STATUES**

**18 U.S.C. § 371** ...................................................................................... **2, 8, 9**

**26 U.S.C. § 6012(a)** ...................................................................................... **6**

**26 U.S.C. § 61(a)(1)** ..................................................................................... **6**

**26 U.S.C. § 6151** ........................................................................................... **6**

**26 U.S.C. § 6501(a)** .................................................................................... **16**

**26 U.S.C. § 6501(c)(1)** .................................................................................. **3**

**26 U.S.C. § 6501(c)(2)** ................................................................................ **15**

1

**Pages**

**26 U.S.C. § 6502** ...........................................................................................................**14**

**26 U.S.C. § 7206(1)**....................................................................................................**2, 8**

**26 U.S.C. § 7403** ...........................................................................................................**15**

**26 U.S.C. § 7602(1)**........................................................................................................**9**

**26 U.S.C. §§ 6201- 6203** ..........................................................................................**5, 6**

**26 U.S.C. §§ 6303(a) & 6321** ........................................................................................**5**

**26 U.S.C. §§ 6601(a)**......................................................................................................**7**

**26 U.S.C.A. §6663(b)**.....................................................................................................**7**

**28 U.S.C. § 1961(c)**........................................................................................................**7**

**28 U.S.C. § 3003(b)** ......................................................................................................**15**

**28 U.S.C. § 3306(b)** ......................................................................................................**15**

**28 U.S.C. §§ 3001-3308** ...............................................................................................**15**

**Cal. Civ. Code § 3439.04(a)** .........................................................................................**13**

**Cal. Civ. Code § 3439.09(a)** .........................................................................................**14**

**Cal. Prob. Code § 15203** ..............................................................................................**12**

**U.S.C. § 371** ...................................................................................................................**8**

**RULES**

**FED. R. CIV. P. 56**...........................................................................................................**4**

**FEDERAL RULE OF EVIDENCE 803(8)** .........................................................................**6**

The United States previously filed a motion for partial summary judgment on issues relating to the tax determination and current balance.  The Court permitted the defendants L. Richard Shearer and Diane Shearer to file an amended answer adding affirmative defenses.  The United States here renews its motion, addressing the fresh defenses below.

**Introduction**

This is a civil action brought by the United States of America (a) to reduce to judgment federal tax assessments against L. Richard Shearer and Diane Shearer ("taxpayers"), husband and wife; (b) to adjudicate that Hotlum Trust, Berryvale Trust, and Regency Trust are the nominees, alter egos, or fraudulent transferees of the taxpayers; and (c) to foreclose federal tax liens against certain real property in Siskiyou County, California.  In this motion, the United States seeks only an adjudication that the tax and fraud penalty liabilities were properly assessed and setting forth the current balance due, leaving for trial the nominee, fraudulent transfer, and foreclosure issues.[1]

The facts set forth in the United States' Statement of Undisputed Facts (ECF 37-2) are incorporated by this reference and a brief summary follows.  L. Richard Shearer ("Dr. Shearer") during the tax years at issue (1995-2001) practiced as a medical doctor in Siskiyou County, California.  In an attempt to reduce his federal income tax, he employed a trust scheme promoted by Lonnie Crockett.  Other doctors in Siskiyou County were drawn into the scheme, beginning in 1995.  The scheme was intended to interfere with the ability of the Internal Revenue Service (the "IRS") to determine and to collect the Shearers' tax.

Dr. Shearer deposited substantial net income from his medical practice into a

---

[1] The United States asserts that the Shearers continue to evade collection by holding their residence and business properties in the names of the Crockett-related trusts.  This issue is reserved for trial.

bank account he controlled that was in the name of a trust he controlled. In furtherance of the conspiracy to conceal such income from the Internal Revenue Service, Dr. Shearer and other co-conspirators then cycled the income through bank accounts in Utah controlled by Crockett and through foreign bank accounts, and then back to bank accounts in the Eastern District of California which were controlled by Dr. Shearer.  The cycling of funds by Dr. Shearer was accomplished through a series of sham transactions which had no economic purpose other than the evasion of income taxes.  Crockett was paid a fee for each such "loop" of funds.  Facts ¶ 4-5.

