MATTHEW GILMARTIN
Matthew Gilmartin, Attorney at Law, LLC
P.O. Box 939
North Olmsted, OH 44070
Tel: (440) 479-8630
Fax: (440) 398-0179
Email: matt7g@att.net

*Counsel for Defendants, L. Richard Shearer and Diane Shearer*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 2:12-CV-02334 |
| | : | |
| PLAINTIFF | : | **DEFENDANTS L. RICHARD AND DIANE SHEARER'S MOTION FOR SUMMARY JUDGMENT** |
| | : | |
| vs. | : | |
| | : | |
| L. RICHARD SHEARER, et al., | : | Date: June 2, 2016 |
| | : | Time: 2:00 p.m. |
| DEFENDANTS | : | Court: 2, Fifteenth Floor |
| | : | Judge: Hon. Troy L. Nunley |

**TABLE OF CONTENTS**

**Table of Authorities** ii

**Introduction** 1

**Question Presented** 2

**Introduction** 2

**Law and Argument** 4

**a. Summary Judgment Standard** 4

**b. This Court lacks subject matter jurisdiction to award the relief sought by Plaintiff** 5

**Conclusion** 8

**Certificate of Service** 9

## TABLE OF AUTHORITIES

**Case Law**


***Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)** **5**

***Billings v. Commissioner of Internal Revenue*, 127 T.C. 7 (2006)** **7**

***Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)** **5**

***Commissioner v. Ewing*, 439 F.3d 1009 (9th Cir. 2006)** **8**

***Robinson v. U.S.*, 920 F.2d 1156 (3rd Cir. 1990)** **6**

***Yokeno v. Sawak Sekiguchi*, 754 F.2d 649 (9th Cir. 2014)** **5**


**Statutes**


**18 U.S.C. 371** **3**

**26 U.S.C. 6211** **5**

**26 U.S.C. 6212** **5,6,8**

**26 U.S.C. 6213** **5,6,8**

**26 U.S.C. 6404** **6**

**26 U.S.C. 7206(1)** **3**


**Rules and Regulations**


**Fed. R. Civ. P. 12(h)** **5**

**Fed. R. Civ. P. 56** **4**

**Tax Ct. R. 280** **6**

**Proced. And Admin. Regs., sec. 301.621 1-1(a)** **7**

## Question Presented

Whether this Court lacks subject matter jurisdiction to award the relief sought by Plaintiff

## Introduction

This is a civil action brought by the United States of America (a) to reduce to judgment federal tax assessments against L. Richard Shearer and Diane Shearer ("the Shearers"), husband and wife; (b) to adjudicate that Hotlum Trust, Berryvale Trust, and Regency Trust are the nominee's, alter egos, or fraudulent transferees of the Shearers; and (c) to foreclose federal tax liens against certain real property in Siskiyou County, California. ECF 1, Amended Complaint, para. 1. The Shearers filed an answer to the amended complaint, incorporating several affirmative defenses, including but not limited to the Statute of Limitations.[1] ECF, 61, Amended Answer to Amended Complaint.

In this motion, the Shearers seek an adjudication that this Honorable Court lacks subject matter jurisdiction to grant the relief sought by the government. The Shearers rely on their "Denied and Admitted Undisputed Facts" and the Declarations of Nancy Yang (with exhibits), L. Richard Shearer and Diane Shearer, which have been previously filed in this matter. ECF 53,

[1] The Statute of Limitations defense is an issue argued by the government in its Second Motion for Summary Judgment, and shall be argued by these Defendants in their Brief in Opposition to that motion, due to be filed on May 19, 2016.

37-3, 39, 40, 54, and 55. The Shearers also rely on an "Examining Officer's Activity Record" which is appended hereto as Exhibit "1" and incorporated herein as if fully rewritten.

This lawsuit concerns alleged tax liabilities of the Shearers for the taxable years 1995-1999. In 2001, Mr. Shearer pleaded guilty to one count of conspiracy to defraud the United States in violation of 18 U.S.C. sec. 371 and one count of making and subscribing to false tax returns in violation of 26 U.S.C. sec. 7206(1). ECF, 54, Declaration of L. Richard Shearer, para. 21. On October 15, 2003, while Mr. Shearer was still in prison, the government issued a Notice of Deficiency for the relevant tax years. Examining Officer's Activity Record, p. IRS04808 (See attached affidavit of Matthew Gilmartin, Exhibit "1"). In that Notice, it states that "We have determined that you owe additional tax or other amounts, or both, for the tax year(s) identified above. This letter is your NOTICE OF DEFICIENCY, as required by law." Once Mr. Shearer was released, he instructed his accountant, Wayne Paul, to prepare amended tax returns to fulfill his obligation under his plea agreement to cooperate with the government and IRS in determining his accurate tax liability for the relevant tax years. ECF, 54, Declaration of L. Richard Shearer, para. 25-27. On November 15, 2006, the Shearers filed their Amended Returns seeking an audit reconsideration to abate the excessive amounts of tax, penalties and interest. In accordance with their accountant's instructions, the Shearers paid the following amounts of tax, broke down by taxable year:

