1  MATTHEW GILMARTIN
2  Matthew Gilmartin, Attorney at Law, LLC
3  P.O. Box 939
4  North Olmsted, OH 44070
5  Tel:  (440) 479-8630
6  Fax: (440) 398-0179
7  Email: matt7g@att.net
8
9
10  *Counsel for Defendants, L. Richard Shearer*
11  *and Diane Shearer*
12
13
14              **IN THE UNITED STATES DISTRICT COURT**
15
16           **FOR THE EASTERN DISTRICT OF CALIFORNIA**
17
18  UNITED STATES OF AMERICA        :        CASE NO. 2:12-CV-02334
19                                  :
20          PLAINTIFF               :        **DEFENDANTS L. RICHARD AND**
21                                  :        **DIANE SHEARER'S AMENDED**
22                                  :        **MOTION FOR**
23      vs.                         :        **SUMMARY JUDGMENT**
24                                  :
25  L. RICHARD SHEARER, et al.,     :        Date:   June 2, 2016
26                                  :        Time:  2:00 p.m.
27          DEFENDANTS              :        Court: 2, Fifteenth Floor
28                                  :        Judge:  Hon. Troy L. Nunley
29
30

31

32

33

34

35

36

37

38                                  i

1

2

**TABLE OF CONTENTS**

**Table of Authorities**                                                                                      **ii**

**Introduction**                                                                                              **1**

**Question Presented**                                                                                        **2**

**Introduction**                                                                                              **2**

**Law and Argument**                                                                                          **4**

     a.  **Summary Judgment Standard**                                               **4**

     b.  **This Court lacks subject matter jurisdiction to award the relief sought**

       **by Plaintiff**                                                      **5**

**Conclusion**                                                                                                **8**

**Certificate of Service**                                                                                    **9**

**ii**

1

2 **TABLE OF AUTHORITIES**

3 <u>**Case Law**</u>

4 *Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242 (1986)**                    **5**

5 *Billings v. Commissioner of Internal Revenue,* **127 T.C. 7 (2006)**          **7**

6 *Celotex Corp. v. Catrett,* **477 U.S. 317 (1986)**                           **5**

7 *Commissioner v. Ewing,* **439 F.3d 1009 (9th Cir. 2006)**                   **8**

8 *Robinson v. U.S.,* **920 F.2d 1156 (3rd Cir. 1990)**                        **6**

9 *Yokeno v. Sawak Sekiguchi,* **754 F.2d 649 (9th Cir. 2014)**               **5**

10

11 <u>**Statutes**</u>

12 **18 U.S.C. 371**                                                             **3**

13 **26 U.S.C. 6211**                                                           **5**

14 **26 U.S.C. 6212**                                                           **5,6,8**

15 **26 U.S.C. 6213**                                                           **5,6,8**

16 **26 U.S.C. 6404**                                                           **6**

17 **26 U.S.C. 7206(1)**                                                         **3**

18 <u>**Rules and Regulations**</u>

19 **Fed. R. Civ. P. 12(h)**                                                     **5**

20 **Fed. R. Civ. P. 56**                                                        **4**

21 **Tax Ct. R. 280**                                                            **6**

22 **Proced. And Admin. Regs., sec. 301.621 1-1(a)**                            **7**

23                                      1

1

2

3

4

5                                  **Question Presented**

6            Whether this Court lacks subject matter jurisdiction to award the relief sought by Plaintiff

7

8                                      **Introduction**

9            This is a civil action brought by the United States of America (a) to reduce to judgment

10    federal tax assessments against L. Richard Shearer and Diane Shearer, husband and wife ("the

11    Shearers"); (b) to determine that Hotlum Trust, Berryvale Trust, and Regency Trust are the

12    nominees, *alter egos*, or fraudulent transferees of the Shearers; and (c) to foreclose federal tax

13    liens against certain real property in Siskiyou County, California.  ECF 1, *Amended Complaint*,

14    para. 1.  The Shearers answered the amended complaint, incorporating several affirmative

15    defenses, including but not limited to asserting the action was filed beyond the statute of

16    limitations.[1]  ECF, 61, *Amended Answer to Amended Complaint*.

