CAROLINE D. CIRAOLO
Acting Assistant Attorney General

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6648
Email: guy.p.jennings@usdoj.gov

PHILLIP A. TALBERT
Acting United States Attorney
Eastern District of California
*Of Counsel*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>            Plaintiff,<br><br>    v.<br><br>L. RICHARD SHEARER;<br>DIANE SHEARER;<br>STANLEY SWENSON as Trustee of<br>the HOTLUM TRUST, BERRYVALE<br>TRUST, and REGENCY TRUST; et al.;<br><br>            Defendants. | Civil No.  2:12-CV-02334 TLN AC<br><br>**UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   June 2, 2016<br>Time:   2:00 p.m.<br>Court:  2, Fifteenth Floor<br>Judge:  Hon. Troy L. Nunley |

Primary defendants and taxpayers L. Richard Shearer, MD, and Diane Shearer, husband and wife, ("Shearers") filed a motion for summary judgment (ECF 66-1, 66-2) contending that this Court lacks subject matter jurisdiction.  The Shearers argue that amended returns and small computational corrections created a deficiency and the United States owes the Shearers a notice of deficiency, that the Tax Court has exclusive

1

jurisdiction, and that this Court lacks jurisdiction over this suit to reduce assessments to judgment. The Shearers are not correct and have cited no authority which supports their argument.

**Fact Summary**

The facts set forth in the United States' Statement of Undisputed Facts (ECF 37-2) are incorporated by this reference and a brief summary follows. L. Richard Shearer ("Dr. Shearer") during the tax years at issue (1995-2001) practiced as a medical doctor in Siskiyou County, California. In an attempt to reduce his federal income tax, he employed a trust scheme promoted by Lonnie Crockett. The scheme was intended to interfere with the ability of the Internal Revenue Service (the "IRS") to determine and to collect the Shearers' tax.

For taxable years 1995 through 1999, the Shearers failed to report income on their original tax returns due to the trust scheme. The original returns were examined by the Internal Revenue Service which proposed substantial tax deficiencies and fraud penalties (26 U.S.C. § 6663). The Shearers received a statutory notice of deficiency dated October 15, 2003 (ECF 66-2, p. 16) but did not challenge the proposed assessments in the United States Tax Court. The substantial deficiencies and fraud penalties were duly assessed on March 8, 2004 (the "original assessments").

In 2008, the Shearers provided amended tax returns for 1995-1999 which disregarded the trusts for tax purposes. The amended returns contained several computational errors, discussed below. Revenue Agent Nancy Yang essentially accepted the amended tax returns as filed with respect to the income and expenses reported, made computational adjustments, and substantially reduced the original assessments of tax and fraud penalties. Revenue Agent Yang did not issue a second

13914988.1

notice of deficiency with respect to the reductions in tax and penalty relating to the amended returns.

## Questions Presented

1. Whether reductions in tax and fraud penalties resulting from amended returns are "tax deficiencies" triggering the deficiency procedures in the Internal Revenue Code.

2. Whether the following items are mathematical or clerical errors which may be summarily corrected to reduce the adjustments to the original assessments: (a) the failure to consider the $3000 limit on long-term-capital-loss carryforward, (b) the incorrect calculation of the one-half of self-employment tax deduction, and the (c) errors on itemized deduction calculation due to the failure to consider the Adjusted Gross Income limitation on charitable deductions.

## Argument

**1. The reductions in tax and penalty resulting from the Shearers' amended returns were not "tax deficiencies" triggering the deficiency procedures in the Internal Revenue Code.**

A tax 'deficiency' is significant because the Service cannot summarily assess and collect it. A statutory notice of deficiency is issued to the taxpayer, triggering jurisdiction in the United States Tax Court if the taxpayer chooses to file a petition. 26 U.S.C. § 6213(a). In Tax Court, the taxpayer has the opportunity to litigate a disputed tax before payment, in contrast to the United States District Court, where refund suit jurisdictional limits require payment in full before suit. *Flora v. United States*, 362 U.S. 145, 146 (1960).

13914988.1

"In essence, a deficiency as defined in the Code is the amount of tax imposed less any amount that may have been reported by the taxpayer on his return. 26 U.S.C. § 6211(a). Where there has been no tax return filed, the deficiency is the amount of tax due." *Laing v. United States*, 423 U.S. 161, 173-74 (1976). In other words, in the general case, if the correct tax exceeds what is reported on the tax return, the difference is a deficiency. IRS Practice and Procedure, M. Saltzman, ¶ 10.03(1) (1981). § 6211 includes another factor when (as here) a prior assessment has been made. The amount of the previous assessment is also subtracted from the correct tax, along with the tax reported, to see if a deficiency remains. *Miller v. Commissioner*, 23 T.C. 565, 568 (1954), *aff'd*, 231 F.2d 8 (5th Cir. 1956) (summarizing formula). The formula is:

deficiency = correct tax - (tax shown on return + **amounts previously assessed** or collected without assessment - rebates)

"Where there have been several deficiencies, this definition quite logically requires that, in computing the amount of any new deficiency, credit should be given for deficiencies previously assessed or collected." *Levinson v. United States*, 496 F.2d 651, 653 (3d Cir. 1974). With a very large previous assessment, in order to generate a deficiency, an amended return (if accepted) would have to show a correct tax even larger than the previous assessments. The amended returns in this case created no deficiency under 26 U.S.C. § 6211 because they reduced the large original assessments when they were accepted by the Service. The Shearers' argument concerning a deficiency created by the amended returns has no factual or legal basis.

