CAROLINE D. CIRAOLO
Acting Assistant Attorney General

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6648
Email: guy.p.jennings@usdoj.gov

PHILLIP A. TALBERT
Acting United States Attorney
Eastern District of California
*Of Counsel*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>L. RICHARD SHEARER;<br>DIANE SHEARER;<br>STANLEY SWENSON as Trustee of the HOTLUM TRUST, BERRYVALE TRUST, and REGENCY TRUST; et al.;<br><br>　　　　Defendants. | Civil No. 2:12-CV-02334 TLN AC<br><br>**DECLARATION OF REVENUE AGENT NANCY YANG IN SUPPORT OF UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　June 2, 2016<br>Time:　2:00 p.m.<br>Court:　2, Fifteenth Floor<br>Judge:　Hon. Troy L. Nunley |

I, Nancy Yang, declare and state:

1. I am a Revenue Agent for the Internal Revenue Service. I was assigned to examine amended tax returns provided by L. Richard Shearer and Diane Shearer (the "Shearers") for the tax years ending December 31, 1995 through 1999.

13922010.1

2. In my capacity as a Revenue Agent, I am familiar with IRS records, the IRS Integrated Data Retrieval System ("IDRS"), and transcripts of account. I am also familiar with IRS procedures and processes. In my capacity as a Revenue Agent, my duties include tax determination and referring instructions to abate tax in appropriate circumstances.

3. In the course of my duties, I have access to the IRS' files concerning the Shearers' unpaid federal tax liabilities for tax years 1995 through and including 1999 (the "years at issue").

4. I make this declaration from my personal knowledge and from review of IRS computer records.

5. The Shearers filed original, joint individual income tax returns for the 1995–1999 taxable years. Before I was assigned to the case, the original returns were examined by a different Revenue Agent and additional tax and fraud penalties were assessed for 1995-1999.

6. Trial Attorney Jennings of the Department of Justice asked me to determine the tax effect of the minor corrections I made to the amended returns. I reviewed my work papers and this is what I found on the effect of the corrections:

    a. For 1995 there was an increase in tax of $2,023.

    b. For 1996 there was no change for corrections.

    c. For 1997 there was a reduction in tax of $2,214.

    d. For 1998 there was a reduction in tax $686.

    e. For 1999 there was no change for corrections.

7. The amounts in paragraph 6, above, refer to increases or decreases from the tax reported on the amended returns.

13922010.1

8. The net effect of the corrections that I made may have benefitted the Shearers slightly, but I have not calculated the effect of interest accruing.

9. Mr. Jennings told me that the taxpayers are arguing that the amended returns created a "deficiency" as defined by 26 U.S.C. § 6211.  I do not believe this is true.  I accepted the amended returns, largely as filed, and the effect was to reduce the previously-assessed tax liabilities and fraud penalties.  Substantial outstanding balances remain unpaid, as I explained in my prior declaration.  The liabilities previously assessed have been reduced.  The amended returns created no new deficiencies.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  May 18, 2016

                             _/s/ Nancy X. Yang_
                             NANCY X. YANG
                             Revenue Agent

13922010.1