1  MATTHEW GILMARTIN
2  Matthew Gilmartin, Attorney at Law, LLC
3  P.O. Box 939
4  North Olmsted, OH 44070
5  Tel:  (440) 479-8630
6  Fax: (440) 398-0179
7  Email: matt7g@att.net
8
9
10  *Counsel for Defendants L. Richard Shearer*
11      *and Diane Shearer*
12
13
14              **IN THE UNITED STATES DISTRICT COURT**
15
16          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
17
18  UNITED STATES OF AMERICA        :        CASE NO. 2:12-CV-02334
19                                  :
20      PLAINTIFF                   :        **DEFENDANTS L. RICHARD AND**
21                                  :        **DIANE SHEARER'S BRIEF IN**
22                                  :        **OPPOSITION TO MOTION FOR**
23      vs.                         :        **SUMMARY JUDGMENT**
24                                  :
25  L. RICHARD SHEARER, et al.,     :        Date:   June 2, 2016
26                                  :        Time:  2:00 p.m.
27      DEFENDANTS                  :        Court: 2, Fifteenth Floor
28                                  :        Judge:  Hon. Troy L. Nunley
29
30
31
32
33
34
35
36
37
38                              i

1

2

3                          **TABLE OF CONTENTS**

4  **Table of Authorities**                                                                    **ii**

5  **Question Presented**                                                                      **3**

6  **Introduction**                                                                            **3**

7  **Facts**                                                                                   **5**

8  **Law and Argument**                                                                        **7**

9          **A. Summary Judgment Standard**                                                    **7**

10         **B. This Court Should Deny Plaintiff's Request for Summary Judgment**              **7**

11                 **1.      The Shearers Owe What is Reflected in the Amended Return**        **7**
12                 **2.      The Fraud Penalties Were Improperly Assessed**                    **7**
13                         **a.      The Government's reliance on the *Plea***
14                                   ***Agreement* was improper**                              **7**
15                         **b.      Dr. Shearer is not estopped from challenging**
16                                   **fraudulent intent**                                     **13**
17                 **3.      The Government's Claims are Barred by the Statute**               **16**
18                         **of Limitations**

19 **Conclusion**                                                                              **17**

20 **Certificate of Service**                                                                  **17**

21

22

23

24

25

26                                      ii

1

2                                 **TABLE OF AUTHORITIES**

3 **<u>Case Law</u>**

4 *Akland v. Commissioner of Internal Revenue*, **767 F.2d 618 (9th Cir. 1985)**     **4**

5 *Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242 (1986)**     **7**

6 *Celotex Corp. v. Catrett*, **477 U.S. 317 (1986)**     **7**

7 *Considine v. United States*, **683 F.2d 1285 (9th Cir. 1982)**     **13**

8 *Maciel v. Commissioner*, **489 F.3d 1018 (9th Cir. 2007)**     **15**

9 *Mobley v. Commissioner*, **65 T.C.M. (CCH) 1939 (T.C. 1993),**
10      *aff'd by unpublished opinion*, **33 F.3d 1382 (11th Cir. 1994)**     **13**

11 *Puckett v. United States*, **556 U.S. 129 (2009)**     **10**

12 *Oregonian Pub. Co. v. United States Dist. Court for Dist. of Oregon*,
13      **920 F.2d 1462, 1466 (9th Cir. 1990)**     **12**

14 *Santobello v. New York*, **404 U.S. 257 (1971)**     **11**

15 *Thomas v. Immigration and Naturalization Service,* **35 F.3d 1332 (9th Cir. 1994)**     **12**

16 *Thore v. Howell*, **466 F.3d 173 (1st Cir. 2006)**     **14-15**

17 *United States v. Anderson,* **970 F.2d 602 (1992),** *amended,*
18      **990 F.2d 1163 (9th Cir. 1993)**     **11**

19 *United States v. Cope*, **527 F.3d 944 (9th Cir. 2008)**     **11**

20 *United States v. De la Fuente*, **8 F.3d 1333 (9th Cir. 1993)**     **11**

21 *United States v. Franco-Lopez*, **312 F.3d 984 (9th Cir. 2002)**     **10**

22 *United States v. Harvey*, **791 F.2d 294, 302-03 (4th Cir.1986)**     **12**

23 *United States v. Heredia*, **768 F.3d 1220 (9th Cir. 2014)**     **10**

24

25                         1

1  *United States v. Lee*, 725 F.3d 1159 (9th Cir. 2013)                          **11**

