Joe Alfred Izen, Jr.
5222 Spruce Street
Bellaire, TX 77401
(713) 668-8815 TEL
(713) 668-9402 FAX
jizen@comcast.net

Jihad M. Smaili, Esq.
SMAILI & ASSOCIATES, PC
Civic Center Plaza Towers
600 West Santa Ana Blvd., Suite 202
Santa Ana, California 92701
(714) 547-4700
(714) 547-4710 (f)
www.smaililaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>VS.<br><br>L. RICHARD SHEARER, DIANE SHEARER, STANLEY SWENSON, as Trustee of the HOTLUM TRUST, BERRYVALE TRUST, and REGENCY TRUST; ET AL<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 2:12-CV-02334 TLN AC<br><br>MEMORANDUM IN SUPPORT OF STANLEY SWENSON (AS TRUSTEE OF THE HOTLUM TRUST, BERRY-VALE TRUST, AND REGENCY TRUST) RESPONSE AND ANSWER TO UNITED STATES' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT<br>DATE: JUNE 2, 2016<br>TIME: 2:00 P.M.<br>COURT: 2, 15TH FLOOR<br>JUDGE: HON. TROY L. NUNLEY |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES....................i

INTRODUCTION....................1

QUESTION(S) PRESENTED....................2

LAW AND ARGUMENT....................2

A. SUMMARY JUDGMENT STANDARD....................2

B. THE APPLICABLE STATUTE OF LIMITATIONS BARS THE UNITED STATES' CLAIMS FOR FRAUDULENT TRANSFER....................3

CONCLUSION....................7

# TABLE OF AUTHORITIES

## CASES

Bersson v. Commissioner, 213 F.3d 117 (9th Cir. 2000) . . . 5

United States v. Carney, 796 F. Supp. 700 (E.D.N.Y. 1992) . . . . . . . . . . . . . 6

United States v. Letscher, 83 F.Supp.2d 367 (S.D.N.Y. 1999) . . . . . . . . . . . . . 6

United States v. Letscher, 83 F.Supp.2d 367 (S.D.N.Y. 1999) . . . . . . . . . . . . . 6

United States v. Summerlin, 310 U.S. 414 (1940) . . . 4

United States v. Troescher, 99 F.3d 933 (C.A. 9, (CA), 1996) . . . . . . . . . . . . . 8

United States v. Upton, 967 F. Supp. 57 (D.Conn. 1997) . . 6

## STATUTES

28 U.S.C. §3003(b) . . . . . . . . . . 6, 7

Cal. Civ. Code §3439.04(a) et seq . . . . . . . . 4

I.R.C. §6502 . . . . . . . . . . . . 4

I.R.C. §7403 . . . . . . . . . . . . 3

Title 28 U.S.C. §3301 - 3308, et seq . . . . . . . 4

28 U.S.C. §3301 - 3308, et seq . . . . . . . . 5

28 U.S.C. §3303- 3306 . . . . . . . . . . 4

28 U.S.C. §3306(b) . . . . . . . . . . . 6

## RULES

Federal Rules of Civil Procedure Rule 56 . . . . . 2, 3

Joe Alfred Izen, Jr.
5222 Spruce Street
Bellaire, TX 77401
(713) 668-8815 TEL
(713) 668-9402 FAX
jizen@comcast.net

Jihad M. Smaili, Esq.
SMAILI & ASSOCIATES, PC
Civic Center Plaza Towers
600 West Santa Ana Blvd., Suite 202
Santa Ana, California 92701
(714) 547-4700
(714) 547-4710 (f)
www.smaililaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>VS.<br><br>L. RICHARD SHEARER, DIANE SHEARER, STANLEY SWENSON, as Trustee of the HOTLUM TRUST, BERRYVALE TRUST, and REGENCY TRUST; ET AL<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 2:12-CV-02334 TLN AC<br><br>MEMORANDUM IN SUPPORT OF STANLEY SWENSON (AS TRUSTEE OF THE HOTLUM TRUST, BERRY-VALE TRUST, AND REGENCY TRUST) RESPONSE AND ANSWER TO UNITED STATES' SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT<br>DATE: JUNE 2, 2016<br>TIME: 2:00 P.M.<br>COURT: 2, 15TH FLOOR<br>JUDGE: Hon. TROY L. NUNLEY |

INTRODUCTION

I.

The United States has filed its Second Motion for Partial Summary Judgment. Defendant, Stanley Swenson, as Trustee of Hotlum Trust, Berryvale Trust and Regency Trust, files this Memorandum in Support of his Response and Answer to the Government's Second Motion for Partial Summary Judgment and addresses the Government's arguments concerning the proper application of the statute of limitations to the Government's claims for fraudulent transfer. The Government has specifically limited the

reach of its Second Motion for Partial Summary Judgment, against Defendant Swenson, to the issue of whether the Government's fraudulent transfer claims are barred by limitations. The arguments and legal authorities set out below respond to the Government's fraudulent transfer Statute of Limitations arguments.

