CAROLINE D. CIRAOLO
Acting Assistant Attorney General

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6648
Email: guy.p.jennings@usdoj.gov

PHILLIP A. TALBERT
Acting United States Attorney
Eastern District of California
*Of Counsel*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>L. RICHARD SHEARER;<br>DIANE SHEARER;<br>STANLEY SWENSON as Trustee of the HOTLUM TRUST, BERRYVALE TRUST, and REGENCY TRUST; et al.;<br><br>Defendants. | Civil No. 2:12-CV-02334 TLN AC<br><br>**UNITED STATES' REPLY**<br><br>Date:  June 2, 2016<br>Time:  2:00 p.m.<br>Court:  2, Fifteenth Floor<br>Judge:  Hon. Troy L. Nunley |

    The United States hereby replies to the two responses in opposition (ECF 60, 70) to the United States' second motion for summary judgment (ECF 65). In this motion, the United States seeks an adjudication that the tax and fraud penalty liabilities were properly assessed and setting forth the current balance due, leaving for trial the nominee, fraudulent transfer, and foreclosure issues. The Shearers do not oppose the

1

13940494.1

entry of judgment as to the tax assessed, but do oppose the fraud penalty assessments, contending that the terms of the plea agreement do not permit the use of the facts alleged therein in the context of this civil action.  In addition, the defendant trusts and the Shearers maintain that the statute of limitations bars this action.  Neither argument is supported by fact or law.

**Argument**

**1. The plea agreement does not prevent the United States in this civil case from using the facts alleged in the plea agreement.**

The plea agreement states, at page 2, paragraph A, "The defendant understands that nothing in this agreement affects the defendant's personal federal tax liability, or restricts the United States or the Internal Revenue Service from initiating any collection or civil enforcement action relating thereto."  The Shearers argue that the first clause of this sentence means that the facts alleged in the plea agreement may not be used by the United States in a subsequent civil case.  The second clause, stating that "nothing in this agreement . . . restricts the United States" would be inconsistent with the reading proposed by the Shearers.  The sentence read as a whole is a warning to Dr. Shearer that the plea agreement does not resolve or excuse his civil tax liability, which is the subject of this action.  The words of the plea agreement do not expressly preclude the future use of the plea facts in a civil case.  Use of the factual basis of the plea does not "affect" Dr. Shearer's federal tax liability; it is merely one method of proof to be used in trial.  Evidence does not "affect" a tax liability, all facts defining the tax liability are closed at the end of the tax year.

The plea agreement could have been, but was not, a plea *nolo contendere*. "The principal difference between a plea of guilty and a plea of nolo contendere is that the

latter may not be used against the defendant in a civil action based upon the same acts." Wright & Miller, 1A Fed. Prac. & Proc. Crim. § 177 (4th ed.).  However, a nolo plea must be approved by the Court.  "Before accepting a plea of nolo contendere, the court must consider the parties' views and the public interest in the effective administration of justice."  Rule 11(a)(3) of the Federal Rules of Criminal Procedure. The Court made no specific approval as required by this rule because the parties did not report or intend a nolo plea.  To allow Dr. Shearer exaggerate the terms into a nolo contendere plea would circumvent Fed. R. Crim. P. 11(a).

In further support of this argument, the United States submits with this reply the declaration of Benjamin B. Wagner, the lead Assistant United States Attorney who signed the plea agreement for the United States.  Mr. Wagner did not intend the terms of the plea agreement to restrict the ability of the IRS to use the facts alleged in the plea agreement in a future civil tax proceeding.  Wagner Decl., ¶ 6.  The sentence was intended to make clear that the plea agreement did not restrict the Internal Revenue Service from pursuing any civil liability.  Wagner Decl., ¶ 5.  Mr. Wagner was aware that there is a strong policy of the United States Department of Justice disfavoring nolo pleas, and did not intend such an agreement here.  He has "never agreed to or proposed a nolo contendere plea and [he] did not intend to do so in this case."  Wagner Decl., ¶ 7.  The interpretation asserted by Dr. Shearer is not consistent with the intent of the drafter.

