CAROLINE D. CIRAOLO
Acting Assistant Attorney General

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6648
Email: guy.p.jennings@usdoj.gov

PHILLIP A. TALBERT
Acting United States Attorney
Eastern District of California
*Of Counsel*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. RICHARD SHEARER;<br>DIANE SHEARER;<br>STANLEY SWENSON as Trustee of the HOTLUM TRUST, BERRYVALE TRUST, and REGENCY TRUST; et al.;<br><br>　　　　　Defendants. | Civil No.  2:12-CV-02334 TLN AC<br><br>**DECLARATION OF BENJAMIN B. WAGNER IN SUPPORT OF UNITED STATES' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　June 2, 2016<br>Time:　2:00 p.m.<br>Court:　2, Fifteenth Floor<br>Judge:　Hon. Troy L. Nunley |

　　I, Benjamin B. Wagner, declare and state:

　1. In 2001, I was a prosecuting attorney for the office of the United States Attorney for the Eastern District of California.  I was the lead Assistant United States Attorney on the prosecution of L. Richard Shearer. ("Dr. Shearer").

2. Attached as Exhibit A is a true and correct copy of Dr. Shearer's plea agreement (the "Plea").  I signed the Plea for the United States.

3. The Plea includes the follow sentence near the top of the second page:  "The defendant understands that nothing in this agreement affects the defendant's personal federal tax liability, or restricts the United States or the Internal Revenue Service from initiating any collection or civil enforcement action relating thereto."

4. With this type of criminal case, (of which I had many) the United States did not have to define restitution or establish the correct amount of the tax liability of the defendant.  We did not want to have language in the plea agreements that restricted future civil tax proceedings in any way.

5. The sentence quoted in paragraph 3, above, was intended to make clear that the plea agreement did not restrict the Internal Revenue Service from pursuing any civil liability.

6. I did not intend the sentence quoted in paragraph 3, above, to restrict the ability of the IRS to use the facts alleged in the plea agreement in a future civil tax proceeding.

7. I was aware that the United States Department of Justice had and has a strong policy disfavoring nolo contendere pleas, in which the admissions cannot be used in future civil cases.  I have never agreed to or proposed a nolo contendere plea and I did not intend to do so in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  May 20, 2016

                                                  */s/ Benjamin B. Wagner*
                                                  Benjamin B. Wagner

13933761.1