MATTHEW GILMARTIN
Matthew Gilmartin, Attorney at Law, LLC
P.O. Box 939
North Olmsted, OH 44070
Tel:  (440) 479-8630
Fax: (440) 398-0179
Email: matt7g@att.net

*Counsel for Defendants, L. Richard Shearer
and Diane Shearer*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 2:12-CV-02334 |
| | : | |
| Plaintiff, | : | **DEFENDANTS L. RICHARD AND DIANE SHEARER'S MOTION IN LIMINE** |
| vs. | : | |
| | : | |
| L. RICHARD SHEARER, et al., | : | Date: _____ |
| | : | Time: _____ |
| Defendants. | : | Court:  2, Fifteenth Floor |
| | : | Judge:  Hon. Troy L. Nunley |

Defendants L. Richard and Diane Shearer ("the Shearers") herewith move this Court to issue an order precluding Plaintiff United States ("Plaintiff" or "Government") from presenting at any trial or use in its pending *Motion* the declaration of Government counsel Benjamin Wagner, ECF 74-1 ("Wagner Declaration"), addressing the Government's intent in entering into the plea agreement with L. Richard Shearer ("Dr. Shearer") in the criminal action known as *United States v. Shearer*, Case No. 2:00-cr-00345-FCD-4 (E.D.Cal.). Said *Plea Agreement* is found in the criminal matter at ECF 41-2, filed August 22, 2014.[1] The order excluding use of this evidence should be based on the fact that the

---

[1]    Judicial notice of the contents of this Court's docket in the aforesaid criminal case is requested pursuant to *F.R.Ev.* 201(b)(2).

Government's representations about the plea agreement are irrelevant to any issues presented in this case and should be excluded pursuant to Rules 401 and 402 of the *Federal Rules of Evidence*.

## I.   Limitations on Introduction of Evidence

A party may seek to preclude or limit evidence at trial through a motion in limine. *Luce v. United States*, 469 U.S. 38, 41 (1984).  Such motions are useful for resolving evidentiary issues that would otherwise "clutter up" the trial.  *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986).  By addressing such questions before trial, a trial court is able to give them more deliberate and careful consideration than if they are raised for the first time with a witness on the stand. "[P]retrial rulings on critical evidentiary questions permit the trial to be conducted more efficiently and effectively." *Id.*  With motions for summary judgment pending before the Court, the Shearers believe the time is ripe to resolve whether certain evidence is legally inadmissible, in order to make the proceeding go forward smoothly and efficiently for the Court and the parties.  As one court has observed:

> [T]here is . . . great value in resolving as many disputes in advance of trial as is possible.  Knowledge may enable the parties to avoid the costs of bringing witnesses to the courtroom and will enable them to concentrate their energies (and organizational skills) on the subjects that will actually be resolved at trial. . . . [A] district court should extend a hospitable reception to motions in limine and grant those that demonstrate that evidence ought not properly be used for the purpose its proponent advances to justify its introduction.

*Pivot Point International, Inc. v. Charlene Products, Inc.,* 932 F.Supp. 220, 222 (N.D. Ill. 1996).

## II.    Motion for Summary Judgment and Related Pleadings

Plaintiff filed a *Second Motion for Summary Judgment*, ECF 65, seeking an order that the tax and fraud penalty liabilities have been properly assessed and that the current balance due is correct.  Plaintiff has argued the facts admitted by Dr. Shearer in his plea agreement and the facts adduced in discovery show that Dr. Shearer willfully attempted to conceal the unreported income from the IRS. *Id.* at p. 3.  What's more, Plaintiff says, Dr. Shearer is collaterally estopped by the facts admitted in his plea agreement from arguing he lacked fraudulent intent. *Id.* at pp. 8-10.

The Shearers filed an *Opposition to Second Motion for Summary Judgment.* ECF 69. They noted the language in the *Agreement* stating that "[t]he defendant understands that nothing in this agreement affects the defendant's personal federal tax liability, or restricts the United States or the Internal Revenue Service from initiating any collection or civil enforcement action relating thereto."  *Id.* at I.A, p.2.  They also pointed out the *Agreement* provided the Government agrees "it has no basis for opposing, and will not oppose, any application by the defendant to continue to practice medicine following the service of any prison term imposed in this case.  Upon request, the Government will provide a letter to that effect to any California State licensing board or other relevant professional regulatory body."  *Id.* at III.E, pp. 5-6. In the *Declaration of L. Richard Shearer, M.D.,* ECF 69-1, attached to the *Opposition* ("Shearer Declaration")*,* Dr. Shearer explained that his goal in negotiating the *Plea Agreement* was

to limit my exposure not only in the criminal case, but as well in civil and administrative matters that would otherwise arise after the conclusion of the criminal matter. Specifically, I wanted to ensure that as little in my criminal case as possible would be used against me in any tax matter, and I wanted to be sure that my criminal conviction would not interfere with my practice of medicine.

