CAROLINE D. CIRAOLO
Principal Deputy Assistant Attorney General

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6648
Email: guy.p.jennings@usdoj.gov

PHILLIP A. TALBERT
Acting United States Attorney
Eastern District of California
*Of Counsel*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>          Plaintiff,<br><br>     v.<br><br>L. RICHARD SHEARER;<br>DIANE SHEARER;<br>STANLEY SWENSON as Trustee of<br>the HOTLUM TRUST, BERRYVALE<br>TRUST, and REGENCY TRUST; et al.;<br><br>          Defendants. | Civil No.  2:12-CV-02334 TLN AC<br><br>**UNITED STATES' OPPOSITION TO MOTION IN LIMINE** |

The United States hereby opposes the 'Motion in Limine' filed by defendants Richard and Diane Shearer (ECF 80) to the United States' second motion for summary judgment (ECF 65).  The Motion in Limine is actually a sur-reply in opposition to the United States' pending Motion for Summary Judgment, (ECF 65), and because the Court has not permitted such a filing, it should be disregarded by the Court.

1

14803479.1

In the Summary Judgment Motion, the United States has submitted evidence that Dr. Shearer circulated his earnings offshore and failed to report taxable income, which constituted the factual basis of Dr. Shearer's plea agreement. Dr. Shearer has not submitted any evidence to show that he lacked fraudulent intent.  Dr. Shearer admitted the truth of the facts set forth in the plea agreement in this case, without objection, in his response to a request for admission.  (ECF 41-1, Ex. A, ¶ 3, Ex. A-1).  In his deposition, Dr. Shearer again confirmed the truth of the facts set forth in the plea agreement, without objection.

The plea of guilty was accepted by the Court. The Court did not make the findings necessary to approve the plea as a nolo contendere plea under Fed. R. Crim. Pro. Rule 11.  Now, Dr. Shearer argues that the plea agreement was effectively a nolo plea, and argues that the facts which show his fraudulent intent must be excluded from evidence. The facts of Dr. Shearer's tax scheme should not be excluded from this case or the Motion for Summary Judgment.

The plea agreement states, at page 2, paragraph A, "The defendant understands that nothing in this agreement affects the defendant's personal federal tax liability, or restricts the United States or the Internal Revenue Service from initiating any collection or civil enforcement action relating thereto."  (ECF 41-2, ¶ A).  The plea agreement was "integrated", the complete agreement of the parties.

Dr. Shearer argues that "nothing in the plea agreement affects the tax liability" means "the facts in the plea agreement cannot be used as evidence in the civil tax liability case."  This interpretation is not plausible in the context of the second part of the sentence, which provides that nothing in the plea agreement would restrict the initiation of **any** civil action.  The "nothing . . . affects" language is too broad to be construed as an

14803479.1

agreement to restrict the proof available to the United States in the civil case, when the lack of restriction is noted in the same sentence.

Plea agreements are partly governed by contract law and also by Fed. R. Crim. Pro. Rule 11. A nolo plea is not an admission of guilt. *Olsen v. Correiro*, 189 F.3d 52, 59–60 (1st Cir. 1999). "A defendant may plead not guilty, guilty, or (with the court's consent) nolo contendere." Crim. Rule 11(a). "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Crim. Rule 11(b)(3). Dr. Shearer's plea agreement is clearly an admission of guilt, which the prosecutor bargained for and obtained. The Court should not accept a strained interpretation of the "nothing . . . affects" language because this would circumvent the Fed. R. Crim. P. Rule 11 restrictions on the nolo plea.

One case has been found in which the taxpayer argued that an *Alford* plea was analogous to a plea of nolo contendere and thus had no collateral estoppel effect in a subsequent civil proceeding. *Blohm v. Commissioner*, 994 F.2d 1542, 1553-1554 (11th Cir. 1993). In that case, the taxpayer entered a plea of guilty but maintained his innocence. *See, North Carolina v. Alford*, 400 U.S. 25 (1970). A criminal tax fraud conviction under 26 U.S.C. § 7201 estops a taxpayer from denying liability for civil fraud under 26 U.S.C. § 6653(b) for the same year[1]. *Klein v. Commissioner*, 880 F.2d 260, 262 (10th Cir.1989). A guilty plea has the same effect. *Manzoli v. Commissioner*, 904 F.2d 101, 105 (1st Cir. 1990). Guilty pleas must be based in fact before they may be accepted. Fed.R.Crim.P. 11(f); *Alford*, 400 U.S. at 35 n. 8. No similar requirement exists

---

[1] The elements of the particular crimes of Dr. Shearer are not identical to the elements of civil fraud, and so the United States does not argue that estoppel applies directly, but the elements of the particular Shearer crimes are established by the conviction. *Compare, Mobley v. Commissioner*, 65 T.C.M. (CCH) 1939 (T.C. 1993) aff'd by unpublished opinion, 33 F.3d 1382 (11th Cir. 1994) (taxpayer's conviction under 18 U.S.C. § 371 does not collaterally estop him from challenging the allegation of civil fraud); to *Considine v. United States*, 683 F.2d 1285, 1287 (9th Cir. 1982) (elements of crime established by conviction).

