MATTHEW GILMARTIN
Matthew Gilmartin, Attorney at Law, LLC
P.O. Box 939
North Olmsted, OH 44070
Tel:       (440) 479-8630
Fax:      (440) 398-0179
Email:   matt7g@att.net

*Counsel for Defendants, L. Richard Shearer
and Diane Shearer*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 2:12-CV-02334 |
| Plaintiff, | : | **DEFENDANTS L. RICHARD AND DIANE SHEARER'S REPLY TO USA'S OPPOSITION TO THEIR MOTION IN LIMINE** |
| vs. | : | |
| L. RICHARD SHEARER, et al., | : | Date: _____ |
| | : | Time: _____ |
| Defendants. | : | Court:   2, Fifteenth Floor |
| | : | Judge:  Hon. Troy L. Nunley |

Defendants L. Richard and Diane Shearer ("the Shearers") herewith reply, pursuant to L. Rule 230(e), to the *Opposition to Motion in Limine*, ECF 82, filed by Plaintiff United States ("Plaintiff" or "Government") on December 9, 2016.

1.  In their *Motion in Limine,* the Shearers asked this Court to issue an order prohibiting the Government from presenting at trial or using in its pending *Second Motion for Summary Judgment* the declaration of Government counsel Benjamin Wagner, ECF 74-1 ("Wagner Declaration"). That declaration describes what Mr. Wagner avers was the Government's intent in entering into a plea agreement with L. Richard Shearer ("Dr. Shearer") in the criminal action known as

*United States v. Shearer*, Case No. 2:00-cr-00345-FCD-4 (E.D.Cal.). Said *Plea Agreement* is found in the criminal matter at ECF 41-2, filed August 22, 2014. The Shearers argued in the *Motion in Limine* that Mr. Wagner's representations are irrelevant to any issues presented in this case, because in construing a plea agreement, a court must determine what the *defendant* reasonably understood the terms of the agreement to be when he pleaded guilty. What the attorney for the Government might have understood the agreement to mean is not legally relevant.

      2.    In its *Opposition,* the Government argues everything but the issue raised by the Shearers. It contends that Dr. Shearer's "interpretation is not plausible in the context of the second part of the sentence, which provides that nothing in the plea agreement would restrict the initiation of any civil action." *Opposition, supra* at p. 2. It complains that Dr. Shearers' "strained interpretation of the 'nothing… affects' language… would circumvent the Fed. R. Crim. P. Rule 11 restrictions on the nolo plea." *Id.* at p. 3. It maintains that "Dr. Shearer… is attempting to add terms which are not explicitly written to his guilty plea." *Id.* at p. 4. Finally, it argues that it has already otherwise confirmed Dr. Shearers' admission to criminal conduct "in a direct request for admission and in deposition."

      3.    All of this may or may not be true, but regardless, it entirely misses the Shearers' point. It is Dr. Shearers' *reasonable* understanding of the terms of the agreement that govern its interpretation. *United States v. Lee,* 725 F.3d 1159, 1166 (9th Cir. 2013). The Government suggests his interpretation is not reasonable: that is within its rights to so argue. The Government says that prior admissions by the Shearers make its case that Dr. Shearers' interpretation of the agreement should not be credited: that likewise is an argument the Government is free to make. What

the Government may *not* do is introduce its own attorney's statement as to what *he* thought the agreement meant when he signed it. What Mr. Wagner thought it meant is simply not relevant. *Lee* holds as much.

4. The only portion of the Government's opposition relevant to the Shearers' *Motion in Limine* argues that

> [i]f the Court does consider Dr. Shearer's declaration, simple fairness would dictate the consideration of the declaration of former prosecutor Benjamin Wagner. Attempting to elevate a rule of interpretation to a rule of exclusion is going too far.

But the Government cites no precedent for its "simple fairness" standard, and indeed there is none. The defendant did not enter into a commercial contract between parties with equal bargaining power. Rather, the defendant faces the might of the United States of America on the other side of the table, and finds himself surrendering a panoply of constitutional rights in exchange for a limitation on his immurement. Because of this, the "simple fairness" the Government argues should apply does not require symmetry, but rather requires that the defendant's reasonable understanding of what he is bargaining for must govern interpretation of the agreement. That much is made clear in *United States v. De la Fuente*, 8 F.3d 1333, 1337-38 (9th Cir. 1993). There, the 9th Circuit said unequivocally that in construing the plea agreement, "our cases have held that it is the defendant's understanding at the time of the plea that controls… We are not free to disregard this controlling precedent." *Id.* at 8 F.3d 1337, fn. 8.

5. Neither is this court free to disregard the 9th Circuit's controlling precedent in favor of the Government's novel theory of symmetrical "fairness."

Rather, the required "fairness" has been firmly defined (as it should be) in terms of the due process rights of the criminal defendant. *United States v. Heredia*, 768 F.3d 1220, 1230-31 (9th Cir. 2014) (due process requires that the courts recognize the unequal bargain positions of the parties, as well as the due process rights of the defendant).

6. The Government's sole objection to the Shearers' motion is that the exclusion of the Wagner declaration isn't "fair." That is not a standard that would permit this Court to ignore Circuit precedent and Dr. Shearer's due process rights.

WHEREFORE, for the reasons stated herein, the *Wagner Declaration* – being irrelevant to the issues in this matter – should not be considered in resolution of the *Second Motion for Summary Judgment* or in any trial.

Respectfully submitted,

Date: December 16, 2016

*/s/ Matthew Gilmartin*
Matthew Gilmartin (Ohio 0024683)
P.O. Box 939
North Olmsted, OH  44070
(440) 479-8630
(440) 398-0179 Fax
matt7g@att.net
Attorney for Defendants
L. Richard Shearer &
Diane Shearer

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was sent to the following parties by ECF transmission or via U.S. Mail on the 16th day of December, 2016:

| | |
|---|---|
| G. Patrick Jennings<br>US DOJ, Tax Division<br>P.O. Box 683<br>Ben Franklin Station<br>Washington, DC  20044<br>202.307.6648 Tel<br>Guy.P.Jennings@usdoj.gove | Joe Alfred Izen, Jr.<br>5222 Spruce Street<br>Bellaire, TX  77401<br>(713) 668-8815 Tel.<br>(713) 668-9402 Fax<br>jizen@comcast.net |
| Evelyn Louise Shearer, Trustee<br>11075 Benton Street, Apt. 128<br>Loma Linda, CA  92354 | Jihad Smaili<br>SMAILI & ASSOCIATES, PC<br>600 West Santa Ana Blvd., Suite 202<br>Santa Ana, CA  92701<br>(714) 547-4700 Tel.<br>(714) 547-4710 Fax |
| Vernon L. Swenson<br>Leora Swenson<br>1045 N. Old Stage Road<br>Mt. Shasta, CA  96067 | Shaun Cunningham<br>24551 Del Prado, #683<br>Dana Point, CA  92629<br>(949) 391-3725 Tel.<br>(949) 305-5503 Fax<br>mrshauncunningham@gmail.com |

　　　　　　　　　　　　　　　　　　*/s/ Matthew Gilmartin*
　　　　　　　　　　　　　　　　　　Matthew Gilmartin (Ohio 0024683)
　　　　　　　　　　　　　　　　　　Attorney for Defendants
　　　　　　　　　　　　　　　　　　L. Richard Shearer &
　　　　　　　　　　　　　　　　　　Diane Shearer