UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-cv-02334-TLN-DB |
| Plaintiff, | |
| v. | **ORDER** |
| L. RICHARD SHEARER, et al., | |
| Defendants. | |

This matter is before the Court pursuant to Defendants L. Richard Shearer and Diana Shearer's ("Defendants")[1] motion titled Motion in Limine Against Declaration of Government Counsel Benjamin Wagner. (ECF No. 80.) Defendants seek to exclude from "any trial" the Declaration of Government Counsel Benjamin Wagner ("Wagner Declaration") insofar as Wagner offers an interpretation of the plea agreement between the United States and Defendant L. Richard Shearer. (ECF No. 80 at 1.) To the extent Defendants move to exclude evidence from trial, Defendants' motion is premature. On August 30, 2016, the Court vacated the trial previously set for November 28, 2016, to allow the Court an opportunity to rule on Plaintiff's Second Motion for Partial Summary Judgment (ECF No. 65) and Defendants' Amended Motion for Summary Judgment (ECF No. 67). No new trial date has been set and the Court will not rule

---

[1] Defendants Stanley Swenson, Hotlum Trust, Berryvale Trust, Regency Trust, Carl S. Wilson, Carol Wilson, Evelyn Louise Shearer, Vernon L. Swenson, and Leora Swenson do not join in the instant motion.

1

on the exclusion of evidence at trial when a trial may not be forthcoming.

In the alternative, Defendants ask the Court to strike the Wagner Declaration and to decide the Plaintiff's motion for summary judgment without considering the declaration. (ECF No. 80 at 5.) Defendants suggest that the Court should not consider the Wagner Declaration because it is unresponsive and irrelevant to the issues raised in defense of or in favor of Plaintiff's Motion for Summary Judgement (ECF No. 65). The Ninth Circuit has found that "only pleadings are subject to motions to strike." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F. 2d 880, 885 (9th Cir. 1983). For this reason, the Court will regard the motion as "an invitation by the movant to consider whether the [proffered material] may properly be relied upon." *Natural Res. Def. Council v. Kempthorne*, 539 F. Supp. 2 d 1155, 1162 (E.D. Cal. 2008) (internal quotations and citation omitted.). Generally, motions to strike are disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618, 624 (N.D. Cal. 2011). In addition, at the summary judgment stage, "a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56." *Block v. City of Los Angeles*, 253 F. 3d 410, 419 (9th Cir. 2001).

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is admissible unless the United States Constitution, Federal Rules, Federal Statutes, or rules prescribed by the Supreme Court, provide otherwise. Fed. R. Evid. 402. Irrelevant evidence is inadmissible. *Id*. Defendants assert that the evidence is irrelevant because the Government's understanding of a plea agreement in a criminal case is not legally relevant to the issue of the reasonable interpretation of the plea agreement. (ECF No. 83 at 2.) Defendants contend that the Court must only determine what the defendant reasonably understood the agreement to mean. (ECF No. 83 at 2.) Without determining the reasonableness of Defendant Richard Shearer's interpretation of the plea agreement, the Court finds that the Wagner Declaration is relevant.

The Wagner Declaration is significant in that it sheds light on whether Defendant Richard

Shearer's interpretation is indeed reasonable. To say that a declaration of the government attorney responsible for entering into the plea agreement has no tendency to make facts at issue in the plea agreement more or less probable is simply not reasonable. As evidenced by the instant motion, the plea agreement at issue is a disputed fact between the parties, and thus the aforementioned declaration is proper evidence in support of or defense of a motion for summary judgment. Accordingly, Defendants' motion is DENIED insofar as it seeks to strike the Wagner Declaration from use in the motion for summary judgment.

For the reasons stated herein, the Court hereby DENIES Defendants' Motion in Limine (ECF No. 80). The Court invites Defendants to refile their motion to exclude evidence at trial at an appropriate time if and when a new trial date is set.

IT IS SO ORDERED.

Dated: December 27, 2016

Troy L. Nunley
United States District Judge