UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>L. RICHARD SHEARER; *et. al.*;<br><br>Defendants. | No. 2:12-cv-02334-TLN-DB<br><br>**ORDER DENYING DEFENDANTS'<br>MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court on Defendant L. Richard Shearer and Defendant Diane Shearer's (collectively, "Defendants") Amended Motion for Summary Judgement for Lack of Subject Matter Jurisdiction. (ECF No. 67 at 4.) Plaintiff the United States of America opposes the motion. (ECF No. 68.) Defendants have replied. (ECF No. 75.) For the reasons discussed below, the Court DENIES Defendants' Motion for Summary Judgment, (ECF No. 67).

///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendants, a husband and wife, are residents of Siskiyou, California. (ECF No. 4 ¶ 5.) This civil action is brought by the government, to reduce the joint federal tax assessments against Defendants, to establish that three trusts are nominees, or alter egos, of Defendants and set aside fraudulent transfers, and to foreclose federal tax liens on certain real property. (ECF No. 4 ¶¶ 25, 32, 39, 48.) Defendants assert that the IRS did not comply with proper deficiency notice procedures and that this Court, therefore, lacks subject matter jurisdiction. (ECF No. 67 at 4.)

L. Richard Shearer is a medical doctor who practiced in Siskiyou, California from 1995-2001. (ECF No. 53 at 2.) In 2001, L. Richard Shearer pleaded guilty to one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and one count of making and subscribing to false tax returns in violation of 26 U.S.C. § 7206(1) for tax years 1995-1999. (ECF No. 67 at 5.) The Internal Revenue Service ("IRS") examined Defendants original tax returns for the relevant years and determined there were "substantial" tax deficiencies. (ECF No. 68 at 2.)

In 2003, the IRS issued a Notice of Deficiency to Defendants for those tax years, stating the IRS "determined that you owe additional tax or other amounts, or both, for the tax year(s) identified above." (ECF No. 67 at 5.) The Notice of Deficiency proposed deficiency amounts and fraud penalties pursuant to 26 U.S.C. § 6663 for each of the relevant tax years. (ECF No. 68 at 2) (citing ECF No. 66-2 at 16). Defendants did not challenge the proposed assessments in the United States Tax Court. (ECF No. 68 at 2.) The proposed deficiencies and fraud penalties were "assessed" on March 8, 2004. (ECF No. 68 at 2.)

Defendants then filed amended tax returns for tax years 1995-1999 disregarding the trusts. (ECF No. 67 at 5; ECF No 68 at 2.) In 2008, the IRS "essentially accepted the amended tax returns as filed with respect to income and expenses reports, made computational adjustments, and substantially reduced the original assessments of tax and fraud penalties." (ECF No. 68 at 2.) The IRS "did not issue a second deficiency notice with respect to the reductions in tax and penalty relating to the amended returns." (ECF No. 68 at 2–3.) Defendants argue the IRS failed to follow proper deficiency procedures because it did not issue a new deficiency notice based on the amended returns, so the IRS cannot now sue to collect the deficiency. (ECF No. 67 at 7–8)

## II. STANDARD OF LAW

Summary judgment is appropriate when the moving party demonstrates no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotations omitted). Indeed, summary judgment should be entered against a party who does not make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 251–52.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

trial." *First Nat'l Bank*, 391 U.S. at 288–89. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Rule 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with any applicable affidavits. Fed. R. Civ. P. 56(c); *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1305–06 (9th Cir. 1982). The evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts pleaded before the court must be drawn in favor of the opposing party. *Anderson*, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). Finally, to demonstrate a genuine issue that necessitates a jury trial, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587.

### III. ANALYSIS

Defendants argue the IRS failed to follow proper deficiency notice procedures for any deficiency related to Defendants' amended returns and, therefore, cannot sue in district court to collect that deficiency. (ECF No. 67 at 7.) Defendants argue that once the IRS accepted the amended returns as filed, the amended returns "superseded" the original returns, and the IRS was required to provide a new notice of deficiency before increasing Defendants' liability from that declared on their amended returns. (ECF No. 67 at 7) (citing 25 U.S.C. §§ 6212 and 6213).

The government argues the IRS did not identify new deficiencies triggering deficiency procedures, but rather reduced the original assessments based on Defendants' amended returns, including adjustments for math errors the IRS made to those amended returns. (ECF No. 68 at 2–3.) The government argues the IRS already issued a notice for those original assessments and was not required to issue a new notice to reduce the original assessments. (ECF No. 68 at 3.)

