RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6648
Email: guy.p.jennings@usdoj.gov

McGREGOR W. SCOTT
United States Attorney
Eastern District of California
*Of Counsel*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>                Plaintiff,<br><br>       v.<br><br>L. RICHARD SHEARER;<br>DIANE SHEARER;<br>STANLEY SWENSON as Trustee of<br>the HOTLUM TRUST, BERRYVALE<br>TRUST, and REGENCY TRUST; et al.;<br><br>                Defendants. | Civil No.  2:12-CV-02334 TLN DB<br><br>**MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION TO STRIKE JURY DEMAND**<br><br>Date:   October 4, 2018<br>Time:   2:00 p.m.<br>Court:  2, Fifteenth Floor<br>Judge:  Hon. Troy L. Nunley |

The United States hereby moves the Court to strike the jury demands of the Trust defendants. (Docket No. 12, 13, 14, 15). There is no right to a jury trial on the equitable issues remaining for trial. In support of its request, the United States pleads as follows:

**INTRODUCTION**

This is a civil action brought by the United States of America (a) to reduce to judgment federal tax assessments against L. Richard Shearer and Diane Shearer ("taxpayers"), husband and wife; (b) to adjudicate that Hotlum Trust, Berryvale Trust, and Regency Trust (the "Trust Defendants") are the nominees, alter egos, or fraudulent transferees of the taxpayers; and (c) to foreclose federal tax liens against certain real property in Siskiyou County, California.  The Court has adjudicated the issue of the tax liability in granting the motion for summary judgment of the United States (Docket No. 86, August 6, 2018), and so only the nominee, transferee, and foreclosure claims remain at issue.  In the initial Joint Status Report (Docket No. 18 -- 2013), the United States noted that it would move to strike the jury demand of the Trust Defendants.  The Court should strike the jury demand pursuant to Fed. R. Civ. P. 39(a)(2) because the claims at issue are equitable in nature and no right to a jury trial exists on those Counts.

**ARGUMENT**

Fed. R. Civ. P. 39(a)(2) provides that if a jury trial has been demanded under Fed. R. Civ. P. 38, which the Trust Defendants did in this case, the trial must be by jury unless the Court finds that on some or all of the issues so demanded, no federal right to a jury trial exists.  As discussed below, no federal right to a jury trial exists with respect to any of the Counts that pertain to the Trust defendants and the Court should therefore strike the jury demand.

The first claim in the amended complaint seeks to reduce the tax liabilities to judgment and has been adjudicated.  The second claim for relief in the amended complaint seeks to establish that the Trust Defendants are shams, thereby nullifying the transfers of the taxpayers' three properties to the Trusts.  The third claim for relief is to

set aside fraudulent transfers of the properties to the Trust Defendants, or for a determination that the Trusts hold the properties as nominees or alter egos of the taxpayers. The fourth claim for relief is to foreclose the federal tax liens on the properties.

The United States seeks to set aside the transfer of the subject properties, including the taxpayers' residence and two medical offices, to the Trust Defendants. In the Ninth Circuit, it is clear that the Trust Defendants do not have a right to a trial by jury with respect to the United States' claims against them to set aside the fraudulent conveyance of real property. *Johnson v. Gardner*, 179 F.2d 114, 117 (9th Cir. 1949), *cert. denied* 339 U.S. 935 (1950); *United States v. Clark*, 2007 WL 3146733, *2-3 (ND Cal. Oct. 25, 2007); *Stratton v. Vita Bella Group Homes, Inc.*, 2007 WL 1531860, *3 (ED Cal. May 25, 2007). Numerous courts of appeals have held that "any attempt to remedy a fraudulent conveyance of real property through a set aside or avoidance was a matter for the equity courts and that no right to a jury trial attached." *In re Pasquariello*, 16 F.3d 525, 530 (3d Cir. 1994) (collecting cases); *see also Damsky v. Zavatt*, 289 F.2d 46, 53 (2d Cir. 1961).

The United States also seeks to foreclose the federal tax liens on the subject property. Foreclosure of a lien on real property is an equitable action for which there was no right to trial by jury at common law. *Damsky*, 289 F.2d at 53; *United States v. Annis*, 634 F.2d 1270, 1272 (10th Cir. 1980); *Gefen v. United States*, 400 F.2d 476, 479 (5th Cir. 1968), *overruling recognized on other grounds by Barnett v. Internal Revenue Service*, 988 F.2d 1449, 1454 n. 10 (5th Cir.); *Clark*, 2007 WL 3146733 at *4. Actions such as this one to enforce tax liens against real property under 26 U.S.C. § 7403 are by

14803479.1

their nature proceedings in equity. *United States v. Rodgers*, 461 U.S. 677, 708 (1983). Consequently, there is no right to trial by jury on the foreclosure claim.

### Conclusion

For the reasons set forth above, the Court should grant this motion and strike the jury demand because the only claims in this case that relate to the Trust Defendants are equitable in nature.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

Date: August 23, 2018      /s/ G. Patrick Jennings
　　　　　　　　　　　　　　G. PATRICK JENNINGS
　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　U.S. Department of Justice

14803479.1