RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

G. PATRICK JENNINGS
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6648
Email: guy.p.jennings@usdoj.gov

McGREGOR W. SCOTT
United States Attorney
Eastern District of California
*Of Counsel*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>L. RICHARD SHEARER;<br>DIANE SHEARER;<br>STANLEY SWENSON as Trustee of the HOTLUM TRUST, BERRYVALE TRUST, and REGENCY TRUST; et al.;<br><br>    Defendants. | Civil No.  2:12-CV-02334 TLN DB<br><br>**UNITED STATES' REPLY**<br><br>Date:   October 18, 2018<br>Time:   2:00 p.m.<br>Court:   2, Fifteenth Floor<br>Judge:   Hon. Troy L. Nunley<br><br>(hearing vacated by minute order) |

The United States moved the Court to strike the jury demands of the Trust defendants, contending that there is no right to a jury trial on the equitable issues remaining for trial.  The Trust defendants have opposed the motion, arguing that the remedies sought by the United States are legal and not equitable.  The cases cited by the Trust defendants do not support their argument in this case.

1

17005448.1

## INTRODUCTION

This is a civil action brought by the United States of America (a) to reduce to judgment federal tax assessments against L. Richard Shearer and Diane Shearer ("taxpayers"), husband and wife; (b) to adjudicate that Hotlum Trust, Berryvale Trust, and Regency Trust (the "Trust Defendants") are the nominees, alter egos, or fraudulent transferees of the taxpayers; and (c) to foreclose federal tax liens against certain real property in Siskiyou County, California.  The Court has adjudicated the issue of the tax liability in granting the motion for summary judgment of the United States (Docket No. 86, August 6, 2018), and so only the nominee, transferee, and foreclosure claims remain at issue.  The Court should strike the jury demand pursuant to Fed. R. Civ. P. 39(a)(2) because the claims at issue are equitable in nature and no right to a jury trial exists on those Counts.

## ARGUMENT

At the trial of the remaining issues in this matter, the United States will seek to show that the Shearers transferred properties to trusts which they created at the same time as they entered into a fraudulent scheme to avoid reporting some of Dr. Shearer's income from his medical practice.  The primary claim will be to set aside the transfer of the properties, including the taxpayers' residence and two medical offices, to the Trust Defendants as intentionally fraudulent transfers under California law.  The purpose of setting aside the transfers is so that the United States can enforce the federal tax liens on the properties, by selling them, if the Court permits.

### Fraudulent Transfer of Real Property

The Trust Defendants do not have a right to a trial by jury with respect to the United States' claims against them to set aside the fraudulent conveyance of real

17005448.1

property, a claim that sounds in equity. *Johnson v. Gardner*, 179 F.2d 114, 117 (9th Cir. 1949), *cert. denied* 339 U.S. 935 (1950); *In re Pasquariello*, 16 F.3d 525, 530 (3d Cir. 1994) (collecting cases); *see also Damsky v. Zavatt*, 289 F.2d 46, 53 (2d Cir. 1961).

In opposition, the Trust Defendants cite the case of *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989). In that case, the Supreme Court found that a claim by a bankruptcy trustee to recover fraudulently transferred *money* sounded in law and not equity and so a jury trial right attached. However, in the decision, the Court distinguished claims to set aside fraudulent transfers of real property from claims to set aside transfers of money. *Granfinanciera,* 492 U.S. at 46 n. 5. Although the Court "questioned" *Damsky*, it did not overrule it. Subsequent courts have continued to distinguish *Granfinanciera* and hold that its ruling did not apply to transfers of real property. *In re Pasquariello*, 16 F.3d 525, 530 (3d Cir. 1994); *United States v. Porath*, 764 F. Supp. 2d 883, 891–92 (E.D. Mich. 2011), *aff'd*, 490 F. App'x 789 (6th Cir. 2012); *United States v. Clark*, 2007 WL 3146733, at *3 (N.D. Cal. 2007); *Stratton v. Vita Bella Grp. Homes, Inc.*, No. CVF07-0584 LJO, 2007 WL 1531860, at *3 (E.D. Cal. 2007). The case of *Johnson v. Gardner*, 179 F.2d 114, has not been overruled by *Granfinanciera* and so this Court is bound by its holding that a claim to set aside a transfer of real property is equitable and no jury right attaches. *Granfinanciera* does not support the argument of the Trust Defendants.

