UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. RICHARD SHEARER, et al.,<br><br>　　　　Defendants. | No.  2:12-cv-02334-TLN-DB<br><br><br>PRETRIAL SCHEDULING ORDER |
|---|---|

After reviewing the parties' Joint Status Report, the Court makes the following Scheduling Order.

I.   DISCOVERY

All discovery shall be completed by **June 15, 2020**. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this Court.

Any request to deviate from the Federal Rules of Civil

1

Procedure should be made to the assigned Magistrate Judge.

## II.   DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **July 15, 2020**.[1]  The designation shall be accompanied by a written report prepared and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

Within twenty (20) days after the designation of expert witnesses, any party may designate a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party.

The right to designate a supplemental expert for rebuttal purposes only shall apply to a party who has not previously disclosed an expert witness on the date set for expert witness disclosure by this Pretrial Scheduling Order.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial.  An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made

---

[1] The discovery of experts will include whether any motions based on Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and/or Kumho Tire Co. v. Carmichael, 119 S. Ct. 1167 (1999) are anticipated.

available for deposition.

For purposes of this Pretrial Scheduling Order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).

Each party shall identify whether a disclosed expert is percipient, retained, or both. It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed. Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

III.   FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for **August 20, 2020**, at **2:00 p.m.** At least one of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial Conference. If by reason of illness or other unavoidable

circumstance a trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal authorization to make commitments on behalf of the client.

Counsel for all parties are to be fully prepared for trial at the time of the Final Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

The parties shall file, not later than **August 13, 2020**, a Joint Final Pretrial Conference Statement.  The provisions of Local Rules 281 shall apply with respect to the matters to be included in the Joint Final Pretrial Conference Statement.  In addition to those subjects listed in Local Rule 281(b), the parties are to provide the Court with a plain, concise statement that identifies every non-discovery motion tendered to the Court and its resolution.  Failure to comply with Local Rule 281, as modified by this Pretrial Scheduling Order, may be grounds for sanctions.

At the time of filing the Joint Final Pretrial Conference Statement, counsel shall also electronically mail to the Court in digital format compatible with Microsoft Word, the Joint Final Pretrial Conference Statement in its entirety including the witness and exhibit lists.  **These documents shall be sent to: tlnorders@caed.uscourts.gov.**

The parties should identify first the core undisputed facts relevant to all claims.  The parties should then, in a concise manner, identify those undisputed core facts that are relevant to each claim.  The disputed facts should be identified in the same

4

1 manner.  Where the parties are unable to agree as to what
2 disputed facts are properly before the Court for trial, they
3 should nevertheless list all disputed facts asserted by each
4 party.  Each disputed fact or undisputed fact should be
5 separately numbered or lettered.
6      Each party shall identify and concisely list each disputed
7 evidentiary issue which will be the subject of a motion in
8 limine.
9      Each party shall identify the points of law which concisely
10 describe the legal issues of the trial which will be discussed in
11 the parties' respective trial briefs.  Points of law should
12 reflect issues derived from the core undisputed and disputed
13 facts.  Parties shall not include argument or authorities with
14 any point of law.
15      The parties shall prepare a joint statement of the case in
16 plain concise language which will be read to the jury at the
17 beginning of the trial.  The purpose of the joint statement is to
18 inform the jury what the case is about.
19      The parties are reminded that pursuant to Local Rule 281
20 they are required to list in the Joint Final Pretrial Conference
21 Statement all witnesses and exhibits they propose to offer at
22 trial.  After the name of each witness, each party shall provide
23 a brief statement of the nature of the testimony to be proffered.
24 The parties may file a joint list or each party may file separate
25 lists.  These list(s) shall not be contained in the body of the
26 Joint Final Pretrial Conference Statement itself, but shall be
27 attached as separate documents to be used as addenda to the Final
28 Pretrial Order.

1    Plaintiff's exhibits shall be listed numerically.
2 Defendant's exhibits shall be listed alphabetically.  The parties
3 shall use the standard exhibit stickers provided by the Court
4 Clerk's Office: pink for plaintiff and blue for defendant.  In
5 the event that the alphabet is exhausted, the exhibits shall be
6 marked "AA-ZZ" and "AAA-ZZZ" etc.  After three letters, note the
7 number of letters in parenthesis (i.e., "AAAA(4)") to reduce
8 confusion at trial.  All multi-page exhibits shall be stapled or
9 otherwise fastened together and each page within the exhibit
10 shall be numbered.  All photographs shall be marked individually.
11 The list of exhibits shall not include excerpts of depositions,
12 which may be used to impeach witnesses.  In the event that
13 Plaintiff and Defendant offer the same exhibit during trial, that
14 exhibit shall be referred to by the designation the exhibit is
15 <u>first</u> <u>identified</u>.  The Court cautions the parties to pay
16 attention to this detail so that all concerned, including the
17 jury, will not be confused by one exhibit being identified with
18 both a number and a letter.
19    The Final Pretrial Order will contain a stringent standard
20 for the offering at trial of witnesses and exhibits not listed in
21 the Final Pretrial Order, and the parties are cautioned that the
22 standard will be strictly applied.  On the other hand, the
23 listing of exhibits or witnesses that a party does not intend to
24 offer will be viewed as an abuse of the court's processes.
25    The parties also are reminded that pursuant to Rule 16 of
26 the Federal Rules of Civil Procedure it will be their duty at the
27 Final Pretrial Conference to aid the Court in: (a) the
28 formulation and simplification of issues and the elimination of

6

frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Counsel must cooperatively prepare the Joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.  A failure to do so may result in the imposition of sanctions which may include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the Court deems appropriate.

IV.   <u>TRIAL BRIEFS</u>

The parties shall file trial briefs not later than fourteen (14) days before trial.  Counsel are directed to Local Rule 285 regarding the content of trial briefs.

V.   <u>EVIDENTIARY AND/OR PROCEDURAL MOTIONS</u>

It is the Court's practice to hear motions in limine on the first day of trial.  However, depending on the number and nature of the parties' motions, the need to special set a hearing date to hear such motions shall be addressed at the Final Pretrial Conference.

VI.   <u>TRIAL SETTING</u>

The trial is set for **October 26, 2020**, at **9:00 a.m.**  Trial will be to the Court.  The parties estimate a trial length of **five (5) days**.

VII.   <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**.  Agreement by the parties pursuant to stipulation

7

alone to modify the Pretrial Scheduling Order does not constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

   VIII.  OBJECTIONS TO PRETRIAL SCHEDULING ORDE

   This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within fourteen (14) days of service of this Order.

   IT IS SO ORDERED.

DATED: February 24, 2020

Troy L. Nunley
United States District Judge