RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

ALEXANDER STEVKO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-2380 (v)
202-307-0054 (f)
Christian.Mejia@usdoj.gov

McGREGOR W. SCOTT
United States Attorney
Eastern District of California
*Of Counsel*

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:12-CV-02334-TLN-DB |
| Plaintiff, | **JOINT REQUEST TO EXTEND FACT DISCOVERY AND OTHER PRETRIAL DEADLINES DUE TO COVID-19 GLOBAL PANDEMIC** |
| v. | |
| L. Richard Shearer; Diane Shearer; Stanley Swenson as Trustee of the Hotlum Trust, Berryvale Trust, and Regency Trust; et al.; | |
| Defendants. | |

Plaintiff the United States of America and Defendants L. Richard Shearer, Diane Shearer, and Stanley Swenson, as Trustee of the Hotlum, Berryvale, and Regency Trusts ("Trust Defendants") (collectively, "Parties"), by and through their undersigned counsel, hereby respectfully request that the Court (1) extend the deadline for fact discovery, from September 15th, 2020, to March 15th, 2021, (2) extend all other pretrial deadlines and dates set forth in the Court's April 23rd, 2020 Order, for 180 days, and (3) order the Parties to file a Joint Status Report on or before March 15th, 2021 to advise the Court of the status of this case.

//

Joint Request to Extend Case Deadlines    1

In support of this Joint Request, the Parties aver the following:

1. On March 11, 2020, the World Health Organization classified the outbreak of a novel coronavirus ("COVID-19"), which causes severe acute respiratory illness, as a global pandemic, having spread across approximately 120 countries. On March 13, 2020, President Donald J. Trump declared a national emergency in response to the spread of COVID-19 in the United States. Thereafter, the Centers for Disease Control and Prevention ("CDC") issued guidelines directing at-risk individuals including those 60 and older, to stay home and away from other people, and encouraging everyone to work from home whenever possible, to avoid discretionary travel, and to avoid social gatherings in groups of more than ten people.

2. On March 15, 2020, the United States Office of Personnel Management (OPM) encouraged federal employees of federal agencies who are telework capable to telework until further notice.

3. On March 16, 2020, counsel for the United States was directed by his agency to avoid any unnecessary travel for cases.

4. A number of local proclamations and declarations have also been issued. Specifically, the Mayor of the District of Columbia, the Governor of California, and the State of Ohio have issued shelter-in-place orders, some of which extend for many weeks into the future and may be extended.

5. The Court has reopened fact discovery in this matter from January 15, 2020 through September 15, 2020 for the limited purpose of taking certain depositions. ECF No. 107 & 110. However, counsel for the Parties have not been able to take these depositions and believe that these depositions cannot be effectively taken at this time in a manner consistent with the COVID-19 public health guidelines discussed above for several reasons. First, these depositions require extensive travel. Counsel for the Parties, the Parties, and the witnesses are located in at least five different jurisdictions (California, Texas, Ohio, Florida and Washington, D.C.). Second, Mr. Gilmartin (counsel for the Shearers) and Mr. Izen (counsel for the Trust Defendants), as well as the majority of the deponents are of an age and/or possess health concerns that the

CDC indicates makes them particularly vulnerable to COVID-19.[1]  Third, the CDC has indicated that COVID-19 can be transmitted between people who are within six feet of each other and thus has recommended that people keep a distance of at least six feet from each other.  Adhering to this specific recommendation would most likely prove to be problematic if these depositions were held now as these depositions will most likely take place in small, closed-door conference rooms.[2]  Counsel for the United States is taking training on video depositions and preparing for some in other cases. Based on this experience, it is possible to try these in this case, but it would take some additional time to try to coordinate.

6. Since the inception of this case in 2012, the initial attorney for the United States, Guy Patrick Jennings retired and was replaced in the case by Christian Mejia on November 13th, 2019 ECF Doc. #101. On August 18th, 2020, present counsel for the United States, Alexander Stevko, was substituted for Mr. Mejia. ECF Doc. #111. This has been a long and complex case, and all parties recognize that Mr. Stevko needs extra time to familiarize himself with the evidence, witnesses, pleadings and the history of the case so that he can prepare himself for any depositions and the court hearing on the remaining issues in it.

7. An extension of only ninety (90), December 15th, 2020 or thereabout, would be in between the Thanksgiving and Christmas Holidays, and to set up the logistics of deposing witnesses in Northern California, Washington, D.C., Texas and possibly Florida at this time of the year would be daunting. The parties suggest the cut-off date of March 15th, 2021, which is a Monday, would get them beyond the Holidays, and perhaps, the COVID-19 crisis, and allow Mr. Stevko to get up to speed on things.

8. The Defendants have indicated to the Government that they wish to engage in substantive settlement negotiations, which would conclude this matter without further litigation. The extra six (6) months will allow their financial advisors to review the exhibits attached to the

---

[1] Mr. Izen (counsel for the Trust Defendants) has previously represented to the Court that he suffers from several ailments, including Lyme disease.

