1  MATTHEW GILMARTIN
   Matthew Gilmartin, Attorney at Law, LLC
2  P.O. Box 939
   North Olmsted, OH 44070
3  440-479-8630 (v)
   440-398-0179 (f)
4  Matt7g@att.net

5  *Attorney for L. Richard Shearer & Diane Shearer*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>     v.<br><br>L. Richard Shearer; Diane Shearer; Stanley Swenson as Trustee of the Hotlum Trust, Berryvale Trust, and Regency Trust; et al.;<br><br>)<br><br>          Defendants. | No. 2:12-CV-02334-TLN-DB<br><br>**UNOPPOSED REQUEST TO EXTEND FACT DISCOVERY AND OTHER PRETRIAL DEADLINES DUE TO COVID-19 GLOBAL PANDEMIC & ILL HEALTH OF DEFENDENTS' COUNSEL** |

Defendants L. Richard Shearer, Diane Shearer, and Defendants Stanley Swenson, as Trustee of the Hotlum, Berryvale, and Regency Trusts ("Trust Defendants") (collectively, "Parties"), by and through their undersigned counsel, hereby respectfully request that the Court (1) extend the deadline for fact discovery & Joint Status report, from March 15th, 2021 to September 15th, 2021, (2) extend all other pretrial deadlines and dates set forth in the Court's April 23rd, 2020 Order, for 180 days, and (3) order the Parties to file a Joint Status Report on or before September 15th, 2021 to advise the Court of the status of this case.

In support of this Joint Request, the Parties aver the following:

1. Guy Patrick Jennings, the original Assistant United States Attorney on the case since 2012, retired. A new AUSA, Christian Mejia, took his place in November 2019. Mr. Mejia required time to familiarize himself with the case file, and he wished to reopen discovery depose

Joint Request to Extend Case Deadlines     1

additional witnesses. He asked the Defendants' counsel, Joe Izen and Matthew Gilmartin, to agree to reopen fact discovery. They did so. This Court granted the requested extension on January 13th, 2020 [Doc. 107]. Fact discovery was extended through June 15, 2020. The Court granted two further extension because of COVID-19 restrictions on April 23rd, 2020 [Doc. 110] and again on September 4th, 2020, [Doc. 113]. The next upcoming deadline is March 15, 2021.

2. On October 27th, 2020, counsel for Defendants L. Richard and Diane Shearer suffered a heart attack, which was followed by a triple by-pass on October 30th, 2021. Because of complications from the operation, he was hospitalized again from January 4$^{tth}$ through the 13th, 2021. Mr. Gilmartin then started an intensive regimen of cardio rehabilitation, which continues to this date. On February 28th, 2021, Mr. Gilmartin was readmitted to the hospital, where physicians found the area around his heart was suffering from inflammation. During all the foregoing period, Mr. Gilmartin has not been able to provide representation to his clients or to participate in discovery in this matter.

3. Mr. Gilmartin is 64 years old. In the part of Ohio in which he lives, one must be at least 65 years old to get a COVID-19 vaccination. Therefore, he has not had one yet. Considering his health, he is more exposed to risk of infection than most people if he travels.

4. Joe Izen, legal counsel for the other defendants got sick with COVID-19 last year. Mr. Izen also has suffered from Lyme Disease since the 1980s. Considering that he already has had COVID-19, it is questionable whether he should get vaccinated given his present health condition.

5. On August 18th, 2020, the present AUSA, Alexander Stevko, replaced Mr. Mejia. Mr. Stevko communicated to Mr. Gilmartin on March 1st, 2021 that he does not oppose this *Joint Unopposed Request to Extend*. Mr. Stevko related that his paralegal is still tracking down some of the witnesses he wishes to depose for this case, and that he has been busy working on some motions for summary judgment for a few other cases. He committed to trying to obtain a figure the IRS will accept to settle this case.

6. The Court has reopened fact discovery in this matter until March 15, 2021, for the limited purpose of taking certain depositions. ECF No. 107 & 110. However, counsel for the

parties have not been able to take these depositions, and they believe that these depositions cannot be effectively taken at this time in a manner consistent with the COVID-19 public health guidelines discussed above.  First, these depositions require extensive travel.  Counsel for the parties, the parties themselves, and the witnesses are located in at least five different jurisdictions (California, Texas, Ohio, Florida and Washington, D.C.).  Second, Mr. Gilmartin (counsel for the Shearers) and Mr. Izen (counsel for the Trust Defendants), as well as the majority of the deponents are of an age or possess health concerns that the CDC indicates makes them particularly vulnerable to COVID-19.[1]  Third, the CDC has indicated that COVID-19 can be transmitted between people who are within six feet of each other and thus has recommended that people keep a distance of at least six feet from each other.  Adhering to this specific recommendation would most likely prove to be problematic if these depositions were held now, as these depositions will most likely take place in small, closed-door conference rooms.[2]  Counsel for the United States is taking training on video depositions and preparing for some in other cases.  Based on the foregoing, it is possible to employ video depositions in this case, but it will take some additional time to try to coordinate.

7. This has been a long and complex case, and all parties recognize that Mr. Stevko needs extra time to familiarize himself with the evidence, witnesses, pleadings and the history of the case so that he can prepare himself for any depositions and the court hearing on the remaining issues in it.

8. Managing the logistics of deposing witnesses in northern California, Washington, D.C., Texas and possibly Florida at this time of the year would be daunting. The parties suggest the cut-off date of September 15th, 2021, which is a Wednesday, would get them beyond the COVID-19 crisis, and allow Mr. Stevko to get up to speed on the case.

