1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:12-cv-02334-DAD-DB

12        Plaintiff,

13        v.                                ORDER GRANTING THE MOTION TO
                                            WITHDRAW AS COUNSEL FOR
14   L. RICHARD SHEARER, et al.,            DEFENDANT DIANE SHEARER

15        Defendant.                        (Doc. No. 123)

16

17        This matter is before the court on the unopposed motion to withdraw as defendant Diane

18   Shearer's counsel of record filed by attorneys Matthew Gilmartin and Shaun Cunningham on

19   August 15, 2022.  (Doc. No. 123.)  Having reviewed the motion and the supporting affidavit by

20   attorney Gilmartin, the court finds the pending motion suitable for decision on the papers.

21   Accordingly, the court vacates the hearing on the pending motion scheduled for October 18,

22   2022.  For the reasons explained below, the court will grant the pending motion to withdraw as

23   counsel.

24                              **LEGAL STANDARD**

25        Withdrawal of counsel is governed by the Local Rules of this court, which provide:

26        Unless otherwise provided herein, an attorney who has appeared
          may not withdraw leaving the client *in propria persona* without
27        leave of court upon noticed motion and notice to the client and all
          other parties who have appeared.  The attorney shall provide an
28        affidavit stating the current or last known address or addresses of

1

the client and the efforts made to notify the client of the motion to withdraw.

L.R. 182(d).  Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id.*

Rule 1.16(a) of the California Rules of Professional Conduct provides several grounds upon which an attorney "*shall* withdraw from the representation of a client," including if "the client discharges the lawyer."  Cal. R. Prof. Conduct 1.16(a)(4) (emphasis added).[1]  However, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel."  Cal. R. Prof. Conduct 1.16(d).

**ANALYSIS**

Here, attorneys Gilmartin and Cunningham move to withdraw as counsel for defendant Diane Shearer in this action, at defendant Diane Shearer's direction, because defendant Shearer has discharged them as her lawyers.  (Doc. No. 123.)  In particular, defendant Shearer wrote to attorneys Gilmartin and Cunningham on July 22, 23, and 29, 2022 directing them to "promptly prepare a motion to withdraw as [her] counsel," because she wants to proceed *pro se* with this case.  (Doc. Nos. 123-1–123-4.)  Attorneys Gilmartin and Cunningham filed the pending motion to withdraw on August 15, 2022, noting therein that they had provided defendant Shearer with copies of her entire case file, as well as a copy of Local Rule 183 pertaining to persons appearing *in propria persona*, and advised her of the approaching fact discovery deadline of November 14,

---

[1]  In contrast, a withdrawal based on the grounds listed in Rule 1.16(b) of the California Rules of Professional Conduct is not mandatory, and the decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the trial court.  "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."  *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").  Because the court determines that the attorneys' withdrawal in this case is mandatory, the court need not address these factors herein.

2022.  (Doc. No. 123 at 2.)  In addition, in his affidavit, attorney Gilmartin provides defendant

Diane Shearer's last known address of 701 Pine Street, Mt. Shasta, California 96067; her

telephone number of 530-926-6222; and her email address of office@drshearer.com.  (Doc. No.

123-4 at 1.)

Accordingly, the court finds that attorneys Gilmartin and Cunningham have complied

with the notice requirements in Local Rule 182(d).  In addition, in light of defendant Shearer's

decision to discharge attorneys Gilmartin and Cunningham as her lawyers and to proceed *pro se*

in this action, their withdrawal is mandatory under Rule of Professional Conduct 1.16(a)(4).

Thus, the pending motion to withdrawal as counsel for defendant Diane Shearer will be granted.

**CONCLUSION**

For the reasons set forth above:

1. The motion to withdraw as counsel for defendant Diane Shearer (Doc. No. 123) is granted;

2. The Clerk of the Court is directed to terminate attorneys Matthew Gilmartin and Shaun Cunningham as the counsel of record for defendant Diane Shearer;

3. Attorneys Matthew Gilmartin and Shaun Cunningham shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of unearned fees; and

4. Defendant Diane Shearer is substituted in *pro se* in this case;[2]

5. The Clerk of the Court is directed to enter the following contact information as defendant Diane Shearer's address of record;

> Diane Shearer
> 701 Pine Street
> Mt. Shasta, California 96067
> Telephone:  530-926-6222
> Email:  office@drshearer.com

---

[2]  Because several of the other defendants in this action continue to be represented by counsel, this case will not be reassigned to the assigned magistrate judge.  *See* L.R. 302(c)(21) (providing that the duties to be performed in civil matters by a magistrate judge include, "[i]n Sacramento, all actions in which *all* the plaintiffs or defendants are proceeding *in propria persona*, including dispositive and non-dispositive motions and matters) (emphasis added).  Accordingly, this case remains assigned to the undersigned.

6.    Defendant Diane Shearer is directed to comply with all deadlines and the rules of the court; and

7.    The Clerk of the Court is directed to serve this order on defendant Diane Shearer by mail.

IT IS SO ORDERED.

Dated:   **September 15, 2022**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

4