Joe Alfred Izen, Jr.
5222 Spruce Street
Bellaire, Texas  77401
(713) 668-8815
(713) 668-9402 FAX

Jihad M. Smaili, Esq.
SMAILI & ASSOCIATES, PC
Civic Center Plaza Towers
600 West Santa Ana Blvd., Suite 202
Santa Ana, California 92701
(714) 547-4700
(714) 547-4710 (f)
www.smaililaw.com
ATTORNEYS FOR DEFENDANT,
STANLEY SWENSON, TRUSTEE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CASE NO. 2:12-CV-02334 |
| L. RICHARD SHEARER, et al., | § § | |
| Defendants. | § § | |
| _____ | § | |

**DEFENDANT, STANLEY SWENSON, AS TRUSTEE FOR BERRYVALE TRUST'S, MOTION TO COMPEL RESPONSES TO DEFENDANT SWENSON'S FIRST REQUEST FOR PRODUCTION AND ANSWERS TO DEFENDANT SWENSON'S FIRST SET OF WRITTEN INTERROGATORIES**

TO THE PRESIDING UNITED STATES DISTRICT JUDGE OF SAID COURT:

COMES NOW, Defendant, Stanley Swenson as Trustee for Berryvale Trust ("SWENSON") and files this its Motion to Compel Responses to Defendant Swenson's First Request for Production and Answers to Defendant Swenson's First Set of Written Interrogatories and, in support of such Motion to Compel, would show this Court the following:

**FACTS SUPPORTING DEFENDANT SWENSON'S REQUEST FOR ENTRY OF AN ORDER COMPELLING WRITTEN DISCOVERY:**

1. Remaining in this case for this Court's trial and reso-

lution are the Government's claims against various Defendants for alleged fraudulent transfers of real property which, the Government alleges, was transferred by the Shearer Defendants to Defendant Swenson as trustee for various trusts for less than substantial or fair consideration. The Government also alleges as part of its fraudulent transfer claims that the transfers of real estate to Defendant Swenson rendered Defendants, Richard L. Shearer and Diane Shearer, insolvent and unable to pay their debts, including their tax debt to the United States, in the ordinary course of business.

2. Defendant Swenson acting as Trustee for Berryvale Trust served a First Request for Production and First St of Written Interrogatories on the United States on July 15, 2021. True and correct copies of Defendant Swenson's First Request for Production and First Set of Written Interrogatories are attached hereto, marked Exhibits A and B, and are incorporated by reference.

3. Despite numerous oral discussions taking place over the last year and a half since Defendant Swenson's written discovery was served on the United States, the United States has not responded to or answered the written discovery. (The various conferences between the attorneys for the United States and Defendants Swenson and Defendant Shearers' counsel, are set out below in a Certificate of Conference included with this motion as directed by this Court's procedures.)

**RELEVANCE OF EVIDENCE SOUGHT:**

4. Payment of fair, adequate or substantial consideration for the transfer of property is an affirmative defense which a transferee such as Defendant Swenson can assert as an affirmative

2

defense against the Government lien holder's claim of fraudulent transfer. The affirmative defense concerning, fair, adequate or substantial consideration is set out specifically as a defense in the Federal Fraudulent Transfer Act on which the Government in this case relies.

5. A disputed fact issue in this case is whether at the time of each transfer alleged to be fraudulent by the United States, the Shearers were rendered insolvent i.e. otherwise unable to pay their federal tax obligations which the Government claims to be owed by the Shearers for the various tax years at issue as they became due. Another fact issue will be whether fair, adequate, and/or substantial consideration was received by the Shearers for the transfers of any of the real estate to Defendant Swenson alleged to be fraudulent. A companion fact issue to that inquiry will be the fair market value of the real estate transferred. This is so because a determination of fair, adequate, and/or substantial consideration for any transfer must take into account the value of the property being transferred in comparison to the consideration paid for the transfer.

6. Review of Defendant Swenson's Request for Production and written interrogatories directed to and served on the United States through its counsel will establish that Defendant Swenson's Request for Production and written interrogatories seek to discover this essential evidence and information from the Government.

7. Without this relevant evidence, Defendant Swenson is unable to adequately prepare for trial. Further, the Government which has utilized this Court's discovery process to take written

1  discovery as well as oral depositions will have an unfair advant-
2  age over Defendant Swenson and the other Defendants in this case.
3  **LEGAL AUTHORITY SUPPORTING MOTION TO COMPEL**
4  **STANDARD OF REVIEW:**
5      The standard of review applied in the Ninth Circuit for
6  review of a District Court's decision to grant or deny a Motion
7  to Compel Discovery is set out in <u>Bailey v. Suey</u>, No. No. 15-
8  15944 (9th Cir. 2016) (memorandum opinion not cited for publica-
9  tion):

> The district court did not abuse its discretion in denying Bailey's motion to compel discovery because Bailey failed to meet and confer with defendants and the motion did not set out the text of the requested discovery. See Fed. R. Civ. P. 37(a)(1) (motion to compel discovery must include certification that movant has in good faith conferred or attempted to confer with opposing party); D. Nev. R. 26-7(b) (motion to compel discovery must set forth in full the text of the discovery originally sought and any response); <u>Hallett v. Morgan,</u> 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review).

