DAVID A. HUBBERT
Deputy Assistant Attorney General

Alexander Stevko (CABN 301359)
Chelsea Bissell (MTBN 58862977)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
(202) 616-2380 (AS)
(202) 307-1372 (CB)
(202) 307-0054 (f)
Alexander.Stevko@usdoj.gov
Chelsea.E.Bissell@usdoj.gov
*Counsel for the United States of America*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:12-CV-02334-TLN-DB |
| Plaintiff, | **OPPOSITION TO MOTION TO COMPEL** |
| v. | |
| L. Richard Shearer; Diane Shearer; Stanley Swenson as Trustee of the Hotlum Trust, Berryvale Trust, and Regency Trust; et al.; | |
| Defendants. | |

The United States submits this response opposing Defendant Stanley Swenson's motion to compel (ECF No. 133). The Court should deny the motion because the discovery requests were issued improperly after the close of discovery.

**Fact Discovery Timeline in this Case**

Fact discovery previously closed in this case on February 1, 2016 (ECF No. 64). On January 2, 2020, all of the parties – including Stanley Swenson as trustee – submitted a joint status report (ECF No. 105) requesting the re-opening of discovery only to take depositions of

1

specifically identified witnesses. The Court granted the request (ECF No. 107) for "limited purpose of taking the depositions listed in the request."

Since then, because of complications arising from the covid pandemic, locating witnesses, and changes in counsel for multiple parties, the Court has granted a series of extensions of the re-opened discovery window. These requests, joined by defendants including Stanley Swenson, acknowledged the limited purpose for the re-opened discovery:

- ECF No. 109 at ¶ 7: "… a continuance of the limited fact discovery."
- ECF No. 112 at ¶ 10: "the Parties believe that a continuance of the limited fact discovery period … is necessary."
- ECF No. 114 at ¶¶ 6 and 12: "The Court has reopened fact discovery in this matter until March 15, 2021, for the limited purpose of taking certain depositions" and "The reasons set forth above constitute good cause to extend limited fact discovery in this case."
- ECF No. 116 at ¶ 1: "The Court reopened discovery in this case for the parties to take depositions."
- ECF No. 118: This request does not acknowledge the limited nature of discovery, but it is seeking an *extension* of previous deadlines and not a *re-opening* of discovery. The deadlines existing at the time were for the previous extensions of the limited discovery window to depose additional witnesses.
- ECF No. 121 at ¶¶ 1 and 8: "The Court reopened discovery in this case to allow the parties to take depositions" and "the parties agree that it is in their best interest and the Court's best interest to continue fact discovery by six months… to allow for investigation into potential privilege issues, depositions, and a possible settlement in the case."
- ECF No. 135. The Court's own minute order states, "Fact discovery in this case shall be extended until 5/16/2023 for the limited purpose of taking the depositions."

2

**Defendant's Requests are Untimely**

Written discovery in this case has been closed for years and remains closed. Therefore, the interrogatories and requests for production that Stanley Swenson sent to the United States in 2021 were improper and untimely. The United States does not need to respond to discovery requests made outside the proper discovery window, and the Court should deny the motion to compel. *See, e.g., Hernandez v. Ogboehi,* No. 120CV01019ADASABPC, 2022 WL 12040305, at *2 (E.D. Cal. Oct. 20, 2022) (denying motion to compel responses to discovery requests issued out of compliance with scheduling order, notwithstanding that other deadlines had been extended); *Daniels v. Sherman*, No. 113CV00202AWISABPC, 2017 WL 1513115, at *1 (E.D. Cal. Apr. 27, 2017) (denying motion to compel where Plaintiff claimed to have misinterpreted a notice as entitling him to issue discovery after the scheduling order deadline).

There were over three years between when the case began and when fact discovery (both written and depositions) initially closed in 2016. The parties had ample opportunity during that time to conduct written discovery, and the parties did. The United States already responded to requests for production and interrogatories in 2014 and produced thousands of pages of documents in response. It is therefore incorrect for Mr. Swenson to claim that the United States "will have an unfair advantage over Defendant Swenson."

Further, whether the information requested could be relevant or helpful to Mr. Swenson is not the standard. Rather, Mr. Swenson must establish good cause for why he allowed the written discovery deadline to lapse and waited *years* before issuing the current requests. *Hernandez*, 2022 WL 12040305, at *2; *Mora v. Petras*, No. 220CV00749KJMJDPPC, 2021 WL 4480501 (E.D. Cal. Sept. 30, 2021) (discovery issued outside of scheduling order deadlines may not be enforced absent a showing of good cause to modify the order, which is based on the diligence of the party seeking the modification). Mr. Swenson does not even attempt to explain his lack of diligence.

3

That failure is fatal to his motion. *Id.*

Finally, the United States adds that some of the requests from Mr. Swenson seem as if they are seeking pretrial disclosures. The United States will cooperate with pretrial disclosures and deadlines when they arise, but that is not now given the recent Court order (ECF No. 135).

**Conclusion**

The Court should deny the motion to compel. The written discovery requests are untimely, and all the parties already conducted and completed written discovery in this case.

Date: November 28, 2022                    Respectfully submitted,

                                           DAVID A. HUBBERT
                                           Deputy Assistant Attorney General

                                           */s/ Alexander Stevko*
                                           ALEXANDER STEVKO
                                           Trial Attorney, Tax Division
                                           U.S. Department of Justice

## **CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on November 28, 2022, I caused a copy of the foregoing Response, to be sent to the following by ECF notification:

| | |
|---|---|
| MATTHEW GILMARTIN,<br>Ohio Bar #024683<br>Matthew Gilmartin, Attorney at Law, LLC<br>P.O. Box 939<br>North Olmsted, OH 44070<br>matt7g@att.net | Attorney for L. Richard Shearer |
| SHAUN CUNNINGHAM  (Local Counsel)<br>Law Office of Shaun Cunningham<br>41 Vantis Drive<br>Aliso Viejo, CA 92656<br>mrshauncunningham@gmail.com | Attorney for L. Richard Shearer and Diane Shearer |
| JOE ALFRED IZEN, Jr<br>5222 Spruce Street<br>Bellaire, TX 7740<br>jizen@comcast.net | Attorney for Stanley Swenson as Trustee of the Hotlum Trust, the Berryvale Trust and the Regency Trust |
| JIHAD M. SMAILI (Local Counsel)<br>SMAILI & ASSOCIATES<br>615 Civic Center Drive West, Suite 300<br>Santa Ana, CA 92701<br>jihad@smaililaw.com | Attorneys for Stanley Swenson as Trustee for Hotlum, Berryvale, and Regency Trusts |

I also certify that on the same day I served the following parties by mail and email:

Diane Shearer
701 Pine Street
Mt. Shasta, CA 96067
office@drshearer.com
*Pro se*

/s/ *Alexander Stevko*
Alexander Stevko
Trial Attorney, Tax Division
U.S. Department of Justice

5