Joe Alfred Izen, Jr.
5222 Spruce Street
Bellaire, Texas  77401
(713) 668-8815
(713) 668-9402 FAX

Jihad M. Smaili, Esq.
SMAILI & ASSOCIATES, PC
Civic Center Plaza Towers
600 West Santa Ana Blvd., Suite 202
Santa Ana, California 92701
(714) 547-4700
(714) 547-4710 (f)
www.smaililaw.com
ATTORNEYS FOR DEFENDANT,
STANLEY SWENSON, TRUSTEE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| Plaintiff, | | |
| VS. | § § § § § § | CASE NO. 2:12-CV-02334 |
| L. RICHARD SHEARER, et al., | | |
| Defendants. | | |

**DEFENDANT, STANLEY SWENSON, AS TRUSTEE FOR BERRYVALE TRUST'S, EXCEPTIONS AND OBJECTIONS TO MAGISTRATE'S ORDER ENTERED ON DOCKET ON JANUARY 31, 2023 PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 72**

TO THE PRESIDING UNITED STATES DISTRICT JUDGE OF SAID COURT:

COMES NOW, Defendant, Stanley Swenson as Trustee for Berryvale Trust ("SWENSON") and files this his Exceptions and Objections to Magistrate's Order Entered on Docket on January 31, 2023 Pursuant to Federal Rules of Civil Procedure Rule 72 and, in support of his Exceptions and Objections, would show this Court the following:

**FACTUAL ERRORS AND MISINTERPRETATION OF RECORD UNDERMINING MAGISTRATE'S BASIS FOR ORDER DATED JANUARY 31, 2023 DENYING DEFENDANT SWENSON'S MOTION TO COMPEL:**

1.   Defendant   Swenson   objects   and   excepts   to   the

1  Magistrate's finding stated in the Order dated January 31, 2023
2  which reads as follows:
3  
> With one exception, however, discovery in this action closed on February 1, 2016. (ECF No. 64.) In this regard, on November 15, 2022, the assigned District Judge ordered an extension of fact discovery until May 16, 2023, "for the limited purpose of taking the depositions of Lonnie Crokett, Richard Pfeiffer, Ken Cox, Ed Cox, and Leora Swenson." (ECF No. 135.) Defendant's motion to compel concerns written discovery not a deposition. Defendant's motion, therefore, is untimely.

8  See Magistrate's Order dated January 31, 2023, P. 1.

9      2. Attorney Matthew Gilmartin acting for Defendants, Richard Shearer and Diane Shearer, filed an Unopposed Request to Extend Fact discovery and Other Pretrial Deadlines Due To Covid-19 Global Pandemic & Ill Health of Defendants' Counsel which was entered on the docket on March 5, 2021, Doc. No. 114.

14      3. The then-Presiding Judge over this case signed an Order granting extension of fact discovery and pretrial deadlines which was entered on the docket on March 5, 2021. Doc. No. 115. The order signed by this Court and entered on the docket on March 5, 2021 extended the discovery in this case for all parties as follows:

> In consideration of the Request and for good cause shown, IT IS HEREBY ORDERED:
> 1) The deadline for fact discovery is CCONTINUED from March 15th, 2021, until September 15, 2021.

A true and correct copy of this Court's order entered on the docket on March 5, 2021 is attached hereto, marked Exhibit A, and is incorporated by reference for the Court's convenience.

    4. Contrary to the Magistrate's finding, Defendant Swenson Trustee's counsel Izen did not untimely serve Swenson's First Set of Written Interrogatories and First Request for Production on

1  the Government. To the contrary, the written discovery on the
2  Government was served diligently and within the time parameters
3  and deadlines for discovery set by this Court.
4      5. Therefore, the Magistrate's clearly erroneous finding
5  that Defendant Swenson Trustee's discovery was untimely served
6  must be set aside and Defendant Swenson Trustee's Motion to
7  Compel must be granted in all respects.

