DAVID A. HUBBERT
Deputy Assistant Attorney General

Alexander Stevko (CABN 301359)
Chelsea Bissell (MTBN 58862977)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
(202) 616-2380 (AS)
(202) 307-1372 (CB)
(202) 307-0054 (f)
Alexander.Stevko@usdoj.gov
Chelsea.E.Bissell@usdoj.gov
*Counsel for the United States of America*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:12-CV-02334-TLN-DB |
| Plaintiff, | **OPPOSITION TO MOTION TO SET ASIDE JUDGMENT** |
| v. | |
| L. Richard Shearer; Diane Shearer; Stanley Swenson as Trustee of the Hotlum Trust, Berryvale Trust, and Regency Trust; et al.; | |
| Defendants. | |

Defendant Diane Shearer asks this Court to set aside the partial summary judgment order entered by this Court in 2018 (ECF No. 86) and requests a show cause hearing to either refer United States' counsel for disciplinary proceedings or strike the underlying complaint. (ECF No. 141 at 4.) Ms. Shearer seeks this extraordinary relief because, during summary judgment briefing in 2016, the United States: (1) did not "include the entire $5,000 criminal restitution in the figures present to this Court in pleadings;" (2) "failed to give Defendants credit for an IRS levy . . . in the amount of $2,047.56" and (3) "essentially double-counted interest." (*Id.* at 1.)

Her motion should be construed as a motion for reconsideration of the Court's order granting partial summary judgment. Because that order was not a final order or judgment, her

1

motion cannot be considered under Federal Rules of Civil Procedure 59(e) or 60(b). Rather, she must comply with Local Rule 230(j). Despite all the invective she throws at United States' counsel, her motion and accompanying brief fail to meet the required standard because it does not explain "(3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; [or] (4) why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j).

And even if the Court considers its substance, it is completely without merit. The motion concocts an alleged vast conspiracy out of the fact that, in Defendant Richard Shearer's prior criminal case, 2:00-cr-345-KJM (E.D. Cal.), a restitution check was made out to the wrong entity. As a result, the check had not made it to the IRS by the time the Court entered partial summary judgment. Because the IRS had not received the check, it could not credit the $5,000 against Mr. Shearer's balance as a result.

But none of this affects the underlying validity of the Court's partial summary judgment order. The Court determined that the defendants: (1) owed tax liabilities for 1995 through 1999 and (2) that the unpaid balance of those liabilities totaled $368,377.94, as of September 30, 2014. (ECF 86.) All of Ms. Shearer's arguments go to the second part of the equation: the unpaid balance. Yet, Ms. Shearer requests that the Court throw out the entire amount of the judgment and "return[] this proceeding to the beginning of discovery." (ECF 141 at 4; *see also* ECF 141-1 "Undersigned asks the for the remedy demanded by the US Supreme Court in *Armstrong v. Manzo*[, 380 U.S. 545, 552 (1965)] – neither more nor less. Set aside the offending judgment, force the government to prove their case *de novo*, afresh, anew.").)

None of the attorneys who have represented the United States in this case mislead the Court or engaged in any other wrongdoing. When the Court granted summary judgment in 2018, the IRS had not received the $5,000 payment, so the payoff balance provided by the United States in moving for summary judgment was accurate based on the records maintained by the IRS at the time. This amount has now been applied to his account and reduced the outstanding amount of the

2

judgment accordingly. And if there are any other amounts that Ms. Shearer feels have not been properly applied to reduce the judgment, the United States will ensure that all payments have been properly applied to the defendants' accounts.

But nothing in the Motion provides any basis to revisit the Court's order granting partial summary judgment. The Court therefore should deny it.

**Factual Background**

Because the Motion is predicated on a check for restitution related to a separate case, it is helpful to outline the facts for the Court in this case. Mr. Shearer previously pled guilty to conspiracy to defraud the United States and submitting false tax returns in the case *United States vs. Bullock, et al.* 2:00-cr-345-KJM (E.D. Cal.). As part of that case, Mr. Shearer was ordered pay $5,000 in restitution to the IRS, the party harmed by Mr. Shearer's criminal conduct. The Court, however, entered judgment directing the payment be made to the United States Attorney's Financial Litigation Unit. One of the Shearers or someone on their behalf subsequently submitted a $5,000 check to the Court registry made out to the United States Attorney's Financial Litigation Unit, and it sat with the Court undistributed for over well over a decade. Because the payment was not made to the IRS, the IRS did not receive the payment.

