Diane Shearer
701 Pine Street
Mt. Shasta, Ca 96067
(530) 926-6222 phone
(530) 925-0777 cell/text
Email: office@drshearer.com
Pro Se Defendant

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>L. RICHARD SHEARER, ET AL<br>Defendants, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:12-CV-02334 DAD-DB<br><br>**DIANE SHEARER'S REPLY TO RESPONSE TO MOTION TO SET ASIDE PARTIAL SUMMARY JUDGMENT, AND FOR SHOW CAUSE ORDER** |

Interesting indeed that Chelsea Bissell has been tasked with briefing this Court about things that happened before she entered appearance. Dkt. 142. Apparently Mr. Stevko doesn't want to explain how he managed to procure both a motion and an order in the criminal case, all without any service of either on Dr. Shearer, or on any of the defendants in this case or the criminal case. Nobody entered appearance. They just filed the motion.

The government faults Diane Shearer for an alleged failure to comply with Local

Rule 230(j). These arguments are disingenuous, the conclusions spurious. The government has ignored or mischaracterized most of the arguments in the motion of undersigned.

The government faults "the Shearer defendants" (pg. 5 line 14) for allegedly writing the check "that the defendants addressed to the wrong party." (Dkt. 142, pg. 4 line 27 – pg. 5 line 1.)[1]

This is sanctionable nonsense – which helps to explain the lack of service of pleadings. Criminal defendants don't get to draft their own judgment and commitment orders. It is hornbook law that they are duty bound to obey the orders of the criminal court that entered the judgment. Once money is paid according to the terms of a judgment and commitment order, it is the duty of government officials receiving those funds to remit them to the proper party.

The government admits that someone procured an order to disburse restitution. (Dkt. 142 pg. 3, line 26 – pg. 4 line 2.) Then at page 8, lines 2-7, the government claims that any wrongdoing in that case should be handled in the criminal case – not in this civil case. Apparently, defendants were expected to learn about their due process right to be heard in a meaningful time and a meaningful manner via ESP.

Now the decision to assign Ms. Bissell to the response comes into sharper focus. The only other party to find out *in time to take this nefarious action* is Alexander Stevko. How do we know this fact? Because Diane Shearer, pro se litigant and a defendant, talked to Mr. Stevko on the telephone before Joe Izen, Jr., Defendant's Attorney sent the first written message about the false testimony provided to this Court.

Mr. Stevko used that information to call in a favor – but not just any favor, not just a motion to authorize disbursement. That was political cover only – there was no need for

---

[1]    Undersigned hopes to learn how a check made out to the Financial Litigation Unit (FLU) wound up in a clerk's account. If it was deposited in an FLU account, shouldn't the next stop be the IRS?

an order to pay money over to a party allegedly injured by the acts or omissions of a criminal defendant.

No, the real favor was to keep the matter hush-hush. Mr. Stevko wanted to pretend that the government needed a special order to disburse the money – but at the same time to keep that information from the defendants in this civil case for as long as possible.

Worse yet, Mr. Stevko chose to corrupt the processes of *this court*, the United States District Court for the Eastern District of California. He needed to prevent the *order* from being served, lest the *Chief Judge* of said court inadvertently snitch on Stevko and his confederates. It does no good whatsoever to prevent the service of *a motion* unless you can also prevent the service of *the order.* Plus, if you can't get assurances *in advance* to "hide the ball" with respect to the order, deliberately withholding service *of the motion* is just a great way to get severely embarrassed.

Lying to a court isn't necessarily a "fraud upon the court" within the meaning of the law. Intentionally interfering with court processes to prevent the Court from performing its normal and lawful functions *does* constitute a "fraud on the court." *Dixon v. CIR*, 316 F. 3d 1041, 1046 (2003)

Why did counsel for the government want to keep this secret for as long as possible? Amongst other things they didn't want any discovery about their order to disburse the funds.

The government either participated in joint motions to extend the time for discovery, or didn't oppose motions by the defense. See e.g. Dkt. 112, 114, 116, 118, and 121.  The orders extended discovery without limitation, see e.g. 113, 115, 117, 119, (minute order) and 122.

Diane Shearer filed for an unopposed extension on 11-10-2022. Dkt. 131. The government on 11-14-2022 filed a "Limited Opposition." Dkt. 132. On the day after that filing the District Court by minute order granted Diane Shearer's motion in part, allowing the government to do the depositions they sought, while denying all other opportunity for

discovery by Diane Shearer, pro se litigant.

