DAVID A. HUBBERT
Deputy Assistant Attorney General

Alexander Stevko (CABN 301359)
Chelsea Bissell (MTBN 58862977)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
(202) 616-2380 (AS)
(202) 307-1372 (CB)
(202) 307-0054 (f)
Alexander.Stevko@usdoj.gov
Chelsea.E.Bissell@usdoj.gov
*Counsel for the United States of America*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:12-CV-02334-TLN-DB |
| Plaintiff, | **OPPOSITION TO MOTION TO SET ASIDE JUDGMENT** |
| v. | |
| L. Richard Shearer; Diane Shearer; Stanley Swenson as Trustee of the Hotlum Trust, Berryvale Trust, and Regency Trust; et al.; | |
| Defendants. | |

Defendant Stanley Swenson, Trustee for Berryvale Trust, moves to set aside the January 31, 2023 Order issued by Magistrate Judge Barnes ("Order") (ECF 138) denying Defendant's motion to compel discovery responses and for sanctions against the United States. (ECF 139 at 10). This Court has construed Defendant's motion as seeking reconsideration of the Order. (ECF 143). The Court should deny this motion because it fails to comply with the Local Rules and articulates no argument that would justify reconsideration.

**Facts and Procedural Background**

This case began more than a decade ago when the United States filed the complaint on

1

September 11, 2012. (ECF 1). Fact discovery initially ended on February 1, 2016. (ECF 64). But in January 2020, after granting the United States' Motion for Partial Summary Judgment (ECF 86), the Court reopened discovery "for the limited purpose of taking … depositions." (ECF 107). The Court has extended this limited-purpose discovery several times. (ECF 110, 113, 115, 117, 122, 135). On November 14, 2022, more than six-and-a-half years after written discovery was completed, Defendant filed a motion to compel answers to written interrogatories. (ECF 133). The Magistrate Judge denied this motion, holding that Defendant's motion to compel written discovery was untimely. (ECF 138).

Defendant's motion for reconsideration raises a single argument, that the extension ordered on March 5, 2021, ECF No. 113, permitted all discovery. *Id.* at 1-2. The remainder of the motion recites their original Motion to Compel. *Id.* at 5-9.

## **Argument**

I. <u>Defendant's motion does not meet the requirements for a motion for reconsideration.</u>

Defendant's motion does not comply with the Local Rules and should be denied. Because the Court construes Defendant's motion as a motion for reconsideration, it must adhere to Local Rule 230(j). Pursuant to Local Rule 230(j) "a subsequent motion for reconsideration" must include "(1) when and to what Judge or Magistrate Judge the prior motion was made; (2) what ruling, decision, or order was made thereon; (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and (4) why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j). This Court has noted that "a motion to reconsider is not a vehicle permitting the unsuccessful party to rehash arguments previously presented, or to present contentions which might have been raised prior to the challenged judgment." *Williams v. Felker*, No. CIV-S-08-0878LKKGGHP, 2010 U.S. Dist. LEXIS 19496, at *2 (E.D. Cal. Mar. 3, 2010)

(internal quotation marks omitted). As such, a party moving for reconsideration of an order denying a prior motion must identify new facts and circumstances which did not exist or were not available at the time of the prior motion and explain why these facts were not previously available. *Crane v. Rodriguez*, No. 2:15-cv-00208-TLN-KJN, 2021 U.S. Dist. LEXIS 130619, at *5-6 (E.D. Cal. Jul. 12. 2021).

Defendant cannot meet the last two factors of Local Rule 230(j). He has shown neither that new or different facts exist nor that he could not ascertain these facts before submitting the prior motion. Defendant begins his argument by citing to previous docket entries and disagreeing with the Magistrate's *interpretation* of those entries. (ECF No. 139 at 1-3). He then reiterates the arguments raised in his prior Motion to Compel. *Compare* (ECF 133 at 2-6) *with* (ECF 139 at 5-9). The Magistrate has already considered and rejected these arguments.

Defendant closes the Motion for Reconsideration by reiterating his interpretation of the law, complaining about the United States' opposition to the Motion to Compel, and requesting attorney's fees. (ECF 139 at 9-10). Again, these are not new facts. Attached to the Motion for Reconsideration are three exhibits: a prior order Defendant alleges supports his belief that the Court extended *all* fact discovery (ECF 139-1), interrogatories to which Defendant seeks to compel responses (ECF 139-2), and requests for production to which Defendant seeks to compel responses (ECF 139-3). An order and written discovery requests are not new facts or conditions. These documents were previously filed with the Court and referenced by Defendant in his Motion to Compel. Since Defendant has not shown any new facts, he has failed to meet his obligations under Rule 230(j).

