Joe Alfred Izen, Jr.
5222 Spruce Street
Bellaire, Texas  77401
(713) 668-8815
(713) 668-9402 FAX

Jihad M. Smaili, Esq.
SMAILI & ASSOCIATES, PC
Civic Center Plaza Towers
600 West Santa Ana Blvd., Suite 202
Santa Ana, California 92701
(714) 547-4700
(714) 547-4710 (f)
www.smaililaw.com
ATTORNEYS FOR DEFENDANT,
STANLEY SWENSON, TRUSTEE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, § § | |
| Plaintiff, § § | |
| VS. § § | CASE NO. 2:12-CV-02334-DJC-DB |
| L. RICHARD SHEARER, et al., § § | |
| Defendants. § _____§ | |

**DEFENDANT, STANLEY SWENSON, AS TRUSTEE FOR BERRYVALE TRUST'S, REPLY TO UNITED STATES' RESPONSE TO DEFENDANT'S EXCEPTIONS AND OBJECTIONS TO MAGISTRATE'S ORDER ENTERED ON DOCKET ON JANUARY 31, 2023 PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 72**

TO THE PRESIDING UNITED STATES DISTRICT JUDGE OF THE EASTERN DISTRICT OF CALIFORNIA:

COMES NOW, Defendant, Stanley Swenson as Trustee for Berryvale Trust ("SWENSON") and files this his Reply to United States' Response to Defendant's Exceptions and Objections to Magistrate's Order Entered on Docket on January 31, 2023 and, in support of his Reply, would show the Court the following:

**GOVERNMENT RESPONSE DOES NOT DEFEAT DEFENDANT SWENSON'S RIGHT TO AN ORDER COMPELLING GOVERNMENT'S ANSWERS AND RESPONSES TO TIMELY-SERVED DISCOVERY**

I.

Swenson Reply to U.S. Response 1

**GOVERNMENT BASES ITS RESPONSE ON TWO FALSE CONTENTIONS:**

    **DISCOVERY WAS TIMELY SERVED ON THE GOVERNMENT:**

    1. Throughout the course of these proceedings, from the date of the Government's filing of its Original Complaint on September 11, 2012 to the current date, several District and Magistrate Judges have been successively assigned to this case and this Court has entered numerous Scheduling Orders and orders extending discovery.

| Date | Order | Doc. |
|---|---|---|
| 3/11/13 | Pretrial Scheduling Order<br>Discovery Deadline Dec. 14, 2013 | Doc. 19 |
| 11/5/13 | Amended Pretrial Order<br>Discovery Deadline March 31, 2014 | Doc. 32 |
| 10/20/15 | Second Amended Pretrial Order<br>Discovery Deadline Feb. 1, 2016 | Doc. 64 |
| 2/25/20 | Pretrial Scheduling Order<br>Discovery Deadline June 15, 2020 | Doc. 108 |
| 4/23/20 | Order on Joint Request to Extend Fact Discovery and other Pretrial Deadlines due to COVID-19 Global Pandemic.<br>Discovery Deadline September 15, 2020 | Doc. 110 |
| 9/4/20 | Order on Joint Request to Extend Fact Discovery and other Pretrial Deadlines due to COVID-19 Global Pandemic.<br>Discovery Deadline March 15, 2021 | Doc. 113 |
| 3/5/21 | Order on unopposed Request to Extend Fact Discovery and other Pretrial Deadlines due to COVID-19 Global Pandemic."<br>Discovery Deadline Sept. 15, 2021 | Doc. 115 |
| 8/18/21 | Order Granting Government Motion To Extend Time to Take Depositions of Sixty Days | Doc. 116 |
| 11/19/21 | Minute Order Granting Shearer Enlargement of Time on Discovery<br>Discovery deadline May 16, 2022 | Doc. 119 |

|   |   |   |   |
|---|---|---|---|
| 1 | 5/5/22 | Order Granting Government Motion | Doc. 122 |
|   |   | To Extend Time to Take Depositions |   |
| 2 |   | Deposition Deadline November 14, 2022 |   |
| 3 | 4/6/23 | Minute Order All Pretrial | Doc. 140 |
|   |   | conference and trial dates currently |   |
| 4 |   | set in this reassigned action are |   |
|   |   | VACATED and shall be reset, as necessary. |   |

