1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                    No. 2:12-cv-02334-DJC-DB

12               Plaintiff,

13          v.                                     ORDER

14    L. RICHARD SHEARER, et al.,

15               Defendants.

16

17         Defendant Diane Shearer is seeking reconsideration of the Court's denial of her

18    prior Motion to Set Aside Partial Summary Judgement ("Motion to Set Aside"), which

19    alleged that newly discovered evidence showed that the amount of judgement was

20    erroneous, and that the Government had committed fraud and/or misconduct.

21    Defendant Shearer now brings the present motion contending that this Court

22    committed error in denying the Motion to Set Aside.  (ECF No. 148.)

23         For the reasons below, Defendant's Motion for Reconsideration is DENIED.

24    **I.      Background**

25         On September 11, 2012, Plaintiff brought this suit following the disposition of a

26    criminal matter which determined that Defendant Richard L. Shearer had engaged in a

27    scheme to conceal income from the Internal Revenue Service ("IRS") through a series

28    of sham trusts.  *See United States v. Bullock*, No. 2:00-cr-00345-KJM-4 (E. D. Cal.).  This

1

1    suit was brought by Plaintiff to assess the federal tax liability against Defendants L.

2    Richard Shearer and Diane Shearer, to adjudicate the legal status of alleged trusts

3    used by the Shearers, and to foreclose tax liens against certain properties.  (First Am.

4    Compl.  (ECF No. 4) ¶ 1.)

5         The Court previously granted Partial Summary Judgement to Plaintiff on the

6    basis that the Shearers owed unpaid taxes and acted with intent to defraud the

7    Government, making them liable for fraud penalties.  (*See generally* ECF No. 86.)  The

8    Court entered judgement based on the balances calculated by the IRS and presented

9    to the Court by Plaintiff.  (*Id.* at 11–12.)  At the time, Defendants did not challenge the

10   calculations.  (*Id.*)  Judgement was entered August 7, 2018.  (ECF No. 87.)

11        In early 2022, the U.S. Attorney's Financial Litigation Unit found that a restitution

12   check which L. Shearer had been ordered to pay in his criminal case had been

13   erroneously made out to the unit instead of being paid to the IRS.  (ECF No. 141 at 31–

14   32.)  Because this payment was not received, it had not been credited to the Shearers'

15   tax liability at the time of the August 7, 2018 judgement.  (*Id.* at 31–34.)  The U.S.

16   Attorney notified the Court, and the funds were release to the IRS.  *See United States*

17   *v. Bullock*, No. 2:00-cr-00345-KJM-4 (E.D. Cal. Feb. 2, 2022).  The IRS then credited the

18   Shearers' account with the payment.  (ECF No. 141 at 31–32.)

19        On May 12, 2023, Defendant brought the Motion to Set Aside, arguing that the

20   evidence presented to the Court at summary judgement was erroneous.  (ECF No.

21   141 at 1–4.)  Defendant argued that a $5,000 restitution payment made by L. Richard

22   Shearer in the criminal matter, which had been made out to the incorrect party and

23   was therefore not deducted from the Shearers' tax liability until it was discovered by

24   the U.S. Attorney's Office in 2022, was newly discovered evidence which warranted

25   setting aside the judgement.  Defendant also argued that the Government had

26   engaged misconduct by not discovering the error sooner, and submitting an

27   inaccurate accounting with the Motion for Summary Judgement.  (*Id.*)  Defendant

28   further alleged that the interest payments had been incorrectly calculated, and that a

1   levy against the Regency Trust, a separate defendant in this case, had not been

2   applied to the Shearers' account.  (*Id.*)  Throughout her Motion to Set Aside, as well as

3   her Brief in Support of her Motion for Reconsideration, (ECF No. 149,) Defendant

4   listed a host of other allegations and arguments, including personal attacks on the

5   Chief Judge of the Eastern District of California and this Court, and allegations that the

6   U.S. Attorney's Office knowingly engaged in misconduct.  (ECF No. 141 at 33–42; *see*

7   *generally* ECF No. 149.)

8           On June 15, 2023, the Court denied Defendant's Motion to Set Aside, but

9   modified and reduced the judgement against Defendant to correct the oversight or

10  omission which led to the $5,000 restitution payment not being applied to

11  Defendants' liability.  (ECF No. 146.)  On June 30, 2023, Defendant brought the

12  present motion asking the Court to reconsider setting aside summary judgement.

13  (Mot. (ECF No. 148).)

14      **II.      Legal Standard for Motion for Reconsideration**

15          A motion for reconsideration may be granted if the district court is presented

16  with "newly discovered evidence, committed clear error, or if there is an intervening

17  change in the controlling law."  *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th

18  Cir.1999).  "[T]he rule offers an 'extraordinary remedy, to be used sparingly in the

19  interests of finality and conservation of judicial resources.'"  *Kona Enters., Inc. v. Estate*

20  *of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting Moore's Federal Practice

21  § 54.78[1] (3d ed. 2000)).  A motion for reconsideration "may not be used to raise

22  arguments or present evidence for the first time when they could reasonably have

23  been raised earlier in the litigation."  *Id.*; *see also Marlyn Nutraceuticals, Inc. v. Mucos*

24  *Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

25      **III.     Discussion**

26          Defendant is effectively arguing that this Court committed clear error in

27  denying the Motion to Set Aside Partial Summary Judgement.  A motion to set aside a

28  judgement may be granted by a Court for, *inter alia*:

1
 (1) mistake, inadvertence, surprise, or excusable neglect;
2
 (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3
 (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party . . . .

