UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-cv-02334-DJC-DB |
| Plaintiff, | |
| v. | ORDER |
| L. RICHARD SHEARER, et al., | |
| Defendants. | |

The present action was initiated On September 11, 2012, following the disposition of a criminal matter which determined that Defendant L. Richard Shearer had engaged in a scheme to conceal income from the Internal Revenue Service through a series of sham trusts. (First Am. Compl. ("FAC") (ECF No. 4) ¶ 1; *see United States v. Bullock*, No. 2:00-cr-00345-KJM-4 (E. D. Cal.).) The purpose of the action is to assess the federal tax liability of Defendants L. Richard Shearer and Diane Shearer, to adjudicate the legal status of alleged trusts used by the Shearers, and to foreclose tax liens against certain properties. (FAC ¶ 1.)

Discovery in this case began in March 2013, (ECF No. 19), and has continued in some capacity until May 16, 2023. Defendant Stanley Swenson, Trustee for the Berryvale Trust, filed a Motion to Compel Written Discovery on November 14, 2022. (ECF No. 133.) Magistrate Judge Deborah Barnes denied the Motion, finding that

Defendant's written requests were untimely. (ECF No. 138.) Defendant Swenson thereafter filed Objections to the Magistrate Judge's Order (ECF No. 139), which the Court construed as the instant Motion for Reconsideration of the Order (ECF No. 143). Defendant Swenson argues that because of the multiple discovery extensions which have been granted in this case, Defendant's written discovery requests sent on July 15, 2021 were timely, and that the Magistrate Judge's order was therefore clearly erroneous. (See ECF No. 139.)

As the Magistrate Judge had correctly determined, fact discovery for this case closed on February 1, 2016 as stated in the Second Amended Scheduling Order (ECF No. 64). (See ECF No. 138.) On January 2, 2020, the Parties filed a Joint Status Report requesting that the Court reopen fact discovery for the purpose of taking depositions. (ECF No. 105.) The Court granted this request and ordered that fact discovery be reopened "for the limited purpose of taking the depositions listed in the request" with a deadline of June 15, 2020. (ECF No. 107.) Thereafter, the Court granted multiple extensions of this deadline, with the final deadline being May 16, 2023. (See ECF Nos. 110, 113, 115, 117, 122, 135.) In each of the Parties' requests for an extension of time, the Parties stated that discovery had been reopened for the purpose of taking depositions, and requested additional time because COVID-19 and the counsels' various health issues had rendered the Parties unable to take the depositions. (See ECF Nos. 109, 112, 114, 116, 118, 121, 131.) Although some of the requests state auxiliary, non-discovery reasons for extending time, such as allowing time for the Defendants to obtain records from federal entities or for settlement purposes, at no point did the Court state that it reopened discovery for any other purpose than taking those depositions originally listed in the Parties' January 2, 2020 Joint Status Report. Accordingly, Defendant's written discovery requests fell outside the discovery period for such requests. The Magistrate Judge did not commit error in ruling as such and denying the Motion to Compel.

////

For the above reasons, IT IS HEREBY ORDERED that Defendant Swenson's Opposition/Motion for Reconsideration (ECF No. 139) is DENIED with prejudice.

Now that discovery has closed and all outstanding discovery disputes have been resolved, the Court ORDERS the Parties to file a Joint Status Report within 30 days of the entry of this order.

IT IS SO ORDERED.

Dated:   **September 5, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC2 – 12-cv-02334.MFR_of_MTC

3