DAVID A. HUBBERT
Deputy Assistant Attorney General

Alexander Stevko (CABN 301359)
Chelsea Bissell (MTBN 58862977)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
(202) 616-2380 (AS)
(202) 307-1372 (CB)
(202) 307-0054 (f)
Alexander.Stevko@usdoj.gov
Chelsea.E.Bissell@usdoj.gov
*Counsel for the United States of America*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| United States of America, | No. 2:12-CV-02334-DJC-DB |
| Plaintiff, | **JOINT PRETRIAL STATEMENT** |
| v. | |
| L. Richard Shearer; Diane Shearer; Stanley Swenson as Trustee of the Hotlum Trust, Berryvale Trust, and Regency Trust; et al., | |
| Defendants. | |

The United States of America, Richard Shearer, Diane Shearer, and Stanley Swenson as the Trustee of the Hotlum Trust, Berryvale Trust, and Regency Trust (together "the parties") submit this Joint Pretrial Statement pursuant to Local Rule 281 and the Court's pretrial order (ECF No. 155). To the extent any of the four parties had a different response to one of the sections below, each party's contention is clearly labeled, and the United States has included it in the section in which the defendant proposed it. Any parts that are unspecified are joint statements of the parties.

1.  **Neutral Statement of the case**:

United States: This case was brought by the United States to reduce income tax assessments to judgment against Richard and Diane Shearer for tax years 1995-2001 and to find that federal tax liens attach to certain real property previously owned by the Shearers but now held in trusts. Specifically the United States alleges its liens attach to two parcels of property at 717 Michelle Drive in Mount Shasta, California (APN Nos. 036-460-231 and 036-460-241) that were transferred to the Hotlum Trust; a parcel located at 701 Pine Street, Mount Shasta, California (APN 057-101-120) that was transferred to the Berryvale Trust; and a parcel located at 534 North Main Street, Yreka, California (APN 53-052-070) that was transferred to the Regency Trust (collectively, the "Subject Properties").

The Shearers have continued to reside in the 717 Michelle Drive property and Dr. Shearer has continued to use the 701 Pine Street property for his medical practice. The United States alleged that the properties were fraudulently transferred (either because the Shearers had fraudulent intent or because they did not receive adequate consideration and were left unable to pay their debts) or in the alternative that the trusts were shams because they lacked economic substance and were not operated independently of the Shearers, or that the trusts are the nominees or alter egos of the Shearers. Under any of these theories, federal tax liens against the Shearers could attach to the Subject Properties despite title being held in the name of the trusts.

The defendants (the Shearers and Stanley Swenson as trustee for the trusts) claim that the Shearers are not the owners of the trusts, which are legitimate and independent of the Shearers, and that the Shearers received adequate consideration and did not fraudulently transfer the Subject Properties.

The United States moved for partial summary judgment (ECF NO. 65) on the count to reduce tax assessments to judgment, which included fraud penalties. The Shearers admitted they

2

owed the underlying tax but disputed liability for the fraud penalty. The Court granted the United States' motion (ECF No. 86), finding that Dr. Shearer's pleading guilty to conspiracy to defraud the United States and making or subscribing false tax returns was sufficient to establish that he also owed the fraud penalties. This means that the only remaining issue is whether federal tax liens attach to the Subject Properties under the fraudulent transfer, sham trust, nominee, or alter ego theory. Defendants allege that two of these theories – sham trust and alter ego – were waived; the United States does not agree. In addition, Defendants argue collection under other any theory is barred by a six-year statute of limitations. As set forth in greater detail in the legal section below, this issue was already correctly determined in the United States' favor.

Diane Shearer: By agreement of the parties [Note from the United States: it is unaware of any such agreement, so this should maybe read "agreement of the defendants"], any defendant may rely on any act or claim of Diane Shearer, since any other protocol would unnecessarily complicate this document. The placement of text in this document is somewhat arbitrary. All commentary by Diane Shearer should be construed as part of the whole, and applied to any particular paragraph or all paragraphs, as may be appropriate and in the interests of judicial economy.

The defendants deny any liability whatsoever. The government has the burden of proof and must put on lawful evidence in the lawful way. The third paragraph above should quite simply read "The defendants deny any wrongdoing or monetary liabilities, and demand strict proof."

Stanley Swenson, Trustee: As of May, 1995, the time of the conveyances challenged by the Government in this case as fraudulent transfers, each trust paid and/or obligated itself to pay in the future substantially equivalent consideration for the value of the properties conveyed by the Shearer Defendants to each individual trust.

Defendant Swenson Trustee contends that the issue of fraudulent intent of the Shearer Grantors, standing alone, if found in favor of the Government, is insufficient to sustain the Government's request for fraudulent transfer relief. Only proof of the Grantors' fraudulent intent coupled with a Grantee's failure to pay substantially equivalent consideration for the transfers is sufficient to support grant of fraudulent transfer relief which, in this case, would grant the Government a priority tax lien binding on the grantee trusts and subjecting the trust's property to the payment of the Government's alleged lien granted priority under fraudulent transfer theory.

Both the issue of fraudulent intent allegedly held by the Shearer Grantors and the issue of what amount of consideration is "substantially equivalent consideration" for the transfer claimed to be fraudulent must be determined as of the date of the alleged fraudulent transfers (May, 1995).

Here, the property transfers attacked by the Government took place more than twenty years ago. Property values have risen sharply since that time. The determination of whether a fraudulent transfer occurred as alleged by the Government must be determined taking into account the values of the properties transferred in trust at the lower values for property which were fair market values for the property at the time of the transfer.

Further, the Government must prove the income or other assets which were available to the Shearer Defendants to pay their federal income taxes both before and after the date of the alleged fraudulent transfers. In order to sustain a finding of fraudulent transfer, Defendant Swenson argues that the Court must find that taking all of the available assets and equities in assets into account that the Shearer Defendants had available to pay their income tax and other obligations, to the United States which were available at the time of the alleged fraudulent transfers and reasonably anticipated to the available to them in the future, the Defendant Shearers as a result of such alleged fraudulent transfers intentionally placed themselves in the position financially of being unable to pay their federal income tax liabilities that they owed or reasonably

anticipated owing as of the dates of the alleged fraudulent transfers. \

Defendant Swenson, Trustee was not sued by the Government in this case as a transferee under the I.R.C. Transferee liability having not been raised in this case by the Government Defendant Swenson Trustee is liable for payment of the Shearer Defendants' income tax liabilities solely by the Government's resort to forced sale equity in the trust property or voluntary payment of the Shearers' income tax liability by Defendant Swenson Trustee.

At issue in the trial of this case is the amount of income taxes, interest, and penalties, if any, which the Shearer Defendants knew they owed or reasonably anticipated paying as of the date of the alleged fraudulent transfers. This amount of owed or reasonably anticipated liability for the Defendant Shearers may differ in amount from the amount awarded by the Trial Court in its previous grant of partial summary judgment in favor of the Government which "found" the Shearer Defendants' current tax liability supporting the Government's federal tax liens.

Defendant Swenson, Trustee further contends that the Hotlum, Berryvale, and Regency Trusts satisfy both the organizational test and the operational test which are required to be satisfied under the I.R.C. before the Internal Revenue Service is required to treat the trusts as separate taxable entities. *See Muhich v. C.I.R*, 238. F.3d 860 (7th Cir. 2001).

Further, the operational and organizational tests described in *Muhich* are only applicable against trust entities that attempt to operate an income producing business similar to that operated by corporations under the Code. Such tests are not applied against a trust that limits its business and income to the activity of renting and leasing trust property and holding such property as an investment for the benefit of trust beneficiaries.

Likewise, the alter ego and nominee theories of avoidance which the Government claims it attempts to assert in this case present issues of fact similar to that of the sham theory which seeks to avoid treatment of trusts or other entities as separate taxable entities so that the income

received by the trusts or entities attacked can be taxed to the individuals operating the trusts or entities and/or receiving personal benefits from the alleged sham income.

Defendant Swenson Trustee claims that the Government has previously waived the sham theory and the alter ego and/or nominee theory by its previous filed announcement in this case in writing that it was abandoning its claim against the Shearer Defendants and/or Defendant Swenson Trustee under those theories. ECF 96.

The Government made this announcement of abandonment of these theories after this Court's previous ruling which Defendant Swenson Trustee maintains was illegal and unconstitutional, denying Defendant Swenson Trustee's demand for jury trial on the sham and fraudulent transfer issues.

