DAVID A. HUBBERT
Deputy Assistant Attorney General

Alexander Stevko (CABN 301359)
Chelsea Bissell (MTBN 58862977)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
(202) 616-2380 (AS)
(202) 307-1372 (CB)
(202) 307-0054 (f)
Alexander.Stevko@usdoj.gov
Chelsea.E.Bissell@usdoj.gov
*Counsel for the United States of America*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:12-CV-02334-TLN-DB |
| Plaintiff, | **MOTION TO EXCUSE THE UNITED STATES FROM SANCTIONS FOR FAILURE TO COMPLY WITH RULE 26(a)** |
| v. | |
| L. Richard Shearer; Diane Shearer; Stanley Swenson as Trustee of the Hotlum Trust, Berryvale Trust, and Regency Trust; et al.; | |
| Defendants. | |

        Pursuant to the Court's Minute Order from March 7, 2024 (Doc. 159), the United States submits this Motion to Excuse the United States from Sanctions for Failure to Comply with Rule 26(a). The United States admits that it failed to comply with Rule 26(a) when making its initial disclosures. But this failure is largely one of form and not substance because in 2014 the United States disclosed the information and produced the documents it was required to under Rule 26(a). Because defendants suffered no harm from the United States' failure to comply with Rule 26(a) initial disclosures, the Court should grant this motion and deny any sanctions again the United States.

1

**<u>Facts</u>**

The United States opened this case on September 11, 2012. (Doc. 1). Discovery began in earnest in 2014. Neither party made initial disclosures pursuant to Federal Rule of Civil Procedure 26(a).

On January 30, 2014 and July 8, 2014, the United States responded to interrogatories from Defendants Richard and Diane Shearer and Defendant Stanley Swenson, respectively. (Bissell Decl. ¶ 3, **Exhibit 1,** DJ-000598 to DJ-000603; **Exhibit 2**, DJ-000441 to DJ-000448). In response to Interrogatory No. 6 in both responses, the United States listed the name and contact information of individuals likely to have discoverable information. (*Id.*). At trial, the United States intends to call as witnesses only defendants and possibly Daniel Bullock and Lonnie Crockett, both who were named in Response to Interrogatory No. 6. (*See* Doc. 157).

In 2014, the United States also responded to requests for production from the Shearers by sending two discs containing documents with Bates ranges IRS00001 to IRS04535 to their counsel on April 29, 2014. Per email communications between U.S. counsel and counsel for the Shearers, at this time, the United States provided a second copy of the disc to be sent to Joe Izen, counsel for the trusts.  (Bissell Decl. ¶¶ 4, 7, **Exhibit 3**, DJ-000535 to DJ-000537; **Exhibit 4**, DJ-001609 to DJ-001615; **Exhibit 5**). The United States also separately responded to Defendant Stanley Swenson's Requests for Production on July 8, 2014, including in the production's cover letter that Defendant Swenson had previously received documents IRS00001 to IRS04535. (Bissell Decl. ¶ 3, **Exhibit 2**, DJ-000433 to DJ-000440). The United States served discs containing documents with Bates ranges IRS04410 to IRS04992 on September 25, 2014 to counsel for the Shearers and the trusts. The United States will rely only on documents in this production range at trial. (*See* Doc. 157).

To corroborate that the United States exchanged this information with defendants, it has

2

attached here FedEx shipping labels for the discovery responses dated April 29, 2014, July 7, 2014, and September 25, 2014 (Bissell Decl. ¶ 5, **Exhibit 3**, DJ-000536; **Exhibit 2**, DJ-000432; **Exhibit 4**, DJ-001609 to DJ-001610), Certificates of Service (*id*. ¶ 6, **Exhibit 1**, DJ-000604 to DJ-000605; **Exhibit 2**, DJ-000452 to DJ-000435; **Exhibit 4**, DJ-001614 to DJ-001615), emails from Matt Gilmartin acknowledging receipt of some responses (*id.* ¶ 8, **Exhibit 6**), and Fedex delivery receipts (*id.* ¶ 7, **Exhibit 5**). From the date these responses were delivered in 2014 until late 2023, defense counsel never informed the United States that they did not receive these responses to their written discovery requests. (*Id.* ¶ 9). Nor did they ever move to compel responses to these discovery requests. (*Id.*).

Furthermore, Defendants Richard and Diane Shearer attached documents produced by the United States (that they are now claiming they never received) as exhibits to their Motion for Summary Judgment filed on May 5, 2016. (Doc. 66-2). These exhibits, all Bates stamped with "IRS" identifiers, are accompanied by a declaration of Matthew Gilmartin, who represented both Richard and Diane Shearer at the time of filing. (*Id.*) This declaration states, under penalty of perjury, that "During the course of this litigation, I have received discovery from counsel for the Plaintiff. I verify that the copies of documents appended hereto, and incorporated herein as if fully rewritten, as Exhibit '1' are true and accurate copies of those documents." (*Id.* ¶¶ 4-5). Defendants' actions (and lack thereof) did not suggest to the United States that defendants lacked the information articulated in Rule 26(a). In fact, no defendant raised Rule 26(a) disclosures until October 2023, nine years after the responses were sent. (Bissell Decl., ¶ 10).

In the joint pretrial statement filed by the parties, defendants raised the United States' failure to comply with Rule 26(a). (*See* Doc. 157). During the pretrial conference on March 7, 2024, defendants raised the possibility that they did not receive the United States' discovery responses naming individuals with discoverable information and the 4,992 pages of document

production. (Bissell Decl., ¶ 11). The Court ordered the United States to re-produce these responses and documents and ordered the parties to meet and confer following the re-production to discuss if defendants still intended to pursue sanctions against the United States. (Doc. 159).

