Joe Alfred Izen, Jr.
5222 Spruce Street
Bellaire, Texas 77401
(713) 668-8815
(713) 668-9402 FAX

Jihad M. Smaili, Esq.
SMAILI & ASSOCIATES, PC
Civic Center Plaza Towers
600 West Santa Ana Blvd., Suite 202
Santa Ana, California 92701
(714) 547-4700
(714) 547-4710 (f)
www.smaililaw.com
ATTORNEYS FOR DEFENDANT,
STANLEY SWENSON, TRUSTEE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § VS. § § L. RICHARD SHEARER, et al., § § Defendants. § § | CASE NO. 2:12-CV-02334 |

**DECLARATION OF JOE ALFRED IZEN, JR. IN SUPPORT OF DEFENDANT SWENSON TRUSTEE'S RESPONSE TO GOVERNMENT'S MOTION TO EXCUSE THE UNITED STATES FROM SANCTIONS FOR FAILURE TO COMPLY WITH RULE 26(a) AND IN FURTHER SUPPORT OF EXCLUSION OF EVIDENCE AND OTHER RELIEF UNDER F.R.C.P. RULES 26 AND 37**

STATE OF TEXAS  )
                )
COUNTY OF HARRIS )

My name is Joe Alfred Izen, Jr. I am over the age of eighteen years and am fully competent to make this Declaration. I am a counsel of record and attorney for Defendant Swenson Trustee in this case and have acted in that capacity since the entry by this Court of an order granting me leave to appear as counsel pro hac vice in this case.

1

1. As attorney for Defendant Swenson Trustee I have become familiar with and have personal knowledge of the content of all of the pleadings and papers filed of record in this case with the District Clerk by the parties as well as the various orders of the Court entered on the docket. I further have personal knowledge of the content of all of the discovery papers including written discovery requests and responses or answers served by the parties.

2. The Government has filed a Motion requesting entry by this Court of an order excusing the Government's compliance with the otherwise mandatory disclosure requirements of FRCP Rule 26.

3. On the face of its Motion to Excuse the Government concedes that it did not comply with Rule 26 voluntary disclosures. The Government then claims that it provided all Rule 26 required information in its answers and responses to Defendant Swenson Trustee's First Set of Written Interrogatories and First Requests for Production.

4. The Government submitted the Declaration of Chelsea Bissell with attached Exhibits claiming the Exhibits proved that the Government had provided documents requested in Defendant Swenson Trustee's request for production on the following dates: July 8, 2014 and September 25, 2014. Bissell Exhibit 2 contains a letter purportedly dated either July 1 or July 8, 2024 from then DOJ attorney Jennings stating the following:

Dear Mr. Izen:

Enclosed please find the following documents:

1. UNITED STATES' RESPONSE TO REQUEST FOR PRODUCTION - FIRST SET BY STANLEY SWENSON AS TRUSTEE

> 2. UNITED STATES' RESPONSE TO INTERROGATORIES - FIRST SET BY STANLEY SWENSON
>
> 3. PRIVILEGE LOG
>
> 4. CERTIFICATE OF SERVICE
>
> You previously received the documents referred to in the discovery response enclosed, a CD-ROM containing pdf files, Bates IRS00001 - IRS04354.
>
> If you have any questions regarding the foregoing, please contact me at (202) 307-6648. Thank you for your assistance and cooperation in this matter.

See Bissell Declaration, Exhibit 2, P. 2 (DJ 00431).

5. This July 8, 2014 letter also falsely states that attorney Izen received a CD-ROM containing pdf file, Bates IRS0001-IRS04354. Bissell's Exhibit 6 is an email from attorney Jennings to attorney Gilmartin stating:

> Matt,
>
> No copy from me to Izen. Two identical copies to you. You can share your information if you chose. [sic]
>
> Note: no redactions.
>
> Patrick

6. A clear reading of DOJ attorney Jennings letter dated April 29, 2014 attached as Exhibit 3 to the Bissell Declaration proves that the Government's alleged service of the Government's Shearers' discovery documents in April, 2014 was not properly served on Defendant Swenson Trustee and attorney Izen. The Government's admission in that letter reads as follows:

> Dear Mr. Gilmartin:
>
> Enclosed please find two identical CD-ROMS containing pdf files, Bates IRS00001 - IRS04354. We are producing these documents in response to your first request for production of documents.

