# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CASE NO. 2:12-CV-02334 |
| | § | |
| L. RICHARD SHEARER, et al., | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

**DEFENDANT SWENSON, TRUSTEE'S OBJECTIONS TO
UNITED STATES' RESPONSE TO INTERROGATORIES -
FIRST SET BY STANLEY SWENSON**

**REQUESTS AND RESPONSES**

**Swenson Request no. 1.** Did the I.R.S propose any income tax examination change for the Shearers or Trusts for any of the tax years 1995 through the present tax year, and if so, please pro-vide the date and related tax year(s) of any assessments and Notices of Deficiency which were issued based on such suggested income tax examination changes and the names, current business addresses and business telephone numbers of the Agents making such assessments or issuing such Notices of Deficiency, along with their I.R.S. I.D. and/or badge numbers?

**United States Response:** Objection, the years 2002 the pre-sent are not in suit and to that extent the request is unduly burdensome. Assuming that the question refers to the 1995-2001 "years at issue" in this case, there were examinations of the Shearers for the years at issue. Said examinations culminated in assessments against the Shearers in 2004. The Shearers filed amended returns in 2006 for the years at issue accepting on their

personal tax returns the income previously reported by the Trusts. Those amended returns were submitted for audit reconsideration and accepted as filed by the IRS, with the exception of a few details. The 2004 assessments were adjusted accordingly. Because a Court has not determined whether the Shearer income would be taxed to them or to the Trust defendants, **the Trusts were also examined and assessments made to protect the IRS from whipsaw.** If the Shearers' income is adjudicated and determined to be theirs in this action, then the assessments against the Trusts will be abated. **It does not appear that any substantial payments or credits are on the Trusts accounts with the IRS.**

Because there is no substantial dispute as to the amount of the tax assessments, the United States objects to the request for the names and numbers of the auditors as unduly burdensome. If specific information is sought concerning the audits the trial attorney should be contacted further.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE: This interrogatory was obviously answered by an IRS Revenue Officer or other employee who made judicial decisions as to what issues are relevant in this case. The relevance of issues in this case is governed by the relevancy test of the Federal Rules of Evidence. FRE Rule 401 defines relevant evidence as evidence which makes a fact issue in a case more likely probable or not probable if such evidence is true. <u>Sprint/United Mgmt. v. Mendelsohn</u> 552 U.S. 379, 387 (2008):**

> **Relevance and prejudice under [FRE] 401 and 403 are determined in the context of the facts and arguments in a particular case, and thus are generally not amenable to broad per se rules [that would exclude the evidence]." See also <u>Daubert v. Merrell Dow Pharms.</u>,**

509 U.S. 579, 587  (1993) (FRE 401's basic standard of relevance is liberal one.)

Defendant Swenson timely filed an answer in this case on February 14, 2013. DKT NO. 12.

That Amended Answer raised among other defenses the affirmative defense of administrative estoppel.  DKT. NO. 12, PP 4-5.

Administrative estoppel bars IRS from taking inconsistent tax positions i.e. violating the principle of "double taxation" and after taking such a prohibited action or position, taxing both the Shearers and the trusts on the same income.  Income may not be doubly taxed.

Further in this case, as the Trial Court has been made well aware, the Government is asserting entity avoidance theories of sham, alter ego, and nominee, as well as fraudulent transfer in an effort to avoid a legal ruling upholding the trusts as both separate taxable entities and valid trust entities under California law.

Any inconsistent actions on the part of the IRS or the Government which treat or treated the trusts as valid either prior to the filing of this case or after this case was filed *ARE RELEVANT PROOF ADMISSIBLE TO IMPEACH OR REBUT THE IRS AND GOVERNMENT POSITIONS THAT THE TRUSTS ARE NOT VALID TAXABLE ENTITIES OR VALID TRUST ENTITIES UNDER CALIFORNIA STATE LAW.*

IRS Revenue Officer and/or auditor Mee Cha who improperly signed the required verification of the Government's answers to interrogatories based on his "information and belief" instead of personal knowledge is no judicial officer and is not entitled to determine what is relevant and what is not relevant in a civil

3

tax case. Likewise, IRS Revenue Officer Mee Cha has no pooh bah power to refer any questions of relevancy to DOJ's trial attorneys in the Tax Division. Even further DOJ trial attorneys apparently failed to properly supervise IRS agent Mee Cha and allowed agent Mee Cha to decide what was relevant and what was not.