The object of the cycling of funds through the various bank accounts was to conceal the income from the Internal Revenue Service.  Dr. Shearer had his medical practice pay him wages, which he reported to the IRS as income in tax returns for each year of the trust scheme (1995-1999). Such wages consisted of a small portion of the actual net income of his medical practice. In each of those years, a much larger portion of his net income from his practice was concealed from the IRS through the system of accounts described above, and was not reported as income on the Shearers' tax returns.  Facts ¶ 7.

As one example of Dr. Shearer's false tax returns, for the 1998 tax year the return contained materially false information, that is, it reported taxable income of only $17,000, and did not report in excess of $100,000 in income to Dr. Shearer that had been earned through Shearer's medical practice in the year 1998.  Dr. Shearer knew that the return materially understated his actual income, and acted willfully in subscribing to the false return.  Facts ¶ 10.

Dr. Shearer admitted to the foregoing facts by pleading guilty to a conspiracy to defraud the United States in violation of 18 U.S.C. § 371, and three counts of making

and subscribing to false tax returns in violation of 26 U.S.C. § 7206(1) (for the taxable years 1996, 1997, and 1998).  The facts above are set forth in an attachment to the plea agreement, Ex. B to the Jennings declaration, and admissions of Dr. Shearer.  Facts ¶ 3.

After his criminal conviction Dr. Shearer filed amended tax returns which were (with slight changes) accepted as filed by the United States.  Facts ¶ 11.  The United States contends that the tax liabilities at issue in this motion were admitted by the Shearers in the amended returns.  The amended returns disregarded the transfer of income to the Crockett-related trusts and in each year ( resulted in substantial additional tax.  Facts ¶ 12.  Revenue Agent Nancy Yang examined the amended returns and adjusted the taxpayers account in accord with the amended returns by reducing, but not eliminating, the earlier assessments of tax and fraud penalties for 1995 - 1999. Facts ¶ 13.  Revenue Agent Yang has carefully reviewed the IRS account records and determined that the current balances reflect the proper abatement of tax, penalties, and interest.  Declaration of Revenue Agent Nancy Yang.  There is no legitimate dispute about the amount of the tax.

The criminal case required a lengthy investigation and prosecution.  During this time, the IRS permitted the typical three-year statute of limitations to assess tax to expire.  For 1995-1999, the United States must show that the fraud penalty is merited, and so the tax may be assessed at any time.  26 U.S.C. § 6501(c)(1) and (2).  The facts admitted by Dr. Shearer in his plea agreement and the facts adduced in discovery show that Dr. Shearer willfully attempted to conceal the unreported income from the IRS.

**Questions Presented**

1.      Whether the Shearers owe the unpaid individual income tax liabilities reported on their amended tax returns.

2.    Whether the Shearers engaged in intentional wrongdoing with the specific intent to avoid a tax known to be owing.

3.    Whether the statute of limitations applicable to a suit to set aside a fraudulent transfer under the laws of the State of California or the Federal Debt Collection Procedures Act bars this action.

## Law and Argument

### A.  Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56.  The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, that it believes demonstrate the absence of genuine issues for trial.  *Celotex*, 477 U.S. at 323;  *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992).

Once the movant's burden is met by producing evidence which, if uncontroverted, would entitle the movant to judgment as a matter of law, the burden then shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-250 (1986).  In this regard, Rule 56(e) of the Federal Rules of Civil Procedure provides that the nonmoving party "may not rest upon the mere allegations or denials" of his or her pleadings.  *Id.*  This burden

-4-

placed on the nonmoving party is not negligible; indeed, "[i]f the evidence [proffered by the nonmoving party] is merely colorable or is not significantly probative, summary judgment may be granted."  *Id.*  Conclusory allegations unsupported by specific factual data are insufficient to create a triable issue of fact so as to preclude summary judgment. *See L & M Enters., Inc. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000); *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).