1995 - $ 22,273.00
1996 - $ 14,274.00
1997 - $ 28,329.00
1998 - $ 30,890.00
1999 - $ 550.00 (refund)
2000 - $ 17,219.00
2001 - $ 13,475.00

TOTAL $127,010.00

Affidavit of Matthew Gilmartin, Exhibit "1", Examining Officer's Activity Record, p. IRS04894; ECF, 54, Declaration of L. Richard Shearer, para. 32; ECF, 55, Declaration of Diane Shearer, para. 25.

It was not until February 27, 2008 that the Shearers received any communication from the IRS. Affidavit of Matthew Gilmartin, Exhibit "1", Examining Officer's Activity Record, p. IRS04830. In that letter, Agent Nancy Yang reduced the amount of taxes owed, but refused to abate the penalties and interest: "This amount does not include penalties we've charged to your account, nor any interest that has accrued." *Id*. This is true, even though her instructions were to abate "the excessive amount of tax and fraud penalties for each year." Affidavit of Matthew Gilmartin, Exhibit "1", Examining Officer's Activity Record, p. IRS 04894. Yang states in the letter that the Shearers could either 1) officially request an appeals conference, or 2) pay the tax and file a claim with the IRS.

In 2012, the government filed this lawsuit for the collection of tax liabilities for the relevant years. ECF, 1, Complaint.

## Law and Argument

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The party seeking summary judgment bears the initial burden of explaining the basis for its motion, and identifying the portions of the pleadings, depositions, interrogatories, admissions and affidavits that demonstrate the absence of genuine issues of material fact for trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 232 (1986). Once the movant's burden is met by producing Fed. R. Civ. P. 56 evidence which would entitle him to judgment as a matter of law, the burden then shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986).

**B. This Court lacks subject matter jurisdiction to award the relief sought by Plaintiff**

This Court has an independent duty to inquire into its own jurisdiction. Lack of jurisdiction may be raised by any party at any stage of the proceedings. The issue of jurisdiction should be determined first. *Yokeno v. Sawak Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 4-15-2014). (Issue of subject matter jurisdiction must be determined first and can be raised for the first time on appeal); *See, also,* Fed. R. Civ. P. 12(h).

Here, the government admits that it accepted the Shearers' amended joint tax returns for tax years 1995 through 1999 "as filed." ECF 37-2 , Government's Undisputed Fact No. 11. Once the government accepted the Shearers' amended joint tax returns as filed, the amended returns superseded the original returns which were filed. If the IRS decided to increase the tax liability declared by the Shearers on the amended joint tax returns or to make additions to tax and impose fraud penalties, the government were required to prepare a Notice of Deficiency and mail them to the Shearers pursuant to 25 U.S.C. 6212 and 6213. A deficiency is defined as follows:

26 U.S.C. sec. 6211.

(a). **In general**. For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B…the term 'deficiency' means the amount by which the tax

imposed by subtitle A or B…exceeds the excess of:

(1) The sum of

(A) The amount shown as the tax by the taxpayer upon his return. If a return was made by the taxpayer and an amount was shown as the taxpayer thereon, plus

(B) The amounts previously assessed (or collected without assessment) as a deficiency, over –

(2) The amount of rebates, as defined in subsection (b)(2), made.

Nothing could be clearer. Section 6211 specifically provides that a deficiency (triggering the government's duty to send a Notice to the taxpayer under 26 U.S.C. sec. 6212) includes amounts over and above those shown on a taxpayer's return, and any previously assessed deficiencies. That is exactly the factual scenario we have in this case. In 2004, the Shearers were assessed deficiencies. In 2006, they filed amended returns that were accepted by the government. In 2008, the government informed the Shearers that additional amounts were owed, having failed to abate the penalties and the ongoing interest in this case. No notice of deficiency was sent to the taxpayers. Nancy Yang letter did not state that the Shearers could file a petition in the Tax Court, either for determination of their tax liability, nor to object to the Commissioner's failure to abate interest pursuant to Tax Ct. R. 280 and 26 U.S.C. 6404.