17            In this motion, the Shearers seek a judgment that this Honorable Court lacks subject

18    matter jurisdiction to grant the relief sought by the government.  The Shearers rely on their

19    "Denied and Admitted Undisputed Facts" and the Declarations of Nancy Yang (with exhibits),

20    L. Richard Shearer and Diane Shearer, which have been previously filed in this matter.  ECF 53,

_____

[1]        The statute of limitations defense was argued by the government in its *Second Motion for
Summary Judgment*, and shall be addressed by Defendants in their brief in opposition to that
motion, due to be filed on May 19, 2016.

1  37-3, 39, 40, 54, and 55.  The Shearers also rely on an "Examining Officer's Activity Record"

2  which is appended hereto as Exhibit 1 and incorporated herein as if fully set out.

3       This suit concerns alleged tax liabilities of the Shearers for the taxable years 1995-1999.

4  In 2001, Mr. Shearer pleaded guilty to one count of conspiracy to defraud the United States in

5  violation of 18 U.S.C. § 371 and one count of making and subscribing to false tax returns in

6  violation of 26 U.S.C. § 7206(1).  ECF 54, *Declaration of L. Richard Shearer*, ¶ 21.  On October

7  15, 2003, while Mr. Shearer was still in prison, the government issued a *Notice of Deficiency* for

8  the relevant tax years.  *Examining Officer's Activity Record*,  p.  IRS04808 (*see* attached

9  *Affidavit of Matthew Gilmartin*, Exhibit 1).  In that *Notice*, the government stated that "[w]e have

10  determined that you owe additional tax or other amounts, or both, for the tax year(s) identified

11  above.  This letter is your NOTICE OF DEFICIENCY, as required by law."  Upon Mr. Shearer's

12  release, he instructed his accountant, Wayne Paul, to prepare amended tax returns to fulfill his

13  obligation under his plea agreement to cooperate with the government and IRS in determining

14  his accurate tax liability for the relevant tax years.  ECF 54, *Declaration of L. Richard Shearer*,

15  ¶¶ 25-27.  On November 15, 2006, the Shearers filed their amended returns seeking an audit

16  reconsideration to abate the excessive amounts of tax, penalties and interest.  In accordance with

17  their accountant's instructions, the Shearers paid the following amounts of tax, broke down by

18  taxable year:

19           1995   -    $  22,273.00
20           1996   -    $  14,274.00
21           1997   -    $  28,329.00
22           1998   -    $ 30,890.00
23           1999   -    $     550.00 (refund)
24           2000   -    $  17,219.00
25           2001   -    $ 13,475.00
26
27       TOTAL          $127,010.00
28                            3

1   *Affidavit of Matthew Gilmartin*, Exhibit 1, Examining Officer's Activity Record, p. IRS04894;

2   ECF, 54, Declaration of L. Richard Shearer, para. 32; ECF, 55, Declaration of Diane Shearer,

3   para. 25.

4        It was not until February 27, 2008 that the Shearers received any communication from

5   the IRS. *Affidavit of Matthew Gilmartin*, Exhibit 1, *Examining Officer's Activity Record*, p.

6   IRS04830. In that letter, Agent Nancy Yang reduced the amount of taxes owed, but refused to

7   abate the penalties and interest: "This amount does not include penalties we've charged to your

8   account, nor any interest that has accrued." *Id.* This is true, despite the fact that her instructions

9   were to abate "*the excessive amount of tax and fraud penalties for each year." Affidavit* of

10  Matthew Gilmartin, Exhibit 1, *Examining Officer's Activity Record*, p. IRS 04894. Yang states in

11  the letter that the Shearers could either officially request an appeals conference, or pay the tax

12  and file a claim with the IRS.

13        In 2012, the government filed this action for the collection of tax liabilities for the

14  relevant years. ECF 1, *Complaint*.

15                       **Law and Argument**

16     **A. Summary Judgment Standard**

17        Summary judgment is appropriate "if the pleadings, depositions, answers to interrog-

18  atories, and admissions on file, together with the affidavits, if any, show that there is no genuine

19  issue as to any material fact and that the moving party is entitled to a judgment as a matter of

20  law." *Fed.R.Civ.P.* 56. A party seeking summary judgment bears the initial burden of

21  explaining the basis for its motion, and identifying the evidence that demonstrate the absence of

22  genuine issues of material fact for trial.

23                                  4

1   *Celotex Corp. v. Catrett*, 477 U.S. 317, 232 (1986).  Once the movant's burden is met by

2   producing *Rule* 56 evidence which would entitle him to judgment as a matter of law, the burden

3   then shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine

4   issue of material fact for trial.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-250 (1986).