It is important to distinguish between the calculation of a "deficiency" and the calculation of the fraud penalty, which is calculated on an "underpayment". 26 U.S.C. § 6663, 6664. *Papa v. Commissioner*, 464 F.2d 150 (2nd Cir. 1972); *Levinson v. United*

*States*, 496 F.2d 651, 655 (3d Cir. 1974).  Previous assessments or payments before or after the penalty is assessed do not affect the calculation of the fraud penalty.  *Id.*  A taxpayer who submits a fraudulent return does not purge the fraud by subsequent voluntary disclosure; the fraud was committed, and the offense completed, when the original return was prepared and filed. *Badaracco v. Commissioner*, 464 U.S. 386, 393 (1984).

The Shearers argue that "the amended returns superseded the original returns" and so the fraud penalty should be eliminated.  This is exactly the strategy disapproved by the Supreme Court, in which a taxpayer takes his chance on fraudulent under-reporting and then seeks to forego the penalty after he admits the additional tax on an amended return. *Badaracco v. Commissioner*, 464 U.S. 386, 394; *George M. Still, Inc. v. Commissioner*, 19 T.C. 1072, 1077 (1953), *aff'd*, 218 F.2d 639 (2d Cir. 1955).  Even if amended returns and subsequent payments entirely erase the underpayment of tax, the fraud penalty is still applied, because the act of filing under-reporting original returns is "frozen in time." *Elmbrook Home, Inc. v. United States*, 559 F. Supp. 787, 790 (D.R.I.1983).  The Shearers cannot erase the fraud penalties with amended returns.

The Shearers' motion states "if the IRS decided to increase the tax liability declared by the Shearers on the amended joint tax returns . . ." then a deficiency would ensue.  But the adjustments resulting from the amended returns only reduced the original tax and penalty assessments.  There was not an increase but rather a decrease in tax liability as a result of the amended returns.  The Shearers seek to have the amended return adjustments invalidated because the IRS failed to use the deficiency proceedings, although the tax liabilities had previously been the subject of deficiency proceedings, i.e. a statutory notice and the opportunity to petition Tax Court.

13914988.1

The case prominently cited by the Shearers has little resemblance to this case. *Billings v. Commissioner*, 127 T.C. No. 2 (2006); *superseded by statute*, *Kosola v. Commissioner*, T.C. Memo. 2010-34, 99 T.C.M. (CCH) 1141 (T.C. 2010).[1] In that case, spouses filed a joint return under-reporting income.  Unlike the instant case, no examination or deficiency proceeding ensued.  The *Billings* spouses later filed an amended corrected return raising for the first time the issue of substantial additional tax from income which had been fraudulently concealed.  The Tax Court held that, where the Service had accepted the amended return, (and the deficiency had not been previously determined) the newly-reported income would be taken into account in calculating the correct tax so that no 'deficiency' would result.  The issue was whether the innocent spouse could make his argument in Tax Court, where a deficiency is required to obtain jurisdiction.

The Shearers contend that this case stands for the proposition that an amended return reporting more income results in a deficiency, but the holding in *Billings* is that "no deficiency was ever asserted against him and his wife." *Billings v. Commissioner*, 127 T.C. No. 2 (2006).  It is simply not the case that the Tax Court ruled that such amended returns must be addressed through the deficiency procedures (i.e. a statutory notice and a chance to file a Tax Court petition).  Indeed, Mr. Billings was denied Tax Court jurisdiction because the Court held that the 'innocent spouse' code section did not give it jurisdiction over **nondeficiency** stand-alone petitions.  The *Billings* case does not support the argument of the Shearers.

This Court does have jurisdiction over this case because the IRS correctly adjusted the tax assessments determined after the original deficiency proceeding, as argued in

---

[1] The statutory change broadened Tax Court jurisdiction over innocent spouse disputes.

6

detail in the United States' pending motion for summary judgment. The additional argument concerning the correction of errors on the amended returns, is also unpersuasive, as argued in the next section.

(cont.)

> 2. **Whether the following items are mathematical or clerical errors which may be summarily corrected to reduce the adjustments to the original assessments: (a) the failure to consider the $3000 limit on long-term-capital-loss carryforward, (b) the incorrect calculation of the one-half of self-employment tax deduction, and the (c) errors on itemized deduction calculation due to the failure to consider the Adjusted Gross Income limitation on charitable deductions.**

The summary corrections of the errors on the amended returns did not give rise to new assessments, but only reduced the previous assessments. Even if assessments were involved, assessments arising out of mathematical or clerical errors are not subject to the deficiency procedures. 26 U.S.C. § 6213(b). The small mistakes corrected on the amended returns by Revenue Agent Yang did not give rise to a new deficiency, but merely increased slightly the reduction in the original deficiency assessments, to the benefit of the taxpayers.