2  *United States v. Speer*, 753 F.3d 964 (9th Cir. 2014)                          **11**

3  *United States v. Transfiguracion*, 442 F.3d 1222 (9th Cir. 2006)              **11**

4  *United States v. Williams,* Case No. 14-11131 (5th Cir. May 9, 2016)          **13**

5  *Wright v. Commissioner*, 84 T.C. 636 (1985)                                    **13, 16**

6

7

8  **<u>Statutes</u>**

9  **18 U.S.C. § 371**                                                             **5, 8**

10 **26 U.S.C. §§ 6501(c)(1) and (2)**                                             **16**

11 **26 U.S.C. § 7206(1)**                                                         **5, 8**

12

13

14

15 **<u>Rules and Regulations</u>**

16 **Fed. R. Civ. P. 56**                                                          **7, 15**

17 **Fed.R.Ev. 201(b)(2)**                                                         **8**

18 **Fed.R.Ev. 410(a)(2) and (3)**                                                 **12**

19

20

21

22

23

24

25                                         2

1

**Question Presented**

2      Whether this Court should grant summary judgment relief as sought by Plaintiff:

3              a.  Whether the Shearers owe the unpaid individual income tax liabilities reported
4                    on their amended tax returns.

5              b.  Whether the Shearers engaged in intentional wrongdoing with the specific
6                    intent to avoid a tax known to be owing.

7              c.  Whether the statute of limitations applicable to a suit to set aside a fraudulent
8                    transfer under the laws of the State of California or the Federal Debt
9                    Collection Procedures Act bars this action.

10

**Introduction**

11      This is a civil action brought by the United States of America (a) to reduce to judgment

12 federal tax assessments against L. Richard Shearer (a physician) and Diane Shearer, husband and

13 wife ("the Shearers"); (b) to determine that Hotlum Trust, Berryvale Trust, and Regency Trust

14 are the nominees, *alter egos*, or fraudulent transferees of the Shearers; and (c) to foreclose on

15 federal tax liens against certain real property in Siskiyou County, California.  ECF 1, *Amended*

16 *Complaint*, ¶ 1.  The Shearers answered the amended complaint, incorporating several

17 affirmative defenses, including but not limited to asserting the action was filed beyond the statute

18 of limitations.    ECF 61, *Amended Answer to Amended Complaint*.

19      The government has now filed a *Second Motion for Summary Judgment*.  ECF 65

20 (hereinafter "*Second Motion*") seeking an order that the tax and fraud penalty liabilities have

21 been properly assessed and that the current balance due is correct.  The government intends to

22 leave for trial issues relating to whether the trusts are nominees or *alter egos,* as well as

23 fraudulent transfer and foreclosure issues.  *Ante*, p. 1.

24      **The Shearers herewith adopt the arguments in the opposition to motion for**

25 **summary judgment filed on this date by defendants Stanley Swenson, Hotlum Trust,**

26                                  3

1  **Berryvale Trust and Regency Trust, and incorporate such arguments as if they were set**

2  **out fully herein.**

3          The Shearers do not dispute that they owe the taxes reported on their amended tax

4  returns.  However, they assert that there are genuine issues of material fact as to whether the

5  government has properly asserted the fraud penalties in this case, or that it has shown fraud by

6  clear and convincing evidence.  *See Akland v. Commissioner of Internal Revenue*, 767 F.2d 618,

7  621 (9th Cir. 1985) (finding of tax fraud must be shown by clear and convincing evidence).

8          As for a showing of fraud, as an initial matter, the government has pointed to no

9  statements, admissions or fraudulent conduct *vis-à-vis* Diane Shearer.  Nor has the government

10  explained how any statements made by Dr. Shearer, whether in the *Plea Agreement* or elsewhere

11  can be imputed to Diane Shearer to show her fraudulent intent.  Thus, as to her, the *Second*

12  *Motion* should be denied in its entirety.

13          Regarding Dr. Shearer, the government is prohibited from relying in any way on the *Plea*

14  *Agreement* in litigating the instant matter, because the *Agreement* specifically precludes use of

15  the document and its contents in a proceeding such as this one.  In the plea agreement, the parties

16  agreed that "nothing in this agreement affects the defendant's personal federal tax liability." *Plea*

17  *Agreement* at p. 2.  By relying almost exclusively upon the *Plea Agreement* in support of its

18  argument that the fraud penalties are warranted, the government has attempted to do exactly

19  what it promised would not be done, to affect Dr. Shearer's personal federal tax liability.