ADOPTION OF LEGAL ARGUMENTS AND AUTHORITY OF CO-DEFENDANTS. RICHARD SHEARER AND DIANE SHEARER:

To the extent permitted by Federal Rules of Civil Procedure Rule 56, Defendant Swenson adopts the legal arguments, authorities, and summary judgment evidence, set out and contained in Defendants, Richard Shearer and Diane Shearer's, Responses to the Government's Second Motion for Partial Summary Judgment, including the Declarations of Matthew Gilmartin, Richard Shearer, Diane Shearer, and any Exhibits attached thereto.

## QUESTION(S) PRESENTED

## II.

1. ARE THE UNITED STATES' FRAUDULENT TRANSFER CLAIMS BARRED BY LIMITATIONS?

## LAW AND ARGUMENT

## III.

### A. SUMMARY JUDGMENT STANDARD

The United States has correctly set out the general standard for determinations of Motions for Summary Judgment under Federal Rules of Civil Procedure Rule 56. Defendant Swenson concedes that Government tax assessments are presumed to be correct and that upon proper proof of issuance of a valid assessment, the burden of disproving the contents of a tax assessment falls on

the taxpayer.

Absent from the Government's recited summary judgment Standard of Review is any reference to proper disposition of Motions under Federal Rules of Civil Procedure Rule 56 grounded upon the Statute of Limitations.

A non-moving party responding to a motion for summary judgment under Rule 56 based on the Statute of Limitations has the burden of establishing the applicability of the particular Statute of Limitations to the case in which the moving party seeks entry of summary judgment. If the applicability of the Statute of Limitations is apparent from a review of the pleadings and/or on the face of the record, a moving party on summary judgment, if otherwise barred by the Statute of Limitations on his claims must produce evidence establishing that the Statute of Limitations was tolled so as to prevent the bar of his claims.

Here, the Government concedes that its fraudulent transfer claims are barred if the California or federal Statutes of Limitations barring fraudulent transfer claims apply to this case.

The Government bears the burden of establishing that the applicable Statute of Limitations of the State of California and the United States do not apply to the Government's tax collection claims in this case.

B. <u>THE APPLICABLE STATUTE OF LIMITATIONS BARS THE UNITED STATES' CLAIMS FOR FRAUDULENT TRANSFER.</u>

The United States claims that it bases its action against Defendant Swenson for fraudulent transfer relief under I.R.C. §7403 which provides for enforcement of federal tax liens, and that the Government seeks an adjudication "setting aside fraudu-

lent transfers under California law." Gov. Memo. at P. 13.

While Defendant Swenson concedes that the United States and IRS once had the recognized right to base a fraudulent transfer claim brought in the Government's behalf on state law, that ability to bring actions under state law for fraudulent transfer was superceded by a special statutory scheme laid out in the Federal Debt Collection Procedure Act. Title 28 U.S.C. §3301 - 3308, et seq.

While the Government is certainly correct that the United States Supreme Court has ruled the Government is not bound by state Statute of Limitations "in enforcing its rights," the United States is certainly bound by Statutes of Limitation which it has imposed on itself such as that found in 28 U.S.C. §3303-3306 which requires that causes of action for fraudulent transfer by the United States be brought within six years or certain periods of discovery. Thus, the Government's citation of United States v. Summerlin, 310 U.S. 414, 416 (1940) is inapplicable and inapposite to the facts of this case.

The Government concedes that it faced a four-year Statute of Limitations on its fraudulent transfer claims under California state law which adopted the Uniform Fraudulent Transfer Act. Cal. Civ. Code §3439.04(a) et seq. The Government then claims it is free to ignore that Statute of Limitations on the one hand, while bringing an action under the state law, on the other, because it claims the United States has (in general) ten years after the date of assessment to collect tax or to file suit to collect tax under I.R.C. §6502. Gov. Memo at P. 14.

What the Government fails to grasp is that it is faced with

the "particular" and not the "general" in this case -- the legislative scheme specifically passed by Congress imposing a Statute of Limitations on the United States which must be adhered to when the United States pursues fraudulent transfer claims.

What the Government argues, in essence, is that there is an income tax exception to the fraudulent transfer provisions of the Federal Debt Collection Procedures Act. Could this be true?

The United States cites Bersson v. Commissioner, 213 F.3d 117 (9th Cir. 2000) in support of this proposition, and because taxes are involved, regular Statutes of Limitations enacted for other special statutory schemes, such as fraudulent transfer in this case, can be dispensed with and must not be applied. Bersson -- the Government's "only stock in store" of legal authority in the Ninth Circuit which it alleges supports this proposition, does not even address the special statutory scheme governing fraudulent transfer actions brought on behalf of the United States set out in 28 U.S.C. §3301 - 3308, et seq. Bersson does not even mention the fraudulent transfer provisions of the Federal Debt Collection Practices Act.