The Shearers argue too much when they accuse the United States of attempting to use the facts in the plea to collaterally estop Dr. Shearer from disputing them.  This argument is specifically addressed and abandoned by the United States in light of the authorities cited, because there was no "evasion" conviction (which would be binding on civil fraud).  However, Dr. Shearer is barred from contesting the elements of the crimes

3

13940494.1

committed.  *Considine v. United States*, 683 F.2d 1285, 1287 (9th Cir. 1982).  The facts in the plea are consistent with those elements, as discussed in the opening brief.

Even if the Court declines to directly consider the facts alleged in the plea agreement, in discovery in this case Dr. Shearer admitted the truth of those facts.  The United States propounded the following request for admission to the Shearers:

> Request no. 3:  Admit that the "Factual Basis for Plea of Guilty" attached to Exhibit A is a true and correct statement of each fact set forth therein.
>
> Response: Admit

Jennings Decl., Ex. A, A1 (ECF 38, 41-2).  This establishes a source for the facts independent of the direct use of the plea agreement.  If the Court prefers to consider the Shearers' admissions, rather than the plea agreement, the result is the same.  There is no genuine issue of fact as to Dr. Shearer's intent to evade tax in perpetrating the Crockett trust scheme.  Dr. Shearer, in his declaration, does not deny that he had such intent. (ECF 69-1).  The facts admitted by Dr. Shearer support this conclusion.

**2. The United States does not argue that there is no triable issue as to Mrs. Shearer's fraudulent intent.**

The Shearers correctly assert that the facts admitted pertain entirely to Dr. Shearer and not to Mrs. Shearer, and under 26 U.S.C. § 6663(c), the fraud penalty does not apply to the tax of a spouse filing a joint return "unless some part of the underpayment is due to the fraud of the spouse."  Where one spouse has been convicted of fraud in a criminal trial, collateral estoppel will only apply to the spouse who was convicted.  *Tavery v. United States*, 897 F2d 1032 (10th Cir. 1990).  This is true but not important for the following reasons.

First, the normal three-year statute of limitations on assessment under 26 U.S.C. § 6501(a) will be lifted for both spouses, even where only one spouse committed the fraud. *Richardson v. Commissioner*, 509 F3d 736 (6th Cir. 2007); *Ballard v. Commissioner*, 740 F2d 659 (8th Cir. 1984).

Second, under 26 U.S.C. § 6663(c), the fraud penalty does not apply to the tax of a spouse filing a joint return "unless some part of the underpayment is due to the fraud of the spouse." However, even if Mrs. Shearer ultimately proves that she lacked fraudulent intent, there is an independent basis for her joint liability. Section 6013(d)(3) provides that spouses are jointly and severally liable for the tax on a joint return (as here). Relief from that joint liability, including for the fraud penalty, may be sought under 26 U.S.C. § 6015 (providing for 'innocent spouse' relief). But Mrs. Shearer did not assert the defense of innocent spouse in her answer or amended answer in this case. (It seems that such a claim would be untimely under 26 U.S.C. § 6015(b) – action barred unless brought within two years after collection begins.) Having failed to raise this defense, Mrs. Shearer has waived it, and so is jointly liable for any fraud penalty on the joint returns. The non-fraudulent spouse still remains liable for the deficiency in tax under Section 6013(d)(3) (joint liability), unless the special innocent spouse rule of Section 6015 applies. *Aranda v. Commissioner*, 432 F3d 1140 (10th Cir. 2005); *Clevenger v. Commissioner*, 826 F2d 1379 (4th Cir. 1987); *Ratana v. Commissioner*, 662 F2d 220 (4th Cir. 1981). If Dr. Shearer is found to have had fraudulent intent, then the intent of Mrs. Shearer is moot under these circumstances, as she is jointly liable.

13940494.1

### 3. The 10 year tax collection statute of limitations applies to this case and not the 6 year statute of limitations to set aside fraudulent transfers under the Federal Debt Collection Procedures Act.

An action under § 3439.04(a)(1) of the California Uniform Fraudulent Transfers Act, for actual fraud, must be brought "within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant." Cal. Civ. Code § 3439.09(a). Because the United States has (in general) three years after filing to assess the tax – 26 U.S.C. § 6501 -- and ten years after the date of assessment to collect tax or to file suit to collect tax – 26 U.S.C. § 6502 – the state statute of limitations may expire long before a federal tax suit might be filed.