For those reasons, I secured from the government promises that nothing in the plea agreement would affect my personal federal tax liability. To obtain this promise, I had to concede that the Internal Revenue Service still retained the right to initiate a collection or civil enforcement action relating to my tax liability, and that I had not bargained away the agency' s right to do so. That was a concession I knew I would have to make. However, I secured a symmetrical agreement that nothing in the Plea Agreement could be used against me in the civil matter. It was enough for me to get the government to agree to partition my civil liability issues from any admissions I might be deemed to have made in the criminal matter. I thought it made the criminal matter something like a "no contest" plea.

I understood when I signed the completed plea agreement document that nothing in the plea agreement - including the exhibits - could be used to affect my personal tax situation. Likewise, I understood that I had a promise from the government not to stand in the way of my retaining my medical license. I made the decision to sign the agreement, being willing to give up my constitutional rights in exchange for the promises made by the government, including the promises pertaining to sequestering my plea agreement from any civil tax proceedings and to noninterference with my medical license.

*Shearer Declaration, supra* at pp. 1-2.

Plaintiff replied to the Shearers' *Opposition.*  ECF 74.  Supported by the *Wagner Declaration,* the Government argued that the intent of cited language of the *Plea Agreement* was very different from how Dr. Shearer understood it.  In his *Declaration,* Mr. Wagner averred that the cited language

was intended to make clear that the plea agreement did not restrict the Internal Revenue Service from pursuing any civil liability... I did not intend the sentence quoted in paragraph 3, above, to restrict the ability of the IRS to use the facts alleged in the plea agreement in a future civil tax proceeding... I was aware that the United States Department of Justice had and has a strong policy disfavoring nolo contendere pleas, in which the admissions cannot be used in future

civil cases. I have never agreed to or proposed a nolo contendere plea and I did not intend to do so in this case.

*Wagner Declaration, supra.*

### III.   Relief Requested

The Shearers move that this Court order *in limine*, or, in the alternative, strike the *Wagner Declaration,* and to decide the pending *Motion For Summary Judgment* without regard to the evidence set forth in the *Wagner Declaration* and the argument based on that evidence.

The evidence the Government has adduced from its attorney is completely unresponsive to the issue and irrelevant to any issue raised in favor of or defense against the pending *Motion for Summary Judgment.*

### IV.   Argument

Reduced to its essence, Dr. Shearer's plea agreement with the Government is a contract. *Puckett v. United States,* 556 U.S. 129, 137 (2009).   And like commercial contracts, courts enforce plea agreements according to their literal terms. *United States v. Heredia,* 768 F.3d 1220, 1230-31 (9th Cir. 2014), *citing United States v. Franco-Lopez,* 312 F.3d 984, 989 (9th Cir. 2002).

However, due process requires that the courts recognize the unequal bargain positions of the parties, as well as the due process rights of the defendant. *Heredia, supra.*   Thus, any ambiguities in the agreement must be construed in defendant's favor, and any remedy crafted for a breach must "secure the benefits promised [the defendant] by the government in exchange for surrendering his right to trial." *Id.*

A defendant is entitled to the benefit of his plea bargain. *Franco-Lopez, supra.* This rule is rooted in the fact that when "a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York,* 404 U.S. 257, 262 (1971). Because it is the defendant who surrenders his constitutional rights as consideration for the promises of the government, his reasonable understanding of the terms of the plea agreement is paramount.

Thus, in construing an agreement, a court must determine what the *defendant* reasonably understood to be the terms of the agreement when he pleaded guilty. *United States v. Lee*, 725 F.3d 1159, 1166 (9th Cir. 2013); *United States v. De la Fuente*, 8 F.3d 1333, 1337-38 (9th Cir. 1993), *citing United States v. Anderson,* 970 F.2d 602, 607 (1992), *amended*, 990 F.2d 1163 (9th Cir. 1993) (emphasis added by the Shearers). Courts construe terms in plea agreements by considering their common legal usage. *United States v. Speer*, 753 F.3d 964, 969 (9th Cir. 2014). This Circuit has "steadfastly appl[ied] the rule that any lack of clarity in a plea agreement should be construed against the government as drafter." *Id.* at 753 F.3d 968; *United States v. Cope*, 527 F.3d 944, 951 (9th Cir. 2008) (*quoting United States v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006). Construing ambiguities in favor of the defendant is appropriate due to the parties' respective bargaining power and expertise. *De la Fuente, supra* at 8 F.3d 1338.