14803479.1

for pleas of nolo contendere. *Alford*, 400 U.S. at 35 n. 8. The Court in the *Blohm* case decided that a defendant cannot avoid the collateral effects of a guilty plea by maintaining innocence. *Blohm v. Commissioner*, 994 F.2d at 1554. In other words, an assertion of innocence does not transform a guilty plea into a plea of nolo contendere. The *Alford* guilty plea of *Blohm* was given full collateral estoppel effect and the fraud penalty upheld. *Id.*

*Blohm v. Commissioner* demonstrates a Court refusing to allow a guilty plea to be mischaracterized as a plea of nolo contendere. This Court should be persuaded to do the same. Unlike Mr. Blohm with his Alford plea, Dr. Shearer did not even maintain his innocence, and so the Shearer plea is even further from a nolo plea.

Mr. Blohm, like Dr. Shearer, also argued that language in his plea suggested that the United States could not use the plea in a subsequent proceeding. Without reference to extrinsic evidence, the Court of Appeals rejected Blohm's argument, noting that the plea agreement did not explicitly promise such a term. This is exactly like the argument of Dr. Shearer, who is attempting to add terms which are not explicitly written to his guilty plea. The Court should not change the terms of the plea in this case where no explicit language is contained in the agreement.

Even if the Court does consider the Shearer Plea to be a nolo plea, that does not insulate the underlying facts from discovery and admissibility. *United States v. Wyatt*, 762 F.2d 908, 911 (11th Cir. 1985) (underlying facts of nolo plea otherwise admissible). Here, the United States confirmed the underlying facts in a direct request for admission and in deposition. This established a source for the facts independent of the direct use of the plea agreement. Dr. Shearer is now seeking in effect to withdraw his admission, which he has not justified.

Where parties dispute the meaning of contractual language, "the first question to be decided is whether the disputed language is 'reasonably susceptible' to the interpretation urged by the party. If it is not, the case is over." *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.*, 107 Cal.App.4th 516, 132 Cal.Rptr.2d 151, 157 (2003); *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1223 (9th Cir. 2008). Where "contract language is clear and explicit and does not lead to absurd results, we ascertain intent from the written terms and go no further." *Shaw v. Regents of University of California*, 58 Cal.App.4th 44, 53 (1997). The "mere fact that a word or phrase in a [contract] may have multiple meanings does not create an ambiguity." *Palmer v. Truck Ins. Exchange*, 21 Cal.4th 1109, 1118 (1999). "A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." Cal. Civ. Code, § 1636.

The "nothing affects the tax liability" language interpreted to create a stealth nolo plea would subvert the requirements of Rule 11 of the Fed. R. Crim. P., which requires, in the case of a proposed plea of nolo contendere, a court finding of the public interest in the effective administration of justice. That contract interpretation must be disfavored because it leads to an unlawful result, that is, a nolo plea unreviewed by the Court.

Extrinsic evidence is generally prohibited "to vary, alter or add to" terms of a contract. *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1223 (9th Cir. 2008). Here Dr. Shearer is clearly attempting to add a term which was not contained in the plea agreement, nor considered by the Court during the Rule 11 review. "The test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether it appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument

is reasonably susceptible." *Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.*, 69 Cal. 2d 33 (1968). "If in light of the extrinsic evidence the court decides the language is reasonably susceptible to the interpretation urged, the extrinsic evidence is then admitted to aid in ... interpreting the contract." *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1223 (9th Cir. 2008).

In opposing the United States' motion, Dr. Shearer filed a declaration asserting his creative view of the terms of the plea agreement. The United States contends that the Court should not consider his argument because it contradicts the plain meaning of the plea agreement in context and would subvert Rule 11. If the Court does consider Dr. Shearer's declaration, simple fairness would dictate the consideration of the declaration of former prosecutor Benjamin Wagner. Attempting to elevate a rule of interpretation to a rule of exclusion is going too far.

Dr. Shearer correctly cites authority that any lack of clarity in a plea agreement should be construed against the government, *United States v. Speer*, 753 F.3d 964, 969 (9th Cir. 2014), and that the defendant's *reasonable* understanding of the terms is the goal. *Id.* In *Speer* the Court held the United States to the explicit terms of the agreement and did not add a waiver of the right to appeal that the prosecutor argued was implicit. Here the defendant was represented at all times by counsel who participated in the drafting of the plea, but did not add to the agreement the written term he now seeks to add. Dr. Shearer's understanding of the terms of the plea are not reasonable because they conflict with the plain language and with Rule 11.

6

**Conclusion**

Dr. Shearer has not submitted evidence that he lacked fraudulent intent in evading his tax liabilities. The Court is respectfully requested to enter summary judgment on the tax and fraud penalties, in the current balance alleged.  The claims of nominee, alter ego, or fraudulent transfer to the trusts remain for trial.

                                            CAROLINE D. CIRAOLO
                                            Principal Deputy Assistant Attorney General

Date: December 9, 2016         /s/ G. Patrick Jennings
                                            G. PATRICK JENNINGS
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice

14803479.1