4

A deficiency is the amount of tax imposed by the IRS less any amount reported by the taxpayer on his return. 26 U.S.C. § 6211(a). If the IRS determines there is a deficiency, it must issue a notice of deficiency to the taxpayer, triggering jurisdiction in the United States Tax Court, in which the taxpayer may dispute the deficiency before paying the amount assessed. 26 U.S.C. § 6212(a). In a district court, in contrast, the taxpayer must make full payment of the assessment before filing a suit for a refund. *Reynoso v. United States*, 692 F.3d 973, 980 (9th Cir. 2012).

Where the IRS has previously made a deficiency assessment, "credit should be given for deficiencies previously assessed or collected." *Levinson v. United States*, 496 F.2d 651, 652–53 (3rd Cir. 1974). The calculation to determine whether any deficiency remains, therefore, is the correct tax minus the tax shown on the return, amounts previously assessed or collected without assessment, and rebates. *Id.* When the IRS applied the formula here, Defendants' amended returns reduced the original assessments. Defendants had already received a notice of deficiency for the larger amount of the original assessment and had already had the opportunity to timely contest it in Tax Court. The amended returns, therefore, did not create a new deficiency under §6211 and the IRS was not required to issue a new notice of deficiency. 26 U.S.C. § 6212(a).

Defendants also argue that the IRS failed to abate fraud penalties for the relevant tax years after reviewing Defendants' amended returns. (ECF No. 67 at 8, 10.) The government argues Defendants cannot "erase" fraud penalties by filing amended tax returns. (ECF No. 68 at 5.) Filing a corrected tax return does not "zero out" a previously filed false return and cancel out any harm. *United States v. Hanson*, 2 F.3d 942, 946 n.1 (9th Cir. 1993) (citing *Badaracco v. Commissioner of IRS,* 464 U.S. 386, 394 (1984), stating that once a taxpayer has filed a fraudulent return, civil fraud liability remains, regardless of later revised conduct). That the taxpayer may later show there was no tax due for the tax year of the fraudulent tax return does not negate fraud penalties imposed based on the original return. *Elmbrook Home, Inc. v. United States*, 559 F. Supp. 787, 790 (D.R.I. Mar. 21, 1983). Here, the IRS calculated fraud penalties based on Defendants' original returns, and was not required to remove all fraud penalties when Defendants later filed amended returns for those tax years disregarding the trusts. *Id.*

///

1 | Finally, Defendants argue the IRS made adjustments to portions of the amended returns that "slightly increased the taxes declared" by Defendants for some of those portions of the returns and these constituted new deficiencies which required a notice of deficiency. (ECF No. 67 at 9.) The government argues the adjustments were due to math or clerical errors, which may be "summarily corrected" by the IRS under 26 U.S.C. § 6213(b). (ECF No. 68 at 7.)

If the IRS notifies a taxpayer that a mathematical or clerical error on his return resulted in an amount of tax above that shown on his return, that notice shall not be considered a notice of deficiency. 26 U.S.C. § 6213(b)(1). Section 6213(g)(2) defines a number of "mathematical or clerical errors." 26 U.S.C. § 6213(g)(2)(A)–(Q). Section 6213(g) includes in this list a deduction or credit in an amount which exceeds a statutory limit if that limit is expressed (i) as a specified monetary amount or (ii) as a percentage, ration, or fraction. 26 U.S.C. § 6213(g)(2)(E)(i)–(ii).

Here, Defendants' failed to consider the statutory $3,000 annual limit on long-term carryover loss in 26 U.S.C. § 1211(b)(1), (ECF No. 68 at 9), the type of error relating to a specified monetary statutory limitation described in § 6213(g)(2)(E)(i). Defendants' failure to correctly deduct one-half of the self-employment tax in calculating taxable income per 26 U.S.C. § 164(f)(1), (ECF No. 68 at 9), is the type of error relating to subtraction and multiplication described in § 6213(g)(2)(A). Defendants' failure to consider the limitation on charitable deductions of 50% of the taxpayer's Adjusted Gross Income under 26 U.S.C. § 170(b)(1)(A), (ECF No. 68 at 9), is the type of error relating to statutory limitation expressed as a percentage, described in § 6213(g)(2)(E)(ii). These corrections are excepted from deficiency procedures even if they increase liability. Here, the net of these adjustments "slightly" increased *the abatements* of the original assessments. The corrections did not require deficiency notice. 26 U.S.C. § 6213(b).

The IRS did not fail to follow proper deficiency notice procedures. Accordingly, this Court is not deprived of jurisdiction.

The Court hereby DENIES Defendants' Motion for Summary Judgment, (ECF No. 67).

IS IT SO ORDERED.

Dated: June 29, 2018

Troy L. Nunley
United States District Judge