Another case cited by the Trust Defendants is *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594 (2011). That case considers whether a claim in Bankruptcy Court for tortious interference is a "core proceeding" which can be reduced to judgment. Although the case briefly discusses *Granfinanciera,* it does not discuss legal or equitable remedies, but rather whether the tortious interference claim is within a "public rights

3

exception." The *Stern* case does not expand the *Granfinanciera* holding, and does not support the Trust Defendants' argument.

## Nominee

A nominee holds title to property on behalf of a tax debtor in order to conceal it from creditors. *Fourth Inv. LP v. United States*, 720 F.3d 1058, 1069-1070 (9th Cir. 2013). A multi-factor test is applied, with one factor being the beneficial interest in the property retained by the taxpayers. It is undisputed in this case that the Shearers retained the use of the three properties after the transfers to trust. In the present case, the United States seeks to recover property, and the Trust Defendants seek in effect to quiet title in real property. These actions have their historical origins in courts of equity. *Damsky v. Zavatt*, 289 F.2d 46, 53 (2d Cir.1961) (observing that "[f]oreclosure of the mortgagor's equity of redemption was an established head of equity jurisdiction well before 1791") *Sackett v. Atyeo*, 217 Mich. App. 676, 680, 552 N.W.2d 536, 538 (1996) ("Actions to quiet title are equitable in nature...."); *United States v. Porath*, 764 F. Supp. 2d 883, 890 (E.D. Mich. 2011)(claims including nominee were equitable), *aff'd*, 490 F. App'x 789 (6th Cir. 2012). No jury trial right attaches to claims and remedies which are equitable.

## Tax Lien Foreclosure

The United States also seeks in the instant case to enforce tax liens against real property under 26 U.S.C. § 7403. "A § 7403 proceeding is by its nature a proceeding in equity." *United States v. Rodgers*, 461 U.S. 677, 708 (1983). Foreclosure of a lien on real property is an equitable action for which there was no right to trial by jury at common law. *Damsky*, 289 F.2d at 53; *United States v. Annis*, 634 F.2d 1270, 1272 (10th Cir. 1980); *Gefen v. United States*, 400 F.2d 476, 479 (5th Cir. 1968), *overruling recognized*

4

*on other grounds by Barnett v. Internal Revenue Service*, 988 F.2d 1449, 1454 n. 10 (5th Cir.); *Clark*, 2007 WL 3146733 at *4. Consequently, there is no right to trial by jury on the foreclosure claim.

Counsel for the United States intends to focus at trial on the fraudulent transfer claim, the closely-related nominee claim, and the foreclosure claim.  Counsel will seek permission to abandon the sham and alter ego claims to simplify the trial.

## Alter Ego

The Trusts cite *Wells Fargo & Co. v. United States*, 260 F. Supp. 3d 1140 (D. Minn. 2017) to try to support their argument that alter ego and nominee theories must be tried to a jury.  That case was a tax refund suit, for which taxpayers have a statutory right to a jury trial. 28 U.S.C. § 2402.  Plaintiffs against the United States cannot rely on the Seventh Amendment and must have a statutory basis for a jury trial demand.  "Because there is no common law right of action against the sovereign, the Seventh Amendment does not apply to suits against the United States." *McElrath v. United States*, 102 U.S. 426, 440 (1880); *Baldwin v. United States*, 823 F. Supp. 2d 1087, 1103 (D. N. Mar. I. 2011). Another case cited by the Trusts, *Higgins v. Smith*, 308 U.S. 473 (1939), is also a tax refund suit jury trial, and so irrelevant to the current issue.

Some courts have denied a right to jury trial on alter ego (or "veil-piercing") questions. *International Financial Services Corp. v. Chromas Technologies, Inc.*, 356 F.3d 731, 735 (7th Cir. 2004); *Siegel v. Warner Bros. Entertainment Inc.*, 581 F.Supp.2d 1067 (C.D. Cal. 2008); *see also Dow Jones Co. v. Avenel*, 151 Cal.App.3d 144, 147–48 (1984) ("It is well-settled that the alter ego doctrine [under California law] is essentially an equitable one and for that reason is particularly within the province of the trial court ...[and] a jury cannot be demanded as of right in such actions" (internal quotations

omitted).  Other courts have found such a right.  *Wm Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 136 (2d Cir. 1991); *United States v. Vacante*, 2010 WL 2219405, at *4 (E.D. Cal. June 2, 2010).  The United States will seek to prove that the Shearers' retained an interest in their properties after transfers and the Trusts will effectively seek to quiet title.   *Chromas* and *Siegel* are more persuasive than *Passalacqua* and *Vacante* because this type of remedy against the Trust real property arises in equity and no money judgment is sought against the Trusts.