[2] The Parties are beginning to explore the logistics involved for depositions by video-conferencing technology, but it appears the handling of the numerous documents involved with the depositions along with coordinating technology for the video-conferencing with multiple individuals in multiple locations would create extensive technical and logistical difficulties.

Joint Request to Extend Case Deadlines     3

USA's Motion for Summary Judgment filed on August 18th, 2014 ECF Doc. #37 – 42, and give the Defendants a thorough understanding of their position in terms of the IRS assessments against them.

9. In addition, Mr. Izen, counsel for the Trust Defendants, has represented to the other counsel in this matter that he and his legal assistant fell ill after March 16, 2020 with COVID-like symptoms after being exposed to a Harris County Sheriff serving as a bailiff during a trial. The bailiff was also working a night shift in the Harris County jail at the same time. Attorney Izen and his legal assistant continued to suffer COVID-like symptoms until April 25, 2020. Although they were able to undergo nasal swab testing on April 27, 2020 the results of which were negative, attorney Izen and his legal assistant have not been able to undergo antibody testing as it is not yet freely available to the public in Harris County, Texas. Mr. Izen represents that he is still experiencing COVID-19 symptoms and remains confined at home as he has been told that he may be able to infect other members of the public with the virus even 30 to 60 days after cessation of symptoms.

10. Accordingly, in light of the COVID-19 pandemic and the associated restrictions, that Alexander Stevko has just entered the case as the USA's legal representative, the difficulties of setting up the necessary depositions on both sides of the country, and the desire expressed by the Defendants to possibly settle the case, the Parties believe that a continuance of the limited fact discovery period from September 15th, 2020, to March 15th, 2021, is necessary at this time to protect public health and the health of the Parties and their counsel. Indeed, at this time, the parties believe that the necessary in-person work that is anticipated for these depositions cannot be undertaken before the March 15th, 2021 deadline. The Parties will continue to diligently proceed on what matters may be addressed while working remotely and practicing social distancing, such as continued settlement negotiations and trial preparation.

11. The reasons set forth above constitute good cause to extend limited fact discovery in this case as the described events were unforeseeable and unavoidable and were not caused by any party's delay.

WHEREFORE, for good cause based on the exigent circumstances resulting from the

COVID-19 pandemic, and not for the purposes of delay, the Parties respectfully request that the Court (1) extend the deadline for fact discovery, from September 15th, 2020, to March 15th, 2021; (2) extend all other pretrial deadlines and dates set forth in the Court's April 23rd, 2020 Order (ECF No. 110), for 180 days; and (3) order the Parties to file a Joint Status Report on or before March 15th, 2021 to advise the Court of the status of this case.

Date: September 1st, 2020            RICHARD E. ZUCKERMAN
                                     Principal Deputy Assistant Attorney General

                                     */s/ Alexander Stevko*
                                     ALEXANDER STEVKO
                                     Trial Attorney, Tax Division
                                     U.S. Department of Justice

                                     *Attorneys for the United States*

Date: September 1st, 2020            */s/ Matthew Gilmartin*
                                     MATTHEW GILMARTIN, Ohio Bar #024683
                                     Matthew Gilmartin, Attorney at Law, LLC
                                     P.O. Box 939
                                     Olmsted Township, OH 44138
                                     *Attorney for L. Richard Shearer and Diane Shearer*

Date: September 1st, 2020            */s/ Alfred Joe Izen, Jr*
                                     ALFRED JOE IZEN, Jr
                                     Attorney at Law
                                     5222 Spruce Street
                                     Bellaire, TX 77401
                                     *Attorney for Stanley Swenson as Trustee of the Hotlum, Berryvale, and Regency Trusts*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 1st day of September 2020, I caused a copy of the foregoing **Joint Request to Extend Fact Discovery and other Pretrial Deadlines due to COVID-19 Global Pandemic**, to the following:

**By ECF notification to:**

| | |
|---|---|
| MATTHEW GILMARTIN,<br>Ohio Bar #024683<br>Matthew Gilmartin, Attorney at Law, LLC<br>P.O. Box 939<br>North Olmsted, OH 44070<br>matt7g@att.net | Attorney for L. Richard Shearer and Diane Shearer |
| SHAUN CUNNINGHAM  (Local Counsel)<br>Law Office of Shaun Cunningham<br>41 Vantis Drive<br>Aliso Viejo, CA 92656<br>mrshauncunningham@gmail.com | Attorney for L. Richard Shearer and Diane Shearer |
| JOE ALFRED IZEN, Jr<br>5222 Spruce Street<br>Bellaire, TX 7740<br>jizen@comcast.net | Attorney for Stanley Swenson as Trustee of the Hotlum Trust, the Berryvale Trust and the Regency Trust |
| JIHAD M. SMAILI (Local Counsel)<br>SMAILI & ASSOCIATES<br>615 Civic Center Drive West, Suite 300<br>Santa Ana, CA 92701<br>jihad@smaililaw.com | Attorneys for Stanley Swenson as Trustee for Hotlum, Berryvale, and Regency Trusts |

/s/ *Alexander Stevko*
ALEXANDER STEVKO
Trial Attorney, Tax Division
U.S. Department of Justice