---

[1] Mr. Izen (counsel for the Trust Defendants) has previously represented to the Court that he suffers from several ailments, including Lyme disease.

[2] The Parties are beginning to explore the logistics involved for depositions by video-conferencing technology, but it appears the handling of the numerous documents involved with the depositions along with coordinating technology for the videoconferencing with multiple individuals in multiple locations would create extensive technical and logistical difficulties.

Joint Request to Extend Case Deadlines     3

9.      The Defendants have indicated to the Government that they wish to engage in settlement negotiations which will conclude this matter without further litigation. The extra six (6) months will permit their financial advisors to review the exhibits attached to the Government's *Motion for Summary Judgment* filed on August 18th, 2014 (ECF Doc. #37 – 42,) and give the Defendants a thorough understanding of their position in terms of the IRS assessments against them.

10.     In addition, Mr. Izen, counsel for the Trust Defendants, has represented to the other counsel in this matter that he and his legal assistant fell ill after March 16, 2020, with COVID-like symptoms after being exposed to a Harris County Sheriff serving as a bailiff during a trial.  The bailiff was also working a night shift in the Harris County jail at the same time. Attorney Izen and his legal assistant continued to suffer COVID-like symptoms until April 25, 2020.  Although they were able to undergo nasal swab testing on April 27, 2020 the results of which were negative, attorney Izen and his legal assistant have not been able to undergo antibody testing as it is not yet freely available to the public in Harris County, Texas.  Mr. Izen represents that he is still experiencing COVID-19 symptoms and remains confined at home as he has been told that he may be able to infect other members of the public with the virus even 30 to 60 days after cessation of symptoms.

11.     Accordingly, in light of the COVID-19 pandemic and the associated restrictions, the fact that Mr. Stevko has just entered the case as Government counsel, the difficulties of setting up the necessary depositions on both sides of the country, and the desire expressed by the Defendants to possibly settle the case, the parties believe that a continuance of the limited fact discovery period until September 15th, 2021, is necessary at this time to protect public health and the health of the parties, the Court, and counsel.  The parties believe that the necessary in-person work anticipated as necessary for these depositions cannot be undertaken before the March 15th, 2021 deadline.  The parties will continue to diligently proceed on what matters may be addressed while working remotely and practicing social distancing, such as continued settlement negotiations and trial preparation.

12.     The reasons set forth above constitute good cause to extend limited fact discovery

in this case as the described events were unforeseeable and unavoidable and were not caused by any party's delay.

WHEREFORE, for good cause based on the exigent circumstances resulting from the COVID-19 pandemic, and not for the purposes of delay, the parties respectfully request that the Court (1) extend the deadline for fact discovery, from March 15th, 2021, to September 15th, 2020; to (2) extend all other pretrial deadlines and dates set forth in the Court's April 23rd, 2020 Order (ECF No. 110), for 180 days; and (3) order the Parties to file a *Joint Status Report* on or before September 15th, 2021, to advise the Court of the status of this case.

Date: March 4th, 2021

*/s/ Matthew Gilmartin*
MATTHEW GILMARTIN, Ohio Bar #024683
Matthew Gilmartin, Attorney at Law, LLC
P.O. Box 939
Olmsted Township, OH 44138
*Attorney for L. Richard Shearer and Diane Shearer*

THE FOLLOWING ATTORNEYS DO NOT OPPOSE THIS MOTION:

Date: March 4th, 2021

*/s/ Alfred Joe Izen, Jr*
ALFRED JOE IZEN, Jr
Attorney at Law
5222 Spruce Street
Bellaire, TX 77401
*Attorney for Stanley Swenson as Trustee of the Hotlum, Berryvale, and Regency Trusts*

Date: March 4th, 2021

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Alexander Stevko*
ALEXANDER STEVKO
Trial Attorney, Tax Division
U.S. Department of Justice

*Attorneys for the United States*

Joint Request to Extend Case Deadlines     5

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on this 4th day of March 2021, I caused a copy of the foregoing **Joint Request to Extend Fact Discovery and other Pretrial Deadlines due to COVID-19 Global Pandemic**, to the following:

**By ECF notification to:**

| | |
|---|---|
| ALEXANDER STEVKO,<br>Trial Attorney, Tax Attorney<br>U.S. Department of Justice | Attorney for the United States of America |
| SHAUN CUNNINGHAM (Local Counsel)<br>Law Office of Shaun Cunningham<br>41 Vantis Drive<br>Aliso Viejo, CA 92656<br>mrshauncunningham@gmail.com | Attorney for L. Richard Shearer and Diane Shearer |
| JOE ALFRED IZEN, Jr<br>5222 Spruce Street<br>Bellaire, TX 7740<br>jizen@comcast.net | Attorney for Stanley Swenson as Trustee of the Hotlum Trust, the Berryvale Trust and the Regency Trust |
| JIHAD M. SMAILI (Local Counsel)<br>SMAILI & ASSOCIATES<br>615 Civic Center Drive West, Suite 300<br>Santa Ana, CA 92701<br>jihad@smaililaw.com | Attorneys for Stanley Swenson as Trustee for Hotlum, Berryvale, and Regency Trusts |

/s/ *Matthew Gilmartin*
MATTHEW GILMARTIN
Attorney for the Defendants
L. Richard & Diane Shearer