The text of the written discovery sought is attached as Exhibits A and B -- the sets of written discovery served on the United States over a year ago which the United States has not answered or responded to.

    The relevance of the text of the discovery sought is set out and discussed above.  Finally, defense counsels' effort to conference with the attorneys for the United States and obtain the written discovery sought by Exhibits A and B without court intervention is detailed below.

    Defendant Swenson, Trustee is entitled to the entry by this Court of an order compelling the United States' responses and answers to the written discovery already served on the United

1  States under F.R.C.P Rule 37.

2  **EFFORTS TO CONFERENCE:**

3       Counsel for Defendant Swenson and/or the Shearer Defendants
4  attempted to resolve the discovery dispute and obtain voluntary
5  responses and answers by the United States to Defendant Swenson's
6  written discovery (Exhibit A and Exhibit B) on the following
7  dates without success:

**COUNSEL PARTICIPATING IN CONFERENCE/CALL**

| ATTORNEY | DATE OF CONFERENCE / CALL |
|---|---|
| Matthew Gilmartin | 9-1-2022 to Mr. Stevko |
| Matthew Gilmartin | 9-16-2022 to Mr. Stevko |
| Matthew Gilmartin | 10-19-2022 to Mr. Stevko |
| Matthew Gilmartin | 8-23-2022 to Ms. Bissell, 3 calls that day |
| Matthew Gilmartin | 9-01-2022 to Ms. Bissell |
| Matthew Gilmartin | 9-16-2022 to Ms. Bissell, two calls that day, |
| Matthew Gilmartin | 10-19-2022 to Ms. Bissell, |
| Joe Alfred Izen, Jr. | 2-15-22 email to Stevko |
| Joe Alfred Izen, Jr. | 2-18-22 conference call with all counsel |
| Joe Alfred Izen, Jr. | 6-3-22 email to Ms. Bissell |
| Joe Alfred Izen, Jr. | 6-7-22 email to Ms. Bissell |
| Joe Alfred Izen, Jr. | 6-15-22 conference call with all counsel |

24  The above conferences / calls were held without success.  Govern-
25  ment counsel at the last discussion between counsel claimed that
26  the discovery deadline had expired and that the United States was
27  not going to answer or respond to Defendant Swenson's discovery.

**CONCLUSION**

Based on all of the above arguments as well as legal authority and evidentiary proof of the text of the written discovery sought by Defendant Swenson, an order should be entered by this Court compelling the United States to fully and completely respond to and answer Defendant Swenson's First Request for Production and First Set of Written Interrogatories previously served on July 15, 2021. Defendant Swenson Trustee prays for general relief.

Respectfully submitted,

/S/Joe Alfred Izen, Jr.
_____
Joe Alfred Izen, Jr.
TBC # 10443500
5526 McKnight Street
Houston, Texas 77035
(713) 668-8815
(713) 668-9402 FAX
jizen@comcast.net
ATTORNEYS FOR DEFENDANTS
STANLEY SWENSON, TRUSTEE,
BERRYVALE TRUST,
HOTLUM TRUST AND REGENCY TRUST

CERTIFICATE OF CONFERENCE

Counsel for the Defendants have conferred with the Plaintiff, United States, on dates and times set out above in an effort to resolve the discovery dispute. As of the filing of this motion, the discovery dispute has not been resolved.

/s/ Joe Alfred Izen, Jr.
_____
Joe Alfred Izen, Jr.

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent to the following attorneys by email transmission and/or U.S. Mail, postage prepaid, on November 14, 2021.

| | |
|---|---|
| Alexander Edward Stevko | Matthew Gilmartin |
| US DOJ, Tax Division | (Ohio Bar #0024683) |
| P. O. Box 683, | Matthew Gilmartin Attorney at |
| Ben Franklin Station | Law, LLC |
| Washington, D.C. 20044 | P.O. Box 939 |
| 202.307.6648 TEL | North Olmsted, OH 44070 |
| 202.307.0054 FAX | 440-479-8630 TEL |
| Alexander.Stevko@usdoj.gov | 440-398-0179 FAX |
| | Matt7g@att.net |

Jihad M. Smaili, Esq.
SMAILI & ASSOCIATES, PC
Civic Center Plaza Towers
600 West Santa Ana Blvd., #202
Santa Ana, California 92701
(714) 547-4700
(714) 547-4710 (f)
www.smaililaw.com

/S/Joe Alfred Izen, Jr.
_____
Joe Alfred Izen, Jr.

SHEARER.M2C/TK520