**DENIAL OF DISCOVERY IS REVERSIBLE ERROR UNDER NINTH CIRCUIT PRECEDENT:**

6. The following Ninth Circuit precedents hold that denial of discovery is reversible error when a Trial Court is presented with facts in the record analogous to the one presented by the facts and record in this case. See <u>Colchester v. Lazaro,</u> 16 F.4th 712, 725-726 (9th Cir. 2021):

> A district court is vested with broad discretion to permit or deny discovery," a decision we review for abuse of discretion. <u>Laub v. U.S. Dep't of Interior,</u> 342 F.3d 1080, 1093 (9th Cir. 2003). A district court commits an abuse of discretion if it failed to apply the correct legal rule or, if the correct legal rule was applied, if the court's decision "resulted from a factual finding that was illogical, implausible, or **without support in inferences that may be drawn from the facts in the record."** <u>United States v. Hinkson,</u> 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). **But here, Lazaro bears a heavier burden: "a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant. Prejudice is established if there is a reasonable probability that the outcome would have been different had discovery been allowed."** <u>Laub</u> , 342 F.3d at 1093.
>
> . . .
>
> The transcript reflects no discussion of whether the parties could conduct limited discovery before an expedited trial, whether Lazaro's proposed expert could conduct a psychological examination in the time allotted, or whether Colchester was entitled to his delayed request for expedition. We therefore hold that the district court's wholesale denial of discovery in

3

1  general and of the psychological examination in partic-
2  ular was unreasonable. This alone would suffice for
   remand. See Gov't Emps. Ins. Co., 133 F.3d at 1225.

3  7. The standard of review for determining whether a Trial
4  Court has violated a party's right to discovery to the extent
5  requiring vacature or reversal is stated in Pritchett v. Fairley,
6  No. 17-35316, (9th Cir. 2018)

7  The district court did not abuse its discretion by
   denying Pritchett's motion for relief from the stay of
8  discovery because Pritchett failed to demonstrate
   actual and substantial prejudice resulting from the
9  denial. See Childress v. Darby Lumber, Inc., 357 F.3d
   1000, 1009 (9th Cir. 2004) (standard of review); Sablan
10 v. Dep't of Fin., 856 F.2d 1317, 1321 (9th Cir. 1988)
   (district court's "decision to deny discovery will not
11 be disturbed except upon the **clearest showing that
   denial of discovery results in actual and substantial
12 prejudice to the complaining litigant"** (citation and
   internal quotation marks omitted)).

13 Here, the prejudice of the denial of discovery to the Defendants
14 
15 is clear. The economic and financial valuations of the value of
16 Defendant Swenson Trustee's property received from the Shearer
17 Defendants and the Shearer Defendants' earnings and future
18 earning potential must be calculated as of the dates of any
19 alleged fraudulent transfers. The income tax liability of the
20 Shearer Defendants is calculated not on the date of any alleged
21 fraudulent transfer, but instead as of the date of the end of
22 each relevant tax year. Thus, discovery proving the Shearer
23 Defendants' tax liabilities is insufficient standing alone to
24 determine the fraudulent transfer issues. Some of the proof may
25 be the same and overlap. Much of the proof does not.

26 8. The need for the fraudulent transfer issue discovery
27 sought by Defendant Swenson Trustee and the prejudice which would
   result if Defendant was denied such discovery is further ex-
28

4

plained below.

**FACTS WHICH SUPPORTED DEFENDANT SWENSON'S REQUEST FOR ENTRY OF AN ORDER COMPELLING WRITTEN DISCOVERY:**

9. Remaining in this case for this Court's trial and resolution are the Government's claims against various Defendants for alleged fraudulent transfers of real property which, the Government alleges, was transferred by the Shearer Defendants to Defendant Swenson as trustee for various trusts for less than substantial or fair consideration. The Government also alleges as part of its fraudulent transfer claims that the transfers of real estate to Defendant Swenson rendered Defendants, Richard L. Shearer and Diane Shearer, insolvent and unable to pay their debts, including their tax debt to the United States, in the ordinary course of business.

10. Defendant Swenson acting as Trustee for Berryvale Trust served a First Request for Production and First Set of Written Interrogatories on the United States on July 15, 2021. True and correct copies of Defendant Swenson's First Request for Production and First Set of Written Interrogatories are attached hereto, marked Exhibits B and C, and are incorporated by reference.

11. Despite numerous oral discussions taking place over the last year and a half since Defendant Swenson's written discovery was served on the United States, the United States has not responded to or answered the written discovery. The various conferences between the attorneys for the United States and Defendants Swenson and Defendant Shearers' counsel, were set out in a Certificate of Conference presented to the Magistrate with the filing of Defendant Swenson's Motion to Compel.