In this separate civil suit, the United States moved for partial summary judgment on the count to reduce federal income tax assessments against Mr. and Ms. Shearer to judgment. There were two rounds of briefing (because the Court allowed the defendants to amend their answer after the first motion for summary judgment), and the briefing for the United States' second motion for summary judgment was completed in 2016. The Court granted the United States' motion for partial summary judgment in 2018 (ECF No. 86). As part of the United States' motions, it submitted IRS transcripts reflecting the amount the IRS claimed that Mr. and Ms. Shearer owed in tax. *See, e.g.*, ECF No. 40-1, Exhibits J-P. Those exhibits did not factor in the Shearers' check for $5,000 because that check had not actually been paid to the IRS.

In 2022, at attorney from the U.S. Attorney's Office for the Eastern District of California filed a motion to disburse restitution (ECF No. 167 in 2:00-cr-345-KJM). The Court granted the

motion and directed that the money sitting with the Court be paid to the correct party, the IRS. When the IRS received the payment, it credited it to the Shearers' outstanding balance.

**Argument**

*I.     The Motion does not meet the requirements for a motion for reconsideration.*

Neither the Motion (ECF No. 141) nor the supporting brief (ECF NO. 141-1) cite to a specific rule or statute as the basis for the requested relief, so the United States can only infer the intended basis for setting aside the partial summary judgment. One way to set aside a judgment is to move under either Federal Rule of Civil Procedure 59(e) or 60(b), but both of those require a *final* decision, which is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). An order that adjudicates less than all claims is not a final decision. *Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981). This extends to orders granting partial summary judgment. *Williamson v. UNUM Life Ins. Co. of Am.*, 160 F.3d 1247, 1250 (9th Cir. 1998) ("Orders granting partial summary judgment are, absent special circumstances, not appealable final orders"). The Court therefore should construe the Motion as one for reconsideration. District courts have inherent jurisdiction "to modify, alter, or revoke" their orders before they become final. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). Under Local Rule 230(j), a party moving for reconsideration must show, "(1) when and to what Judge or Magistrate the prior motion was made; (2) what ruling, decision, or order was made thereon; (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and (4) why the facts or circumstances were not shown at the time of the prior motion." Such motions are "not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." *Williams v. Felker*, No. CIV S-08-0878LKKGGHP, 2010 WL 744795, at *1 (E.D. Cal. Mar. 3, 2010).

Here, the third and fourth factors are relevant. Ms. Shearer's Motion mostly relies on the fact that the judgment granted by this Court did not factor in a payment that the defendants

addressed to the wrong party, which prevented it from getting to the IRS. As discussed below, even considering the merits of this argument, this is not a reason to set aside the judgment. This undermines the third factor, because even if Ms. Shearer identified a "new fact," at most that would just reduce the judgment by $5,000. The order granting partial summary judgment (ECF No. 86) awarded judgment of $368,377.94, and Ms. Shearer's pending Motion does not say what legal grounds exist for invalidating or setting aside the rest of that judgment, so her Motion fails under the third factor.

Ms. Shearer also has not explained why the error she alleges was not shown at the time of the prior motion. The Shearers submitted the $5,000 in the criminal case before the summary judgment briefing in this case, which was from 2014-2016. As a legal matter, the $5,000 check at that time would not have changed the balance owed in this case because it had not been made *to the IRS*. But if Ms. Shearer wanted that amount factored into her judgment, she could have raised the topic, and the payment error may have been corrected earlier. The earlier attorney for the United States in this case had no involvement with the criminal case. Only the Shearer defendants were involved in both cases, and they could have discovered their payment error (they are the ones who addressed the check to the wrong party) before summary judgment in this case. But they did not, and Ms. Shearer has not given an adequate explanation for why this purported relevant information was not uncovered by the Court granted partial summary judgment.