Why? Counsel for the government in this civil case knew about their slick trick, to prevent the defendants in this case from becoming aware of their perfidy. They knew that the order of distribution would be suspicious in the extreme. They wanted to shut down questions *and discovery* before the defendants even knew about their position. They couldn't afford the possibility of a reply to their response.

If they needed an order to pay over money to a claimed victim of crime, wouldn't they need a whole flurry of orders? If so where is the flurry of orders? Has the Eastern District of California abandoned the rules (and the constitution, 5th Amendment's due process clause) wholesale? If not, would it not be necessary to serve motions and orders in a massive stack of cases going back perhaps 2 decades or longer?

The government in its original motion for partial summary judgment claimed that all the facts and figures submitted in support of summary judgment were true and correct. See e.g. Dkt. 37-3, where Nancy Yang submitted a statement under penalty of perjury. The facts and figures in that declaration simply *were not true*. However, the government has submitted no documentation to acknowledge falsity and correct the record. Their remarks in the brief[2] are backed up by *nothing*.

The government in the motion in the criminal case said that the money for all three defendants needed to be sent to the IRS. *US v. Bullock et al*, CAED 2:00-cr-345 Dkt. 167. Indeed the government attached plea agreements, amongst other documents, as if they needed to convince the judge that the restitution money truly had to be sent to the IRS. Nobody got served with the motion or with the order. That is highly significant for a number of reasons.

One, other defendants in the criminal case allegedly got a credit to their IRS accounts, but no notice of it and no information about how to use that information to

---

[2]    Remarks in a brief by an attorney are not evidence.

reduce their tax liabilities with their next tax filings. This is not a small thing. Apparently, the government hopes and plans to cheat these individuals out of the benefit of their restitution payments. At minimum they deprived these individuals of a sizeable sum, knowingly and willfully, in complete and utter defiance of 5th Amendment due process and court rules.

Furthermore, if this was done in this case it was probably done in a lot of other cases. Where is the rectification of that wrongfulness? Lacking correction, the government's theory for summary judgment, accepted by the Court, completely flies out the window. The government in this case is *not* especially trustworthy. Quite the opposite. The government in this case has proven to be remarkably deceitful and dishonest.

The government, in Dkt. 142; page 2 lines 8-14, alleged that Dr. Shearer simply paid the wrong entity. They allege he should have paid the IRS and because he paid the Financial Litigation Unit the payment was not credited to Dr. Shearer's IRS account/transcript. This allegation is incorrect. Dr. Shearer was directed, as shown in the Judgment in a Criminal Case which was signed by United States District Judge Frank C. Damrell, Jr., to make RESTITUTION payment to U.S. Attorney Financial Litigation Unit, through the U.S. District Court. The date of imposition of judgment was January 7, 2002. A true and correct copy of the Judgment in a Criminal Case is attached hereto as Exhibit "1". Dr. Shearer abided by this court order.

United States Attorney's Office was aware of their receiving the Shearer restitution payment. On January 13, 2005, Bobbie J. Montoya, Assistant U.S. Attorney, signed and recorded a Release of Lien for Fine/Restitution. A true and correct copy of the Release of Lien, dated January 1, 2005, is attached hereto as Exhibit "2".

Dr. Shearer was prosecuted criminally by the United States. Dr. Shearer's Judgment and Commitment Order[3] directed payment to the Financial Litigation Unit

---

[3]     *US v. Bullock et al*, CAED 2:00-cr-345, Docket #105. ___

(FLU). Neither the clerk nor the FLU was the injured party. As soon as Dr. Shearer's checks cleared the bank, that money was held *in trust* for the benefit of any party entitled to restitution.

No less an authority than Benjamin Cardozo opined that a trustee is a fiduciary bound to act with "the punctilio of honor the most sensitive." *Seminole Nation v. United States*, 316 US 286, 297 (1942) Diverting money held in trust to an unauthorized purpose is tantamount to conversion, a civil tort if not a criminal act.