Instead of presenting new facts, Defendant challenges the Magistrate's interpretation of the record. Not only is this an inappropriate application for a motion for reconsideration, but Defendant had an opportunity to raise these issues before the Magistrate issued the Order. The

Magistrate's Order came to the same conclusion as the United States' Opposition to the Motion to Compel (*see* ECF No. 136). If Defendant wished to address this argument, he could have replied to the United States' Opposition. He did not do so. He cannot now use the Motion to Reconsider to raise arguments available during briefing on the Motion to Compel. A motion to reconsider is not an opportunity "to present contentions which might have been raised prior to the challenged judgment." *Williams*, 2010 U.S. Dist. LEXIS 19496, at *2.

Because the Motion to Reconsider does not meet the requirements of Local Rule 230(j) and raises arguments that could have been addressed prior to judgment, the Court should deny it.

II. <u>The Order was substantively correct and therefore not clearly erroneous or contrary to law.</u>

Even if the Court considers the merits of Defendant's motion, it should be denied. A district judge may only overturn a magistrate's order if it is "clearly erroneous" or "contrary to established law". Fed. R. Civ. P. 72(a); L.R. 303(f). The district judge "may not simply substitute" his or her judgment for that of the magistrate." *Grimes v. City & Cty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

The Order is correct and therefore not "clearly erroneous". As stated in the Order, general discovery closed on February 1, 2016. (ECF 64). On January 8, 2020, Judge Nunley reopened discovery "for the limited purpose of taking the depositions listed in the request". (ECF 107) (referencing ECF 105). Due to the COVID-19 epidemic and other issues, the Court extended the deadline for completing those depositions several times. (ECF 110, 113, 115, 117, 122, 135). On no occasion has the Court reopened discovery in this case for any purpose besides "the depositions of Lonnie Crockett, Richard Pfeiffer, Ken Cox, Ed Cox, and Leora Swenson." (ECF 105). This was clearly restated in the most recent extension, which said "[f]act discovery in this case shall be extended until 5/16/2023 for the limited purpose of taking depositions." (ECF 135).

Defendant argues otherwise, claiming that because the March 5, 2021 order stated "The deadline for fact discovery is CCONTINUED [sic] from March 15, 2021, until September 15, 2021," that the Court opened fact discovery for all purposes. (ECF 113). This argument is incorrect for two reasons. First, "continued" indicates that the existing situation remains in place, not that a new framework commences. Going from permitting discovery for the limited purpose of conducting depositions to reopening all aspects of discovery would be a new framework, not a continuation of the status quo. Second, the May 5, 2022 Order granting the parties' Joint Motion to Extend discovery through November 14, 2022, specified that "[t]he Court reopened discovery in this case to allow the parties to take depositions." (ECF 121 and 122). Defendant has pointed to no other evidence that the magistrate's decision was "clearly erroneous." The motion to reconsider therefore must be denied.

## Conclusion

Defendant's Motion brings no new facts and therefore is not a sufficient motion to reconsider under Local Rule 203(j). Furthermore, the Motion mischaracterizes the existing facts, which were accurately articulated and analyzed in the Order. Therefore, the Court should deny the Motion.

Date: June 15, 2023                    Respectfully submitted,

                                       DAVID A. HUBBERT
                                       Deputy Assistant Attorney General

                                       */s/Chelsea Bissell*
                                       CHELSEA BISSELL
                                       Trial Attorney, Tax Division
                                       U.S. Department of Justice

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on June 15, 2023, I caused a copy of the foregoing Response, to be sent to the following by ECF notification:

| | |
|---|---|
| MATTHEW GILMARTIN,<br>Ohio Bar #024683<br>Matthew Gilmartin, Attorney at Law, LLC<br>P.O. Box 939<br>North Olmsted, OH 44070<br>matt7g@att.net | Attorney for L. Richard Shearer |
| SHAUN CUNNINGHAM  (Local Counsel)<br>Law Office of Shaun Cunningham<br>41 Vantis Drive<br>Aliso Viejo, CA 92656<br>mrshauncunningham@gmail.com | Attorney for L. Richard Shearer and Diane Shearer |
| JOE ALFRED IZEN, Jr<br>5222 Spruce Street<br>Bellaire, TX 7740<br>jizen@comcast.net | Attorney for Stanley Swenson as Trustee of the Hotlum Trust, the Berryvale Trust and the Regency Trust |
| JIHAD M. SMAILI (Local Counsel)<br>SMAILI & ASSOCIATES<br>615 Civic Center Drive West, Suite 300<br>Santa Ana, CA 92701<br>jihad@smaililaw.com | Attorneys for Stanley Swenson as Trustee for Hotlum, Berryvale, and Regency Trusts |

I also certify that on the same day I served the following parties by mail and email:

Diane Shearer
701 Pine Street
Mt. Shasta, CA 96067
office@drshearer.com
*Pro se*

　　　　　　　　　　　　　　　　　　　　　/s/ *Chelsea Bissell*
　　　　　　　　　　　　　　　　　　　　　Chelsea Bissell
　　　　　　　　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　　　　　　　　U.S. Department of Justice