2. The only Scheduling Order relevant to Defendant Swenson's Motion to Compel and this Court's determination of Defendant Swenson's Exceptions and Objections to the Magistrate's discovery order / report dated January 31, 2023 is the Scheduling Order which was signed on March 5, 2021, Doc. No. 115 which set a discovery deadline of September 15, 2021:

> In consideration of the Request and for good cause shown, IT IS HEREBY ORDERED:
> 1) The deadline for fact discovery is CONTINUED from March 15th, 2021, until September 15, 2021.

3. It is undisputed that Defendant Swenson served his first set of Written Interrogatories and First Request for Production on the Government on July 15, 2021. See Motion to Compel P. 2, Exhibits A and B attached thereto. The Government was required to serve its answers and responses to Defendant's written discovery on August 14, 2021 on Defendant Swenson's counsel and the other parties to this proceeding.

4. This Court's order dated March 5, 2021 simply extended the deadline for completing all discovery to September 15, 2021. The Government's responses and answers to Defendant Swenson's written discovery were due on August 14, 2021 before the September 15, 2021 deadline for discovery expired.

5. The Government's contention that Swenson's written discovery was not timely served is false and unsupported by the record.

Swenson Reply to U.S. Response 3

**MAGISTRATE'S RULING THAT SWENSON'S WRITTEN DISCOVERY WAS NOT TIMELY SERVED SUBJECT TO RECONSIDERATION AS CLEARLY ERRONEOUS:**

6. When the Magistrate took up Defendant Swenson's Motion to Compel the Government's answers and responses to Swenson's written discovery, the Magistrate apparently credited as true the Government's claim that Defendant Swenson's written discovery was not timely served because any orders extending discovery were limited to extending the Government's right to take depositions.

7. No such limitations appear in this Court's March 5, 2021 order extending the discovery deadline for all parties to September 15, 2021 quoted above. Doc. No. 115.

8. This court's order extending discovery to September 15, 2021 without any limitations was based on the "good cause" of the Covid-19 Global Pandemic and Illness of Counsel. Doc. No. 115.

9. Apparently, the Magistrate adopted as true the Government's self-serving and false representation of the record claiming that the Court had imposed restrictions on the taking of discovery during the March 15, 2021 through September 15, 2021 extended period that did not exist.

10. In doing so, the Magistrate fell into error. The error was clearly erroneous and is a proper basis for grant of a Motion for Reconsideration as explained in the legal authority cited below.

**MAGISTRATE'S ORDER DENYING DEFENDANT SWENSON'S MOTION TO COMPEL WAS WITHOUT PREJUDICE:**

11. Swenson's Motion to Compel the Government to answer his written discovery dated November 14, 2022 remained pending on the docket until the Motion was referred to Magistrate Deborah Barnes

1  for determination. Magistrate Barnes entered an order dated
2  January 31, 2023 denying Swenson's Motion to Compel without
3  prejudice. Doc. 138.
4      12.   Thereafter this Court though Judge Mueller entered the
5  following order dated April 6, 2023:

> ORDER REASSIGNING CASE by Chief Judge Kimberly J. Mueller: Due to the appointment of District Judge Daniel J. Calabretta to the bench of the Eastern District of California, this action is reassigned from *District Judge Dale A. Drozd* to District Judge Daniel J. Calabretta for all further proceedings. All pending motions are submitted without appearance and without oral argument pursuant to Local Rule 230(g) and the hearing on said motions is VACATED. If the Court subsequently concludes that oral argument is necessary, a hearing will be set and the parties notified accordingly. Further, all pretrial conference and trial dates currently set in this reassigned action are VACATED and shall be reset, as necessary, by the reassigned Court. (Benson, A.) (Entered: 04/06/2023)