4   Fed. R. Civ. P. 60(b).  "A party making a Rule 60 motion must show the evidence (1)

5 existed at the time of trial or when the order was entered; (2) could not have been

6 discovered through the exercise of due diligence; and (3) was of such magnitude that

7 the production of it would have been likely to change the disposition of the case."

8 *Hollis-Arrington v. Cendant Mortg. Corp.*, No. CV-015658-CBM-AJW, 2003 WL

9 27376890, at *2 (C.D. Cal. Aug. 29, 2003).  In addition, a motion based on the above-

10 listed reasons must be made within one year of the date of judgement.  Fed. R. Civ. P.

11 60(c)(1).

12   Defendant's initial motion was brought on the basis that the IRS's failure to

13 apply the $5,000 restitution payment, which had been made out to the incorrect party

14 and was therefore not deducted from Defendant's tax liability until it was discovered

15 by the U.S. Attorney's Office in 2022, constituted newly discovered evidence, and

16 represents misconduct and fraud on the part of the U.S. Attorney.  Defendant also

17 raised arguments contesting the IRS's calculation of the Shearers' tax liability which

18 had been presented with Plaintiff's Motion for Summary Judgement.  In her Motion for

19 Reconsideration, Defendant asserts for the first time that the IRS had incorrectly

20 calculated the fraud penalty.  Plaintiff likewise argues that these calculation errors are

21 newly discovered evidence.

22   Setting aside the issue that Defendant Shearer's request was made nearly four

23 years too late, the Court had determined that the evidence Defendant presented was

24 not "newly discovered evidence" for the purpose of a Motion to Set Aside.  (ECF No.

25 146.)  The alleged errors in calculating the tax liability, including whether certain

26 payments were properly applied to Defendants' accounts "could have been

27 discovered through the exercise of diligence prior to the entry of judgment."  *Hollis-*

28 *Arrington v. Cendant Mortg. Corp.*, No. CV015658CBMAJWX, 2003 WL 27376890, at

1  *3 (C.D. Cal. Aug. 29, 2003).   Plaintiff submitted the full IRS accounting with its Motion

2  for Summary Judgement, and Defendant had an opportunity to contest the

3  accounting either on the basis that payments were missing, or that the interest or

4  fraud penalty were miscalculated, but failed to do so.  As the Court stated, "[t]he

5  Shearers have not identified any facts to cast doubt on the accuracy of the

6  government's data, calculations, or application of applicable percentages, such as

7  which interest rate or fraud penalty percentage apply."  (ECF No. 86 at 12.)  Defendant

8  may not now come to the Court nearly five years later and present expert testimony

9  that she could have secured at the time of the Motion for Summary Judgement.

10        Moreover, the alleged discrepancy in calculations would not have affected the

11  underlying determination that Plaintiff was entitled to summary judgement against

12  Defendants as a matter of law, it would only marginally alter the judgement amount.

13  This circumstance would therefore not have warranted setting aside the finding of

14  partial summary judgement.  *Hollis-Arrington v. Cendant Mortg. Corp.*, 2003 WL

15  27376890, at *3 (finding that the evidence was not "of such magnitude as to change

16  the outcome of the case" and therefore did not warrant setting aside the judgement);

17  *accord Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir.

18  1987).

19        Despite Defendant's Motion to Set Aside being time barred and failing as a

20  matter of law, the Court *sua sponte* corrected the accounting error pursuant to the

21  Court's authority under Federal Rule of Civil Procedure 60(a) by reducing the amount

22  of judgement.  Defendant now asserts that the true amount of the restitution was

23  $5,178.16, despite having stated numerous times in her Motion to Set Aside that it

24  was $5,000.  If this was the amount that Defendant believed should have been

25  credited to her account, she should have stated that.  In any event, the IRS has

26  credited the full amount of the restitution check to the Shearers' account.  (*See* ECF

27  No. 144 at 2–3.)

28        Defendant's additional argument that the IRS failed to apply a levy against the

Regency Trust to the Shearers' tax liability is irrelevant, unsupported by the evidence, and again, not newly discovered evidence which would support setting aside the judgement.  The Regency Trust is a separate defendant in this case and there has been no ruling on the tax liability of the Regency Trust at this stage.  To the extent the Regency Trust is found to be liable, Defendant may contest the amount of liability or the Plaintiff's accounting at that stage.  Further, Defendant does not present evidence of such a payment ever having been made, stating that "the levy does not show on the Shearer's personal tax transcript or the Regency Trust transcript as credit."  (ECF No. 148 at 2.)  Finally, similar to the above contested calculations, the levy payment is not newly discovered evidence, nor would it warrant setting aside the summary judgement ruling.

**IV.    Conclusion**

For the above reasons, IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration is DENIED.  No further motions for reconsideration will be entertained by the Court.


IT IS SO ORDERED.

Dated:    **July 20, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC2 – 12cv02334.mfr2

6