Finally, the Government's fraudulent transfer claims against Defendant Swenson Trustee and the three trusts, were made and filed by the Government against Defendant Swenson and the three trusts in the Government's First Amended Complaint filed in this case on October 16, 2012 – more than seventeen years after the three conveyances were attacked. ECF 4, PP. 3-5. The Government's fraudulent transfer claims against Defendant Swenson Trustee and the three trusts are barred by the six-year statute of limitations in the Federal Debt Collection Procedures Act. If the six-year FDCPA statute of limitations does not apply, the Government's fraudulent transfer claims are barred by the ten-year statute of limitations for collection set out in the Internal Revenue Code. Alternatively, if California state law could somehow be applied by the Government in derogation of the Federal statutory scheme for government collection of debts set out in the FDCPA, the Government's fraudulent transfer claims are still barred by the California statute of limitations limiting the time period within which fraudulent transfer actions may be brought, four years, and seven years of repose. See limitation arguments below.

Richard Shearer: Dr. Shearer joins in with the codefendants Diane Shearer and Swenson

Trustee and wishes to add that it is the burden of the United States to establish the value of the properties that were transferred into the trusts in question. That value must be established by qualified expert testimony and certified appraisals in the year of 1995 and further demonstrate that the transfers rendered the Dr. & Mrs. Shearer.

2. **Jurisdiction – Venue**: This Court has jurisdiction pursuant to 28 U.S.C. §§ 1340 and 1345, and venue is proper pursuant to 28 U.S.C. § 1391(b) because the defendants reside in this district and the Subject Properties in dispute are located in this district.

3. **Non-Jury Trial**: This will be a non-jury trial. Defendants initially requested a jury trial (ECF Nos. 12-15), but after the Court granted summary judgment (ECF No. 86) on the count to reduce tax assessments to judgment, the United States moved to strike the jury demand for the remaining issues (ECF No. 88) because all the remained were equitable issues about whether tax liens attached to property and could be foreclosed. The Court granted the motion to strike the jury demand (ECF No. 102).

Stanley Swenson, Trustee: Defendant Swenson Trustee concedes that the Government's description of this Court's previous rulings striking Defendant Swenson Trustee's and the Shearer Defendants' demand for jury trial is partially accurate.

What the Government does not tell the newly-assigned Article III Judge who has been assigned to this case after such ruling was made is that the Government did not confine its Motion to Strike Jury Trial to the limited argument that the only issues remaining for trial before the Court were "equitable issues about whether tax liens attached to property and could be foreclosed."

In truth, the Government also argued successfully that the factual issue of "sham" as well as its fraudulent transfer claim under the Federal Debt Collection Procedures Act 28 USC § 3001 et seq. were not required to be tried by a jury despite the Defendants' timely demand for jury trial.

While this Court previously announced that it intended to enforce the "law of the case" and prior rulings, Defendant Swenson Trustee insists that the denial of jury trial in this case is plain constitutional error and makes this argument for purposes of preservation on appeal and to allow the current Presiding Judge one more opportunity to correct this constitutional deficiency and grant jury trial.

The sham issue raises fact issues which are triable before a jury in either a suit for refund case or a case such as this one where the Government sues taxpayers or other parties attempting to collect income taxes and/or foreclose upon its tax lien. The United States Supreme Court reviewed a jury's verdict in an income tax case appealed to that Court in *Schoenthal v. Irving Trust Co.*, 287 U.S. 92 (1932) and *Higgins v. Smith*, 308 U.S. 473, 475 60 S.Ct. 355, 84 L.Ed. 406 (1940).

Further, the Federal Debt Collection Procedures Act 28 USC §3001 et seq does nothing more than codify federal common law principles supporting fraudulent transfer relief under the basic same terms as what was available in Federal Court under federal common law before *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

With respect to the federal common law rule of fraudulent transfer, the United States Supreme Court within the last decade in *Stern v. Marshall*, 131 S. Ct. 2594 (2011) and *Granfinanciera v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26, 19 BCD 493 (1989) made it clear that a case seeking fraudulent transfer relief was a common law legal action, not an equitable one and that jury trial before an Article III Judge in a fraudulent transfer action was available upon timely demand.

A reading of the Federal Debt Collection Procedures Act and its legislative history does not in any way negate *Stern's* and *Granfinanciera's* constitutional analysis requiring jury trial or the Supreme Court's ruling in *Granfinanciera* exercising jurisdiction over a case tried by the IRS

8

and the Government before a jury raising sham issues related to income tax liability.

<u>Richard Shearer</u>: Defendant Richard Shearer joins the contentions of Swenson Trustee.

4. **<u>Undisputed Facts</u>**: Dr. Richard Shearer and Diane Shearer are married and live at the 717 Michelle Drive property. Dr. Shearer uses the 701 Pine Street property for his medical practice. The Shearers previously owned the Subject Properties, which they acquired in the late 1980s. In 1995, they transferred the Subject Properties to the trusts in exchange for certificates of beneficial interest in the trusts. The trusts have had trustees separate from the Shearers, and the current trustee is Stanley Swenson.

Also around 1995, Dr. Shearer entered into transactions with Lonnie Crockett to use offshore trusts (separate from the trusts at issue in this case) to underreport income on federal tax returns filed for 1995-1999. Dr. Shearer was later charged with conspiracy to defraud the United States and submitting false tax returns for 1995-1998, both of which he pled guilty to.

<u>Diane Shearer</u>: Dr. Shearer pled to count 1 (conspiracy) and count 15 (26 USC 7206(1) false tax return as to tax year 1998). He did not plead guilty to anything else.

<u>Stanley Swenson, Trustee</u>: A conspiracy to file a false income tax return is not the legal equivalent of a conspiracy to underreport income tax. Nor is such proof standing alone proof of the crime of tax evasion.

The statement(s) on the allegedly false income tax return must be "material" and if relied on by the Government, must result in willful under reporting of tax liability.

Depending on the evidence in the case, a false statement on an income tax return may or may not be material and may or may not be proof of willful under reporting of income.

<u>Richard Shearer</u>: Defendant Richard Shearer joins the contentions of Swenson Trustee.

5. **<u>Disputed Factual Issues</u>**: The main disputed factual issues are 1) whether the trusts received the Subject Properties in fraudulent transfers or 2) whether the trusts are shams or in the

alternative are the nominees or alter egos of the Shearers.

Sub-issues for these larger disputes include:

- Whether the Shearers had fraudulent intent in transferring the properties to the trusts to avoid taxes;

- Whether the Shearers received adequate consideration from the trusts for the Subject Properties;

- Whether the Shearers retained any beneficial interests in the Subject Properties after the transfers to the trusts;

- Whether the Shearers exerted any control over the trusts or retained any interest in the trusts or their property.

<u>Diane Shearer</u>: Defendant Diane Shearer's statement: At page 5 of Docket 96, the government said "Counsel for the United States intends to focus at trial on the fraudulent transfer claim, the closely-related nominee claim, and the foreclosure claim. **Counsel will seek permission to abandon the sham and alter ego claims to simplify the trial.**"

The government, not the defense, is guilty of fraud in this case. The plaintiff is master of his own complaint. The government as plaintiff has the right to abandon whatever claims it chooses, by and through counsel. The government has no right to dredge up abandoned claims at this late date.

The government feigns ignorance of what constitutes a fraudulent transfer. When the government left $5,000 in a "Victim Restitution"[1] account from June 29, 2007 to March 27, 2013, then transferred the money to an "Unclaimed Funds" account, that was a fraudulent transfer. The government counsel work for the US Department of Justice (DOJ). The DOJ building in

---

[1]        The travel of this money is truncated, in keeping with the nature of this document.

10

Washington, DC is less than a mile from the Treasury building. Government counsel defrauded the Shearers of credit for a tax payment and defrauded the US Treasury of money paid as restitution. Furthermore, this is a pattern and practice. This is not a "one-off" or isolated event.

This is a fraudulent *scheme*. Government lawyers left restitution money in the "Victim Restitution" account for a period of time drastically in excess of that authorized and contemplated by statute. Then the money was transferred to an "Unclaimed Funds" account. At all times the thieves made sure that there was enough money in the two accounts, to make any complaining party whole. Since the lawyers represented the government, they made sure the government didn't complain, and that if any government employee did somehow complain, they would pretend that it was an isolated incident and pay the money over.

Indeed, in this case the government lawyers conspired with other government lawyers to surreptitiously move the criminal court for an order to pay the money. They lied to the court. They neither served their pleadings nor permitted the criminal court's order to be served. They prevented any meaningful complaint about their lies. They pretended that interest didn't matter. They pretended that they stole the interest fair and square, and that they could keep it. They pretended that the money paid out of Dr. Shearer's pitiful prison wages was stolen fair and square, and they could keep it. After all, how could the defendants or any of them exercise their due process rights to be heard in a reasonable time and a reasonable manner, if they got no notice at all?