On March 14, 2024, the United States transferred all the documents and discovery responses previously produced by the United States in 2014. (Bissell Decl. ¶ 12). On March 15, 2024, the United States emailed defendants to ask if they intended to pursue sanctions against the United States after receiving the re-produced documents. (*Id.* ¶ 13). Defendant Diane Shearer responded on March 17, 2024, seemingly to express her desire to continue with the sanctions. (*Id.* ¶ 14). As of filing, neither Defendant Richard Shearer nor Defendant Stanley Swenson has responded to the request to meet and confer. (*Id.*)

<u>**Analysis**</u>

The United States should not be sanctioned, because it substantially complied with Rule 26(a). Rule 26(a)(1) governs initial disclosures, requiring parties to disclose to other parties in a case (i) the name and contact information of individuals "likely to have discoverable information" and (ii) a copy or description of documents, information, or other tangible things in the disclosing party's possession, custody, or control that may be used to support its claims and defenses.[1] Fed. R. Civ. P. 26(a)(1). The United States provided both these categories of information to defendants in 2014 in the form of an interrogatory response listing the names and contact information of individuals with potentially discoverable information and 4,992 pages of documents in response to requests for production.

It is not reasonable to conclude that defendants did not receive these discovery responses. First, the United States included Certificates of Service with each discovery response or

---

[1] The remaining two requirements—a computation of damages and insurance agreements—do not apply here. Fed. R. Civ. P. 26(a)(1)(iii)-(iv).

production attesting that it provided these documents to each defendant. Second, the United States maintained copies of the Fedex labels showing shipment. Third, the United States retained Fedex delivery receipts and an email confirmation from counsel for Richard and Diane Shearer acknowledging receipt of document production. Fourth, Defendants used documents produced by the United States—which they now claim they never received—as exhibits to their Motion for Summary Judgment in 2016. Attached to these exhibits is a declaration of the Shearers' counsel, Matthew Gilmartin, attesting under penalty of perjury that he received the exhibits from the United States during discovery. Finally, no defendant informed the United States that they did not receive responses to these discovery requests and none of them ever moved to compel the United States to do so. If, as defendants allege, they never received responses to these discovery requests, it would be unusual to wait nine years before addressing their absence. This body of evidence leaves little room for defendants' claim that they never received the responses.

Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to provide information or identify a witness pursuant to Rule 26(a), then the party cannot use that information or witness in the case "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37 sanctions are thus not appropriate if the failure to disclose was substantially justified or harmless. *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022). Courts look at four factors to determine if noncompliance with Rule 26(a) was substantially justified or harmless: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Id*.

The United States meets these factors. Defendants have not suffered prejudice from the United States' noncompliance with Rule 26(a) because the United States disclosed the information required in Rule 26 nine years ago, and defendants' assertion that they never received

this information is not credible. The disclosures in 2014 also cured whatever prejudice defendants may have suffered due to noncompliance with Rule 26(a). Trial will not be disrupted, because the United States will not rely on any information not in the 2014 disclosures. And the United States did not willfully delay the disclosure of this information and did not act in bad faith. Essentially, defendants have had nearly a decade to consider the information disclosed by the United States and seek further information from disclosed possible witnesses and thus are not prejudiced or surprised by the evidence the United States intends to put forth during trial.

## **Conclusion**

The United States disclosed the information required in Rule 26(a) in discovery responses in 2014, and there is no credible evidence that defendants did not receive this information. Because the United States substantially complied with the requirements of Rule 26(a) nine years ago, sanctions are inappropriate.

Date: March 20, 2024                Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

*/s/Chelsea Bissell*
CHELSEA BISSELL
Trial Attorney, Tax Division
U.S. Department of Justice

6

# CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on March 20, 2024, I caused a copy of the foregoing Motion, to be sent to the following by ECF notification:

| | |
|---|---|
| MATTHEW GILMARTIN,<br>Ohio Bar #024683<br>Matthew Gilmartin, Attorney at Law, LLC<br>P.O. Box 939<br>North Olmsted, OH 44070<br>matt7g@att.net | Attorney for L. Richard Shearer |
| SHAUN CUNNINGHAM  (Local Counsel)<br>Law Office of Shaun Cunningham<br>41 Vantis Drive<br>Aliso Viejo, CA 92656<br>mrshauncunningham@gmail.com | Attorney for L. Richard Shearer and Diane Shearer |
| JOE ALFRED IZEN, Jr<br>5222 Spruce Street<br>Bellaire, TX 7740<br>jizen@comcast.net | Attorney for Stanley Swenson as Trustee of the Hotlum Trust, the Berryvale Trust and the Regency Trust |
| JIHAD M. SMAILI (Local Counsel)<br>SMAILI & ASSOCIATES<br>615 Civic Center Drive West, Suite 300<br>Santa Ana, CA 92701<br>jihad@smaililaw.com | Attorneys for Stanley Swenson as Trustee for Hotlum, Berryvale, and Regency Trusts |

I also certify that on the same day I served the following parties by mail and email:

Diane Shearer
701 Pine Street
Mt. Shasta, CA 96067
office@drshearer.com
*Pro se*

/s/ *Chelsea Bissell*
Chelsea Bissell
Trial Attorney, Tax Division
U.S. Department of Justice