7. I state emphatically that I did not receive any CD's of

1 | the Government's document production for Defendant Swenson
2 | Trustee from attorney Gilmartin in April, 2014.

8.  Further, I have no record of having received the Government's purported delivery by Federal Express or by regular US mail of the alleged production the Government claims it made to Defendant Swenson Trustee on either July 1, 2014 or July 8, 2014. See Bissell Exhibit 2.

9.  Bissell's Exhibit 5 shows confirmation of Federal Express deliveries to attorney Gilmartin on April 30, 2014 and to attorney Izen and Gilmartin on September 26, 2014. There is no Federal Express confirmation of delivery to attorney Izen in July, 2014.

10. I do not contest the Government's claim that 582 pages of what may have been purported supplemental documents were delivered to my Bellaire, Texas office where I was receiving official mail and communication at the following address:

>   Joe Alfred Izen, Jr.
>   5222 Spruce Street
>   Bellaire, TX   77401

during September, 2014. I was severely ill during September, 2014 and was not personally present at that office but, instead, was convalescing at home as much as possible. According to the Government's description of the alleged September, 2014 production it made to Defendant Swenson, the Federal Express package contained documents marked Bate numbers IRS04410 - IRS04992, a total of 582 pages.

11. Based on the transmittal letter the Government claims it included with the September, 2014 delivery which reads as follows:

>Dear Mr. Izen:
>
>Enclosed please find a Compact Disk containing PDF files stamped IRS04410 - IRS04992. These are supplemental responses to your first document request. **These contain the amended tax returns and the Revenue Agent Yang workpapers and related documents.** Also please find enclosed the following:
>
>1. UNITED STATES' PRIVILEGE LOG
>2. CERTIFICATE OF SERVICE

None of the documents the Government's transmittal letter claimed were being produced by that Federal Express delivery were responsive to Defendant Swenson's discovery requests for documents pertaining to the IRS handling and treatment of the trusts' tax liability. I make this statement based on the Government's statement in the September, 2014 transmittal letter quoted above plus Defendant Swenson Trustee's objections and responses to the Government's purported responses to Defendant Swenson's First Set of Written Interrogatories and First Request for Production and Defendant Swenson's objections to such responses which I have prepared and attached to this Declaration as Exhibit 1, (Defendant Swenson Trustee's Objections to United States' Response to Interrogatories - First Set by Stanley Swenson) and Exhibit 2, (Defendant Swenson Trustee's Objections to United States Response to Request for Production - First Set by Stanley Swenson as Trustee).

12. By its own admissions in its purported responses to Defendant Swenson's First Set of Written Interrogatories and First Requests for Production which are included in attached Exhibits 1 and 2, the Government did not provide the information which Defendant Swenson Trustee was entitled to receive through

5

the Rule 26 voluntary disclosures the Government now seeks to avoid. IRS Agent Cha whom the Government improvidently vested with the power to withhold such information based on relevancy grounds, refused to provide required information to Defendant Swenson and the trusts he represents. Cha did claim that Certificates of Assessments and Notices of Liens concerning the trusts would be provided at some time in the future -- but as explained in Defendant Swenson Trustee's objections to the Government's responses set out in Exhibits 1 and 2 after each interrogatory and request and the Government's response thereto -- this never happened.

13. This never happened because the Government never attempted to provide Defendant Swenson Trustee or attorney Izen access to the documents allegedly served in response to Defendant Swenson Trustee's discovery requests after September, 2014 until March, 2024.