Evidence 101 in law school teaches all attorneys that under most civil rules applied for litigation in this country and its various states and under the Federal Rules of Civil Procedure the scope of relevance in discovery matters is very broad.

Swenson Trustee was entitled to obtain meaningful discovery from the Government in support of his affirmative defenses. The Government's purported answers to these interrogatories deprived Swenson Trustee of his discovery rights.

The DOJ trial attorneys are responsible for the glaring deficiencies in its answers to interrogatories and responses to requests for production. These deficiencies resulted from intentional discovery conduct assuming DOJ counsel actually read the answers and responses to the interrogatories and requests for production in this case which the Government claims it sent Defendant Swenson Trustee's counsel Izen. The existing deficiencies in the Government's responses support a finding of fault required by FRCP Rule 37 and its provisions providing exclusion as a consequence of such deficiencies.

The fact that this Court previously decided the Shearers' tax liability for various years in question by a previous summary judgment ruling did not support and does not currently support the Government's claims that it was excused from properly re-

sponding to Swenson Trustee's discovery requests because the Shearers' tax deficiencies would be decided and any other issues would be irrelevant or "too burdensome" to require proper discovery responses and answers.

Defendant Swenson's attorney Izen gave Government counsel Jennings several stipulated enlargements to time to answer and respond to Defendant Swenson's First Set of Written Interrogatories and First Requests for Production. The record and docket in this case do not reveal an order from this Court specifically enlarging the thirty day periods for responses and answers provided by FRCP Rules 33 and 34 for serving proper answers and responses to such discovery. To the extent the Government makes objections to Defendant Swenson's written discovery after those thirty day periods expired, the Government's objections, mainly on relevance grounds, reiterated and restated in all of its discovery responses *WERE WAIVED*.

Currently, trial is set to begin May 7, 2024 and even if proper information and responses were provided by the Government at this late date, Defendant Swenson Trustee is greatly prejudiced in his efforts to prepare for trial and present his case including proof of his affirmative defenses.

**Swenson Request no. 2.** List and describe in complete detail the identity(s) of any third parties that I.R.S. auditors or agents contacted in determining the income allegedly received by the Shearers and/or the Trusts for tax years 1995 through 2001 including full names, addresses, contact persons for such third parties, and current business telephone numbers, if known and

provide a summary of the Defendants' income information, if any, allegedly received from each third party.

**United States Response:** Because there is no substantial dispute as to the income reported by the Shearers after they submitted amended tax returns, the United States objects to the request for the third party contacts as unduly burdensome and unlikely to lead to admissible evidence.

Richard Shearer was the subject of a criminal investigation and prosecution involving the Trusts. The criminal file is not readily available to the civil trial attorney in this case and may be subject to legal restrictions on dissemination and will not be produced, except to the extent that items were used and included in the civil audit files. Requests pertaining to the criminal investigation should be directed to the attorneys in that case. If copies of the publicly-filed criminal exhibits are obtained, a copy will be served on counsel for the Shearers and the Trusts.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE: See Defendant Swenson Trustee's Objection to Government's Objection and Response to Response No. 1 above.**

**Swenson Request no. 3.** List and describe in complete detail the third parties, if any, that I.R.S. auditors and agents contacted in determining the entitlement of the Shearers and Trusts to any deductions, credits, or allowances, for tax years 1995 through 2001 including full names, addresses, contact persons for such third party entities, if any, and current business telephone

6

1    numbers, if known and provide a brief summary of any financial

2    information supporting such deductions, credits, and allowances,

3    if any, provided by any such third parties.

4        **United States Response:** Because there is no substantial

5    dispute as to the deductions and adjustments allowed by Service

6    after the Shearers submitted amended tax returns, the United

7    States objects to the request for the third party contacts as

8    unduly burdensome and unlikely to lead to admissible evidence.