"In an action to collect tax, the government bears the initial burden of proof. The United States, however, may satisfy this initial burden by introducing into evidence its assessment of taxes due. Normally, introduction of the assessment establishes a prima facie case." *Oliver v. United States*, 921 F.2d 916, 919 (9th Cir. 1990) (internal citations omitted). The United States has submitted Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters ("Forms 4340"), for the defendants for each of the tax periods at issue, 1995-1999. (Ex. B – H, Jennings Decl.).  These Certificates are probative evidence.[2]  They establish that the tax liabilities were properly assessed against the defendants by a duly authorized delegate of the Secretary of Treasury, 26 U.S.C. §§ 6201- 6203, and that the notices and demand for payment of the liabilities were properly sent. 26 U.S.C. §§ 6303(a) & 6321. *See, e.g., Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (per curiam); *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992); *United States v. Chila*, 871 F.2d 1015, 1017-1019 (11th Cir. 1989).

These Forms 4340 show that the defendants are indebted to the United States for unpaid assessed balances of tax, penalties, and interest in the amounts set forth

---

[2] Generated under seal and signed by an authorized delegate of the Secretary of the Treasury, Forms 4340 are self-authenticating under Federal Rule of Evidence 902(1) and admissible as a public record under Federal Rule of Evidence 803(8). *Hughes v. United States,* 953 F.2d 531, 540 (9th Cir. 1992); *Rossi v. United States,* 755 F. Supp. 314, 318 (D. Or. 1990).

thereon.[3]  These assessments for unpaid taxes carry a presumption of correctness "so long as they are supported by a minimal factual foundation." *Palmer v. United States,* 116 F.3d 1309, 1312 (9th Cir. 1997). This presumption shifts the burden of proof to the taxpayer to show that the amount of these assessments is incorrect. *Id.* In sum, once the United States submits Forms 4340 and the minimal factual foundation that support them, defendants must come forward with contrary evidence in admissible form sufficient to rebut the presumption of correctness in favor of the information contained in the Forms 4340. If they do not, the United States is entitled to judgment as a matter of law for the unpaid assessed balances shown thereon, together with statutory interest and penalties accruing to the date of payment.

### B.  The Tax Assessments Should be Reduced to Judgment

In addition to the Certificates of Assessments for the tax periods at issue, attached to the Jennings' Declaration, which are alone sufficient to support a judgment for these liabilities, the record shows that the Shearers have admitted to the amount of taxes owed for all of the periods at issue by filing amended returns which were accepted as filed and by answering a specific Request for Admission.  (Facts ¶ 11). These admissions serve as a sufficient minimal factual foundation for the tax assessments against the Shearers and conclusively establish these liabilities for the purposes of this suit.  Statements in a tax return are admissions under penalty of perjury.  *Waring v. Commissioner*, 412 F.2d 800, 801 (3d Cir.1969); *Powell v. Commissioner*, 256 F.2d 941, 944 (5th Cir. 1958); *Stafford v. Commissioner*, T.C. Memo. 1997-233 (citing cases), *aff'd*, 141 F.3d 1164 (5th Cir. 1998).

There is no question that income includes "compensation for services" such as

---

[3] The Forms 4340 do not reflect accrued but unassessed statutory interest and penalties that continue to accrue on the tax liabilities because those amounts change daily.

-6-

fees paid for the practice of medicine. 26 U.S.C. § 61(a)(1); *see, also, Mayo Foundation v. United States*, 562 U.S. 44 (2011) (medical residents are not exempted from FICA taxes on their earnings.)  Dr. Shearer earned above the filing limit, and so was required by law to accurately report all of his annual income, 26 U.S.C. § 6012(a), and to pay the tax shown due on the return.  26 U.S.C. § 6151.  Where the taxpayer reports a tax, the IRS is authorized to immediately assess it, 26 U.S.C. § 6201, without further deficiency procedures such as a Tax Court determination.