Since the IRS failed to do so, this Court lacks jurisdiction over the additional tax and additions to tax that the government seeks to collect in this case for the tax years at issue. As the Third Circuit explained in *Robinson v. U.S.*, 920 F.2d 1157, 1158 (3rd Cir., 1990)

> "The notice is a 'pivotal feature of the Code's assessment procedures," *Holof*, 872 F.2d, at 53, because it serves as a prerequisite to a valid assessment by the IRS. The Internal

> Revenue Code is clear that 'no assessment of a deficiency…and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice [of deficiency] has been mailed to the taxpayer, nor until the expiration of such 90-day…period." 26 U.S.C. sec. 6213(a). By providing an opportunity to litigate the merits of the deficiency in the Tax Court without requiring payment of the full amount allegedly owed, the statute provides substantial benefits to taxpayers."

Here, the government and IRS are not merely pursing a computational error. In her February 27, 2008 letter, Nancy Yang admitted that she had slightly increased the taxes declared by the Shearers on the amended joint tax returns for the various taxable years. When the IRS accepted the Shearers' amended joint tax returns as filed, any deficiency including additional tax to additions to tax had to be based on the amended joint tax returns, and not the original returns filed by the taxpayers. The IRS was bound to comply with the deficiency procedures if it wanted to impose and collect additional tax and additional to tax on those amended joint tax returns:

> "Understanding why the Billings' owed tax but had no 'deficiency' after they filed their amended return requires a bit of explanation: Section 6211(a) defines a 'deficiency' as the 'amount by which the tax imposed…exceeds…the amount shown as the tax by the taxpayer upon his return." The Code itself doesn't tell us what effect the filing of amended return has, but the related regulation does. It states that "[a]ny amount shown as additional tax on an 'amended return'…filed after the due date of the return, shall be treated as an amount shown by the taxpayer 'upon his return' for purposes of computing the amount of the deficiency." Sec. 301.621 1-1(a), Proced. & Admin. Regs. Because the Billings' amended 1999 return was filed well after April 15, 2000, and the Commissioner accepted that return, the increase in tax that it showed has to be treated as an amount shown on their return."

*Billings v. Commissioner of Internal Revenue*, 127 T.C. 7, 11 (2006).

The entire Tax Court explained the effect of filing amended tax returns, and concluded if an amended return is accepted as filed, the IRS must assess any deficiencies for additional tax or

additions to tax in conformity with the deficiency procedures required by 26 U.S.C. sec. 6212 and 6213. These sections, and the Tax Court Rules, clearly state that for "deficiencies," the Tax Court, and not this Court, has jurisdiction over the subject matter of this case.

Here, as in *Billings*, this Court is faced with a stand-alone Complaint seeking a determination of the validity of tax assessments, and additions to those assessments, without a proper Notice of Deficiency. This Court lacks jurisdiction over the government's claims for additional tax over and above that declared on the Shearers' amended joint tax returns for the tax years 1995 through 1999 and the additions to tax –fraud penalties and interest—which the government seeks to impose and collect for those tax years. The majority of the Tax Court in *Billings* specifically relied on the Ninth Circuit's decision in *Commissioner v. Ewing*, 439 F.3d 1009 (9th Cir. 2006) which held that a Federal Court has no jurisdiction where proper deficiency procedures under 26 U.S.C. secs. 6212 and 6213 have not been followed.

**Conclusion**

For the reasons stated herein, this Honorable Court lacks jurisdiction to grant the relief sought by the Plaintiff in this matter. Accordingly, the Defendants respectfully request that this case be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

Date: May 5, 2016

*/s/ Matthew Gilmartin*___________________

Matthew Gilmartin (0024683)
P.O. Box 939
North Olmsted, OH 44070
(440) 479-8630
(440) 398-0179 Fax
Matt7g@att.net
Attorney for the Defendants
L. Richard Shearer
Diane Shearer

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was sent to the following parties by ECF transmission or via U.S. Mail on the 5th day of May, 2016:

G. Patrick Jennings
US DOJ, Tax Division
P.O. Box 683
Ben Franklin Station
Washington, DC 20044
202.307.6648 Tel
Guy.P.Jennings@usdoj.gove

Evelyn Louise Shearer, Trustee
11075 Benton Street, Apt. 128
Loma Linda, CA 92354

Vernon L. Swenson
Leora Swenson
1045 N. Old Stage Road
Mt. Shasta, CA 96067

Joe Alfred Isen, Jr.
5222 Spruce Street
Bellaire, TX 77401
(713) 668-8815 Tel.
(713) 668-9402 Fax
jizen@comcast.net

Jihad Smaili
SMAILI & ASSOCIATES, PC
600 West Santa Ana Blvd., Suite 202
Santa Ana, CA 92701
(714) 547-4700 Tel.
(714) 547-4710 Fax

Shaun Cunningham
24551 Del Prado, #683
Dana Point, CA 92629
(949) 391-3725 Tel.
(949) 305-5503 Fax
mrshauncunningham@gmail.com

*/s/ Matthew Gilmartin*________
MATTHEW GILMARTIN