5   **B.  This Court lacks subject matter jurisdiction to award the relief sought by**

6   **Plaintiff**

7   This Court has an independent duty to inquire into its own jurisdiction.  Lack of

8   jurisdiction may be raised by any party at any stage of the proceedings.  The issue of jurisdiction

9   should be determined prior to any other matter.  *Yokeno v. Sawak Sekiguchi*, 754 F.3d 649, 652

10   (9th Cir. 2014) (issue of subject matter jurisdiction must be determined first and can be raised for

11   the first time on appeal); *See also Fed.R.Civ.P.* 12(h).

12   Here, the government admits that it accepted the Shearers' amended joint tax returns for

13   tax years 1995 through 1999 "as filed."  ECF 37-2.  *Government's Undisputed Fact No.* 11.

14   Once the government accepted the Shearers' amended joint tax returns as filed, the amended

15   returns superseded the original returns.  If the IRS decided to increase the tax liability that had

16   been declared by the Shearers on their amended joint tax returns or to make additions to tax and

17   impose fraud penalties, the government was required to prepare a new notice of deficiency and

18   mail it to the Shearers pursuant to 25 U.S.C. §§ 6212 and 6213.  A deficiency is defined as

19   follows:

20   26 U.S.C. § 6211.

21   (a). **In general**.  For purposes of this title in the case of income, estate, and gift taxes

22   imposed by subtitles A and B…the term 'deficiency' means the amount by which the tax

23   5

1    imposed by subtitle A or B…exceeds the excess of:

2         (1) The sum of

3              (A) The amount shown as the tax by the taxpayer upon his return.  If a return

4                  was made by the taxpayer and an amount was shown as the taxpayer

5                  thereon, plus

6              (B) The amounts previously assessed (or collected without assessment) as a

7                  deficiency, over –

8         (2) The amount of rebates, as defined in subsection (b)(2), made.

9

10        Nothing could be clearer.  Section 6211 specifically provides that a deficiency (triggering

11   the government's duty to send a notice to the taxpayer under 26 U.S.C. § 6212) includes amounts

12   over and above those shown on a taxpayer's return, and any previously assessed deficiencies.

13   That is exactly situation in this case.  In 2004, the Shearers were assessed deficiencies.  In 2006,

14   they filed amended returns that were accepted by the government.  In 2008, the government

15   informed the Shearers that additional amounts were owed, having failed to abate the penalties

16   and the ongoing interest in this case.  No notice of deficiency was sent to the taxpayers.   Nancy

17   Yang's letter did not advise the Shearers that they could file a petition in the Tax Court, either

18   for determination of their tax liability or to object to the Commissioner's failure to abate interest

19   pursuant to *Tax Ct.R.* 280 and 26 U.S.C. § 6404.   Because the IRS failed to do so, this Court

20   lacks jurisdiction over the additional tax and additions to tax that the government seeks to collect

21   in this case for the tax years at issue.  As the Third Circuit explained in *Robinson v. U.S.*, 920

22    F.2d 1157, 1158 (3rd Cir, 1990)

23                                        6

1  "The notice is a 'pivotal feature of the Code's assessment
2  procedures," [cit. omitted] because it serves as a prerequisite to a
3  valid assessment by the IRS.  The Internal Revenue Code is clear
4  that 'no assessment of a deficiency… and no levy or proceeding in
5  court for its collection shall be made, begun, or prosecuted until
6  such notice [of deficiency] has been mailed to the taxpayer, nor
7  until the expiration of such 90-day… period."   26 U.S.C. §
8  6213(a).  By providing an opportunity to litigate the merits of the
9  deficiency in the Tax Court without requiring payment of the full
10  amount allegedly owed, the statute provides substantial benefits to
11  taxpayers."
12
13  Here, the government and IRS are not pursuing a mere computational error.  In her February 27,

14  2008 letter, Nancy Yang admitted that she had slightly increased the taxes declared by the

15  Shearers on the amended joint tax returns for the various taxable years.  When the IRS accepted

16  the Shearers' amended joint tax returns as filed, any deficiency – including additions to tax – had

17  to be based on the amended joint tax returns, and not the original returns filed by the taxpayers.