Submitted with this pleading is a new declaration by Revenue Agent Yang discussing the tax changes from her corrections. She increased tax by $2,023 for 1995, had no change for 1996, reduced tax by $2,214 for 1997, reduced tax by $686 for 1998, and had no change for 1999 (all compared to the amended return entries). The error corrections probably had a net benefit for the Shearers and certainly the effect of the corrections was neglible.

13914988.1

When tax returns are filed, they are "checked for form, execution, and mathematical accuracy." Treas. Reg. § 601.105(a). If a return contains a mathematical or clerical error that results in more tax due than is shown on the return, the IRS corrects the error and sends a correction notice to the taxpayer. Treas. Reg. § 601.105. The IRS is authorized to immediately assess the new amount of tax with the error corrected, provided it: (1) notifies the taxpayer of the error; (2) explains the error; and (3) tells the taxpayer that a new assessment of the tax has been made based on the correct amount of tax.[2] 26 U.S.C. § 6213(b)(1). *Polsky v. Werfel*, 87 F.Supp.3d 748, 754 (E.D. Pa. 2015). Section 6213(b) explicitly excepts corrections of mathematical and clerical errors from the deficiency procedures. § 6213(g) has a list of errors within the rule, including math errors, inconsistently reported items, and items that exceed statutory limits.

The "mathematical or clerical error" exception is limited to situations in which (i) a taxpayer's return contains errors in mathematical calculation, or (ii) a taxpayer fails to attach a schedule. In both situations, there is no argument about the merits of the taxpayer's claimed deductions. Rather, the taxpayer simply made an error totaling the numbers on the return, or, if he failed to file a required schedule, offered no reason for the deduction taken. *Snyder v. I.R.S.,* 337 B.R. 542, 547 (D. Md. 2005). Some other items are deemed clerical errors, for example, overstated payment credits may be summarily reversed. 26 U.S.C. § 6201(a)(3).

In the instant case the Revenue Agent properly notified the Shearers (ECF 39-1, Yang Ex. B, p. 2) that she was correcting three items on the amended returns before accepting them (although no new assessments resulted). The Shearers do not allege that they sought to contest the corrections. The corrections were (a) the failure to

---

[2] Note this reference to "new assessment" assumes no previously-assessed amount exists.

8

consider the $3000 limit on long-term-capital-loss carry-forward, (b) the incorrect calculation of the one-half of self-employment tax deduction, and the (c) errors on itemized deduction calculation due to the failure to consider the adjusted gross income limitation on charitable deductions.  These are the types of items which may be summarily corrected by the Service without deficiency proceedings.  26 U.S.C. § 6213(g).

The first item corrected was the failure to address the statutory limit on capital loss which may be deducted against ordinary income (26 U.S.C. § 1211(b) - $3,000 per annum).  This is a typical statutory limit under § 6213(g)(2)(E) and so subject to summary correction.  The second item corrected was the incorrect calculation of the one-half deduction for self-employment tax paid.  One-half of the amount of self-employment-tax liability for the year is deducted in calculating taxable income for purposes of the income tax.  26 U.S.C. § 164(f)(1). This was a math error of the type contemplated by 26 U.S.C. § 6213(b)(1) and (g). The third item corrected was due to the failure to consider the Adjusted Gross Income limitation on charitable deductions.  26 U.S.C. § 170 generally limits charitable gift deductions to 50% of the taxpayer's adjusted gross income.  This is also a statutory limit correction under § 6213(g)(2)(E).  Each of these items would be a "mathematical or clerical error" which is within the exception in § 6213(b) and (g) from the deficiency procedures**, if** an assessment was involved.  Here the effect of the corrections was to slightly increase the abatements of the original assessments.

The Shearers also mention that the original statutory notice of deficiency was mailed while Dr. Shearer was in prison.  There is no reference to evidence which shows this.

13914988.1

They do not argue that the notice was not properly mailed and there is no allegation that the jointly-liable taxpayer Mrs. Shearer did not receive the notice at her address.

## Conclusion

The amended returns were accepted and reduced, but not to zero, the original assessments, including the fraud penalty assessments.  Minor corrections were made to the returns, some of which benefitted the Shearers.  These changes do not give rise to a deficiency and do not force this case into Tax Court.  This Court has jurisdiction to rule, and is respectfully requested to rule in favor of the United States on its pending motion.

WHEREFORE, the United States respectfully requests that the Court enter an order denying the defendants' motion for summary judgment.

                              CAROLINE D. CIRAOLO
                              Acting Assistant Attorney General

Date: May 18, 2016          /s/ G. Patrick Jennings
                              G. PATRICK JENNINGS
                              Trial Attorney, Tax Division
                              U.S. Department of Justice

13914988.1