20  Therefore, it is breaching the agreement.  If the Defendants are correct in this assessment, then

21  the government's claim that these assessments could be made "at any time" must fail.

22

23                                          4

1                                    **Facts**

2          The Shearers rely on their *Denied and Admitted Undisputed Facts* (ECF 53), the

3    Declarations of Nancy Yang (with exhibits) (ECF 37-3, 39-40); the Declaration of L. Richard

4    Shearer (ECF 54); the Declaration of Diane Shearer (ECF 55); and the *Plea Agreement* (ECF 41-

5    2).   The Shearers also rely on an "Examining Officer's Activity Record" which is appended

6    hereto as Exhibit 1 and incorporated herein as if fully set out.

7          This suit concerns alleged tax liabilities of the Shearers for the taxable years 1995-1999.

8    In 2001, Dr. Shearer pleaded guilty to one count of conspiracy to defraud the United States in

9    violation of 18 U.S.C. § 371 and one count of making and subscribing to false tax returns in

10   violation of 26 U.S.C. § 7206(1). *Declaration of L. Richard Shearer*, ECF 54, ¶ 21. On October

11   15, 2003, while Mr. Shearer was still in prison, the government issued a *Notice of Deficiency* for

12   the relevant tax years.  *Examining Officer's Activity Record*,  p.  IRS04808; *Affidavit of Matthew*

13   *Gilmartin*, ECF 66-2.  In that *Notice*, the government stated that "[w]e have determined that you

14   owe additional tax or other amounts, or both, for the tax year(s) identified above.  This letter is

15   your NOTICE OF DEFICIENCY, as required by law."

16          Upon Mr. Shearer's release, he instructed his accountant, Wayne Paul, to prepare

17   amended tax returns to fulfill his obligation under his plea agreement to cooperate with the

18   government and IRS in determining his accurate tax liability for the relevant tax years.

19   *Declaration of L. Richard Shearer*, ECF 54, ¶¶ 25-27.  On November 15, 2006, the Shearers

20   filed their amended returns seeking an audit reconsideration to abate the excessive amounts of

21   tax, penalties and interest.  In accordance with their accountant's instructions, the Shearers paid

22   the following amounts of tax, broken down by taxable year:

23                                       5

| | | |
|---|---|---|
| 1995 | - | $ 22,273.00 |
| 1996 | - | $ 14,274.00 |
| 1997 | - | $ 28,329.00 |
| 1998 | - | $ 30,890.00 |
| 1999 | - | $      550.00 (refund) |
| 2000 | - | $ 17,219.00 |
| 2001 | - | $ 13,475.00 |
| | | |
| TOTAL | | $127,010.00 |

*Affidavit of Matthew Gilmartin*, Exhibit 1, Examining Officer's Activity Record, p. IRS04894; *Declaration of L. Richard Shearer*, ECF 54, ¶ 32; *Declaration of Diane Shearer*, ECF 55, ¶ 25.

It was not until February 27, 2008 that the Shearers received any communication from the IRS. *Affidavit of Matthew Gilmartin*, ECF 66-2; *Examining Officer's Activity Record*, p. IRS04830. In that letter, Agent Nancy Yang reduced the amount of taxes owed, but refused to abate the penalties and interest: "This amount does not include penalties we've charged to your account, nor any interest that has accrued." *Id*. This is true, despite the fact that her instructions were to abate "*the excessive amount of tax and fraud penalties for each year." Affidavit* of Matthew Gilmartin, ECF 66-2; *Examining Officer's Activity Record*, p. IRS 04894. Yang states in the letter that the Shearers could either officially request an appeals conference, or pay the tax and file a claim with the IRS.

In 2012, the government filed this action for the collection of tax liabilities for the relevant years. *Complaint*, ECF 1. The government has now sought summary judgment relief as noted above.

6

1                                **Law and Argument**

2      **A.  Summary Judgment Standard**

3         Summary judgment is appropriate "if the pleadings, depositions, answers to interrog-

4 atories, and admissions on file, together with the affidavits, if any, show that there is no genuine

5 issue as to any material fact and that the moving party is entitled to a judgment as a matter of

6 law." *Fed.R.Civ.P.* 56.  A party seeking summary judgment bears the initial burden of

7 explaining the basis for its motion, and identifying the evidence that demonstrate the absence of

8 genuine issues of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 232 (1986).