Nor does the Government's analysis of Summerlin aid its case in any way. Summerlin, a case closely examined by the Ninth Circuit in Bersson, recounts how the United States attempted to sue to collect a claim assigned to it by the then-Soviet Union and faced a bar under New York state law of a six-year Statute of Limitations. Because the United States had never agreed to bind itself to such a Statute of Limitations, the United States Supreme Court held that the sovereign -- the United States -- was not so bound. The United States would like the issue to be

framed as whether the United States can be deemed to have abdicated its governmental authority so as to become subject to the state statute putting a time limit upon enforcement. Gov. Memo at P. 13, LL 1-2. The real question is whether the United States is bound by its own statutes and special statutory schemes which, with respect to the Fair Debt Collection Practices Act ("FDCPA") bound the United States to a six-year Statute of Limitations.

The United States also claims that the FDCPA -- in 28 U.S.C. §3306(b) -- limits its own application "because of an exception in 28 U.S.C. §3003(b). In support of this contention the Government cites three District Court cases: United States v. Letscher, 83 F.Supp.2d 367 (S.D.N.Y. 1999); United States v. Carney, 796 F.Supp. 700 (E.D.N.Y. 1992); and United States v. Upton, 967 F.Supp. 57, 59 (D.Conn. 1997). These three District Court cases, if they support the Government's tax exception argument to the restrictions and the Statute of Limitations set out in FDCPA, are not authority in this Circuit. Further, the requirement that the Government -- in this case the IRS -- will obey the law and bring its actions within federal limitations -- does not "curtail or limit" the right of the United States under any other federal law or any state law "to collect taxes." Otherwise, the ten-year Statute of Limitations on which the Government attempts to rely could be, likewise, dispensed with since any Government effort to collect taxes after the appropriate ten-year Statute of Limitations had run out would "curtail or limit" the Government's right to collect. Respectfully, Defendant Swenson urges that any Federal District Court that reasoned to the opposite got it wrong. The period of limitations in the FDCPA is not a "general

period of limitations." It is a special period of limitations applicable to the statutory scheme of bringing actions on behalf of the United States to set aside fraudulent transfers.

Surely, Congress did not mean to pass a specific statutory scheme setting out the Government's rights to pursue a fraudulent transfer action, within an appropriate and reasonable Statute of Limitations while, at the same time, allowing the Government to run rampant in derogation of such special statutory fraudulent transfer legislation under an "income tax" exception. While the Government cites 28 U.S.C. §3003(b)(1), and complains that any imposition of a Statute of Limitations on the Government would "curtail or limit" its rights "to collect taxes" the Government makes no mention of the more specific section, Title 28 U.S.C. §3003(c), which addresses the "Effect on Other Laws of FDCPA." Notably absent from the laundry list of those ten excluded items, is any mention of the Internal Revenue Code.

Thus, the special Statute of Limitations contained in the FDCPA limiting actions brought by the United States to a Statute of Limitations of six years with some tolling provisions is the Statute of Limitations for fraudulent transfer which must be applied by the United States under the Internal Revenue Code. Further, the United States is not free to bring its actions for fraudulent transfer couched under state law to frustrate the intent of Congress. If that were so, the Statute of Limitations in the FDCPA could be effectively abrogated by the mere scrive-nership of IRS or Tax Division counsel.

## CONCLUSION

Based on all of the above legal argument and authorities and

the summary judgment evidence, and the admissions contained in the Government's pleadings and summary judgment motions, the United States' Second Motion for Partial Summary Judgment seeking a determination that its fraudulent transfer claims are not barred by the Statute of Limitations should be denied. Just as there is no "income tax" exception to the Fifth Amendment "right to remain silent," there is no "income tax" exception to the fraudulent transfer limitations in the FDCPA. See United States v. Troescher, 99 F.3d 933 (C.A. 9, (CA), 1996).

Respectfully submitted,

S/Joe Alfred Izen, Jr.

Joe Alfred Izen, Jr.
TBC # 10443500
5222 Spruce Street
Bellaire, Texas 77401
(713) 668-8815
(713) 668-9402 FAX
jizen@comcast.net

s/ Jihad M. Smaili

Jihad M. Smaili, Esq.
SMAILI & ASSOCIATES, PC
Civic Center Plaza Towers
600 West Santa Ana Blvd., #202
Santa Ana, California 92701
(714) 547-4700
(714) 547-4710 (f)
www.smaililaw.com
ATTORNEYS FOR DEFENDANTS
STANLEY SWENSON, TRUSTEE,
BERRYVALE TRUST,
HOTLUM TRUST AND REGENCY TRUST

SHERSWEN-SHERSWE2.RSJ/TK480