In *Bresson v. Commissioner*, 213 F.3d 1173 (9th Cir. 2000), the Ninth Circuit specifically decided that the claim extinguishment provisions in the California Uniform Fraudulent Transfer Act do not apply to fraudulent transfer claims brought by the United States to collect tax. Relying on *United States v. Summerlin*, 310 U.S. 414, 416 (1940), the Ninth Circuit held that the United States was not subject to the claim extinguishment provisions in the CUFTA. *See Bresson*, 213 F.3d at 1179. Facing the binding authority of *Bresson* on this question, the Shearers and the Trust defendants in effect abandon the argument that the California statute of limitations bars this tax collection action.

The defendants' argument is now that the six-year statute of limitations in the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. §§ 3001-3308, restricts the tax collection action, despite specific language in the FDCPA which preserves the tax collection powers.  28 U.S.C. § 3003(b) states that the FDCPA "**shall not be construed to curtail or limit the right of the United States under any other Federal law or any**

13940494.1

**State law, to collect taxes**. . ."   One Court restates this as "[t]he Debt Collection Act [FDCPA] does not apply to Government actions to collect taxes." *United States v. Letscher*, 83 F. Supp. 2d 367, 378 (S.D.N.Y. 1999).  Because this tax collection action was brought under the Internal Revenue Code, and not the FDCPA, the six-year statute of limitations does not apply.  *Id.*

While the purpose of the FDCPA is "to create a comprehensive statutory framework," Congress did carve out a number of areas to which the FDCPA does not apply.  *United States v. Carney*, 796 F. Supp. 700, 703 (E.D.N.Y. 1992).  Those exceptions are listed in 28 U.S.C. § 3003.  Although the defendant Trusts complain that the Internal Revenue Code is not listed in § 3003(c), the right of the United States to collect taxes is specifically excluded from the FDCPA in §3003(b).  It need not be listed twice.  The Court in *Carney* rejected the application of both the FDCPA statute of limitations and the fraudulent transfer statute of the state of New York.  *Id*, 796 F. Supp. at 703, 704.  In 28 U.S.C. § 3003, "Congress clearly intended that the Government retain its option to proceed under other federal or state law." *United States v. Upton*, 967 F. Supp. 57, 58 (D. Conn. 1997).

There is an applicable statute of limitations, but it is in the Internal Revenue Code.  In fraudulent conveyance actions commenced by the United States to collect tax assessments, courts have held that the period for collection is "within 10 years after the assessment of the tax," as provided in 26 U.S.C. § 6502(a)(1). *See, e.g., United States v. Werner*, 857 F. Supp. 286, 289 (S.D.N.Y. 1994) (holding that the government was bound by the ten-year statute of limitations in the Internal Revenue Code rather than the six-year statute of limitations in the FDCPA); *United States v. Carney*, 796 F. Supp. 700, 703-04 (E.D.N.Y. 1992) (holding that government's action to collect unpaid taxes using

7

the fraudulent conveyance provisions of New York law was subject to the statute of limitations contained in 26 U.S.C. § 6502(a)(1)); *United States v. Bantau*, 907 F. Supp. 988, 990 (N.D. Tex. 1995) (statute of limitations of Internal Revenue Code and not FDCPA applied).

Against the foregoing weight of authority, the trust defendants cite one case, *United States v. Troescher*, 99 F.3d 933 (9th Cir. 1996). That case does not mention or pertain to the FDCPA statute of limitations or any other subject pertinent to this discussion. The statute of limitations for tax collection is not analogous to the right to remain silent. The *Troescher* case does not further the argument of the defendants.

While the United States Court of Appeals for the Ninth Circuit has not ruled on the tax exception from the FDCPA in 28 U.S.C. § 3003, no Court has been found that ruled against the plain meaning of the statute.

**Conclusion**

The Court is respectfully requested to hold that the applicable statute of limitations in this case are those in the Internal Revenue Code, not those in CUFTA, and not those in the FDCPA, and that this action was filed timely (assuming that the United States prevails on the question of fraud). Dr. Shearer has not submitted evidence that he lacked fraud. The Court is respectfully requested to enter summary judgment on the tax and fraud penalties, in the current balance alleged. The claims of nominee, alter ego, or fraudulent transfer to the trusts remain for trial.

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

Date: May 25, 2016         /s/ G. Patrick Jennings
G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice

13940494.1