In this case, the Government and Dr. Shearer agreed that the plea agreement – although calling for a plea of guilty – was the functional equivalent of

– 6 –

a "no contest" or *nolo contendere* plea, and would be unusable anywhere other than in the criminal case in which it was filed. Dr. Shearer has stated in his affidavit the nature and extent of his reasonable understanding.

The Government, however, has its own interpretation. Attorney Wagner, (who but for his fortuitous withdrawal as United States Attorney last April, would face a substantial advocate-witness rule problem in this case, *see United States v. Prantl*, 764 F.2d 548, 552-53 [9th Cir. 1985]) has stated in his affidavit his own interpretation of the agreement, as well as provided a strong statement of what his own intent was in entering into the plea agreement. *Wagner Declaration, supra.*

As a stratagem, the *Wagner declaration* is puzzling. It would appear to amply demonstrate that a substantial and material question of fact exists as to the meaning of the plea agreement, and that thus, summary judgment is inappropriate. Inasmuch as the Government was defending its own summary judgment motion, pointing to a contested issue of fact seems counterproductive.

Notwithstanding (or perhaps in addition to) that, the *Wagner Declaration* suffers from a fatal defect, one of irrelevancy. The standard is Dr. Shearer's reasonable interpretation of the terms of the plea agreement, not whether there exists other reasonable interpretations as well, or whether the United States Attorney's Office may have had an intent very different from Dr. Shearer's when the agreement was negotiated and signed.

Nowhere does the *Wagner Declaration* provide any evidence that Dr. Shearer's interpretation of the plea agreement, as he described it in the *Shearer Declaration*, is unreasonable.  Note that Attorney Wagner avoids any suggestion of

unreasonableness.   He states that he meant the questioned phrase in the agreement "to make clear that the plea agreement did not restrict the Internal Revenue Service from pursuing any civil liability..."   He is certainly entitled to intend the phrase to mean anything, but his own intent is not probative, let alone relevant, of Dr. Shearer's intent. Mr. Wagner asserts that he "never agreed to or proposed a nolo contendere plea and I did not intend to do so in this case." This is certainly true but of no consequence. Dr. Shearer made clear that the plea agreement was intended to be a *nolo* plea in mufti, and – if anything – Mr. Wagner has underscored a reason for such a plea: the Department of Justice considers "*nolo*" to be a forbidden word.

This is not a case where the *Wagner Declaration* has proffered evidence that Dr. Shearer and his criminal defense team were unreasonable in believing that the plea agreement was intended to not operate as document whose use was limited to the criminal proceeding.   Rather, this is a case where Dr. Shearer has contended that he believed it was raining, and the Government has responded with evidence that it was really just cloudy. Perhaps Attorney Wagner is correct that he intended the agreement mean one thing, but his evidence does not contend, let alone show, that Dr. Shearer is wrong in his interpretation, let alone unreasonable.

## V.    Conclusion

For the reasons stated herein, the *Wagner Declaration* – being irrelevant to the issues in this matter – should not be considered in resolution of the *Second Motion for Summary Judgment* or in any trial.

Respectfully submitted,

Date: November 27, 2016        /s/ Matthew Gilmartin
                               Matthew Gilmartin (Ohio 0024683)
                               P.O. Box 939
                               North Olmsted, OH  44070
                               (440) 479-8630
                               (440) 398-0179 Fax
                               matt7g@att.net
                               Attorney for Defendants L. Richard Shearer
                                    & Diane Shearer

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent to the following parties by ECF transmission or via U.S. Mail on the 27th day of November, 2016:

G. Patrick Jennings
US DOJ, Tax Division
P.O. Box 683
Ben Franklin Station
Washington, DC  20044
202.307.6648 Tel
Guy.P.Jennings@usdoj.gove

Evelyn Louise Shearer, Trustee
11075 Benton Street, Apt. 128
Loma Linda, CA  92354

Vernon L. Swenson
Leora Swenson
1045 N. Old Stage Road
Mt. Shasta, CA  96067

Joe Alfred Isen, Jr.
5222 Spruce Street
Bellaire, TX  77401
(713) 668-8815 Tel.
(713) 668-9402 Fax
jizen@comcast.net

1   Jihad Smaili
    SMAILI & ASSOCIATES, PC
2   600 West Santa Ana Blvd., Suite 202
    Santa Ana, CA  92701
3   (714) 547-4700 Tel.
    (714) 547-4710 Fax
4

5   Shaun Cunningham
    24551 Del Prado, #683
6   Dana Point, CA  92629
    (949) 391-3725 Tel.
7   (949) 305-5503 Fax
8   mrshauncunningham@gmail.com

9

10

11                                            */s/ Matthew Gilmartin*
                                              Matthew Gilmartin (Ohio 0024683)
12                                            Attorney for Defendants L. Richard
                                                  Shearer & Diane Shearer
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28