If successful in the determination of the rights to real property, only then will the separate remedy of foreclosure be requested.  The distinct remedies of alter ego and foreclosure should not be conflated.  Enforcement of tax liens on property has been expressly held to be an equitable matter.  "A § 7403 proceeding is by its nature a proceeding in equity."  *United States v. Rodgers*, 461 U.S. 677, 708 (1983).  The piercing of the corporate form is a mixed question of fact and law which requires substantial legal knowledge, making the issue unsuitable for juries.

### Response to Miscellaneous Citations

The Trusts argue that the United States is subject to the Seventh Amendment, citing *United States v. Troescher*, 99 F.3d 933 (9th Cir. 1996).  That case was based on "hypothetical jurisdiction" and was overruled by *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S.Ct. 1003 (1998).  See, *Chance v. Zinke*, 898 F.3d 1025, 1028–29 (10th Cir. 2018) (overruling noted). The *Troescher* case is no longer good law and does not discuss jury trial rights.

The Trusts cite an obsolete case to try to support an argument for a jury trial.  *Schoenthal v. Irving Trust Co.,* 287 U.S. 92, 96, 53 S.Ct. 50 (1932).  First, there a money judgment was sought, and here recovery of real property is sought, so *Granfinanciera*

17005448.1

would resolve the *Schoenthal* facts, but not the instant case.  Furthermore, the law has changed since *Schoenthal.* "The court in *Granfinanciera* recognized that "[t]he 1978 Act abolished the statutory distinction between plenary and summary bankruptcy proceedings, on which the Court relied in *Schoenthal* .... [I]n the 1984 Amendments Congress drew a new distinction between 'core' and 'non-core' proceedings ...." *Granfinanciera*, 492 U.S. at 60, 109 S.Ct. 2782. *In re Enron Corp.*, 319 B.R. 122, 126–27 (Bankr. S.D. Tex. 2004).  *Schoenthal* is no longer good law and does not support the Trust argument.

      The Trusts argue that the United States has a remedy at law under the federal statute which permits it to seek to set aside fraudulent transfers, the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq. ("FDCPA").  However, this action is brought under the California Uniform Fraudulent Transfers Act, Cal. Civ. Code §§ 3439.01-12. ("CUFTA").  *See, Bresson v. Commissioner*, 213 F.3d 1173, 1174 (9th Cir. 2000) (IRS may rely on State fraudulent transfer laws).  The FDCPA "shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law, to collect taxes. . ." 28 U.S.C. § 3003(b).  The United States can continue to refer to State law to collect tax.  *United States v. Letscher*, 83 F.Supp.2d 367 (S.D.N.Y.1999); *United States v. Carney*, 796 F.Supp. 700 (E.D.N.Y.1992); *United States v. Upton*, 967 F.Supp.57, 59 (D. Conn. 1997).  The argument of the Trusts on the FDCPA is not persuasive.  The statutory basis of the fraudulent transfer claim does not determine the jury trial right.

      The Trusts argue that the United States has waived sovereign immunity by suing the defendants here.  This exaggerates the rule.  A suit in the name of the United States does not amount to a waiver of sovereign immunity subjecting the United States to an

7

17005448.1

affirmative adverse judgment on a counterclaim. Only a counterclaim alleging setoff or recoupment is permitted. *United States v. Agnew,* 423 F.2d 513, 514 (9th Cir. 1970). The doctrine of sovereign immunity has very little to do with a jury trial right in a case brought by the United States.

## Conclusion

Dr. Shearer has already had two chances to face a jury on the facts underlying this case. In his criminal case, he entered a plea of guilty rather than go to trial. In this case, he could have – but did not – request a jury on the tax liabilities, and this Court granted summary judgment on the sole issue triable by jury. The claims against the Trusts do not seek a money judgment against them, but only the recovery of properties transferred to them for no consideration. The issues remaining for trial are based in equity and no jury trial right exists. For the reasons set forth above, the Court is respectfully requested to grant this motion and strike the jury demand.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

Date: October 10, 2018         /s/ G. Patrick Jennings
                                G. PATRICK JENNINGS
                                Trial Attorney, Tax Division
                                U.S. Department of Justice

17005448.1