5

**RELEVANCE OF EVIDENCE SOUGHT:**

12.   Payment of fair, adequate or reasonably equivalent consideration for the transfer of property is an affirmative defense which a transferee such as Defendant Swenson can assert as an affirmative defense against the Government lien holder's claim of fraudulent transfer. The affirmative defense concerning, fair, adequate or reasonably equivalent, consideration is set out specifically as a defense in the Federal Fraudulent Transfer Act on which the Government in this case relies.

13. A disputed fact issue in this case is whether at the time of each transfer alleged to be fraudulent by the United States, the Shearers were rendered insolvent i.e. otherwise unable to pay their federal tax obligations which the Government claims to be owed by the Shearers for the various tax years at issue as they became due.  Another fact issue will be whether fair, adequate, and/or reasonably equivalent consideration was received by the Shearers for the transfers of any of the real estate to Defendant Swenson alleged to be fraudulent.  A companion fact issue to that inquiry will be the fair market value of the real estate transferred.  This is so because a determination of fair, adequate, and/or reasonably equivalent consideration for any transfer must take into account the value of the property being transferred in comparison to the consideration paid for the transfer.

14.  Review of Defendant Swenson's Request for Production and written interrogatories directed to and served on the United States through its counsel will establish that Defendant Swenson's Request for Production and written interrogatories seek to

discover this essential evidence and information from the Government.

15. Without this relevant evidence, Defendant Swenson is unable to adequately prepare for trial. Further, the Government which has utilized this Court's discovery process to take written discovery as well as oral depositions will have an unfair advantage over Defendant Swenson and the other Defendants in this case.

**LEGAL AUTHORITY SUPPORTING MOTION TO COMPEL**

**STANDARD OF REVIEW:**

The standard of review applied in the Ninth Circuit for review of a District Court's decision to grant or deny a Motion to Compel Discovery is set out in <u>Bailey</u> <u>v.</u> <u>Suey</u>, No. 15-15944 (9th Cir. 2016) (memorandum opinion not cited for publication):

> The district court did not abuse its discretion in denying Bailey's motion to compel discovery because Bailey failed to meet and confer with defendants and the motion did not set out the text of the requested discovery. See Fed. R. Civ. P. 37(a)(1) (motion to compel discovery must include certification that movant has in good faith conferred or attempted to confer with opposing party); D. Nev. R. 26-7(b) (motion to compel discovery must set forth in full the text of the discovery originally sought and any response); <u>Hallett v. Morgan,</u> 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review).

The text of the written discovery sought is attached as Exhibits B and C -- the sets of written discovery served on the United States over a year ago which the United States has not answered or responded to.

The relevance of the text of the discovery sought is set out and discussed above. Finally, defense counsels' effort to conference with the attorneys for the United States and obtain the written discovery sought by Exhibits B and C without court

7

1 intervention is detailed below.

2 Defendant Swenson, Trustee is entitled to the entry by this
3 Court of an order compelling the United States' responses and
4 answers to the written discovery already served on the United
5 States under F.R.C.P Rule 37.

6 **EFFORTS TO CONFERENCE:**

7 Counsel for Defendant Swenson and/or the Shearer Defendants
8 attempted to resolve the discovery dispute and obtain voluntary
9 responses and answers by the United States to Defendant Swenson's
10 written discovery (Exhibit B and Exhibit C) on the following
11 dates without success:

**COUNSEL PARTICIPATING IN CONFERENCE/CALL**

| ATTORNEY | DATE OF CONFERENCE / CALL |
|---|---|
| Matthew Gilmartin | 9-1-2022 to Mr. Stevko |
| Matthew Gilmartin | 9-16-2022 to Mr. Stevko |
| Matthew Gilmartin | 10-19-2022 to Mr. Stevko |
| Matthew Gilmartin | 8-23-2022 to Ms. Bissell, 3 calls that day |
| Matthew Gilmartin | 9-01-2022 to Ms. Bissell |
| Matthew Gilmartin | 9-16-2022 to Ms. Bissell, two calls that day, |
| Matthew Gilmartin | 10-19-2022 to Ms. Bissell, |
| Joe Alfred Izen, Jr. | 2-15-22 email to Stevko |
| Joe Alfred Izen, Jr. | 2-18-22 conference call with all counsel |
| Joe Alfred Izen, Jr. | 6-3-22 email to Ms. Bissell |
| Joe Alfred Izen, Jr. | 6-7-22 email to Ms. Bissell |
| Joe Alfred Izen, Jr. | 6-15-22 conference call with all counsel |