She therefore has not satisfied Local Rule 230(j) and instead her motion is an attempt to present "contentions which might have been raised prior to the challenged judgment." *William*, No. CIV S-08-0878LKKGGHP, 2010 WL 744795, at *1. The Court should deny the Motion.

**II.     The United States did not mislead the Court or fail to correct a mistake**

The alleged errors or misleading conduct by the United States regarding the application of payments from the Shearers do not constitute any wrongdoing by the attorneys for the United States or a reason to set aside the previous partial grant of summary judgment. First, as a factual matter, the fact that the check was made out to the wrong entity means that the IRS did not receive the $5,000 payment. A check given to the Court made out to the United States Attorney is

not the same as paying the IRS. This means that when previous counsel for the United States in this case moved for summary judgment, the IRS could not have factored that $5,000 into the payoff balance as an undisputed factual matter.

The criminal case against Mr. Shearer was handled by completely different attorneys in a completely separate office than the attorneys handling this litigation, who are with the Department of Justice Civil Tax Division in Washington, D.C. The attorneys in this case had nothing to do with payments in the criminal case or how they were processed. Both the attorneys in this case and the IRS in general had nothing to do with how the plea agreement was drafted in Mr. Shearer's criminal case or how payments were made to the Court.

What the United States and the IRS did in this case was present the payoff balance owed by the Shearers by computing their total tax liability less any credits for payment. The supporting IRS declaration and underlying documents were submitted to the Court with the United States' Motion for Summary Judgment. *See* ECF 86 ("[the United States] supports its calculation with the Declaration of Revenue Agent Nancy Yang, analyzing data from the IRS's Integrated Data Retrieval System ('IDRS'), showing the assessments, abatements, the applicable fraud penalty, and interest, and exhibits of data retrieved from IDRS. (ECF No. 37-3 ¶¶ 10–22; ECF No. 40 Exs. J–P.)").) When this was done, the $5,000 check from the criminal case had not been directed to the IRS, so it was not possible to factor into the judgment amount.

Simply put, this attempted payment that was not in fact paid to *the IRS* is not a reason to set aside the previous partial summary judgment in this case. The underlying facts the Court previously considered in deciding the Shearers were liable for income tax and related penalties – facts related to whether they had taxable income and what they reported – remain true. It remains true the United States has established it is entitled to judgment against the Shearers for their unpaid income tax. Subsequent payments to the IRS decrease the balance of that judgment, but they do not invalidate the entire judgment. Such an argument would mean that anytime a judgment debtor makes a subsequent partial payment on a judgment, that judgment would need to be revised. Ms. Shearer takes it even further and wants to re-litigate whether she is liable for any

amount of tax, not just a $5,000 reduction in the outstanding balance. There is no support for such an extraordinary position.

What happened with the Shearers' tax balance in this case is a good example of how judgments and tax liabilities work. After the Court in the criminal case directed payment to the IRS in 2022, the IRS received the payment and applied it to the Shearers' account. Counsel for the United States in this case shared updated IRS account transcripts with Ms. Shearer showing that she had been given credit for this payment. It therefore changed the payoff amount of the judgment, but it does not challenge or invalidate the underlying judgment. As far as the IRS was concerned, the $5,000 payment was just a payment after judgment in this case because it never received it before the United States moved for summary judgment.

The above discussion shows that the United States did nothing improper in this case, and nothing in the pending Motion is a valid reason for setting aside the partial summary judgment in this case.

**III.    The other arguments are without merit**

The Motion includes several other minor arguments in support of its request to set aside the judgment and for an order to show cause. It is not clear to the United States exactly how they relate, but to assist the Court, the United States will briefly respond to each argument. Each is without merit or is irrelevant and do not support setting aside a judgment.