Congress in 18 USC 3612 (c) decreed the order in which the financial parts of a criminal judgment would be satisfied, stating in pertinent part:

> … *Any* money received from a defendant shall be *disbursed* so that each of the following obligations is paid in full *in the following sequence*:
> (1) A penalty assessment under 3013 of title 18, United States Code;
> (2)  Restitution of all victims;
> (3) All other fines, penalties, costs, and other payments required under the sentence.
> (Emphases added)

It was totally illegal for the government to pay out the fine money until the restitution money was *disbursed* to the IRS. Furthermore, all receipts must be disclosed to the Attorney General within 15 days. 18 USC 3612(a). The Attorney General is statutorily required to evaluate each office of the US Attorney and each component of the Department of Justice, with respect to seeking and recovering restitution money. 18 USC 3612(j). Each such office is statutorily required to work to improve its practices. *Id.*

Congress in 18 USC 3612(k)(1) mandated reports to the Committees on the Judiciary in both the US House and US Senate. Subsection (k)(2) mandates estimates of various items of information. Subsection (k)(3) mandates recommendations for best practices for amongst other things collecting restitution. Subsection (k)(4) requires reports to the House and Senate Committees on the Judiciary, on the implementation of best management practices with respect to restitution.

1  It is utterly inconceivable that the responsible officials in CAED are obeying the law

2  and turning over the required information. Defendants should, amongst other things, be

3  allowed written discovery to compel the plaintiff to turn over all information generated or

4  submitted pursuant to 18 USC 3612.

5  Consider the information that can be gleaned from the Case Inquiry Report. CAED

6  2:12-cv-2334 Dkt. 141, pg. 18-21.   The report was generated at 6:38 PM on 12-16-2021 –

7  well after normal business hours. Payee Code, Show Party Details, and Show Payee

8  Details are all marked "N/A." On page 2, "Victim Restitution" appears to have over

9  $685,000, a suspiciously large amount given the statutory obligations. On page 3,

10  "Unclaimed Funds" appears to have a balance of $613,300, which is also a suspiciously

11  large amount.

12  The DOJ routinely finds people who are highly motivated to hide, and who are

13  expert at hiding. Should we believe they are atrociously bad at finding the victims of

14  crime, for whom money is waiting? Of course not. The problem is *covetous eyes*, not the

15  inability to find the biggest tax collection agency on planet earth.

16  Page 4 has three entries listing Costs of Prosecution, Victim Restitution, and Fine-

17  Crime Victims Fund. Conspicuous by its absence is any information about payment of the

18  $200 "special assessment." All three entries have the exact same two dates. The first date

19  is January 11, 2005, which makes some sense because it is two days prior to the filed

20  release of lien. Dkt. 151. __ The second date is June 29, 2007, which calls for some serious

21  explanation, in light of statutory requirements. What happened, and when, and why is the

22  "special assessment" of $200 nowhere to be found?

23  There are two entries for March 27, 2013, apparently debiting the Victim

24  Restitution Fund and crediting the "Unclaimed Funds" account.  On the far right of those

25  two columns we see the exact numbers found on previous pages, apparently showing the

26

27

aggregate amounts for those two funds.[4] This information suggests a plan to sweep money out of the Victim Restitution Fund either about 7 years after release of the lien, or about 5 years after the aforementioned entry in the records.

Please allow an explanation of 1) what undersigned believes is going on, and 2) what undersigned requests in order to vindicate her due process rights.

Various persons in the Tax Division of the US Department of Justice, US Attorney offices, the Administrative Office of the Courts, and other government offices have gotten their heads together to steal government money. They don't pay over criminal restitution money if they think they can get away with stealing it. They leave the money in the "Victim Restitution" account for just over five years.

The Eastern District of California (CAED) doesn't use pay.gov for criminal restitution payments *precisely because* money paid electronically is so much more resistant to embezzlement and fraud. They force criminal defendants to pay by such means as money orders, which don't leave a good record. Most criminal defendants won't ask for receipts.  They will lose receipts that they do get. Pay.gov keeps an undeniable record for a virtually unlimited period of time.

The thieves leave enough money in the accounts to pay restitution according to the court's order. If anyone complains, they pretend it is an isolated incident, get a court order, and pay the money over to the alleged victim.

They periodically move the money to the Unclaimed Funds account. Unclaimed Funds operates as a *de facto* slush fund. The thieves have systems to divert money from Unclaimed Funds to their own personal and private benefit, in a manner and means which cannot be shown precisely without discovery. Why else would high ranking government

---

[4]     The far-right numbers are actually consistent with the numbers on prior pages, for all the funds referenced. This raises questions about the date for which those numbers are valid, along with a host of other questions about the operation of these accounts.

officials make a complete mockery of a whole host of laws dealing with the collection and disbursement of restitution?

Undersigned simply wants the process due unto her. She was cheated out of her right to trial. Government lawyers had and still have an ethical duty to correct false evidence. They have chosen to compound their offenses by committing a fraud upon this court.

The government has not a word to say about ethical duties. They can't discuss those issues, without indicting themselves. They hope this Court will overlook these issues too. Undersigned hopes that this Court will give them a refresher course on what happens when unethical lawyers "double down."

The government in its response raised questions about certain issues. Undersigned is a medical professional, untrained in the law. Undersigned will attempt to elucidate further about issues suggested by the government.

The IRS charged interest as "Interest Charged" and as "Accrued Interest". Interest Charged was disclosed in all previous IRS Transcripts, but Accrued Interest was disclosed in aggregate only. The March 1, 2022 transcript discloses details of Accrued Interest for the first time. As a result, the IRS has been out of compliance with its own rules until now. Note, too, that the IRS, in its revised transcript dated March 1, 2022, retroactively changed the interest calculation to include Accrued Interest that was not previously disclosed in detail. This amounts to a violation of Section 3308 of the Restructuring and Reform Act of 1998 that was added to IRC 6631. IRC 6631 provides that:

    a. the Service must provide to individual taxpayers _a computation of the underpayment interest with every IRS notice that includes an amount of interest required to be paid by the taxpayer_ and a citation to the Code section under which such interest is imposed [emphasis added].

    b. Interest computations must be explained and a copy of the computations must _be included with every IRS notice issued after June 30, 2001 containing_

1        *interest to be paid.*

2            (Emphases added)

3        The IRS failed to provide evidence of Interest Accrued until March 4, 2022.

4    "Accrued Interest" calculations and reasoning had not been disclosed to Taxpayer despite

5    requests for information and total $205,339.30. Dkt. 141, page 8.

6        The errors, omissions and miscalculations listed in the Expert Disclosures indicate

7    that the IRS never produced a proper demand for payment. The Shearers never received

8    an IRS bill that was accurate or even close to accurate, and thus never given a chance to

9    pay off the claims of the IRS, and "buy their peace."

10        The table below demonstrates that the IRS has arbitrarily and capriciously changed

11   the amounts demanded of defendants in this case.  The initial claim by the Service (July

12   2003) was that, based on gross revenue rather than net income, the taxpayer owed $2.1

13   million.  By October 2007, the Service had escalated their claim to over $3.6 million.  In

14   2006, the taxpayer filed revised tax returns and paid the associated tax.  It took the IRS

15   nearly two years to recognize these returns, calling their findings "audit results" to hide

16   their lethargy and to allow interest and penalties to mount.

|      | Notice Dated * | | Audit Findings Dated * | Shearer INTSTDs (March 2022) Redacted.pdf * | |
|------|------------|------------|------------|------------|------|
|      | 7/1/03 | 10/8/07 | 2/27/08 | Amount | Page No. |
| 1995 | $   546,180.56 | $   730,542.35 | $   260,987.00 | $ 172,107.26 | 10 |
| 1996 | $   516,607.92 | $   688,618.81 | $   292,221.00 | $  72,650.92 | 14 |
| 1997 | $   619,664.16 | $   821,221.37 | $   370,150.00 | $ 112,439.72 | 18 |
| 1998 | $   251,037.00 | $   794,039.58 | $   218,803.00 | $ 120,827.14 | 22 |
| 1999 | $   197,785.00 | $   605,616.63 | $   194,912.00 | $  19,485.93 | 25 |
|      | $ 2,131,274.64 | $ 3,640,038.74 | $ 1,337,073.00 | $ 497,510.97 | |

24        A sampling of IRS notices and their amounts is set forth below.  The amounts claimed go both up

25   and down, indicating NOT that interest is accumulating, so much as to indicate that the IRS arrogates to

26   itself the raw power to demand any amount it desires, whenever it desires.

1

| | Tax Liability per IRS | |
|---|---|---|
| 7/1/03 | $ | 2,131,274.64 |
| 10/15/03 | $ | 1,830,685.00 |
| 10/8/07 | $ | 3,640,038.74 |
| 2/27/08 | $ | 1,337,073.00 |
| 11/5/09 | $ | 338,258.12 |
| 7/9/18 | $ | 291,779.67 |
| 3/2/22 | $ | 497,510.97 |

Pictorially, the amount claimed by the Service has shown enormous fluctuation, which has served to prevent the taxpayer from making payment of a sum certain.



Despite the acceptance of revised income tax returns in 2008, the IRS still needed to make more changes to the "audited" amounts, and this can be seen in the amounts claimed on 2/27/08 versus the lesser amount claimed on 11/5/09, a decline of 75%.

So, which numbers are true, correct, and credible? In fact, none of these numbers

are correct.  The IRS has shown that its demands for payment defy law, logic, and reason. The government's purported tax records, submitted in support of partial summary judgment, are neither correct nor facially reasonable. Questions remain concerning the scope, character, and magnitude of the errors.

Despite being informed of computational errors in fraud penalties, the IRS has failed or refused to make corrections.  The fraud penalties were erroneously based on total taxes rather than on adjustments to tax.  This resulted in a fraud penalty overcharge of $12,795.00 that, together with interest thereon of $34,005.55, totals $46,800.55 for the tax years 1995 through 1998.  As a result, the government's claims in summary judgment were legally, factually, and mathematically incorrect.

The government claims the $5,000 has now been credited. Undersigned hasn't seen it. Undersigned questions the veracity of this statement in a government brief, which is not evidence. What keeps the government from continuing its pattern and practice of telling one story one time, and another altogether incompatible story at another time? The palest ink beats the sharpest memory.

The government denounces undersigned for alleged "invective" directed at government counsel. It was the government that denounced the defendants as having committed such evil acts that the statute of limitations doesn't even apply to them. So who is hurling invective, and who is simply asking for a chance to present truth to the Court, and build a solid and suitable record? If the government's claims are truly meritorious, won't those claims survive the provision of due process to the defendants?

Counsel for the government faults undersigned for failure to submit proof of the levy of funds, yet fails to provide this Court with claimed updated IRS transcripts. Why is a pro se litigant expected to follow rules and customs the government shamelessly flouts? The government claims to be mystified about the alleged levy. If IRS records were true and reliable, they would *tell us* about the levy, and where the money was applied. Undersigned does have proof of the levy, which she attaches as Exhibit "3." In light of

Exhibit "3", a review of the Regency Trust tax transcripts and Dr. Shearer's tax transcripts, neither show any evidence of the $2,047.56, which was levied by the IRS, as being applied to either tax liability. Where did the $2,047.56 go? I now understand why the government has no knowledge of the levy.

The government criticizes undersigned for not accepting an alleged oral promise to "work with her to look into this alleged issue." Dkt. 142 pg. 7, line 1, through pg. 8 line 1. However, the Supreme Court just got through saying that intentionally avoiding the creation of writings about a policy is indicia of fraud, enough to allow False Claims Act claims against Safeway and Supervalu to proceed. *United States ex rel. Schutte v. Supervalu Inc.* 598 U. S. ____ (2023) at page 6.

The government twice simply ignored letters respectfully and deferentially asking for corrective action.[5] How then could the government fault undersigned for failure to "follow up?" The government was deliberately avoiding the making of a "paper trail" that would give clues about *de facto* governmental policy. Of course they want undersigned to "follow up." That's a great way to ensure that neither party has suitable evidence – and exactly the way they want it to be. They don't want this Court or anyone else to know their true policies.

CONCLUSION

Undersigned is entitled to the relief she sought in her motion, and all of it. The government's response has done nothing except shed light on the bad motives for the government's action in this case and other cases.

---

[5] The last letter sent to Stevko et al by undersigned was actually dated April 5, not May 12, of 2023. See government response letter, docket 141, page 31. Undersigned forgot that she used an automatic date on the letter, and forgot to correct it before publishing to pdf. Undersigned apologizes for the inconvenience.

DATED:  June 12, 2023

/s/ Diane Shearer
Diane Shearer, pro se

CERTIFICATE OF SERVICE

I, Diane Shearer, by my signature above, certify that all persons entitled to service will be electronically served with a copy of this pleading by CM/ECF contemporaneously with the filing of this pleading with the Clerk of the Court.

# EXHIBIT 1

AO 245B-CAED (Rev. 9/01)  Sheet 1 - Judgment In a Criminal Case



# United States District Court
## Eastern District of California

JAN 1 5 2002

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT CALIFORNIA

UNITED STATES OF AMERICA

v.

**RICHARD SHEARER**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: **2:00CR00345-04**

Matthew Gilmartin, PO Box 1999,
North Olmsted, OH 44070-1999
Defendant's Attorney

**THE DEFENDANT:**

MAR 1 8 2002

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

[✔]   pleaded guilty to counts: <u>1 and 15 of the Superseding Indictment</u>.
[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. 371 | Conspiracy to Defraud the United States | 10/31/2000 | 1 |
| 26 U.S.C. 7206(1) | Making and Subscribing a False Income Tax Return | 10/14/1999 | 15 |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]   Counts <u>13 and 14 of the Superseding Indictment</u> are dismissed on the motion of the United States.

[ ]   Indictment is to be dismissed by District Court on motion of the United States.

[✔]   Appeal rights given.          [✔]   Appeal rights waived.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: _____

Defendant's Date of Birth: _____

Defendant's USM No.: <u>12674-097</u>

Defendant's Residence Address:

Defendant's Mailing Address:

01/07/2002
Date of Imposition of Judgment

Signature of Judicial Officer

**FRANK C. DAMRELL, JR.**
United States District Judge
Name & Title of Judicial Officer

I hereby certify that the annexed
instrument is a true and correct copy of
the original on file in my office.
ATTEST: JACK L. WAGNER
Clerk, U.S. District Court
Eastern District of California
By _____
Deputy Clerk
Dated 3/15/02

January 14, 2002
Date

134

1099 of 1129

AO 245B-CAED (Rev. 9/01)  Sheet 2 - Imprisonment

CASE NUMBER:      2:00CR00345-04                                   Judgment - Page 2 of 6
DEFENDANT:        RICHARD SHEARER

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 24 months as to Count 1 and Count 15 to run concurrent for a total term of 24 months .

[✓]   The court makes the following recommendations to the Bureau of Prisons:
      The Court recommends that the defendant be incarcerated in a California facility, but only insofar as this accords with security classification and space availability.

[ ]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[✓]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [✓] before 2:00 p.m. on 2/11/2002 .
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.
      If no such institution has been designated, to the United States Marshal for this district.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


                                                    _____
                                                            UNITED STATES MARSHAL

                                          By   _____
                                                            Deputy U.S. Marshal

DEFENDANT VOLUNTARILY SURRENDERED
TO FCI, LOMPOC CA. ON:
DATE _____
SIGN _____

AO 245B-CAED (Rev. 9/01)  Sheet 3 - Supervised Release

| | | |
|---|---|---|
| **CASE NUMBER:** | **2:00CR00345-04** | Judgment - Page 3 of 6 |
| **DEFENDANT:** | **RICHARD SHEARER** | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 38 months as to Count 1 and 12 months as to Count 15 to run concurrent for a total term of 36 months .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

[ ]   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[✓]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✓]   The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without permission of the court or probation officer;
2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)   the defendant shall support his or her dependants and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)   the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

| | | |
|---|---|---|
| CASE NUMBER: | 2:00CR00345-04 | Judgment - Page 4 of 6 |
| DEFENDANT: | RICHARD SHEARER | |

# SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall submit to the search of his person, property, home, and vehicle by a United States Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2.  The defendant shall not dispose of or otherwise dissipate any of his assets until the fine and/or restitution order by this judgment is paid in full, unless the defendant obtains approval of the probation officer.

3.  The defendant shall provide the probation officer with access to any requested financial information.

4.  The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

5.  The defendant shall cooperate with the IRS in the determination and payment of any taxes which may be owed.

6.  The defendant shall report all vehicles owned or operated, or in which he has an interest, to the probation officer.

| | | |
|---|---|---|
| CASE NUMBER: | 2:00CR00345-04 | Judgment - Page 5 of 6 |
| DEFENDANT: | RICHARD SHEARER | |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $ 10,000.00 | $ 5,000.00 |

[ ]   If applicable, restitution amount ordered pursuant to plea agreement .......... $_____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[✓]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [✓]   The interest requirement is waived.

    [ ]   The interest requirement is modified as follows:

# RESTITUTION

[ ]   The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days. An amended Judgment in a Criminal Case will be entered after such determination.

[ ]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]   The interest requirement is waived.

    [ ]   The interest requirement is modified as follows:

[✓]   The defendant shall make restitution to the following payees through the U.S. District Court, in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| US Attorney Financial Litigation Unit | $5,000.00 | $5,000.00 | |
| | TOTALS: | $ 5,000.00 | $_ |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245S-CAED (Rev. 9/01)  Sheet 5,  Part B - Criminal Monetary Penalties

| | |
|---|---|
| CASE NUMBER: | 2:00CR00345-04 |
| DEFENDANT: | RICHARD SHEARER |

Judgment - Page 6 of 6

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   [✓]  immediately; or

B   []   $ _ immediately, balance due (in accordance with C, D, or E); or

C   []   not later than _ ; or

D   []   in installments to commence _ day(s) after the date of this judgment.  In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E   []   in _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ year(s) to commence _ day(s) after the date of this judgment.

Special Instructions regarding the payment of criminal monetary penalties:

[✓]  The defendant shall pay the cost of prosecution.
In the amount of $1,381.75 to the U.S. Attorney's Office for the expenses associated with the prosecution of this case pursuant to 26 U.S.C. 7206.

# FORFEITURE

[]   The defendant shall forfeit the defendant's interest in the following property to the United States: .

# EXHIBIT 2

```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  BOBBIE J. MONTOYA
    ANA MARIA MARTEL
 3  Assistant United States Attorneys
    501 I Street, Suite 10-100
 4  Sacramento, California  95814
    Telephone:  (916) 554-2726
 5
    Attorneys for Plaintiff
 6

 7

 8              IN THE UNITED STATES DISTRICT COURT FOR THE

 9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,       )   CR S 00-345-FCD
                                    )
12                 Plaintiff,       )
                                    )
13        v.                        )   RELEASE OF LIEN
                                    )   FOR FINE/RESTITUTION
14  RICHARD SHEARER,                )
                                    )
15  SSN:                            )
                                    )
16                 Defendant.       )
    _____)
17

18  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19       Release of the judgment lien obtained herein is hereby

20  acknowledged, and you are instructed to enter a Release of Lien

21  for Fine/Restitution.  A Notice of Lien For Fine/Restitution was

22  entered by the Recorder of Siskiyou County, Doc-02-0019261, on

23  December 10, 2002.  The Notice of Lien For Fine/Restitution is

24  hereby acknowledged as released as to Defendant Richard Shearer.

25  DATED:    1-13-05           McGREGOR W. SCOTT
                                United States Attorney
26
                          By:   _____
27                              BOBBIE J. MONTOYA
                                Assistant U.S. Attorney
28
```

344.FIN

# EXHIBIT 3

```
PREMIERWEST BANK                                        PAGE:    1
312 MAPLE STREET                    ACCOUNT:            12/29/2006
MT SHASTA CA 96067


    TELEPHONE:800-708-4378
```

```
            ************AUTO**SCH 5-DIGIT 96019
            599 0.7850 AV 0.293         15 3 26
            REGENCY TRUST                              30-4
            P O BOX 1000                                  1
            MT SHASTA  CA 96067-1000                      1
```

MT SHASTA BRANCH
                        ** PREMIERWEST BANK **
                   "PEOPLE DOING BUSINESS WITH PEOPLE"

                        BUSINESS CKG I ACCOUNT

```
                            LAST STATEMENT 11/30/06    2,047.56
MINIMUM BALANCE          425.00-       1 CREDITS       1,600.00
AVERAGE BALANCE        1,179.66        5 DEBITS        2,507.56
                            THIS STATEMENT 12/29/06    1,140.00
```

- - - - - - - - DEPOSITS - - - - - - - - -
REF #.....DATE......AMOUNT REF #.....DATE......AMOUNT REF #.....DATE......AMOUNT
      12/11   1,600.00

- - - - - - - - CHECKS - - - - - - - - -
CHECK #..DATE......AMOUNT  CHECK #..DATE......AMOUNT  CHECK #..DATE......AMOUNT
  358 12/08    400.00

- - - - - - - - OTHER DEBITS - - - - - - - -
```
DESCRIPTION                                        DATE      AMOUNT
ACCT BAL TO IRS LEVY                               12/07    2,047.56
NSF PAID ITEM(S) FEE                               12/08       25.00
NSF RETURNED ITEM(S) FEE                           12/14       25.00
SERVICE CHARGE                                     12/29       10.00
```

- - - ITEMIZATION OF SERVICE CHARGE PAID THIS PERIOD - - -

    TOTAL CHARGE FOR MONTHLY SERVICE FEES:           10.00

- - - - - - - - DAILY BALANCE - - - - - - -
```
DATE..........BALANCE    DATE..........BALANCE    DATE..........BALANCE
12/07            .00     12/11      1,175.00      12/29      1,140.00
12/08         425.00-    12/14      1,150.00
```