14  See Doc. 140 entered April 6, 2023

15      13.   While insisting that Defendant Swenson has no right to
16  reconsideration of the Magistrate's order refusing to compel the
17  Government to comply with its discovery obligations, the Government
18  fails to mention the fact that the Magistrate's order dated
19  January 31, 2023 was entered without prejudice to Defendant
20  Swenson's refiling of his Motion to Compel. Swenson's Motion for
21  Reconsideration containing his Exceptions and Objections to the
22  Magistrate's Discovery Order is properly considered by this Court
23  even if Federal Rules of Civil Procedure Rule 72 does not require
24  this Court to review the Magistrate's order as an Article III
25  District Judge pursuant to the requirements of that rule.
26      14.   As further explained below, a party has a right to an
27  Article III Judge's review of a Magistrate's decision as part of
28  the Court's Article III responsibilities.  The Government cites

Swenson Reply to U.S. Response 5

no legal authority holding that Federal Rules of Civil Procedure Rule 59e restrictions against Motions for Reconsideration are applicable to Exceptions and Objections or Motions for Reconsideration of a Magistrate's ruling. A District Judge that does not make such review when presented with timely filed Exceptions and Objections has not properly discharged his responsibilities as an Article III Judge.

**LEGAL ARGUMENT AND AUTHORITY SUPPORTING ORDER COMPELLING GOVERNMENT TO PROPERLY ANSWER AND RESPOND TO DISCOVERY AND TO AWARD DISCOVERY COSTS**

II.

**1. DEFENDANT SWENSON IS ENTITLED TO REVIEW AND DETERMINATION OF HIS MOTION FOR RECONSIDERATION / EXCEPTIONS AND OBJECTIONS TO THE MAGISTRATE'S DISCOVERY ORDER BY AN ARTICLE III JUDGE.**

**STANDARD OF REVIEW:**

> The district court "shall make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. 636(b)(1); see also FED. R. CIV. P. 72(b). A district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. Thomas v. Arn, 474 U.S. 140, 153-55 (1985).

See Edwards v. Miller (S.D. Cal. 2016) at P. 5.

Swenson timely served his First Set of Written Interrogatories and First Request for Production on the Government on July 15, 2021. Almost twenty-four months have passed since Defendant Swenson served his written discovery on the Government and the Government has served no responses or answers whatsoever.

When a Magistrate enters an order purporting to resolve a discovery dispute, his order is a recommendation to the District Judge who referred discovery matters to the Magistrate for resolution -- not a final judgment. As explained in Raiser v. San

Swenson Reply to U.S. Response 6

Diego Cnty. (S.D. Cal. 2021) a Magistrate's order regarding a discovery dispute is not a final order, but is subject to further review by the District Court under F.R.Civ.P. Rule 72.

> On July 9, 2021, this Court issued an Order overruling Plaintiff Aaron Raiser ("Plaintiff")'s opposition to the Magistrate Judge's Order (ECF 112, "MJ Order") and adopting the Magistrate Judge's Report and Recommendation regarding a deposition dispute.

A federal District Judge is required to review the Magistrate's ruling in order to properly discharge his office and duties as an Article III Court. Rodger v. White, 907 F.2d 150-151 (6th Cir. 1990).

> Although this court has held that a party waives its right to appeal from the judgment of the district court if it fails to file timely objections to the magistrate's report, United States v. Walters, 638 F.2d 947 (6th Cir.1981), it is the district court, not the magistrate, that has the "ultimate responsibility of properly adjudicating the Article III controversy before it." Patterson v. Mintzes, 717 F.2d 284, 287 (6th Cir.1983) (citing United States v. Raddatz, 447 U.S. 667 (1980)).

While the various Federal District Courts have the power and discretion to make Local Rules governing discovery, no local rule can deprive a party of its right to review of a Magistrate's order containing a report or recommendation by an Article III District Judge. This is so because local rules cannot contradict the clear wording of the Federal Rules of Civil Procedure. See Federal Rule of Civil Procedure Rule 72 and Rule 83(a)(1).

Review by this Court of Swenson's Exceptions and Objections as a Motion for Reconsideration provides the review by an Article III Judge required and guaranteed by Fed.R. Civ. P. Rule 72.

**2. MAGISTRATE'S CLEARLY ERRONEOUS DISCOVERY RULING SHOULD BE SET ASIDE BY DISTRICT COURT ON MOTION FOR RECONSIDERATION.**

**STANDARD OF REVIEW -- MOTION FOR RECONSIDERATION:**

Swenson Reply to U.S. Response 7

See Raiser v. San Diego Cnty. (S.D. Cal. 2021), P. 2.

> Motions for reconsideration are disfavored and should only be granted in narrow instances. "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, **committed clear error,** or if there is an intervening change in the controlling law." Id. (quoting Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)). A Rule 59(e) motion cannot be used to raise arguments or present evidence for the first time when such arguments or evidence could have reasonably been raised earlier in the litigation. Kona, 229 F.3d at 890. "A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments." Ausmus v. Lexington Ins. Co., No. 08-cv-2342, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009). Whether to grant or deny a motion for reconsideration rests with the sound discretion of the district court. Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir.2003).[1]

The above standard of review states the general rule holding that motions for reconsideration are not favored for various reasons inapplicable here.

This is the first time this Article III Court has considered Swenson's Motion to Compel and the Government's failure to answer or respond to any of Swenson's written discovery. This is not a second opportunity to convince this Court that the Government must comply with its discovery obligations. Instead, this Court's review of Defendant Swenson's Exceptions and Objections to the Magistrate's ruling which this Court has deemed to be a Motion for Reconsideration is the opportunity for Article III review by a District Judge which Defendant Swenson is entitled to receive under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b).

Even if Federal Rule of Civil Procedure 59e applied here, reconsideration would still have to be granted because the Magi-

Swenson Reply to U.S. Response 8

1  strate's order refusing to compel the Government to answer Swenson's outstanding written discovery was clearly erroneous. The basis of the Magistrate's order--that Swenson's discovery was untimely served--is clearly erroneous and contrary to the record.

Rule 59(e) reconsideration relief must be granted where the District Judge (or here the Magistrate) has committed clear error and the determination concerning the basis for denial of discovery is "clearly erroneous."

**3.   THE GOVERNMENT HAS THE OBLIGATION TO COMPLY WITH THE FEDERAL DISCOVERY RULES.**

In its previous arguments the Government provides no reason as to why the Government should not be required to comply with the Federal Rules of Civil Procedure and answer and respond to Defendant Swenson's written discovery.

Swenson has the right to take discovery. Denial of Swenson's Motion to Compel by this Court would violate that right. The Government's obligation to provide discovery imposed on it by the Federal Rules of Civil Procedure is described in detail in Jeffries v. Barr, 965 F.3d 843, 868 (D.C. Cir. 2020):

> Our precedent interpreting Rule 56(d) has been informed by the broader context of the civil rules, under which a plaintiff who has stated a legally viable claim has a right to take discovery into matters in the opposing party's control.1 Outside of the Rule 56(d) context, parties need no court permission to take discovery. In the ordinary course, a plaintiff in civil litigation is entitled to discovery after filing a complaint alleging "sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.' Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ); see also Fed. R. Civ. P. 8(a)(2). **Discovery "is available in all types of cases at the behest of any party, individual or corporate, plaintiff or defendant."** Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

Swenson Reply to U.S. Response 9

The Government is a party Plaintiff in this case which has the right to take discovery under Fed. R. Civ. Proc. Rule 8. Defendant Swenson has the same right to take discovery as the Government under the same rule.

The D.C. Circuit in <u>Jeffries</u> reversed the Trial Court's summary judgment because the Government refused to comply with its discovery obligations. The situation is no different here. The Government refused without any legal basis or justification to answer Defendant Swenson's discovery while it was busy taking its own and preparing its case.

This case has not been set for trial. The Government is still taking discovery or has the right to do so.

The Government is not entitled to special discovery privileges or rights under the Federal Rules. The Government's compliance with its discovery obligations is long overdue and an order should be entered in this case compelling it to fully and completely answer or respond to Swenson's outstanding discovery.

**4.  DEFENDANT SWENSON SHOULD RECOVER COSTS FOR COMPELLING DISCOVERY.**

Defendant Swenson should be awarded his reasonable costs he has incurred in compelling the Government to comply with its discovery obligations and answer and respond to his written discovery. His costs should include attorney's fees. <u>Ibrahim</u> <u>v.</u> <u>Dep't</u> <u>of</u> <u>Homeland</u> <u>Sec.,</u> (N.D. Cal. 2014) at P. 27.

**CONCLUSION**

Neither the Government nor the IRS is exempt from Federal Rule of Civil Procedure Rule 8's requirement to provide discovery. See Federal Rules of Civil Procedure Rules 33 (interrogator-

1  ies) and 34 (request for production/documents).  Just as the
2  Government and IRS enjoy no exemption from adherence to Fifth
3  Amendment protections against self-incrimination and is liable
4  for sanctions when it engages in pretrial misconduct, the Govern-
5  ment and IRS must provide relevant discovery in pretrial proceed-
6  ings.  Failure to provide relevant discovery such as that reques-
7  ted in this case prior to trial mandates reversal.  <u>Jeffries</u> v.
8  <u>Barr</u>, supra at P. 866. See also <u>United</u> <u>States</u> <u>v.</u> <u>Troescher,</u> 99
9  F.3d 933 (9th Cir., 1996) (no Fifth Amendment exceptions in IRS
10 summons enforcement proceeding) and <u>Dixon</u> <u>v.</u> <u>Commissioner</u> <u>of</u>
11 <u>Internal</u> <u>Revenue,</u> 316 F.3rd 1041 (9th C.A. 2003) (sanctions
12 imposed on IRS for bribing trial witnesses).
13      Based on the facts, the record, and the above legal argument
14 and authorities, reconsideration should be granted.  Defendant
15 Swenson's Exceptions and Objections to the Magistrate's ruling
16 denying his Motion to Compel should be sustained and this Court
17 should enter an order compelling the Government to fully and
18 completely answer and respond to Defendant Swenson's First Set of
19 Written Interrogatories and First Request for Production.  Defen-
20 dant Swenson should be awarded his costs incurred in enforcing
21 the Government's obligation to respond to and answer his written
22 discovery in the absence of a showing by the Government that
23 its failure to respond to and answer Swenson's discovery for
24 twenty-four months was based on "good cause."  Such costs should
25 include the reasonable and necessary attorney's fees incurred by
26 Defendant Swenson in compelling discovery from the Government.
27
28

```
                                    Respectfully submitted,

                                    /S/Joe Alfred Izen, Jr.
                                    _____
                                    Joe Alfred Izen, Jr.
                                    TBC # 10443500
                                    5526 McKnight Street
                                    Houston, Texas 77035
                                    (713) 668-8815
                                    (713) 668-9402 FAX
                                    jizen@comcast.net
                                    ATTORNEYS FOR DEFENDANTS
                                    STANLEY SWENSON, TRUSTEE,
                                    BERRYVALE TRUST,
                                    HOTLUM TRUST AND REGENCY TRUST
```

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent to the following attorneys by email transmission and/or U.S. Mail, postage prepaid, on June 25, 2023.

Alexander Edward Stevko  
US DOJ, Tax Division  
P. O. Box 683,  
Ben Franklin Station  
Washington, D.C. 20044  
202.307.6648 TEL  
202.307.0054 FAX  
Alexander.Stevko@usdoj.gov

Matthew Gilmartin  
(Ohio Bar #0024683)  
Matthew Gilmartin Attorney at Law, LLC  
P.O. Box 939  
North Olmsted, OH 44070  
440-479-8630 TEL  
440-398-0179 FAX  
Matt7g@att.net

Jihad M. Smaili, Esq.  
SMAILI & ASSOCIATES, PC  
Civic Center Plaza Towers  
600 West Santa Ana Blvd., #202  
Santa Ana, California 92701  
(714) 547-4700  
(714) 547-4710 (f)  
www.smaililaw.com

/S/Joe Alfred Izen, Jr.  
_____  
Joe Alfred Izen, Jr.

SHEARER.RPY/TK523

Swenson Reply to U.S. Response 13