Why is this important, after partial summary judgment has been granted and efforts to overturn it have failed? Because a party seeking equitable relief is subject to a bar under the "unclean hands" doctrine.

The uncleanness of the government's hands is a mile high and a mile wide. Furthermore, the government has left a paper trail. They created a slush fund for themselves, but the

beneficiaries of this slush fund are ***knowable***. The uses to which the money in this slush fund were put are ***knowable***. Their perfidy in this particular case isn't the tip of the iceberg. It's a chip of ice off the iceberg, big enough to cool a soft drink.

<u>Stanley Swenson, Trustee</u>: The Government seems to suggest that proof of only one of what it terms to be "sub issues" is necessary in order for the Government to prevail on its fraudulent transfer claim.

Such is not the case. Unlike the IRS tax assessments which the Government relied on in bringing this collection action, there is no presumption of accuracy or truthfulness underlying the Government's pleadings alleging and claiming fraudulent transfer against the Defendants in this case. The Government as a Plaintiff in the fraudulent transfer action has the burden of proof on all issues supporting fraudulent transfer relief.

Instead of merely having to prove by a preponderance of the evidence or clear and convincing evidence, all of the elements of fraudulent intent to hinder creditors, the Government must also prove that the transfer rendered the Shearer Defendants "post-transfer insolvents." Additionally, the Government must prove that the alleged recipient / grantee of a fraudulent transfer failed to pay or give "substantially equivalent" consideration for what was received. The test for proof of consideration is "substantially equivalent consideration" under the FDCPA, not "adequate consideration" under California law as alleged above by the Government.

Defendant Swenson Trustee has already stated the law with respect to the sham test allowing disregard of trusts operating businesses as separate taxable entities. *See Muhich*, supra.

The test for determining sham does include the question of whether a taxpayer has received payments from a trust or has exercised control over a trust. However, such payments received by the taxpayer from a trust or exercise of control over a trust by the taxpayer must be impermissible payments or control. Such payments or control received or exercised by the

taxpayer must be in derogation of the trust's financial interest and not for its benefit and/or not consistent with the dictates of the Declaration of Trust or Trust Indenture under which the trust was organized or operated.

Examples of such impermissible payment or control include commingling of trust assets or income with personal income and personal accounts, personal use of trust assets without payment or compensation to the trust and use of trust funds to pay personal debts for living expenses without declaration of such payments as taxable income to the IRS. See for example *United States v. Vallone,* 698 F.3d 416, 485 (7th Cir. 2012.

To the extent that the Government attempts to conflate proof of the operation of the Asteroid or Atlantic Trust Management entities with the financial operation of the three trusts represented by Defendant Swenson as trustee, absent proof of any impermissible control or payment in which those three trusts were financially involved, proof of any impermissible control or payments by Asteroid or Atlantic is irrelevant to this case and will be objected to at trial.

Richard Shearer: Defendant Richard Shearer joins the contentions of Defendant Diane Shearer insofar as the United States stated that it had abandoned the sham trust and alter ego claims. Defendant Richard Shearer joins the contentions of Defendant Swenson Trustee.

Defendant Shearer raised as an affirmative defense of the Statute of Limitations in their joint answer. He therefore asserts it, with his wife Diane, as a defense under the California Code of Civil Procedure §343 of four (4) years, if state law is to control this transaction. If Federal law governs this transaction, per Title 28 USC §3303(d), then Defendant Richard Shearer wishes to raise either the 2-year statute of limitations, or in the alternative, the 6 year statute of limitations as set forth under Title 28 USC §3306(b) *Limitations.*

6. **Disputed Evidentiary Issues**: The parties dispute whether the United States can use any witnesses or exhibits for the reasons discussed below. Specific issues the United States may have

13

with proposed evidence from defendants is addressed in the motions in limine section.

The United States plans only to use the defendants as fact witnesses and possibly Daniel Bullock (a previous trustee) and Lonnie Crockett (an accountant and previous trustee for the trusts), both of whom were deposed. The United States does anticipate possibly needing to use deposition designations from Bullock and Crockett because they may not be able to attend trial. The United States will not be using any physical evidence, special technology, or animations. To the extent the parties have disputes over evidence, which will be documents (either physical or scanned) and testimony, the United States thinks the parties can address them through motions in limine followed by a hearing before trial if needed.

United States: The United States contends that through its previous counsel, it made the equivalent of Rule 26(a) disclosures during discovery – listing and producing each document it lists in the exhibits below and naming each fact witness as well – and none of the Defendants is therefore prejudiced by the lack of a specific Rule 26(a) document, which *none* of the parties produced to each other and *none* of the parties moved to compel during discovery. No sanction is justified, especially not such a severe sanction as barring all of the evidence pertinent to this case, because any faulty disclosure was harmless here. Fed. R. Civ. P. 37(c)(1); *e.g., Mollica v. Cnty. of Sacramento*, No. 2:19-CV-02017-KJM-DB, 2023 WL 6723395, at *3 (E.D. Cal. Oct. 12, 2023). As the Ninth Circuit has explained, four factors are relevant: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022). All of these factors are met here, as explained in detail below.

Specifically, the United States identified its witnesses in interrogatory response #6 from

14

January 30, 2014 and July 8, 2014.[2] Similarly the United States responded to requests for production on January 30, 2014 and July 8, 2014. The United States sent via Fedex the relevant administrative file Bates stamped IRS00001 through 04535 to the defendants' counsel on April 29, 2014, and it supplemented this with further disclosure by sending by Fedex additional documents Bates stamped IRS04410 through 04992 on September 25, 2014. The United Staes has Fedex receipts for the document productions and signed certificates of service for the interrogatories. To the extent counsel for Swenson now claims he did not receive these documents, he could have compelled responses to the defendant's written discovery a decade ago but never did. And, in any event, the United States stands ready to provide defendants new copies of these documents, notwithstanding that they were previously produced. Defendants, meanwhile, never complained or sought to compel initial disclosures until the eve of trial (and still have not made initial disclosures themselves).

Thus, based on the discovery record in this case, all four factors are met: (1) none of the defendants should be prejudiced or surprised given that the United States identified its witnesses and produced all its exhibits during discovery; (2) any prejudice that existed was cured during discovery, and the United States can cure any potential prejudice arising from Defendants' claimed lack of the documents by re-producing them; (3) the lack of initial disclosures has no impact on trial—if anything, trial would be severely disrupted only if sanctions were to be imposed; and (4) in light of the government's willing disclosures, there is no evidence that the failure to disclose was malicious or willful. Thus, there is no basis to exclude the government's evidence here.

Diane Shearer: Defendant Diane Shearer opposes the use of any witnesses or exhibits

---

[2] Should the Court request it, the United States will provide copies of all the communications referenced in this paragraph, including the FedEx proofs of mailing.

15

whatsoever, except those disclosed in conformity with Rule 26(a), which provides:

(a) REQUIRED DISCLOSURES.

    (1) *Initial Disclosure.*

      (A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

        (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

    Therefore, Diane Shearer opposes 1) the calling of any witness not disclosed on the initial Rule 26(a) disclosures or supplementations, or 2) the use of any called witness for any subject not disclosed by the government in 26(a) disclosures or supplementations. Since the government neither disclosed witnesses nor disclosed any subjects whatsoever, Defendant Shearer opposes the calling or use of any witnesses whatsoever.

    The same rule continues by requiring the disclosure of documents:

      (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

    Defendant Diane Shearer opposes the introduction or use of any documents not disclosed on Rule 26(a) disclosures or supplementations. Since the government never made Rule 26(a) disclosures or attempted to discharge its duties of disclosure at all, Diane Shearer opposes the admission or use of any documents or evidence whatsoever.

    <u>Stanley Swenson, Trustee</u>: Defendant Swenson Trustee joins in Defendant Diane Shearer's stated objections above to the extent that it is proven that the Government did not comply with its duty to make voluntary disclosures including witnesses, experts, and supporting documents under FRCP Rule 26a.

16

Defendant Swenson Trustee will object to the Government's effort to call any witnesses who were not properly identified in discovery including Rule 26 voluntary disclosures as well as any documents, expert testimony or other proof or evidence which was not disclosed as required by FRCP Rule 26.

Further Defendant Swenson Trustee alleges that the Government's alleged response to request for production and requests for admissions or written interrogatories are not the equivalent of voluntary disclosures under Rule 26 and do not excuse the failure to make voluntary disclosures even if the Government properly responded to and properly served its responses and answers to a particular party's written discovery requests.

Defendant Swenson Trustee contends that Defendant Swenson trustee's counsel, Joe Alfred Izen, Jr. never received service from the Government of the Government's alleged responses and answers to Swenson Trustee's requests for discovery which are referenced in the Government's list of exhibits as Exhibit No. 118.

Further, Defendant Swenson Trustee will object to any evidence or documents or testimony from witnesses the Government attempts to offer which it was required to produce or provide in response to timely served written discovery which the Government received from any of the Defendants but did not answer or respond to.

The Government has provided upon request by Defendant Swenson alleged receipts purportedly proving service on Defendants of the Government's responses and answers to written discovery. Defendant Swenson Trustee is in possession of emails from the Government's former counsel in this case attorney Jennings which indicated that the Government had prepared responses and answers to defendant Swenson Trustee's request for production and written interrogatories and that after the discovery was "signed" by the appropriate parties, the discovery responses and answers would be sent. Defendant Swenson Trustee is providing these emails from

attorney Jennings to Government counsel.

Defendant Swenson Trustee believes that the best way to resolve disputes concerning the Government's alleged failure to produce would be by motion in limine.

Defendant Swenson Trustee objects to the Government's statement and claim that witnesses Lonnie Crockett and Dr. Bullock are not available to testify at trial and should be called only to testify by deposition. Witness Dr. Bullock is a close by resident of the Eastern District of California and is not only within the District but is available to testify. Government witness Lonnie Crockett traveled from Alaska to Utah and gave his deposition there at the Government's request. There is no showing that witness Crockett is unavailable to testify at trial.

This important case in which the Government is seeking tax foreclosure and collection of a lien for income taxes, penalty, and interest exceeding $400,000 in amount should be decided based on viva voce testimony at a trial whereat the Court can view the witnesses and determine their credibility.

The Government's efforts to conflate the trusts as previously explained above and to treat evidence of Asteroid and Atlantic's financial operations as part of and prejudicial to the operational test or organizational test of the Hotlum, Berryvale and Regency Trusts is an attempt to admit wholesale irrelevant financial evidence into this case. It should be noted that the Defendant Shearers long ago filed amended tax returns which claimed the income of Atlantic and Asteroid Trusts as their own personal taxable income at the insistence of the IRS. The three trusts represented by Defendant Swenson Trustee on the other hand, filed 1041 fiduciary income tax returns for the trusts during various years and paid some income taxes declared on such returns without ever receiving any refund of such income taxes from the IRS and without any effort by the IRS to disallow the filing of such tax returns as improper under the IRC. Absent proof of ongoing commingling of assets or income between Asteroid and Atlantic on the one hand and

Hotlum, Berryvale, and Regency Trusts, on the other, the Government's evidence of Asteroid and Atlantic's operations is irrelevant to any Government claim against Defendant Swenson Trustee and the three trusts for which he serves as trustee. This issue may be properly resolved at trial via a motion to strike by the Defendants which can be sustained if the Government fails to prove a proper predicate for the introduction of such evidence by the Government against Defendants.

Richard Shearer: Defendant Richard Shearer joins the contentions of Defendant Diane Shearer insofar as the United States stated that it had abandoned the sham trust and alter ego claims. Defendant Richard Shearer joins the contentions of Defendant Swenson Trustee.

Defendant Shearer raised as an affirmative defense of the Statute of Limitations in their joint answer. He therefore asserts it, with his wife Diane, as a defense under the California Code of Civil Procedure §343 of four (4) years, if state law is to control this transaction. If Federal law governs this transaction, per Title 28 USC §3303(d), then Defendant Richard Shearer wishes to raise either the 2-year statute of limitations, or in the alternative, the 6 year statute of limitations as set forth under Title 28 USC §3306(b) *Limitations.*

     a.  **Anticipated motions in limine**:

United States: The United States notes that Defendant Stanley Swenson's list of separate exhibits does not include Bates numbers like the United States' exhibits, so it is difficult to know *exactly* what documents the defendant is referencing. As such, it is difficult for the United States to know whether it objects or not. To the extent the documents were not previously disclosed in discovery in any manner – including in response to document production requests – the United States would object to their use and may file motions in limine. Also, to the extent any exhibits when further specified are only related to the tax liability of the defendants or the trusts and not the issues of fraudulent transfer, nominee, alter ego, or sham trusts, the United States would move to exclude them as irrelevant because the underlying taxes are no longer at issue after summary

judgment.

Similarly, the defendants do not list any specific additional witnesses by name but say they may call "undisclosed" witnesses to discuss tax issues involving the Regency Trust. The United States may file a motion in limine to bar any witness not explicitly named in this statement from testifying because of improper disclosure and because the testimony would be irrelevant since the underlying tax liability amounts are no longer at issue.

The United States may move to prohibit attorney Joe Izen from testifying about his fees because the United States thinks his testimony would be premature, and if the defendants ultimately prevail on a claim for attorney's fees, testimony may not be needed at all.

Lastly, the United States may move to exclude Randy Hoerauf as a purported expert that Diane Shearer lists below because he was not properly disclosed before, he is not qualified as an expert, and his testimony would be irrelevant to the remaining issues in this case.

<u>Diane Shearer</u>: Defendant Diane Shearer anticipates motions in limine challenging the introduction of any evidence whatsoever, unless after the conclusion of the Joint Pretrial Conference it is plain that no evidence can or will be offered by the government, which would of course defeat their case.

<u>Stanley Swenson, Trustee</u>: Defendant Swenson Trustee adopts its contentions concerning potential motions in limine and resolution of evidentiary disputes set out previously above. Defendant Swenson Trustee adds to those contentions his argument that consideration and determination of the viability of the three trusts Defendant Swenson serves as trustee should be based on the evidence of what these trusts did and what these trusts were legally allowed to do under the organizational and operational documents and the law of the state (California) where each of the trusts had its principal place of business or where each trust had its assets, including real estate.

<u>Richard Shearer</u>: Defendant Richard Shearer joins the contentions of Defendants Diane Shearer and Swenson Trustee. He further plans on filing motions in limine concerning 1) any testimony or exhibits being introduced by the United States of any expert witness, under the F.R.Evid No's 701 through 705. This is because the United States have not identified any such experts. It has not disclosed any written reports or any curricula vitae of any expert witnesses. Defendant Richard Shearer does so especially any testimony in regard to the value of the properties that were transferred to Swenson Trustee in 1995; and 2) any exhibits or testimony regarding the conduct of the other trusts mentioned by the United States as having any relevance to the issue to demonstrate any intent on the part of his wife Diane or himself to defraud the United States concerning the transfers of the properties in question to Swenson Trustee.

7. **Relief Sought**:

<u>United States:</u> The United States seeks judgment that federal tax liens against the Shearers attach to the Subject Properties because they were the subject of fraudulent transfers or are held by sham trusts, nominees, or alter egos of the Shearers. If the Court determines that tax liens attach to the Subject Properties, the United States also seeks to foreclose the liens.

<u>Diane Shearer</u>: Defendant Diane Shearer contends that the government is entitled to no relief whatsoever. The government's complaint should be dismissed.

<u>Stanley Swenson, Trustee</u>: Upon the Government's failure to prove its fraudulent transfer claim against Defendant Swenson Trustee as to each conveyance the Government challenges by a preponderance of the evidence or clear and convincing evidence or the appropriate legal standard of proof, this Court should enter a judgment decree denying the Government all relief the Government has requested against Defendant Swenson Trustee and the three trusts, Hotlum, Berryvale and Regency Trusts.

Additionally, if Defendant Swenson Trustee prevails in this fraudulent transfer action,

Defendant Swenson requests an award against the Government of the reasonable and necessary attorney's fees he has incurred in the successful defense of this case. See Equal Access to Justice Act.

Defendant Swenson Trustee requests that this Court enter a judgment and decree holding that the Government's fraudulent transfer claims asserted in this case are barred by the applicable statute of limitations. See statute of limitations arguments and references above.

Richard Shearer: Defendant Richard Shearer joins the position of defendants Diane Shearer and Swenson Trustee and further seeks attorney fees and costs under Title 28 USC §2412 on the basis that the position of the United States is without merit because it brought this action to avoid the transfer well beyond the statute of limitations mentioned above.

**8.** **Points of Law**: The United States has three remaining claims:

United States: The United States has three remaining claims: The **first** remaining claim is its second claim from the amended complaint (ECF No. 4): to establish that the trusts are sham trusts. Trusts may be disregarded for federal tax purposes, or by any creditor, when they were created to defraud a creditor or when they lack economic substance. *In re Schwarzkopf*, 626 F.3d 1032, 1037 (9th Cir. 2010); *Close v. Comm'r*, 107 T.C.M. 1124 (T.C. 2014). Factors used to determine economic substance include: : (1) whether the taxpayer's relationship to the transferred property differed materially before and after the trust's creation; (2) whether the trust had an independent trustee; (3) whether an economic interest passed to other trust beneficiaries; and (4) whether the taxpayer respected restrictions imposed on the trust's operation as set forth in the trust documents or by the law of trusts. *Sparkman v. Comm'r*, 509 F.3d 1149, 1155 (9th Cir. 2007). Furthermore, trusts can be disregarded for federal tax purposes when they are grantor trusts created with gratuitous transfers of property or for the benefit of the grantor. *Close v. Comm'r*, 107 T.C.M. 1124.

The United States' **second** remaining claim is its third claim from the amended complaint: to set aside the transfers of the Subject Properties as fraudulent conveyances or to determine the Subject Properties are held by the nominees or alter egos of the Shearers. This claim is based on the California Fraudulent Transfer Act, not the Federal Debt Collection Procedures Act; the state statute of limitations for the California Act do not apply to the federal government, and the relevant statute of limitations is the ten-year collection statute in 26 U.S.C. § 6502 (extended through litigation and judgment on the liabilities), which the parties already litigated during summary judgment. *United States v. Bacon*, 82 F.3d 822, 825 (9th Cir. 1996). A transfer is fraudulent under California law if it is made with "actual intent to hinder, delay, or defraud any creditor." Cal. Civ. Code § 3439.04(a)(1)[3]. A transfer is also fraudulent if it is constructively fraudulent by being made without receiving adequate consideration and debtors knew or reasonably should have known they had or would incur debts beyond their ability to pay or they had an existing debt and were left insolvent as a result of the transfer. Cal. Civ. Code §§ 3439.04(a)(2) and 3439.05(a). In California, a debtor that is generally not paying the debtor's debts as they become due is presumed to be insolvent. Cal. Civ. Code § 3439.02(b).

A nominee is one who holds bare legal title to property for the benefit of another. *Fourth Inv. LP v. U.S.*, 720 F.3d 1058, 1066 (9th Cir. 2013) (citing *Scoville v. U.S.*, 250 F.3d 1198, 1202 (8th Cir. 2001)). Federal tax liens attach to property held in the name of a nominee of a taxpayer. *Id.* at 1066-1067. The Ninth Circuit has held that in California, courts should apply the following factors to determine nominee status: (1) whether inadequate or no consideration was paid by the

---

[3] In 2016, California adopted the Uniform Voidable Transfer Act (UVTA) to replace the Uniform Fraudulent Transfer Act (UFTA). The switch changed some language, but the statutes are almost identical in substance. *See In re Medina*, 619 B.R. 236, 241 (B.A.P. 9th Cir. 2020), *aff'd*, No. 20-60045, 2021 WL 3214757 (9th Cir. July 29, 2021). Because the transfers in this case occurred in 1995, all references are to the earlier version of Cal. Civ. Code § 3439.04, which results in using the term "fraudulent" rather than "voidable."

nominees; (2) whether the properties were placed in the nominees' names in anticipation of a lawsuit or other liability while the transferor remains in control of the property; (3) whether there is a close relationship between the nominees and the transferor; (4) failure to record the conveyances; (5) whether the transferor retained possession; and (6) whether the transferor continues to enjoy the benefits of the transferred property. *Id.* at 1070.

In California, an alter ego relationship exists between an entity and another party if two elements are shown: 1) a unity of interest and ownership between the corporation and the individual; and 2) if acts by the corporation are treated as acts of the corporation alone, an inequitable result will follow. *Mesler v. Bragg Mgmt. Co.*, 39 Cal.3d 290, 292-93 (1985). Factors relevant to determining a unity of interest include the commingling of funds and other assets; the failure to segregate funds of the individual and the entity; the unauthorized diversion of entity funds to other than business purposes; the treatment by an individual of entity assets as his own; the representation by an individual that he is personally liable for entity debts; shared addresses; and the disregard of formalities. *Johnson v. Serenity Transportation, Inc.*, 141 F. Supp. 3d 974, 984 (N.D. Cal. 2015). In California, taxing authorities can use the alter ego theory to reverse veil pierce. *In re Brugnara Properties VI*, 606 B.R. 371, 379 (Bankr. N.D. Cal. 2019)

The United States' **third** remaining claim is to foreclose federal tax liens on the Subject Properties. To the extent that the United States prevails on its other claims and tax liens attach to the Subject Properties, it can enforce the liens pursuant to 26 U.S.C. § 7403. *See United States v. Rodgers*, 461 U.S. 677, 680 (1983).

<u>Diane Shearer</u>: The government plainly continues to pursue abandoned theories. This is simply further evidence of bad faith litigation. Additionally, the government never gave the Shearers a chance to pay a lawful tax bill. The Shearers repeatedly asked for such a bill. The IRS made the bill go both up and down, erratically, without explanation. This is bad faith and unclean

24

hands of the worst sort. The object plainly was not the collection of any arguably legitimate debt, but the harassment of the Shearers with outrageous claims not arguably in compliance with the rules of Congress and the IRS. The failure to immediately pay arbitrary, capricious, and lawless amounts cannot possibly be indicia of any unlawful act or omission on the part of a citizen.

Don't forget the seizure of money from Regency Trust, which was never credited anywhere. It appears that this money was simply stolen. If the trusts are the nominees or alter egos of the Shearers, money seized from a trust should have been treated as money seized from the Shearers.

Since that wasn't done, the doctrine of "fraud upon the court" comes into play. The doctrine of "fraud upon the court" prevents the government from taking one factual position at one time and contradictory factual position at another. That would basically guarantee that that government is presenting falsehood to the courts, at one time or another.

The government didn't merely take the money and refuse to credit the Shearers for it. When the matter was brought to their attention, they persisted in their position. If the government can take money from Regency Trust and not credit the Shearers' tax accounts, then Regency Trust cannot possibly be alter egos or nominees or sham trusts. Indeed Regency Trust under that position cannot be liable under any theory presented by the government in this case, if money seized from Regency Trust does not find its way into the IRS tax accounts of the Shearers. This is one of the items sought by defendants in the discovery prepared and propounded by Joe Izen, Jr., who represents the trusts.

Virtually every time the defense has sought information from the government, the government has resorted to stiff-arming and stonewalling. That's what they did with the original sets of interrogatories and requests for documents in 2014. That's what they did when defense counsel told government lawyers about the uncredited $5,000, and later sent copies of the

documentation proving what happened to it. That's what happened when Diane Shearer started asking for the Rule 26(a) disclosures.

The government stonewalled and obfuscated at every turn, including the amended complaint. It appears that the government deliberately refused to provide specifics or records, so as to make fraudulent claims to the Court.

Stanley Swenson, Trustee: The Federal Debt Collection Procedures Act is the body of law passed by Congress which should be applied to determine the Government's fraudulent transfer claims against defendant Swenson Trustee and the three trusts. Previously where federal law was silent on a particular subject and the Government had collection claims against U.S. Citizens, lawful residents or parties which it brought in a particular federal district, the Government was allowed to borrow the state body of law – here fraudulent transfer or fraudulent conveyance law – and apply it as in a diversity case borrowing state law.  But where, as here, Congress has enacted a specific federal statute governing theories of recovery such as fraudulent transfer the Government should be bound to apply federal law and federal law displaces state law on the same subject and has federal preemption. The Federal Debt Collection Procedures Act enacted in 1990 says so. To the extent the District Court of the Southern District of New York ruled in US v. Letscher, 99-2 USTC ¶50, 947 SDNY 1999 to the contrary, that holding is in error and has not been approved by the United States Supreme Court.

It is noteworthy that the Department of Justice here has failed to point out this principle which requires application of federal law on the specific subject of fraudulent transfer and displacement of state law and prevent state law from being "borrowed." Obviously, attempting to apply both state law and federal law addressing the same subject invades and defeats federalism and the principles of federal preemption. Any state law resorted to and used must not conflict with or increase or decrease the legal burdens or interests of affected taxpayers in derogation of

the legal burdens and benefits provided by the specific federal law statutory scheme.

Defendant Swenson Trustee agrees with and joins Defendant Diane Shearer's argument that the Government should be precluded from asserting a different position as to the three trusts other than the position that they were taxable entities that the Government took when the IRS seized involuntary tax payments from Regency Trust, did not refund same, and did not account for same. However, Defendant Swenson Trustee states that the Government and IRS are bound by judicial estoppel and administrative estoppel from now contending in this case that the trusts involved are alter egos, nominees, shams, or that the trusts can otherwise be disregarded as taxable entities. Judicial estoppel and administrative estoppel are bars which prevent the Government from exercising inconsistent positions so as to prevent fraud on Court worked by a party like the Government playing "fast and loose" with the Courts and the truth. Fraud on Court occurs when the Government is allowed to claim a position inconsistent to that which it has pursued and benefitted from in previous court litigation or administrative proceedings such as IRS assessment, audit, collection, appeal, and litigation before this or other federal courts.

Further, the IRS's determination assessment of liability seizure of income tax payments from Regency Trust occurred long ago based on a position on which the Government prevailed in its administrative proceedings that Regency Trust was a taxpayer owing the seized income tax. The Government benefitted from its administrative determination, and it is now too late to change its position and the Government's claims of alter ego, nominee, and sham against the trusts are barred by administrative estoppel and judicial estoppel.

Defendant Swenson trustee also agrees that the Government should be deemed to have abandoned its claims of alter ego and sham.

The Government has made no refund of any taxes paid by any of the three trusts. The Shearer Defendants could not be taxed on the same income attributable to the three trusts. To do

so would violate the prohibition of double taxation which is a basic tenet of the I.R.C.

LIMITATIONS: If the Government filed its fraudulent transfer action more than six years after the Shearer's conveyance of real estate to the three trusts more than six years after such transfers, the Government's fraudulent transfer case is barred under the six-year statute of limitations contained in the Federal Debt Collection Procedures Act. See 28 USC § 3001. Alternatively if the Government failed to file its fraudulent transfer action challenging the Shearer' s three conveyances to the three trusts as fraudulent more than ten years after such transfers, the fraudulent transfer action is barred by the ten-year statute of limitations for collection suits set out in the I.R.C. If the appropriate statute of limitations is derived from California's version of the Uniform Fraudulent Transfer Act which was in force in May, 1995, the California four-year statute of limitations and the California seven year statute of repose bars the Government's fraudulent transfer suit against Defendant Swenson Trustee and the three trusts. See Ca. Code § 3439.09.

The Government's alter ego and nominee claims are barred by the California general four-year statute of limitations or other applicable law of limitations of that state.

Richard Shearer: Defendant Richard Shearer joins the contentions of Defendants Diane Shearer and Swenson Trustee but would assert that in the alternative that shorter statute of limitation applies under California law of only 4 years or under Title 28 USC §3307(b) Limitations of 2 years. Defendant Richard Shearer also asserts that the transfers did not constitute a fraudulent conveyance that rendered his wife and himself insolvent in regard to the United States.

**9. Abandoned Issues:**

United States: The United States contends that it has not in fact abandoned any claims or theories of collection in this case because two sentences in a reply without a subsequent motion,

amended pleading, or any order by the Court is insufficient to modify the claims.

Diane Shearer: The government formally stated its intention to abandon the sham and alter ego claims, in a pleading. Now the government claims there are no abandoned issues. The government never put the defendants on notice of any change of heart, with respect to the abandoned claims. This is a deceitful "bait and switch" which should not be tolerated.

Stanley Swenson, Trustee: Defendant Swenson Trustee agrees with Defendant Diane Shearer that the Government abandoned its alter ego and sham contention claims and that that abandonment should be enforced.

10. **Witnesses:**

United States' Witnesses:

- Richard Shearer: Dr. Shearer is a party and to be contacted through his counsel, Matthew Gilmartin, PO Box 38040, Olmsted Falls, OH 44138
- Diane Shearer: Mrs. Shearer is an unrepresented party. Her address is 717 Michelle Drive, Mount Shasta, California 96067
- Stanley Swenson: Mr. Swenson in his capacity as trustee is a party and to be contacted through his counsel, Joe Izen, 5222 Spruce Street, Bellaire, Texas 77401
- Lonnie Crockett (likely witness by deposition designation): 8007 E 600 South, Huntsville, Utah 84317.
- Daniel Bullock (possible witness by deposition designation): 475 Bruce Street, Yreka, CA 96097

- The United States provides this written notice that it intends to offer declarations under Fed. R. Evid. 902(11) and 803(6) for the admission of business records produced in discovery during this case. The United States will make such declarations available to the Defendants for inspection sufficiently in advance of their offer into evidence to provide Defendants with a fair opportunity to challenge them. Any objections to the declarations should be resolved at a pretrial hearing. *See, e.g., United States v. Way*, No. 114CR00101DADBAM1, 2018 WL 2470944, at *2 (E.D. Cal. June 1, 2018); *United States v. Kahre*, 610 F. Supp. 2d 1261, 1266

29

(D. Nev. 2009). However, it is possible the Court would reserve a decision for trial. Thus, depending on whether there is a challenge and the course its resolution takes, the United States may need to call the following witnesses for the sole purpose of introducing evidence pursuant to Fed. R. Evid. 902(11) or 803.

- o <u>Jim Plank</u> – Former IRS Group Manager: 16373 Jordan Rd., Sisters, OR 97759
- o <u>Gregory W. Gillen</u> – Former IRS Revenue Officer: 4443 Rutgers Way, Sacramento, CA 95821
- o <u>Robert Miller</u> – IRS Supervisory Associate Advocate: 2580 W. El Camino Way, Sacramento, CA 95833
- o <u>Tom Rohall</u> – Former IRS counsel: 4508 Loch Haven Way, Sacramento, CA 95842
- o <u>G. Patrick Jennings</u> – Former United States counsel: 702 Roxboro Rd., Rockville, MD 20850
- o <u>Nancy Yang</u> – IRS Revenue Agent: 1900 O'Farrell Street, Suite 200, San Mateo, CA 94403
- o <u>Mee Cha</u> – IRS Revenue Officer: 703 Ravencrest Ave., Bloomington, IN 47401

<u>Diane Shearer</u>: Defendant Diane Shearer objects to each and every witness. None were disclosed in compliance with Rule 26(a). The government never disclosed the subjects of the testimony of any witness, as required by Rule 26(a). The government is not legally entitled to present any of these witnesses for any purpose.

The trust entities served interrogatories and requests for documents on the government in 2014. After several back and forth emails in which government counsel asked for more time, said it didn't have a witness available to sign, etc., the government simply quit talking. No responses were given to this discovery. Had the government answered these discovery requests, defendants would have had a de facto set of Rule 26(a) disclosures. To the knowledge of Diane Shearer these discovery requests haven't been filed or otherwise presented to the Court.

Another set of interrogatories and requests for documents was propounded to the government in 2021. The government likewise ignored that set of requests. The entities filed a motion to compel. That effort ultimately ended with Docket 151, an order denying the motion to

compel, with prejudice. The District Court ruled that discovery was closed – for the defendants, at least. The government agreed to various extensions, then conveniently concluded that all the extensions were, *de facto*, for the government only, not the defendants.

Defendant Diane Shearer sent the government a letter in October 2023, asking for the Rule 26(a) disclosures, and asking for cooperation in commencing with the Joint Pretrial Statement. Government counsel informed Diane Shearer that they were searching the files and would provide Ms. Shearer with the Rule 26(a) disclosures. Diane Shearer repeatedly asked for this information, in writing and orally. She was always told to be patient, the information would be forthcoming.

The government on February 22, 2024 admitted in an email that they have no indicia that the government ever filed any Rule 26(a) disclosures. The timing of this admission is evidence of bad faith litigating. The government in its own "United States' Status Report" set the deadline for Rule 26(a) disclosures at February 1, 2013. Dkt. 9, pg 3. On March 4, 2013, in a Joint Status Report, the parties extended this time to March 15, 2013. Dkt. 18, pg. 3.

How does a government lawyer forget a deadline in less than two weeks? How does a government lawyer or lawyers manage to stiff-arm defendants such that they get no responses to discovery, at all?

Failure to supply the Rule 26(a) disclosures is sufficient, without more, to preclude the use of undisclosed witnesses. Even in the case of defendants, a Rule 26(a) disclosure would have to state the reasons for the use of the defendant as a witness. That's not a hard or burdensome rule. However, the defendant is entitled to notice of what information might be sought from any witness, including himself or herself.

Stanley Swenson, Trustee: Defendant Swenson Trustee repeats his intention to object to the Government's effort to introduce testimony of fact witnesses or expert witnesses at trial which

were not properly identified by the Government by FRCP Rule 26 voluntary disclosures and/or were not properly disclosed in responses or answers to Defendant Swenson Trustee's written discovery which was previously served on the Government. Defendant Swenson Trustee will also object to any effort by the Government to introduce exhibits or documents into evidence which were not properly disclosed and produced in the Government's responses to Defendant's request for production or other written discovery or voluntarily produced by the Government pursuant to FRCP Rule 26.

The Government has provided Defendant Swenson Trustee's attorney Izen with what it claims to be receipts proving timely service on Defendants of the Government's answers and responses including production made to Defendant Swenson Trustee's written requests for discovery in 2014.  Defendant Swenson's attorney is currently reviewing those receipts in an effort to determine whether those receipts prove that the Government complied with and responded to and answered Defendant Swenson's requests for production and written interrogatories. Defendant Swenson will state a further position once his attorney Izen's review and analysis of the Government's receipts is concluded.

However, irrespective of whether the Government responded to and answered Defendant Swenson's request for production and written interrogatories, the Government now admits that it made no Rule 26 voluntary disclosures. Based on that Government admission alone, any fact witnesses, expert witnesses, or undisclosed Government documents and exhibits should be stricken and/or excluded from the evidence at the trial on the merits of this case.

Defendant Swenson Trustee may call the following witnesses at the trial on the merits of this case.

1. Joe Alfred Izen, Jr.: 5526 McKnight Street, Houston, TX 77035

Attorney Izen's testimony will be limited to reasonable and necessary attorney's fees incurred

by Defendant Swenson Trustee and the three trusts in defending this case.

2. All witnesses listed by the Government above may be called as adverse witnesses by the Defendant Swenson Trustee.

3. Additional witnesses may be added to this list if the Government failed to identify such witnesses as required by discovery, but has not listed the undisclosed witnesses as witnesses the Government intends to call. An example of additional witnesses that Defendant Swenson Trustee might have to add would be IRS officers or agents involved in levy, distraint, or collection, of income taxes from Regency Trust during tax years relevant to this case.

Richard Shearer: Defendant Richard Shearer would call himself as a witness.

11. **Exhibits:** The attached exhibit list includes the United States' exhibits and the joint exhibits, but the United States clarifies that the "joint" exhibits were agreed to only by Stanley Swenson, Trustee, so only two out of the four parties have agreed to use them. In an attempt to comply with the Court's order, the United States is still following the exhibit naming conventions and listing them as joint, but it can relabel them if the Court wants. Any exhibits listed below are how the defendant labeled and numbered them.

Defense exhibits (alphabetical): Note that only Stanley Swenson, Trustee listed any specific exhibits.

Stanley Swenson, Trustee: In addition to the exhibits he designates as "JX" exhibits in compliance with the Local Rules of the Eastern District of California and this Court's special procedures concerning pretrial exhibits designates the following as Defendant Swenson Trustee's trial exhibits:

In addition to the exhibits he designates as "JX" exhibits in compliance with the Local Rules of the Eastern District of California and this Court's special procedures concerning pretrial exhibits designates the following as Defendant Swenson Trustee's trial exhibits:

- A. Declaration of Trust and Trust indenture and any amendments thereto of Regency Trust

- B. All minutes of Regency Trust including organizational or operational meetings not included by the Government as a government exhibit or designated as a JX exhibit.

- C. Declaration of Trust and Trust indenture and any amendments thereto of Hotlum Trust

- D. All minutes of Hotlum Trust including organizational or operational meetings not included by the Government as a government exhibit or designated as a JX exhibit.

- E. Declaration of Trust and Trust indenture and any amendments thereto of Berryvale Trust

- F. All minutes of Berryvale Trust including organizational or operational meetings not included by the Government as a government exhibit or designated as a JX exhibit.

- G. All IRS assessments, notices of levy, notices of filing of liens, and any other IRS papers from the administrative file of Regency Trust maintained by the IRS proving audit, collection, and assessment of Regency Trust's income tax liability or voluntary or involuntary payment of tax, penalties or interest by Regency Trust.

- H. All IRS assessments, notices of levy, notices of filing of liens, and any other IRS papers from the administrative file of Hotlum Trust maintained by the IRS proving audit, collection, and assessment of Hotlum Trust's income tax liability or voluntary or involuntary payment of tax, penalties or interest by Hotlum Trust.

- I. All IRS assessments, notices of levy, notices of filing of liens, and any other IRS papers from the administrative file of Berryvale Trust maintained by the IRS proving audit, collection, and assessment of Berryvale Trust's income tax liability or voluntary or involuntary payment of tax, penalties or interest by Berryvale Trust.

34

- J. Business Master file of Regency Trust maintained and downloadable by the IRS Computer Transcript Center for tax years 1993 to the current date.

- K. Business Master file of Hotlum Trust maintained and downloadable by the IRS Computer Transcript Center for tax years 1993 to the current date.

- L. Business Master file of Berryvale Trust maintained and downloadable by the IRS Computer Transcript Center for tax years 1993 to the current date.

Defendant Swenson Trustee agrees to denominate the various exhibits listed above as JX exhibits subject to proof that the Government properly identified and produced such exhibits for inspection and copying by the Defendants including Defendant Swenson Trustee during written discovery in the Government's Answers to Interrogatories, responses to requests for production, and voluntary Rule 26 disclosures. Defendant Swenson Trustee does not agree to designate such exhibits as JX exhibits and to consent to the admission of such exhibits unless the Government has properly disclosed and produced them in Rule 26 voluntary disclosures.

NEED FOR REBUTTAL EXHIBTS IS POSSIBLE: Defendant Swenson Trustee raises and relies on the "doctrine of completeness" with respect to the financial documents which the Government may offer for admission at the trial on the merits of this case purportedly reflecting financial transactions or operational conduct of the Hotlum, Berryvale, and Regency Trusts which purportedly support the Government's claims or previously abandoned claims of alter ego, nominee, or sham. The Government has the responsibility in the interests of justice in producing full and complete records of these Trusts' financial transactions and operational conduct and should not be allowed to pick and choose some favorable documents while excluding some other unfavorable documents. The issues of alter ego, nominee, and sham, should be decided on complete proof of the financial transactions and operational conduct of the trusts attacked as alter egos, nominees, or shams. It is believed that the Government has the entirety of such financial

and operational evidence concerning the trusts in its possession, but might be attempting to offer an incomplete and thus inaccurate picture of the entirety of the trusts' financial transactions and operational conduct. If so, Defendant Swenson Trustee will offer the remaining portion of financial documents which he has produced in discovery or which the Government has procured in discovery to present a complete picture in satisfaction of the "doctrine of completeness." *See Close v. Commissioner*, T.C. Memo. 2014-25 Docket No. 20645-07 incorrectly cited by the Government as authority for its position.

Diane Shearer: The government has no right to enter any exhibits whatsoever. They had a duty to provide the following under Rule 26(a)(1).

> (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

It isn't good enough to inform defendants about the existence of documents. The plaintiff is duty bound to say *whether the material may be used to support the plaintiff's claims*. This the government did not do, whether formally or informally. Once again, had the government responded to the 2014 discovery requests, they would have *de facto* complied with the rule, or at least with the purposes of the rule. This they didn't do.

Defendants have been trying since long before the commencement of this litigation, to get a copy of **each category** of damages claimed by the government. Even in the complaint the government gloms everything together into one number for each year, purported to be the remainder of the amounts due to the government. They don't say what particular items remain unpaid. They have never given sufficient information from which defendants could effectively do

their own calculations.

Had the government turned over the requested documents, they would have turned over the letter from Nancy Yang, saying that the defendants were likely entitled to a modest refund. It appears that the government's massive list of documents is meant to swamp the record with meaningless fluff. Defendants are reasonable and will consider logical reasons that exhibits are lawful, or at least not unlawful for reasons of irrelevancy, immateriality, or redundancy. Other objections are separate.

Richard Shearer: Defendant Richard Shearer adopts the exhibits and their labeling of his codefendants Diane Shearer and Swenson Trustee along with the possibility of having to introduce rebuttal evidence and testimony.

12. **Discovery documents**:

United States: The United States may offer portions of the depositions of Richard Shearer and Stanley Swenson at trial either for impeachment or as substantive evidence because the transcripts are statements of a party opponent. But the specific portions are unknown and would depend on their testimony.

The United States also may rely on the deposition testimony of Lonnie Crockett and Daniel Bullock because Crockett lives outside of California and Bullock lives more than 100 miles from the Court. The United States proposes that the Court and the parties discuss the Court's preferred method of submitting deposition designations and objections.

The United States will also rely on the following discovery responses from the Defendants:

- Request for Admission Responses from the Shearers dated December 5, 2013: RFAs 1-4, 7-18

- Interrogatory Responses from the Shearers dated December 5, 2013:

Interrogatories 3-5

- Request for Production Responses from the Shearers dated December 13, 2013:

    RFPs 2-3, 6-8 and attachments included in exhibit list

Diane Shearer: Defendant Diane Shearer opposes the use of any of this material, for all the reasons already stated.

Stanley Swenson, Trustee: Defendant Swenson Trustee objects to any use of any deposition testimony of any witness but instead demands viva voce evidence be received by this Court as previously stated. Defendant Swenson Trustee argues that the Government is unable to show that the deposition witnesses are not available for trial and/or are unwilling to appear at trial voluntarily for the purposes of giving their testimony.

Subject to the objection already stated that the Government may not have responded timely to Defendant Swenson's Requests for Production or timely answered Defendant Swenson's written interrogatories, Defendant Swenson Trustee may use the Government's responses to his requests for production and written interrogatories identified as Government Exhibit 118 in the Government's list of trial exhibits as evidence in Defendant Swenson Trustee's case-in-chief.

Richard Shearer: Defendant Richard Shearer demands to exercise his constitutional right to confront the United States' witnesses on the stand and objects to the used of the depositions as a substitute for live.

13. **Further discovery or motions:** None

Stanley Swenson, Trustee: None unless the Court reopens discovery for some reason.

14. **Stipulations:** Other than any joint exhibits above, the parties have not prepared specific stipulations at this time. The United States thinks that the parties should be able to stipulate to some additional underlying facts beyond those set forth in Section 4, above, and the parties can

38

discuss with the Court how best to prepare and submit such stipulations at the pretrial conference on March 7, 2024.

15. **Amendments – Dismissals:**

United States: None

Diane Shearer: Defendant Diane Shearer objects to the continued reliance on theories the government already said it would abandon.

Stanley Swenson, Trustee: Defendant Swenson Trustee joins in the above objection by Defendant Diane Shearer.

16. **Settlement Negotiations**: The parties may continue to engage in informal settlement discussions on their own. They also have a settlement conference scheduled with Magistrate Judge Deborah Barnes on April 17, 2024.

Diane Shearer: Defendant Diane Shearer: Defendants offered $50,000 to settle the case. The government did not dignify this offer with a formal response. On information and belief, the government didn't present the offer to any official authorized to settle the case, within the 30 days the offer remained open.

United States: The United States discussed this offer with Mrs. Shearer on the phone and tried to reschedule a follow up with her and the other parties but there was never a time where everyone responded. The United States is willing to continue the discussion with the parties if and when they are available.

Stanley Swenson, Trustee: Defendant Swenson Trustee is willing to entertain settlement negotiations and formulate and make settlement offers to the Government which take into account the litigation risks in this case of the determination of what the dollar amount in value of any alleged fraudulent transfer found was fraudulent. A transfer may be wholly or completely fraudulent depending on the value of the property transferred at the time of transfer and the

39

consideration paid, given or undertaken in exchange for such transfer.

Richard Shearer: None unless the Court reopens discovery for some reason.

17. **Agreed Statements:**

United States: The United States does not believe that presenting all the case on agreed facts is feasible or advisable. The United States will work with the Defendants to stipulate to some facts to streamline trial as much as possible.

Diane Shearer: Defendant Diane Shearer: The government at a status conference 10-29-2023 suggested resolving this matter by another motion for summary judgment. Defendant Diane Shearer sent a letter dated 1-29-2024, offering to agree to this method of resolving this case. Defendants remain convinced that a motion for summary judgment by the government is the most efficient way to proceed. This would allow the Court to rule on the legal issues certain to arise concerning the use of witnesses and exhibits. If the government rethinks its position, it should revisit the two letters sent to the government on 1-29-2024.

Richard Shearer: Defendant Richard Shearer joins Defendant Diane Shearer's above position.

18. **Separate Trial of Issues:** None. The remaining issues are all related and should be tried together.

19. **Impartial Experts:**

United States: There is no need for a court-appointed impartial expert or any expert for the remaining issues in this case.

Diane Shearer: Defendant Diane Shearer: Defendants would propose Randy Hoerauf, only to show bad faith and unclean hands, and **only** if by such proposal the defendants are not bound to present him or use him or allow the government to call him as a witness, unless Defendants' other defenses fail.

20. **Attorneys' Fees:**

United States: The United States is not seeking attorney's fees. The United States notes that 26 U.S.C. § 7430 would apply to any request for attorney fees by any of the Defendants, and that all of the positions taken by the United States in this litigation have been substantially justified.

Diane Shearer: Defense attorney fees only become an issue if they prevail on some matter, and law and/or rule authorizes the recovery of attorney's fees. We are not at that point at this time.

Stanley Swenson, Trustee: Depending on the applicable law of fraudulent transfer and the wording of the applicable fraudulent transfer statute Defendant Swenson Trustee seeks an award of his reasonable and necessary attorney's fees incurred in this case if he is successful in defending this action and/or if the Court determines that an award of attorney's fees to Defendant Swenson Trustee would be "equitable and just" under the facts and circumstances presented by this case.

Defendant Swenson Trustee should recover his reasonable and necessary attorney's fees he has incurred in this action under the Equal Access to Justice Act because the Government's filing of the fraudulent transfer, alter ego, nominee, and sham, claims against Defendant Swenson Trustee and the three trusts were not "substantially justified" because they were barred by the applicable statutes of limitation.

If California fraudulent transfer law is applied, then Defendant Swenson Trustee should recover his attorney's fees under the "tort of another" doctrine enforced by the California State Courts where a Defendant prevails in an action brought by a creditor to cancel a third party's contract or a deed involving the creditor's debtor.

Richard Shearer: Defendant Richard Shearer joins with Defendant Swenson Trustee

41

regarding being awarded attorney fees and costs under Title 28 USC §2412 against the United

States.

21. **<u>Trial Exhibits:</u>** The United States does not see any need for special handling of exhibits.

All its exhibits can be presented either in binders or digitally using standard courtroom

technology. All the United States' exhibits will be documents that can be copied or scanned and

shown on courtroom screens easily, so there is no need for special treatment of them pending an

appeal.

22. **<u>Trial Protective Order:</u>** The parties are not seeking a trial protective order.

23. **<u>Miscellaneous:</u>** Nothing more.


Date: February 29, 2024                    Respectfully submitted,

                                           DAVID A. HUBBERT
                                           Deputy Assistant Attorney General

                                           */s/ Alexander Stevko*_____
                                           ALEXANDER STEVKO
                                           Trial Attorney, Tax Division
                                           U.S. Department of Justice
                                           *Attorney for the United States of America*

                                           */s/ Matthew Gilmartin* _____
                                           Matthew Gilmartin
                                           PO Box 38040
                                           Olmsted Falls, OH 44138
                                           Matt7g@att.net
                                           *Attorney for Richard Shearer*

                                           /s/ *Joe Alfred Izen, Jr.* _____
                                           Joe Alfred Izen, Jr.
                                           5526 McKnight Street
                                           Houston, TX 77035
                                           713-668-8815 TEL
                                           713-668-9402 FAX
                                           jizen@comcast.net
                                           *Attorney for Stanley Swenson as Trustee*
                                           *of the Hotlum Trust, Berryvale Trust, and*
                                           *Regency Trust*

42

1

*/s/ Diane Shearer*
Diane Shearer
*Pro Se*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on February 29, 2024, I caused a copy of the foregoing Response, to be sent to the following by ECF notification:

| | |
|---|---|
| MATTHEW GILMARTIN,<br>Ohio Bar #024683<br>Matthew Gilmartin, Attorney at Law, LLC<br>P.O. Box 939<br>North Olmsted, OH 44070<br>matt7g@att.net | Attorney for L. Richard Shearer |
| SHAUN CUNNINGHAM (Local Counsel)<br>Law Office of Shaun Cunningham<br>41 Vantis Drive<br>Aliso Viejo, CA 92656<br>mrshauncunningham@gmail.com | Attorney for L. Richard Shearer and Diane Shearer |
| JOE ALFRED IZEN, Jr<br>5222 Spruce Street<br>Bellaire, TX 7740<br>jizen@comcast.net | Attorney for Stanley Swenson as Trustee of the Hotlum Trust, the Berryvale Trust and the Regency Trust |
| JIHAD M. SMAILI (Local Counsel)<br>SMAILI & ASSOCIATES<br>615 Civic Center Drive West, Suite 300<br>Santa Ana, CA 92701<br>jihad@smaililaw.com | Attorneys for Stanley Swenson as Trustee for Hotlum, Berryvale, and Regency Trusts |

I also certify that on March 1, 2024 I served the following parties by mail:

Diane Shearer
701 Pine Street
Mt. Shasta, CA 96067
office@drshearer.com
*Pro se*

/s/ *Alexander Stevko*
Alexander Stevko
Trial Attorney, Tax Division
U.S. Department of Justice

44