14. Attorney Bissell's Declaration statement on P. 3 that Defendant Swenson Trustee ignored and was non-responsive to the Government's efforts to provide access to the documents:

> Diane Shearer responded on March 17, 2024, seemingly to express her intent to move forward with sanctions. As of filing, neither Defendant Richard Shearer nor Defendant Stanley Swenson has responded to the United States' request to meet and confer.

is false. Attorney Izen acting on behalf of Defendant Swenson attempted to utilize the link to the "Box" provided by the Government in its email dated March 18, 2024 on March 18, 2024. Although digital entry into the Box was accomplished, no link inside the Box was found which could be clicked on and would allow the documents the Government claimed it was producing to be

| | |
|---|---|
| 1 | downloaded by attorney Izen. |
| 2 | 15. Upon being unable to download the documents attorney |
| 3 | Izen wrote the Government an email informing the Government that |
| 4 | he had been "boxed out" of the production and needed assistance. |
| 5 | Attorney Bissell and the Government ignored this email and made |
| 6 | no response but, instead, simply filed its Motion to Excuse. |
| 7 | Taking advantage once more of its failure to make or cooperate in |
| 8 | discovery -- a constantly recurring theme in this case based on |
| 9 | its long history of numerous enlargements of time granted to the |
| 10 | Government by stipulation previously.  True and correct copies of |
| 11 | attorney Stevko's email providing the link to the Box and attor- |
| 12 | ney Izen's email requesting further access help from the Govern- |
| 13 | ment dated March 18, 2024 are attached hereto, marked Exhibits 3 |
| 14 | and 4 and are incorporated by reference. |
| 15 | 16.  I believe that none of the documents the Government |
| 16 | claims it produced or attempted to produce previously in response |
| 17 | to Defendant Swenson Trustee's document requests and information |
| 18 | pertaining to the trusts were ever previously served or delivered |
| 19 | by the Government.  I further believe that the documents bate |
| 20 | numbers IRS04410 - IRS04992 allegedly produced in September, 2014 |
| 21 | or at any other time will be responsive to Defendant Swenson |
| 22 | Trustee's requests for the documents and information in the |
| 23 | Government's hands which the Government may use or attempt to use |
| 24 | to defeat Defendant Swenson Trustee's affirmative defenses such |
| 25 | as administrative estoppel and/or statute of limitations. |
| 26 | 17.  Defendant Swenson Trustee must await an analysis of the |
| 27 | September, 2014 documents and any other documents served by the |
| 28 | Government in response to Defendant Swenson Trustee's discovery |

requests before he can state under oath that the documents were wholly or fully non-responsive as to Defendant Swenson Trustee and the trusts. However, the Government's stated discovery responses in the Government's responses to Defendant Swenson's answers to interrogatories and requests for production leave little doubt that no information which complied with FRCP Rule 26 was produced in whole or in part. See Exhibits 1 and 2.

18. When this Court entered an order fixing the amount of the Shearer personal tax liability through an order granting summary judgment, both the tax issues of liability for the trusts as well as the issues presented by the affirmative defenses asserted by the trusts to fraudulent transfer and theories of entity avoidance were neither moot nor irrelevant. Not having received any meaningful discovery from the Government concerning these issues, Defendant Swenson Trustee once more requested discovery from the Government this time more narrowly tailored to the remaining discoverable issues concerning the trusts' liability for the Government's fraudulent transfer and entity avoidance claims. The Government resisted this discovery instead of providing it as this Court is well aware. The Government was allowed to take depositions out of time by agreement. The trusts still received no meaningful discovery from the Government on the remaining issues in this case. Now on the cusp of a May 7, 2024 trial the Government seeks by its Motion to Excuse avoidance of any meaningful discovery for the trusts at all on any of the remaining issues.

19. I have read the foregoing statements in this Declaration. All of the above statements are true and correct

and within my own personal knowledge.

20. I declare the above to be true under penalties of perjury.

SIGNED on the 28th day of March, 2024.

_____
Joe Alfred Izen, Jr., Declarant

SHEARER.JAF/TK526