9    Requests pertaining to the criminal investigation should be

10   directed to the attorneys in that case.

11       **SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:**

12   **See Defendant Swenson Trustee's Objection to Government's Objec-**

13   **tion and Response to Response No. 1 above.**

14

15       **Swenson Request no. 4.** List and describe the date, content,

16   and place of filing, of all income tax assessments and Notices of

17   Deficiency against the Shearers and Trusts for tax years 1988

18   through 2001.

19       **United States Response:** Objection: The request is unduly

20   burdensome to the extent that it requests information from out-

21   side the years in suit, 1995-2001. The United States will provide

22   Certificate of Assessments and Payments for the years at issue

23   for the Shearers and the Trusts (if assessments were made). To

24   the extent that any further information is requested, the United

25   States objects to the request as unduly burdensome, and unlikely

26   to lead to admissible evidence.

27       **SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:**

28   **See Defendant Swenson Trustee's Objection to Government's Objec-**

7

tion and Response to Response No. 1 above. The Government has not yet provided any Certificate of Assessments to Defendant Swenson Trustee for any of the trusts at issue in this case.  If the Government portal actually contained Certificate of Assessment documents at the link provided by the Government in March, 2024, Defendant Swenson Trustee was unable to access those Certificates of Assessment because there was no link to download them provided in the Box. See Declaration of Joe Alfred Izen, Jr. in Support of Exclusion of Evidence or Other Remedies under FRCP Rule 37.

**Swenson Request no. 5.** List and describe the date, time, and place of filing, of all tax liens and levies, or Notices of Tax Liens or Levies against the Shearers and Trusts, for tax years 1988 through 2001 and describe the contents of any such tax lien or levy or Notice of Tax Lien or Levy.

**United States Response:** Objection: The request is unduly burdensome to the extent that it requests information from out-side the years in suit, 1995-2001. The United States will provide copies of the filed notices of federal tax lien. To the extent that any further information is requested, the United States objects to the request as unduly burdensome, and unlikely to lead to admissible evidence.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:** See Defendant Swenson Trustee's Objection to Government's Objec-tion and Response to Response No. 1 above. The Government has not yet provided any Notices of Lien to Defendant Swenson Trustee for any of the trusts at issue in this case.  If the Government portal actually contained Notices of Lien documents at the link

**provided by the Government in March, 2024, Defendant Swenson Trustee was unable to access those Certificates of Assessment because there was no link to download them provided in the Box. See Declaration of Joe Alfred Izen, Jr. in Support of Exclusion of Evidence or Other Remedies under FRCP Rule 37.**

**Swenson Request no. 6.** List, name, and describe all witnesses with knowledge of facts relevant to the claims of the United States against Defendants, L. Richard Shearer, Diane Shearer and Stanley Swenson, Trustee of the Berryvale Trust, Hotlum Trust and Regency Trust, alleged and/or made in the Government's Amended Complaint, providing names, current addresses, current telephone numbers, current contact information, job status or position of employment, and a brief summary of the witness' knowledge or expected testimony.

**United States Response:** Witnesses likely to have discoverable information about the sham trust arrangement include L. Richard Shearer, Diane Shearer and Stanley Swenson, each of whom is represented by counsel in this case. Regarding encumbrances on the subject properties: Evelyn Louise Shearer, 11075 Benton St Apt 128, Loma Linda, CA 92354, (909) 796-1687; and Vernon L. Swenson, and Leora Swenson, address unknown. The United States will present evidence from the IRS file and accounts through Mee Cha, Revenue Officer, and a Revenue Agent to be determined. It appears that Floyd A. Freeman, who reviewed the amended returns, has retired and his address is unknown. Revenue Agent Nancy Yang may discuss the process concerning the amended returns and penalties. A Special Agent may discuss the trust scheme and the crimi-

nal exhibits. Information regarding the Trusts may be obtained from Lonnie D. Crockett, Daniel Bullock, and Richard D. Pfeiffer, addresses unknown.

A deposition of the custodian of bank records of the Trusts may be necessary.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE: The Government does not fully disclose all the names and contact information of witnesses which the Government claims have knowledge of relevant facts in this answer to interrogatory. The Government lists an unnamed special agent and states vaguely that this unnamed special agent will testify as to the "sham arrangement" regarding the "trusts." The Government refers to a special agent's report. Neither the actual name of the special agent that the Government may call to testify nor the special agent report was ever produced or provided to Defendant Swenson Trustee. If the name of the agent and the special agent's report are alleged by the Government to have been provided in March, 2024 Defendant Swenson Trustee was unable to access the information in the "Box" which the Government claims it provided access to by sending a link to Defendant Swenson Trustee's counsel.**

**Swenson Request no. 7.** Did the I.R.S. allow any allowances, expenses, or credits, incurred in the production of income allegedly received by the Shearers and/or Trusts for any type of income for tax years 1995 through 2001 in the assessments on which the assessments which the Government has sued in this case are based?

**United States Response:** The business expenses reported by

1    the Shearers were allowed as reported on the amended returns,

2    with only details changed. No expense relating to the Trusts was

3    allowed to the Shearers, because the IRS disregarded the separate

4    existence of each Trust for purposes of the Shearer assessments.

5

6    **SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:**

7    **See Defendant Swenson Trustee's Objection to Government's Objec-**

8    **tion and Response to Response No. 1 above.**

9

10    **Swenson Request no. 8.** If the answer to Interrogatory Number

11    7 above is "yes" please provide a summary of the type and amounts

12    of all such deductions, allowances, or credits allowed along with

13    a description of the type of deduction, expense, allowance or

14    credit and how it was incurred.

15    **United States Response:** Because there is no substantial

16    dispute as to the tax assessments against the Shearers, the

17    United States objects to the request as unduly burdensome and

18    unlikely to lead to admissible evidence. The amount of the as-

19    sessments against the Trusts are not at issue in this case be-

20    cause the Trusts will be disregarded as entities if the United

21    States prevails. If specific information is sought concerning the

22    audits the trial attorney should be contacted further.

23

24    **SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:**

25    **See Defendant Swenson Trustee's Objection to Government's Objec-**

26    **tion and Response to Response No. 1 above.**

27    **Swenson Request no. 9.** Did the I.R.S. ever audit the Straw-

28    berry Trust, Hotlum Trust, Regency Trust, or Berryvale Trust

11

(E.I.N. 56-6469905), and issue any income tax examination changes, assessment, or Notices of Deficiency related to such audit, and if so, what were the names of the Auditors and their I.R.S. I.D. or badge numbers?

**United States Response:** Because there is no substantial dispute as to the tax assessments against the Shearers, the United States objects to the request as unduly burdensome and unlikely to lead to admissible evidence. Because a Court has not determined whether the Shearer income would be taxed to them or to the Trust defendants, some of the Trusts were also examined and assessments made to protect the IRS from whipsaw. If the Shearers' income is adjudicated and determined to be theirs in this action, then the assessments against the Trusts will be abated. It does not appear that any substantial payments or credits are on the Trusts accounts with the IRS.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE: See Defendant Swenson Trustee's Objection to Government's Objection and Response to Response No. 1 above.**

**Swenson Request no. 10.** Please list and describe any proof which may be offered by the Government at the trial on the merits of this case which supports the I.R.S. Contention that the Regency Trust (E.I.N. 56-6469905) is a sham trust or alter ego of the Shearers, under the tax laws of the United States.

**United States Response:** The Regency Trust is a sham trust because it was formed and operated as part of a scheme to defraud the United States. The admissions of fact by Richard Shearer in the criminal case plea agreement dated October 1, 2001, are

incorporated here by this reference. A copy of the plea agreement will be provided to counsel. On or about May 15, 1995, the Shearers transferred 534 North Main Street to the "Regency Trust" in exchange for no consideration at a time that they anticipated disputes with the IRS. Because the Trusts were formed to defraud a creditor, they are void under California law. There is no economic substance to the separation between the Trusts and the Shearers. There is no reason to consider each Trust a separate entity. Transfers to the Trusts violated the reporting requirements of estate and gift tax laws. The Shearers controlled the trustees of the Trusts and used the Trusts as nominees, alter egos, and fraudulent transferees. The Shearers continued to benefit from the property purportedly transferred into trust, and so the Trusts are all grantor trusts, which are disregarded under the Internal Revenue Code. The tiered Trusts were used to improperly generate and multiply deductions and to conceal income. The depositions of Stanley Swenson, Richard Shearer, and Daniel Bullock are incorporated by this reference.

**Swenson Request no. 11.** Please list and describe any proof which may be offered by the Government at the trial on the merits of this case which supports the I.R.S. Contention that the Regency Trust (E.I.N. 56-6469905) is a sham trust or alter ego of the Shearers, under the laws of the State of California or other State where it was formed?

**United States Response:** The response to request no. 10, above, is incorporated by this reference.

**Swenson Request no. 12.** How did the I.R.S. arrive at the deficiency for the Regency Trust in the amount of $12,845.79 in its Notice CP163, for Tax Period for December 31st, 1999, with Notice Date of October 7th, 2013?

**United States Response:** Because a Court has not determined whether the Shearer income would be taxed to them or to the Trust defendants, the Trusts were also examined and assessments made to protect the IRS from whipsaw. If the Shearers' income is adjudicated and determined to be theirs in this action, then the assessments against the Trusts will be abated. It does not appear that any substantial payments or credits are on the Trusts accounts with the IRS. Because there is no substantial dispute that the income of the Trusts is taxed to the Shearers, and no dispute about the amount of that income, the United States objects to the remainder of the request as unduly burdensome and unlikely to lead to admissible evidence.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE: See Defendant Swenson Trustee's Objection to Government's Objection and Response to Response No. 1 above.**

**Swenson Request no. 13.** When did the I.R.S. First become aware of each of the alleged fraudulent transfers or conveyances of 717 Michelle Drive, Michelle Drive Lot, 701 Pine Street, and 534 North Main Street, alleged on pages three through five of the Government's Amended Complaint?

**United States Response:** Objection: irrelevant, unduly burdensome and unlikely to lead to admissible evidence.

14

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:**
**See Defendant Swenson Trustee's Objection to Government's Objec-**
**tion and Response to Response No. 1 above. Unless this Court is**
**willing to rule that fraudulent transfer actions against alleged**
**fraudulent transferees who are not the taxpayer that is the**
**target of the IRS have no statutes of limitation, the information**
**sought by this interrogatory is relevant to the issue of the**
**accrual date of the fraudulent transfer action. The statute of**
**limitations, if applicable, runs from the accrual date which, at**
**the latest, is the date reasonable diligence would have resulted**
**in the discovery of the fraudulent transfer.**

**Swenson Request no. 14.** Have any of the Trust Defendants,
through their Trustee(s), including Stanley Swenson, paid any
income taxes for the tax years 1988 through 2001?

**United States Response:** To the extent that the request seeks
personal tax information of Stanley Swenson, none will be provi-
ded. 26 U.S.C. 6103. To the extent that it requests information
beyond the years at issue, the request is unduly burdensome and
unlikely to lead to admissible evidence. It does not appear that
any substantial payments or credits are on the Trusts accounts
with the IRS. An additional search will be requested by the trial
attorney.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:**
**See Defendant Swenson Trustee's Objection to Government's Objec-**
**tion and Response to Response No. 1 above.**

**Swenson Request no. 15.** If the Answer to any portion of

Interrogatory No. 14 above is affirmative, please describe by date, amount, and tax years any such income tax payments which were made, indicating the name and address, if known, of the payor and the form of proof of such payment(s) in the possession or knowledge of the Government.

**United States Response:** No evidence of payment by the Trusts, or collection from the Trusts, has been presented by Stanley Swenson.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE: See Defendant Swenson Trustee's Objection to Government's Objection and Response to Response No. 1 above. The Government's response to this interrogatory is totally non-responsive and outrageous. Defendant Swenson Trustee has no legal duty to present evidence to the Government concerning payment in order to be entitled to discovery of evidence in the Government's possession, custody, or control, proving payment.**