After December 31, 1982, interest on tax deficiencies has been determined by reference to a floating interest rate and compounded daily.  *See* 26 U.S.C. §§ 6601(a); 6621; 6622(a) and 28 U.S.C. § 1961(c); *Purer v. United States*, 872 F.2d 277 (9th Cir.1989).  Submitted herewith is the Declaration of Revenue Agent Nancy Yang, Ex. J - P, with attached "INTSTD" transcripts which detail the accrual of interest and the current balance for each of the periods at issue.

Revenue Agent Yang has reviewed the adjustments to the initial assessments against the Shearers and determined that the calculations were in accord with the amended returns filed by the Shearers.  Each credit which is supported by evidence is shown on the IRS transcripts.  The Shearers have failed to produce evidence to contradict the correct current balance of their tax liabilities.

**C.  Dr. Shearer's Actions Merited the Fraud Penalty**

The purpose of the fraud penalty is not punitive but to reimburse the United States for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. *Helvering v. Mitchell*, 303 U.S. 391, 401 (1938); *Traficant v. Commissioner*, 884 F.2d 258, 264, (6th Cir. 1989).   In order to justify the fraud penalty, the United States bears the burden of proving by clear and convincing evidence that Dr. Shearer had a specific

-7-

intent to evade taxes.  If the United States establishes that any portion of the Shearers'

unpaid tax is due to fraud, the entire underpayment is treated as due to fraud.  26

U.S.C.A. §6663(b), *Lollis v. Commissioner*, 595 F.2d 1189, 1192 (9th Cir. 1979).  The

taxpayers then have the burden of proof to show by a preponderance of the evidence

that any portion of the tax underpayment is not due to fraud. 26 U.S.C. § 6663(b).

"[F]raud is intentional wrongdoing on the part of the taxpayer with the specific

intent to avoid a tax known to be owing."  *Conforte v. Commissioner*, 692 F.2d 587, 592

(9th Cir. 1982). The following factors may be evidence of fraud:

> (1) concealment of assets;
>
> (2) concealment of ownership;
>
> (3) consistent and substantial understatement of income;
>
> (4) inadequate records;
>
> (5) inconsistent or implausible explanations of behavior;
>
> (6) failure to file tax forms;
>
> (7) failure to cooperate with tax authorities;
>
> (8)  any conduct which is likely to mislead or conceal.

*Spies v. United States*, 317 U.S. 492, 499 (1943);  *Estate of Trompeter v. Commissioner*,

279 F.3d 767, 773 (9th Cir. 2002); *Akland v. Commissioner*, 767 F.2d 618, 621 (9th Cir.

1985);  *Bradford v. Commissioner*, 796 F.2d 303, 307-08 (9th Cir. 1986).  Another badge

of fraud is a taxpayer's use of a complex series of financial transactions and nominees.

*See Graham v. Commissioner*, T .C. Memo. 2005–68, aff'd. 257 Fed. Appx. 4 (9th Cir.

2007).

In his criminal case, Dr. Shearer plead guilty to conspiracy to defraud the United

States under 18 U.S.C. § 371, and filing false tax returns in violation of 26 U.S.C. §

7206(1).  Dr. Shearer may still argue that he lacked fraudulent intent; collateral estoppel

based on the plea agreement does bar this argument. *Considine v. United States*, 683

F.2d 1285 (9th Cir. 1982) (false return); *Wright v. Commissioner*, 84 T.C. 636, 643

(1985) (false return); *Mobley v. Commissioner*, 65 T.C.M. (CCH) 1939 (T.C. 1993) *aff'd*

*by unpublished opinion*, 33 F.3d 1382 (11th Cir. 1994) (taxpayer's conviction under 18

U.S.C. § 371 does not collaterally estop him from challenging the allegation of civil

fraud).[4]

However, the convictions bind Dr. Shearer on the essential elements of the

specific charges.  With respect to 26 U.S.C. § 7602(1) (false return), the prior convictions

estop Dr. Shearer from contesting that the returns were willfully false and resulted in an

underpayment of tax.  *Considine v. United States*, 683 F.2d 1285, 1287 (9th Cir. 1982).

To prove a conspiracy under 18 U.S.C. § 371, "the government need only show (1) [the

defendant] entered into an agreement (2) to obstruct a lawful function of the government

(3) by deceitful or dishonest means and (4) at least one overt act in furtherance of the

conspiracy." *United States v. Caldwell*, 989 F.2d 1056, 1059 (9th Cir.1993); *United*

*States v. Meredith*, 685 F.3d 814, 822 (9th Cir. 2012).  The elements of the charge are

adjudicated as a matter of law in a criminal conviction – *Considine*, 683 F.2d 1287 – and

the facts set forth in the plea agreement (Jennings Decl. Ex. B) are consistent with the

elements set forth in this paragraph.  Dr. Shearer is bound in this case by his admission

that he entered into an agreement to obstruct a lawful function of the government by

deceitful or dishonest means.

In addition to being bound to the elements of the crimes, convictions under

statutes requiring deception, such as 18 U.S.C. § 371 (conspiracy to defraud the United

---

[4] A conspiracy to defraud conviction under 18 U.S.C. § 371 will preclude a defendant from defending certain types of civil fraud. For example, such convictions are sufficient to deny a discharge in bankruptcy. *In re Summers*, 266 B.R. 292, 297-98 (Bankr. E.D. Pa. 2001) (guilty plea under 18 U.S.C. § 371, along with facts from information, sufficient to show that taxpayer willfully attempted to evade or defeat tax under 11 U.S.C. § 523(a)(1)(C)); *In re Wright*, 251 B.R. 326, 332 (Bankr. W.D. Tex. 2000) (convictions under 18 U.S.C. § 371 and 26 U.S.C. § 7201 prevented taxpayer from relitigating whether he willfully attempted to evade tax under the Bankruptcy Code).

1  States), are persuasive evidence of fraud. *Mobley, id, Morse v. Commissioner*, T.C.

2  Memo. 2003-332, *aff'd* 419 F.3d 829 (8th Cir. 2005); *Parsons v. Commissioner*, T.C.

3  Memo. 2000-205; *Plotkin v. Commissioner*, 102 T.C.M. (CCH) 450 (T.C. 2011) *aff'd*,

4
5  498 F. App'x 954 (11th Cir. 2012) *cert. denied*, 133 S.Ct. 1829 (2013).  Dr. Shearer's

6  conviction itself is evidence that he acted in a fraudulent manner.  The facts he admits

7  add to this evidence.

8       The detailed facts set forth in the plea agreement are sufficient to show by clear

9  and convincing evidence that Dr. Shearer had a fraudulent intent as a matter of law.

10 The Court should judicially estop Dr. Shearer from withdrawing or contradicting the

11 admissions made in the criminal case.   Dr. Shearer obtained a benefit by his plea

12 agreement in the prior proceeding and should be held to the representations he made

13
14 there.  *Thore v. Howe*, 466 F.3d 173, 179 (1st Cir. 2006) (judicial estoppel prevented civil

15 plaintiff from contradicting facts in his plea agreement).

16      The offshore loops of unreported income support a finding of intent to evade.

17 Individuals sometimes enjoy foreign vacations, tasting new foods and experiencing

18 different cultures, but money goes offshore for different reasons.  Diversification of

19
20 investment is often advised, but the domestic market is well-stocked with the American

21 Depositary Receipts[5] of foreign firms and investment funds specializing in foreign

22 exposure, so there is no need to leave home for this reason.  Of course, investments

23 held in this country would be reported to regulatory authorities.  Money that takes a quick

24 round-trip offshore, as with the Crockett scheme, has no reason to travel other than to

25 evade the scrutiny of taxing authorities.  Dr. Shearer admits that this cycling of income

26 offshore was part of a conspiracy to conceal such income from the Internal Revenue

27

28 [5] An ADR is a negotiable security that represents securities of a non-United States company that trades in the United States financial markets.

Service.  Facts ¶ 5.

"Abusive trust arrangements often use trusts to hide the true ownership of assets and income or to disguise the substance of transactions," and "frequently involve more than one trust." I.R.S. Notice 97–24, 1997–16 I.R.B. 6 (Apr. 21, 1997).  One factor courts use to determine whether a trust scheme is abusive is whether the taxpayers' relationship to their assets and income changed after the trusts were created, in other words, whether the trusts had economic substance.  Transferring a personal residence and income-producing assets to a trust may be evidence of fraud.  Placing a personal residence in a trust does not reduce tax while the true owner lives there.  *Richardson v. Commissioner*, 509 F.3d 736, 741 (6th Cir. 2007);  *Sparkman v. Commissioner*, 509 F.3d 1149, 1154-1155 (9th Cir. 2007); *United States v. Estate Preservation Services*, 202 F.3d 1093, 1101 (9th Cir. 2000); *Zmuda v. Commissioner*, 731 F.2d 1417 (9th Cir. 1984); *Hanson v. Commissioner*, 696 F.2d 1232, 1234-35 (9th Cir. 1983).  The trust scheme discussed in *Richardson v. Commissioner* is very similar to the scheme used by Dr. Shearer.  In both cases, homes and income were channeled through multiple or "tiered" trusts to improperly conceal taxable income.  But the Shearers retained enjoyment and control of their house, office, and income, so the economic substance did not change.

"To anyone not incorrigibly addicted to the 'free lunch' philosophy of life, the entire [family trust] scheme had to have been seen as a wholly transparent sham." *Harris v. Commissioner*, 41 T.C.M. (CCH) 815 (1981), quoted in *Richardson v. Commissioner*, 509 F.3d at 742.  A taxpayer cannot reduce tax by transferring income-producing assets to trusts while retaining control of the assets. *Id.*  By filing amended returns which disregard the trusts and report additional tax, the Shearers have admitted

1    that the trust scheme did not work.

2         That the trusts might be valid under state law, does not make them legitimate for

3    federal income tax purposes.  *Richardson v. Commissioner*, 509 F.3d at 742.  However,

4

5    the Shearer trusts are also invalid under California law.  "It is well-settled that a trust

6    created for the purpose of defrauding creditors or other persons is illegal and may be

7    disregarded." *In re Schwarzkopf*, 626 F.3d 1032, 1037 (9th Cir. 2010); *quoting In re*

8    *Marriage of Dick*, 15 Cal.App.4th 144, 18 Cal.Rptr. 2d 743, 752 (1993); *see also* Cal.

9    Prob. Code § 15203 ("A trust may be created for any purpose that is not illegal or

10   against public policy").  See 1A Scott on Trusts § 63 (4th ed. 2001) ("Although the terms

11

12   of the trust in themselves are perfectly lawful, the trust is illegal where the motive of the

13   settlor for creating the trust is to defraud creditors or another person").  In the plea

14   agreement, Dr. Shearer admitted that the trust transfers were intended to defraud the

15   United States by concealing income from the Internal Revenue Service. (Facts ¶ 5.)

16        Dr. Shearer, a highly trained professional, chose not to review the legality of the

17   trust arrangement with a highly trained tax counsel, and this choice also shows his intent

18   to conceal.  Lawyers and doctors are licensed not just to restrict competition, but also to

19

20   avoid the type of debacle triggered when a non-lawyer begins creating fictitious entities

21   with the intention of reducing taxes or cheating other creditors.  Talking about this type of

22   arrangement, a court in 1983 said "No reasonable person would have trusted this

23   scheme to work." *Hanson v. Commissioner*, 696 F.2d 1232, 1234-35 (9th Cir. 1983).  Dr.

24   Shearer's sophistication must be taken into account in assessing his intent. *Considine v.*

25   *United States*, 683 F.2d 1285 (9th Cir. 1982).

26        For many of the same reasons the court in *Richardson v. Commissioner* upheld

27   the fraud penalty against the abusive trust taxpayers in that case, this Court should

28

consider the totality of the circumstances set forth in the admissions of Dr. Shearer and

find that the fraud penalty applies.  An intelligent and sophisticated professional, who

failed to consult a lawyer before transferring three properties into multiple trusts, and

who admitted an intention to obstruct the lawful functions of the Internal Revenue

Service, who in actuality retained control of all his assets, while sending his income on

brief holidays abroad, clearly took deliberate steps to evade income tax and to mislead

or conceal.  As a matter of law, the facts admitted show the type of intent which justifies

the imposition of the fraud penalty.  *Considine v. United States*, 683 F.2d 1285 (9th Cir.

1982) (summary judgment upheld on fraud penalty intent to evade based on facts

surrounding false tax return conviction); *Voccola v. Commissioner*, 97 T.C.M. (CCH)

1052 (T.C. 2009) (deemed admissions are sufficient to meet government burden of proof

for the section 6663 fraud penalty for summary judgment).

### D.  The Applicable Statute of Limitations Does Not Bar this Suit.

The taxpayers seek to apply the statute of limitations on the California Uniform

Fraudulent Transfers Act (UFTA) to bar this federal tax collection action.  Also asserted

is the statute of limitations in the federal "fraudulent conveyances act" (the Federal Debt

Collection Procedures Act).  This is a tax collection action to subject real property to the

enforcement of federal tax liens under § 7403 of the Internal Revenue Code.  This action

seeks an adjudication setting aside fraudulent transfers under California law.

Where a taxpayer has fraudulently disposed of property, the United States may

seek relief under the applicable fraudulent transfer laws of the state in which the property

is located.  *Commissioner v. Stern*, 357 U.S. 39, 45 (1958); *United States v. Fernon*, 640

F.2d 609, 611-12 (5th Cir. 1981).  However, the United States is not bound by state

statutes of limitations in enforcing its rights.  *United States v. Summerlin*, 310 U.S. 414,

416 (1940) (late filed IRS claim against probate estate not invalid despite Florida time limit).

The Uniform Fraudulent Transfer Act as enacted by the State of California ("CUFTA") empowers creditors to set aside transfers that are fraudulent.  Cal. Civ. Code § 3439.04(a), *et seq.*  An action under § 3439.04(a)(1), for actual fraud, must be brought "within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant." Cal. Civ. Code § 3439.09(a); *Donell v. Kowell*, 533 F.3d 762, 773 (9th Cir. 2008).  Because the United States has (in general) ten years after the date of assessment to collect tax, or to file suit to collect tax – 26 U.S.C. § 6502 – the state statute of limitations may expire long before a federal tax suit might be filed.

In *Bresson v. Commissioner*, 213 F.3d 1173 (9th Cir. 2000), the Ninth Circuit specifically addressed whether the claim extinguishment provisions in the California Uniform Fraudulent Transfer Act applied to fraudulent transfer claims brought by the United States to collect tax.  Relying on *United States v. Summerlin*, 310 U.S. 414, 416 (1940), the Ninth Circuit held that the United States was not subject to the claim extinguishment provisions in the CUFTA.  *See Bresson*, 213 F.3d at 1179.  The Ninth Circuit reasoned that the government's underlying right to collect money is derived from the operation of federal law and the United States acts in its sovereign capacity in its efforts to collect taxes; therefore, "the rule of *Summerlin* will not allow the 'extinguishment' of a valid, fully accrued claim by the IRS brought under CUFTA."  *Id.,* 213 F.3d at 1178; *In re Pitts*, 497 B.R. 73 (Bankr. C.D. Cal. 2013) aff'd, 515 B.R. 317 (C.D. Cal. 2014) (same).   As the Supreme Court expressed the rule in *Summerlin*, "When the United States becomes entitled to a claim, acting in its governmental capacity

and asserts its claim in that right, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement." 310 U.S. at 417.

Consistent with *Summerlin*, fraudulent conveyance actions brought by the United States pursuant to 26 U.S.C. § 7403 are subject only to the (generally ten-year) statute of limitations found in § 6502(a)(1) of the Internal Revenue Code, and not to state statutes of limitations. *Bresson v. Commissioner*, 213 F.3d 1173, 1177-79 (9th Cir. 2000); *United States v. Holmes*, 727 F.3d 1230, 1235 (10th Cir. 2013); *United States v. Kellum*, 523 F.2d 1284, 1286 (5th Cir. 1975) (United States not subject to state extinguishment provisions). *United States v. Fernon*, 640 F.2d 609, 611-12 & n.7 (5th Cir. 1981) (same).

The United States asserts its rights as a creditor in this case under California law and not the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. §§ 3001-3308, which also gives creditors the right to set aside transfers that are fraudulent.  The (generally) six-year statute of limitations in the FDCPA -- 28 U.S.C. § 3306(b) -- does not apply to federal tax enforcement because of an exception in 28 U.S.C. § 3003(b).  That section states that the FDCPA "shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law, to collect taxes. . ."   In other words, the tax-specific statute of limitations set forth in the Internal Revenue Code is applicable to tax cases, and not the general period of limitations in the FDCPA.  *United States v. Letscher*, 83 F.Supp.2d 367 (S.D.N.Y.1999); *United States v. Carney*, 796 F.Supp. 700 (E.D.N.Y.1992); *United States v. Upton*, 967 F.Supp.57, 59 (D. Conn. 1997).  Because the United States does not assert rights in this case under the FDCPA, the statute of limitations does not apply.  Even if it did, tax collection cases are

specifically excepted from the FDCPA statute of limitations. *Id.*

The taxpayers' assertion of the statute of limitations under California law and the Federal Debt Collection Procedures Act is incorrect as a matter of law.  The 1995-1999 tax liabilities at issue were assessed within the unlimited statute of limitations of 26 U.S.C. § 6501(c)(2), which provides that where there is a willful attempt in any manner to evade or defeat tax then the tax may be assessed, or a suit commenced to collect such tax, at any time.  The (generally three year) statute of limitations on assessment - 26 U.S.C. § 6501(a) – did not bar the assessments at issue, provided that the Court sustains the fraud penalty.

### CONCLUSION

The Shearers owe the unpaid individual income tax liabilities reported on their amended tax returns and have not produced any evidence that the IRS accounts are in any way deficient.  The facts admitted by Dr. Shearer in his plea agreement and the facts adduced in discovery show that Dr. Shearer willfully attempted to conceal unreported income from the IRS through the use of Crockett-related trusts.  The Court is respectfully requested to enter judgment on the current balance of the tax liabilities, reported in the declaration of Revenue Agent Yang, and to uphold the fraud penalty on the 1995-1999 tax years.  The balance due, with interest to September 30, 2014, is in the total amount of $368,377.94.  Decl. Yang, Ex. J-P.

The statute of limitations defenses raised by the taxpayers do not apply to the United States in this tax collection case.  The following issues are reserved for trial: (1) whether the trusts continue to hold the Shearers' property as nominees or fraudulent transferees, and (2) whether the United States may enforce the judgment against the properties.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

Date: March 28, 2016          /s/ G. Patrick Jennings
                             G. PATRICK JENNINGS
                             Trial Attorney, Tax Division
                             U.S. Department of Justice