18  The IRS was bound to comply with the deficiency procedures if it sought to impose and collect

19  additional tax and additional to tax on those amended joint tax returns:

20  Understanding why the Billings owed tax but had no "deficiency"
21  after they filed their amended return requires a bit of explanation:
22  Section 6211(a) defines a "deficiency" as the "amount by which
23  the tax imposed… exceeds… the amount shown as the tax by the
24  taxpayer upon his return."  The Code itself doesn't tell us what
25  effect the filing of amended return has, but the related regulation
26  does.  It states that "[a]ny amount shown as additional tax on an
27  'amended return'… filed after the due date of the return, shall be
28  treated as an amount shown by the taxpayer 'upon his return' for
29  purposes of computing the amount of the deficiency."   Sec.
30  301.621 1-1(a), *Proced. & Admin. Regs*.  Because the Billings'
31  amended 1999 return was filed well after April 15, 2000, and the
32  Commissioner accepted that return, the increase in tax that it
33  showed has to be treated as an amount shown on their return."
34
35  *Billings v. Commissioner of Internal Revenue*, 127 T.C. 7, 11 (2006).  The entire Tax Court

36  explained the effect of filing amended tax returns, and concluded if an amended return is

37                                                   7

1   accepted as filed, the IRS must assess any deficiencies for additional tax or additions to tax in

2   conformity with the deficiency procedures required by 26 U.S.C. §§ 6212 and 6213.  These

3   sections, and the Tax Court Rules, clearly state that for such "deficiencies," the Tax Court – and

4   not this Court – has jurisdiction over the subject matter.

5          Here, as in *Billings*, this Court is faced with a stand-alone complaint seeking a

6   determination of the validity of tax assessments and additions to those assessments, without a

7   proper notice of deficiency having been issued.  This Court lacks jurisdiction over the govern-

8   ment's claims for additional tax over and above that declared on the Shearers' amended joint tax

9   returns for the tax years 1995 through 1999 and the additions to tax –fraud penalties and

10  interest—which the government seeks to impose and collect for those tax years.  The majority of

11  the Tax Court in *Billings* specifically relied on the Ninth Circuit's decision in *Commissioner v.*

12  *Ewing*, 439 F.3d 1009 (9th Cir. 2006), which held that a federal court has no jurisdiction where

13  proper deficiency procedures under 26 U.S.C. §§ 6212 and 6213 have not been followed.

14                                        **Conclusion**

15         For the reasons stated herein, this Honorable Court lacks jurisdiction to grant the relief

16  sought by the Plaintiff in this matter.  Accordingly, Defendants respectfully request that this case

17  be dismissed for lack of subject matter jurisdiction.

18                                        Respectfully submitted,

19  Date:   May 5, 2016                   */s/ Matthew Gilmartin*
20                                        Matthew Gilmartin (0024683)
21                                        P.O. Box 939
22                                        North Olmsted, OH  44070
23                                        (440) 479-8630
24                                        (440) 398-0179 Fax
25                                        Matt7g@att.net
26                                        Attorney for Defendants L. Richard Shearer
27                                               & Diane Shearer
28                                        8

1  **CERTIFICATE OF SERVICE**

2

3      I certify that a true and correct copy of the foregoing document was sent to the following

4  parties by ECF transmission or via U.S. Mail on the 5th day of May, 2016:

5

6  G. Patrick Jennings

7  US DOJ, Tax Division

8  P.O. Box 683

9  Ben Franklin Station

10  Washington, DC  20044

11  202.307.6648 Tel

12  Guy.P.Jennings@usdoj.gove

13

14  Evelyn Louise Shearer, Trustee

15  11075 Benton Street, Apt. 128

16  Loma Linda, CA  92354

17

18  Vernon L. Swenson

19  Leora Swenson

20  1045 N. Old Stage Road

21  Mt. Shasta, CA  96067

22

23  Joe Alfred Isen, Jr.

24  5222 Spruce Street

25  Bellaire, TX  77401

26  (713) 668-8815 Tel.

27  (713) 668-9402 Fax

28  jizen@comcast.net

29

30  Jihad Smaili

31  SMAILI & ASSOCIATES, PC

32  600 West Santa Ana Blvd., Suite 202

33  Santa Ana, CA  92701

34  (714) 547-4700 Tel.

35  (714) 547-4710 Fax

36

37  Shaun Cunningham

38  24551 Del Prado, #683

39  Dana Point, CA  92629

40  (949) 391-3725 Tel.

41  (949) 305-5503 Fax

42  mrshauncunningham@gmail.com

43                                  */s/ Matthew Gilmartin*_____

44                                  MATTHEW GILMARTIN

45

46                              9