9 Once the movant's burden is met by producing *Rule* 56 evidence which would entitle him to

10 judgment as a matter of law, the burden then shifts to the nonmoving party to set forth specific

11 facts demonstrating that there is a genuine issue of material fact for trial. *Anderson v. Liberty*

12 *Lobby, Inc.,* 477 U.S. 242, 249-250 (1986).

13

14      **B.  This Court should deny the Plaintiff's request for summary judgment**

15          **1.  The Shearers Owe What is Reflected in the Amended Returns.**

16         The government asks for a ruling that the Shearers owe the tax shown in their amended

17 returns.  The amended returns show the tax as owing because it is owing.  The Shearers agree

18 that it is tax they are obligated to pay.

19          **2.  The Fraud Penalties Were Improperly Assessed**

20              **a.**       **The government's reliance on the *Plea Agreement* is improper**

21         The *Second Motion's* showing that Dr. Shearer committed fraud rises and falls on the

22 "undisputed facts" asserted by the government and the contents of a plea agreement entered into

23                             7

1  by Dr. Shearer in 2002.  *United States Statement of Undisputed Facts,* ECF 37-2, filed August

2  18, 2014; *Plea Agreement,* ECF 41-2, filed August 22, 2014. Judicial notice of the contents of

3  this Court's docket is requested pursuant to *F.R.Ev*. 201(b)(2).   For example, the *Second Motion*

4  argues that

5   •   The facts admitted by Dr. Shearer in his plea agreement and the facts adduced in
6       discovery show that Dr. Shearer willfully attempted to conceal the unreported income
7       from the IRS.  *Id.* at p. 3;

8   •   In his criminal case, Dr. Shearer plead [sic] guilty to conspiracy to defraud the United
9       States under 18 U.S.C. § 371, and filing false tax returns in violation of 26 U.S.C. §
10      7206(1).  Dr. Shearer may still argue that he lacked fraudulent intent; collateral estoppel
11      based on the plea agreement does bar this argument.  *Id.* at p. 8;

12  •   The detailed facts set forth in the plea agreement are sufficient to show by clear and
13      convincing evidence that Dr. Shearer had a fraudulent intent as a matter of law.  The
14      Court should judicially estop Dr. Shearer from withdrawing or contradicting the
15      admissions made in the criminal case. *Id.* at p. 10;

16  •   In the plea agreement, Dr. Shearer admitted that the trust transfers were intended to
17      defraud the United States by concealing income from the Internal Revenue Service.
18      (Facts ¶ 5.)  *Id.* at p. 12.

19  The government's *Undisputed Facts* themselves rely throughout on "facts" gleaned from Exhibit

20  A to the *Plea Agreement.  See Undisputed Facts* at *passim.*

21      The problem with the government's showing is simply this: by the very terms of the plea

22  agreement, it may not be used for any purpose in this proceeding.  To permit otherwise would be

23  to countenance a breach of that agreement, and a violation of Dr. Shearer's 5th Amendment

24  rights.

25      In 2000, Dr. Shearer was indicted in Case No. 2:00-cr-00345-FCD-4 in this Court,

26  alleged to have engaged in a conspiracy to defraud the United States and filing false tax returns.

27  He subsequently entered into the *Plea Agreement*, pursuant to which he agreed to plead guilty to

28                                          8

1   Count 1 of the *Superseding Indictment*, conspiracy to defraud the United States in violation of 18

2   U.S.C. § 371, and Count 15, filing a false tax return in violation of 26 U.S.C. § 7206(1).  A

3   document entitled "Factual Basis," setting out the factual basis for the plea, was part of the *Plea*

4   *Agreement,* attached as Exhibit A to the document. *Plea Agreement* at II.A, p. 4.  The *Agreement*

5   specifically defined the term "Government" as used through the document as the "United States

6   Attorney's Office for the Eastern District of California."  *Plea Agreement* at I.A, p. 1.

7          Of specific relevance to this tax matter, the *Plea Agreement* provided that "[t]he

8   defendant understands that nothing in this agreement affects the defendant's personal federal tax

9   liability, or restricts the United States or the Internal Revenue Service from initiating any

10  collection or civil enforcement action relating thereto."  *Id.* at I.A, p.2.  The *Agreement* also

11  provided that The Government agrees that "it has no basis for opposing, and will not oppose, any

12  application by the defendant to continue to practice medicine following the service of any prison

13  term imposed in this case.  Upon request, the Government will provide a letter to that effect to

14  any California State licensing board or other relevant professional regulatory body."  *Id.* at III.E,

15  pp. 5-6.

16         Dr. Shearer's goal in negotiating the *Plea Agreement* was to make peace with the

17  government in the criminal matter, as well as to "limit [his] exposure... in civil and

18  administrative matters that would otherwise arise after the conclusion of the criminal matter.

19  Specifically, [he] wanted to ensure that as little in [the] criminal case as possible would be used

20  against [him] in any tax matter, and… to be sure that [the] criminal conviction would not

21  interfere with [his] practice of medicine."  *Declaration of L. Richard Shearer, M.D.,* attached to

22  this *Opposition to Motion for Summary Judgment* as **Exhibit 1.**   When the government insisted

23                                                   9

1   that language be included that indicated Dr. Shearer could not favorably affect any tax liability

2   with the *Plea Agreement,* Dr. Shearer ensured that the "cabining" of the *Plea Agreement* from

3   civil tax liability cut both ways.   *Id.*   He also secured a government promise not to interfere with

4   his retaining his medical license.   *Id.*   Dr. Shearer envisioned the agreement to be akin to a *nolo*

5   *contendere* plea that would have criminal law consequences, but not civil law consequences.   *Id.*

6         Dr. Shearer understood when he signed the completed *Plea Agreement* that nothing in the

7   plea agreement – including the exhibits – could be used to affect his personal tax situation.

8   Likewise, the government promised noninterference with his retaining his medical license.

9   Based on these understandings, he was willing to waive his constitutional rights and enter a

10  guilty plea.   *Id.*

11        Now, despite these promises, the government is attempting to use the *Plea Agreement*

12  and its exhibits to affect the Shearers' tax liability.   In fact, the very government trial attorney

13  who negotiated the *Plea Agreement* – Benjamin B. Wagner – is now the United States Attorney

14  for the Eastern District of California and is of counsel to the plaintiff.   *See, e.g., United States*

15  *Reply,* ECF 58, filed November 13, 2014, p.1.

16        Plea agreements are "essentially contracts." *Puckett v. United States*, 556 U.S. 129, 137

17  (2009).   Courts enforce their literal terms, construing any ambiguities in the defendant's favor.

18  *United States v. Heredia*, 768 F.3d 1220, 1230-31 (9th Cir. 2014), *citing United States v. Franco-*

19  *Lopez*, 312 F.3d 984, 989 (9th Cir. 2002).   When crafting an appropriate remedy for any breach, a

20  court must "secure the benefits promised [the defendant] by the government in exchange for

21  surrendering his right to trial."   *Id.*

22

23                                    10

1    In construing an agreement, a court must determine what the defendant reasonably

2  understood to be the terms of the agreement when he pleaded guilty. *United States v. Lee*, 725

3  F.3d 1159, 1166 (9ᵗʰ Cir. 2013); *United States v. De la Fuente*, 8 F.3d 1333, 1337-38 (9ᵗʰ Cir.

4  1993), *citing United States v. Anderson,* 970 F.2d 602, 607 (1992), *amended*, 990 F.2d 1163 (9ᵗʰ

5  Cir. 1993).  Courts construe terms in plea agreements by considering their common legal usage.

6  *United States v. Speer*, 753 F.3d 964, 969 (9ᵗʰ Cir. 2014). This Circuit has "steadfastly appl[ied]

7  the rule that any lack of clarity in a plea agreement should be construed against the government

8  as drafter." *Id.* at 753 F.3d 968; *United States v. Cope*, 527 F.3d 944, 951 (9ᵗʰ Cir. 2008) (*quoting*

9  *United States v. Transfiguracion*, 442 F.3d 1222, 1228 (9ᵗʰ Cir. 2006).  Construing ambiguities in

10  favor of the defendant is appropriate due to the parties' respective bargaining power and

11  expertise.  *De la Fuente*, *supra* at 8 F.3d 1338.

12    A defendant is entitled to the benefit of his or her plea bargain. *Franco-Lopez*, *supra.*

13  When "a plea rests in any significant degree on a promise or agreement of the prosecutor, so that

14  it can be said to be part of the inducement or consideration, such promise must be fulfilled."

15  *Santobello v. New York,* 404 U.S. 257, 262 (1971).   Accordingly, a plea bargain may be

16  enforced through specific performance, or the defendant may be permitted to withdraw her guilty

17  plea.  *Id.* at 404 U.S. 263.  When crafting an appropriate remedy for any breach, a court must

18  "secure the benefits promised [the defendant] by the government in exchange for surrendering

19  his right to trial."  *Franco-Lopez*, *supra.*

20    In this case, the Government and Dr. Shearer agreed that the plea agreement, although

21  calling for a plea of guilty, was the functional equivalent of a "no contest" or *nolo contendere*

22  plea.  They agreed that the terms of the *Plea Agreement* would not be usable anywhere other than

23                                                11

1   in the criminal case.  This is hardly unusual.  *Nolo* pleas and statements made during the entry of

2   such pleas are inadmissible by rule in civil matters.  *F.R.Ev.* 410(a)(2) and (3).  The parties did

3   nothing more than to agree to effectively treat the matter as the same as a *nolo* plea, with the

4   court's blessing in accepting the plea and the terms of the plea agreement.

5          The same effect could have been achieved by sealing the *Plea Agreement,* which is

6   commonplace, but which carries with it the risk of running afoul of the 1st Amendment.  *See*

7   *Oregonian Pub. Co. v. United States Dist. Court for Dist. of Oregon*, 920 F.2d 1462, 1466 (9th

8   Cir. 1990) (sealed plea agreement must be provided to newspaper, because the benefits of public

9   disclosure outweighed risk to defendant and judicial system flowing from nondisclosure).

10         What's more, Dr. Shearer's goal of limiting the collateral effect of the criminal

11  proceeding – a goal which Dr. Shearer says drove the agreement to limit the use of the *Plea*

12  *Agreement,* Exhibit 1, *supra* – is well illustrated by the government's promise of noninterference

13  with Dr. Shearer's medical license.

14         This is not a case where the United States Attorney for the Eastern District of California

15  sought to bind another government agency by a plea agreement.  *See, e.g., Thomas v.*

16  *Immigration and Naturalization Service,* 35 F.3d 1332, 1339 (9th Cir. 1994) (United States

17  Attorney's promise in plea agreement of no deportation for defendant bound INS); *United States*

18  *v. Harvey*, 791 F.2d 294, 302-03 (4th Cir.1986) (United States Attorney in one district can bind

19  United States Attorney in another district by a promise of nonprosecution in a plea agreement).

20  Rather, the United States Attorney promised only that the plea agreement authored by and agreed

21  to by the government, and signed by the defendant, would be treated as inadmissible in any civil

22  tax hearing.   This Court approved the plea agreement and guilty plea.  The Court's ability to

23                                                12

1   place material in the record beyond the evidentiary reach of parties in other proceedings is

2   unquestioned.  That was all Dr. Shearer bargained for, and that is what due process demands he

3   receive.

4          There would be no benefit to permitting Dr. Shearer to withdraw from the *Plea*

5   *Agreement* at this point, more than a decade after the sentence was discharged.  Rather, the

6   remedy – which is the remedy he selects here and to which he is entitled – is specific

7   performance.  *See United States v. Williams,* Case No. 14-11131 (5th Cir. May 9, 2016) (slip opn.

8   at 4) ("When the Government breaches a plea agreement, a defendant has the right … to have his

9   chosen remedy accepted, either specific performance of the plea agreement or resentencing

10  before a different judge, or withdrawal of the guilty plea").

11         At minimum, there is a genuine issue of fact raised in this matter whether the

12  government's attempt to use the *Plea Agreement* and *Factual Basis* attached to it to prove its

13  fraud case against the Shearers contravenes the plea agreement as reasonably understood by Dr.

14  Shearer.  Without relying on the *Plea Agreement* and *Factual Basis,* the government is unable to

15  prove fraud by clear and convincing evidence.  By relying on the *Plea Agreement* and *Factual*

16  *Basis,* the government violates its undertakings in the *Plea Agreement* and Dr. Shearer's due

17  process rights.   Grant of summary judgment under these circumstances is a Hobson's choice,

18  one from which the Court should refrain.

19         **b.  Dr. Shearer is not estopped from challenging fraudulent intent**

20         As noted in the government's brief, *Considine v. United States*, 683 F.2d 1285 (9th Cir.

21  1982), *Wright v. Commissioner*, 84 T.C. 636 (1985), and *Mobley v. Commissioner*, 65 T.C.M.

22  (CCH) 1939 (T.C. 1993), *aff'd by unpublished opinion*, 33 F.3d 1382 (11th Cir. 1994) all hold

23                                          13

1   that fraudulent intent may still be challenged by a taxpayer after a conviction for filing false tax

2   returns or conspiracy to defraud the United States.[1]   Dr. Shearer has clearly done so, challenging

3   the government's "proof" of fraudulent intent in his *Declaration,* ECF 54.

4         The government claims that collateral or judicial estoppel arising from the factual basis

5   of Dr. Shearer's plea agreement satisfies its burden to show the fraud penalties were properly

6   assessed.  Even if the *Plea Agreement* could be relied on consistent with its terms and due

7   process, the government's position would only be true if collateral or judicial estoppel applied in

8   this case.  In *Thore v. Howell*, 466 F.3d 173 (1st Cir. 2006), a case cited by the government, the

9   First Circuit counseled "caution" in this regard:

10      As for the question of law, the defendants argue for a rule that admissions to facts
11      at an earlier guilty plea colloquy by a criminal defendant should general bind that
12      person as a plaintiff in subsequent civil rights actions.  We reject any such *per se*
13      rule...  Courts, whether on appeal, motion for new trial, or petition for post-
14      conviction or collateral relief, commonly address contentions that a defendant
15      should not be bound by facts stated in a plea agreement.  That being so, the mere
16      assertion of inconsistent facts from those admitted in a plea does not strike us as
17      inherently impugning the integrity of the judicial process.  Judicial estoppel, for
18      example, is not applicable to bar a criminal defendant from later asserting a claim
19      based on innocence whether on direct appeal or on habeas corpus, even when such
20      a claim rests on facts that contradict the criminal defendant's in-court and sworn
21      representations.

22      At least two other concerns arise in this setting with respect to whether there is any
23      impugning of judicial integrity.  The first is that guilty pleas do not necessarily
24      establish absolute historic facts; what is stated in a plea arrangement is an agreed-
25      upon version of the facts that, while it avoids misrepresentation, is sufficient to
26      support the entry of the plea.  It is not uncommon for the statement of those facts
27      to be shaped by bargaining between the parties…Plea bargains benefit both the
28      prosecution and the defense:  the defendant is motivated to bargain to get lenient

_____

[1]      Again, the government's brief in no way addresses how any statements made by
Dr. Shearer in his plea agreement can be imputed to Diane Shearer to show her fraudulent intent.
She was never a criminal defendant, and her husband's criminal plea can have no effect on her
liability.  The government's Second Motion for Partial Summary Judgment provides no basis for
entry of judgment against her on its civil tax fraud claims.

1   treatment, and the prosecution gains from bargains by saving resources and
2   achieving efficient outcomes.

3   Secondly, the question of judicial 'acceptance' of a guilty plea may turn on the
4   particulars of a given case.  All facts recited during the plea colloquy are not
5   necessarily 'accepted' by a judge."

6
7   *Thore, supra* at 466 F.3d 182-84.

8   Indeed, the Ninth Circuit has rejected the use of collateral or judicial estoppel for plea

9   agreements and sentencing facts in subsequent civil cases in *Maciel v. Commissioner*, 489 F.3d

10  1018 (9th Cir. 2007).  *Maciel* was a tax case in which the District Judge at sentencing expressed a

11  finding that the tax Defendant, who pled guilty, had no fraudulent intent.  The taxpayer then

12  attempted to use that finding against the government in a subsequent civil tax case.  The 9th

13  Circuit refused to apply estoppel against the government:

14  The doctrine of collateral estoppel promotes judicial economy and protects parties
15  from the burden of successive litigation by barring the relitigation of issues in
16  certain circumstance.  For example, when an issue is 'actually litigated and
17  necessarily decided, after a full and fair opportunity for litigation, in a prior
18  proceeding,' a court's decision is binding in a subsequent action between the parties
19  (or those in privity with the parties).  The key question in this case is whether the
20  parties had 'a full and fair opportunity to litigate the merits of [the fraud] issue'
21  during the sentencing hearing.

22  In deciding whether an opportunity to litigate is 'full and fair,' a court must make
23  a practical judgment based on at least two considerations.  First, the court must
24  compare the procedures in the prior and subsequent actions.  If 'procedural
25  opportunities unavailable in the first action . . . could readily cause a different result'
26  in the second action, then the results of the first action generally should not be given
27  preclusive effect… Second, the court must consider the parties' incentives to
28  litigate in the two actions.  If a party had good reason not to contest an issue
29  vigorously during the first action and did not, in fact, vigorously contest the issue,
30  that party generally should be entitled to relitigate the issue during the second
31  action.

32
33  *Maciel*, *supra* at 489 F.3d 1023-1024.

34
35  Here, the government is attempting to assert collateral or judicial estoppel to obtain

36  summary judgment where its Motion contains little or no other Rule 56 evidence of Dr. Shearer's

37                                                15

1  fraudulent intent other than the plea agreement and the facts supporting the plea agreement.  The

2  intent which must be proven to support a § 6663 civil tax fraud recovery is an issue of fact to be

3  determined by the jury.  *Wright, supra*.  It is not a subject that can be adequately addressed on

4  summary judgment.  Even if it were, the government's reliance on Dr. Shearer's *Plea Agreement*

5  and the factual basis attached to it is not a proper evidentiary basis for partial summary judgment

6  in this case.

7

8      **3.      The Government's Claims Are Barred By The Statute Of Limitations**

9          This case concerns tax liabilities from 1995-1999, but it was not filed until 2012.  The

10  government has conceded in its *Second Motion* that the IRS "permitted the typical three-year

11  statute of limitations to assess tax to expire."  *Ante*. p. 3.  The only way the government can

12  prevail in this case is if the fraud penalty it seeks is credited by the Court.  *See supra* at pp. 6-12;

13  26 U.S.C. §§ 6501(c)(1) and (2).  The government's *Second Motion* must fail because (1) the

14  government's reliance on Dr. Shearer's plea agreement and the factual basis supporting the plea

15  is a breach of that agreement; and (2) judicial estoppel cannot bar Dr. Shearer from disputing the

16  issue of fraudulent intent in this case.

17          Because fraud has not been shown, this case should be dismissed on Statute of

18  Limitations grounds.

19

20

21

22

23                                              16

1                                 **Conclusion**

2          For the reasons stated herein, the Defendants L. Richard Shearer and Diane Shearer

3    respectfully request that this Honorable Court deny the USA's Second Motion for Partial

4    Summary Judgment against them.

5                                           Respectfully submitted,

6    Date:   May 5, 2016                   */s/ Matthew Gilmartin*_____
7                                           Matthew Gilmartin (0024683)
8                                           P.O. Box 939
9                                           North Olmsted, OH  44070
10                                          (440) 479-8630
11                                          (440) 398-0179 Fax
12                                          Matt7g@att.net
13                                          Attorney for Defendants L. Richard Shearer
14                                                    & Diane Shearer
15
16                            **CERTIFICATE OF SERVICE**
17
18          I certify that a true and correct copy of the foregoing document was sent to the following
19   parties by ECF transmission or via U.S. Mail on the 5th day of May, 2016:
20
21   G. Patrick Jennings
22   US DOJ, Tax Division
23   P.O. Box 683
24   Ben Franklin Station
25   Washington, DC  20044
26   202.307.6648 Tel
27   Guy.P.Jennings@usdoj.gove
28
29   Evelyn Louise Shearer, Trustee
30   11075 Benton Street, Apt. 128
31   Loma Linda, CA  92354
32
33   Vernon L. Swenson
34   Leora Swenson
35   1045 N. Old Stage Road
36   Mt. Shasta, CA  96067
37
38
39
40
41                                        17

1  Joe Alfred Isen, Jr.
2  5222 Spruce Street
3  Bellaire, TX  77401
4  (713) 668-8815 Tel.
5  (713) 668-9402 Fax
6  jizen@comcast.net
7
8
9  Jihad Smaili
10 SMAILI & ASSOCIATES, PC
11 600 West Santa Ana Blvd., Suite 202
12 Santa Ana, CA  92701
13 (714) 547-4700 Tel.
14 (714) 547-4710 Fax
15
16 Shaun Cunningham
17 24551 Del Prado, #683
18 Dana Point, CA  92629
19 (949) 391-3725 Tel.
20 (949) 305-5503 Fax
21 mrshauncunningham@gmail.com
22                                            */s/ Matthew Gilmartin*
23                                            Matthew Gilmartin
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46                                  18