28 The above conferences / calls were held without success. Govern-

8

ment counsel at the last discussion between counsel claimed that the discovery deadline had expired and that the United States was not going to answer or respond to Defendant Swenson's discovery.

**FURTHER CONFERENCE FUTILE AND NOT WITHIN SPIRIT OF F.R.CIV.P. RULES GOVERNING DISCOVERY:**

16.  Contrary to the Government's claim, the Government was served with Defendant Swenson Trustee's written discovery within the period for discovery as enlarged by this Court's order entered on the docket on March 5, 2021.

17.  The Government's arrogant position throughout its discussions concerning the overdue discovery with Defendant Swenson Trustee's counsel was that the Government did not have to comply with its obligations to respond to and provide discovery as required by the Federal Rules of Civil Procedure. Unless there is a double standard of justice allowing the Government the advantage of one-sided discovery while denying the Court's discovery processes to the parties the Government sues, the Magistrate's order denying Defendant Swenson's Motion to Compel Discovery entered on this docket on January 31, 2023 should be set aside and Defendant Swenson Trustee's Motion to Compel Discovery should be granted in all of its particulars.

18.  Defendant Swenson's counsel posits that had the roles in this discovery dispute been reversed, Defendant Swenson would have probably suffered severe including "litigation terminating" sanctions for failure to cooperate in discovery as provided by F.R.Civ. P. Rule 37. Defendant Swenson has incurred needless costs including reasonable and necessary attorney's fees in pursuing his simple right to obtain civil discovery under the

1 Federal Rules of Civil Procedure from the Government. Under
2 these circumstances consideration by this Court of these costs to
3 Defendant Swenson would seem appropriate.

**CONCLUSION**

Based on all of the above arguments as well as legal authority and evidentiary proof of the text of the written discovery sought by Defendant Swenson, an order should be entered by this Court compelling the United States to fully and completely respond to and answer Defendant Swenson's First Request for Production and First Set of Written Interrogatories previously served on July 15, 2021. Defendant Swenson's Exceptions and Objections to the Magistrate's Order entered on the docket on January 31, 2023 should be granted and this Court should grant Defendant Swenson Trustee all relief requested herein. Defendant Swenson Trustee prays for general relief.

Respectfully submitted,

/S/Joe Alfred Izen, Jr.

_____
Joe Alfred Izen, Jr.
TBC # 10443500
5526 McKnight Street
Houston, Texas 77035
(713) 668-8815
(713) 668-9402 FAX
jizen@comcast.net
ATTORNEYS FOR DEFENDANTS
STANLEY SWENSON, TRUSTEE,
BERRYVALE TRUST,
HOTLUM TRUST AND REGENCY TRUST

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent to the following attorneys by email transmission and/or U.S. Mail, postage prepaid, on February 13, 2023.

| | |
|---|---|
| Alexander Edward Stevko<br>US DOJ, Tax Division<br>P. O. Box 683,<br>Ben Franklin Station<br>Washington, D.C. 20044<br>202.307.6648 TEL<br>202.307.0054 FAX<br>Alexander.Stevko@usdoj.gov | Matthew Gilmartin<br>(Ohio Bar #0024683)<br>Matthew Gilmartin Attorney at Law, LLC<br>P.O. Box 939<br>North Olmsted, OH 44070<br>440-479-8630 TEL<br>440-398-0179 FAX<br>Matt7g@att.net |

Jihad M. Smaili, Esq.
SMAILI & ASSOCIATES, PC
Civic Center Plaza Towers
600 West Santa Ana Blvd., #202
Santa Ana, California 92701
(714) 547-4700
(714) 547-4710 (f)
www.smaililaw.com

/S/Joe Alfred Izen, Jr.
_____
Joe Alfred Izen, Jr.

SHEARER.OBJ/TK521