Separate from the $5,000 payment discussed in depth above, Ms. Shearer claims there was a levy of a trust, and that the amount of the levy was not properly credited to her tax account. First, the Motion includes no exhibits or other evidence of this levy payment. The United States is unaware of such a levy or where it may have been applied. Without any basis for such a claim, the Court should not consider it. Second, to the extent a $2,047.56 payment was applied to an incorrect year or account, this would, at most, cause the IRS to reapply the payment to a different year. The effect would be the same the one discussed above for the $5,000 payment: it would update the payoff balance by decreasing it by $2,047.56 (and any related interest), but it would not invalidate the judgment on the merits. Counsel for the United States told Ms. Shearer that

they would work with her to look into this alleged issue, but she did not follow up.

The Motion also extensively discusses the alleged improper service of the Motion to Disburse Funds in the criminal case. (ECF No. 167 in 2:00-cr-345-KJM). That is irrelevant here. The criminal case was a separate action handled by completely different attorneys in a completely different office. The United States in this case is not offering any view of possible errors in submitting a motion or processing payments in the criminal case. But any issues with anything done by attorneys or the Court in the criminal case should be handled in that case, not this one.

The Motion also seems to raise an argument about an improper interest calculation, which is raised in one of the exhibits.[1] It seems that Ms. Shearer is arguing that the interest shown in her tax balance is double counted because certain IRS account transcripts list assessed and accrued interest separately. This is normal IRS practice: because interest accrues daily, the IRS does not re-assess it every day, and so some interest will have accrued since the last time there was an assessment. Listing previously *assessed* interest from subsequently *accrued* interest does not mean that interest is improperly being double counted. Furthermore, the United States submitted IRS INTSTD transcripts with its motion for summary judgment in this case (ECF No. 40-1, Exhibits J-P). Ms. Shearer could have raised arguments about interest then but didn't, and this is therefore another improper attempt to re-litigate a matter previously litigated. *See Williams v. Felker*, No. CIV S-08-0878LKKGGHP, 2010 WL 744795, at *1 (E.D. Cal. Mar. 3, 2010).

## CONCLUSION

The Motion to set aside is an untimely attempt to re-open briefing on a matter fully briefed over five years ago. The Motion also misconstrues the proper effect of payments made to the IRS subsequent to a judgment. None of the arguments in the Motion have merit, and the Court should deny it.

---

[1] The exhibit is a purported "expert report." The United States does not agree that author of the document qualifies as an expert under FRE 702, or that he was properly disclosed because he is opining on a subject (the tax calculation) that was decided in 2018, or that the subject of the report (examining tax transcripts) is the proper subject of expert testimony. These are all ancillary matters to this specific Motion to set aside, however, so the United States will not brief them further and the Court need not consider it.

Date: May 26, 2023

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/Chelsea Bissell*
CHELSEA BISSELL
Trial Attorney, Tax Division
U.S. Department of Justice

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on May 26, 2023, I caused a copy of the foregoing Response, to be sent to the following by ECF notification:

| | |
|---|---|
| MATTHEW GILMARTIN,<br>Ohio Bar #024683<br>Matthew Gilmartin, Attorney at Law, LLC<br>P.O. Box 939<br>North Olmsted, OH 44070<br>matt7g@att.net | Attorney for L. Richard Shearer |
| SHAUN CUNNINGHAM  (Local Counsel)<br>Law Office of Shaun Cunningham<br>41 Vantis Drive<br>Aliso Viejo, CA 92656<br>mrshauncunningham@gmail.com | Attorney for L. Richard Shearer and Diane Shearer |
| JOE ALFRED IZEN, Jr<br>5222 Spruce Street<br>Bellaire, TX 7740<br>jizen@comcast.net | Attorney for Stanley Swenson as Trustee of the Hotlum Trust, the Berryvale Trust and the Regency Trust |
| JIHAD M. SMAILI (Local Counsel)<br>SMAILI & ASSOCIATES<br>615 Civic Center Drive West, Suite 300<br>Santa Ana, CA 92701<br>jihad@smaililaw.com | Attorneys for Stanley Swenson as Trustee for Hotlum, Berryvale, and Regency Trusts |

I also certify that on the same day I served the following parties by mail and email:

Diane Shearer
701 Pine Street
Mt. Shasta, CA 96067
office@drshearer.com
*Pro se*

                                            /s/ *Chelsea Bissell*
                                            Chelsea Bissell
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice