# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,                 §
                                          §
        Plaintiff,                        §
                                          §
VS.                                       §        CASE NO. 2:12-CV-02334
                                          §
L. RICHARD SHEARER, et al.,               §
                                          §
        Defendants.                       §
_____       §

**DEFENDANT SWENSON TRUSTEE'S OBJECTIONS TO
UNITED STATES' RESPONSE TO REQUEST FOR PRODUCTION -
FIRST SET BY STANLEY SWENSON AS TRUSTEE**

**REQUESTS AND RESPONSES**

**Swenson Request no. 1.** All business master files (BMF's) or individual master files reflecting tax payments, audits and audit adjustments, issuance and contents of notices of deficiencies, date, time, and place of any filing of any tax liens and any other financial or tax documents involving or pertaining to the Trusts or the Shearers for taxable years 1995 through 2001.

**United States Response:** The United States will provide Certificate of Assessments and Payments for the years at issue for the Shearers and the Trusts (if assessments were made) and more current transcripts. To the extent that any further informa- tion is requested, the United States objects to the request as unduly burdensome, and unlikely to lead to admissible evidence.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE: This response was obviously answered by an IRS Revenue Officer or other employee who made judicial decisions as to what issues are relevant in this case. The relevance of issues in this case is**

governed by the relevancy test of the Federal Rules of Evidence. FRE Rule 401 defines relevant evidence as evidence which makes a fact issue in a case more likely probable or not probable if such evidence is true. <u>Sprint/United</u> <u>Mgmt.</u> <u>v.</u> <u>Mendelsohn</u> 552 U.S. 379, 387 (2008):

> Relevance and prejudice under [FRE] 401 and 403 are determined in the context of the facts and arguments in a particular case, and thus are generally not amenable to broad per se rules [that would exclude the evidence]." See also <u>Daubert</u> <u>v.</u> <u>Merrell</u> <u>Dow</u> <u>Pharms.</u>, 509 U.S. 579, 587 (1993) (FRE 401's basic standard of relevance is liberal one.)

Defendant Swenson timely filed an answer in this case on February 14, 2013. DKT NO. 12.

That Amended Answer raised among other defenses the affirmative defense of administrative estoppel. DKT. NO. 12, PP 4-5.

Administrative estoppel bars IRS from taking inconsistent tax positions i.e. violating the principle of "double taxation" and after taking such a prohibited action or position, taxing both the Shearers and the trusts on the same income. Income may not be doubly taxed.

Further in this case, as the Trial Court has been made well aware, the Government is asserting entity avoidance theories of sham, alter ego, and nominee, as well as fraudulent transfer in an effort to avoid a legal ruling upholding the trusts as both separate taxable entities and valid trust entities under California law.

Any inconsistent actions on the part of the IRS or the Government which treat or treated the trusts as valid either prior to the filing of this case or after this case was filed *ARE RELEVANT PROOF ADMISSIBLE TO IMPEACH OR REBUT THE IRS AND GOVERN-*

*MENT POSITIONS THAT THE TRUSTS ARE NOT VALID TAXABLE ENTITIES OR*
*VALID TRUST ENTITIES UNDER CALIFORNIA STATE LAW.*

IRS Revenue Officer and/or auditor Mee Cha who improperly signed the required verification of the Government's answers to interrogatories based on his "information and belief" instead of personal knowledge is no judicial officer and is not entitled to determine what is relevant and what is not relevant in a civil tax case. Likewise, IRS Revenue Officer Mee Cha has no pooh bah power to refer any questions of relevancy to DOJ's trial attorneys in the Tax Division. Even further DOJ trial attorneys apparently failed to properly supervise IRS agent Mee Cha and allowed agent Mee Cha to decide what was relevant and what was not.

Evidence 101 in law school teaches all attorneys that under most civil rules applied for litigation in this country and its various states and under the Federal Rules of Civil Procedure the scope of relevance in discovery matters is very broad.

Swenson Trustee was entitled to obtain meaningful discovery from the Government in support of his affirmative defenses. The Government's purported responses to these requests for production deprived Swenson Trustee of his discovery rights.

The DOJ trial attorneys are responsible for the glaring deficiencies in its answers to interrogatories and responses to requests for production. These deficiencies resulted from intentional discovery conduct assuming DOJ counsel actually read the answers and responses to the interrogatories and requests for production in this case which the Government claims it sent Defendant Swenson Trustee's counsel Izen. The existing deficien-

cies in the Government's responses support a finding of fault required by FRCP Rule 37 and its provisions providing exclusion as a consequence of such deficiencies.

The fact that this Court previously decided the Shearers' tax liability for various years in question by a previous summary judgment ruling did not support and does not currently support the Government's claims that it was excused from properly responding to Swenson Trustee's discovery requests because the Shearers' tax deficiencies would be decided and any other issues would be irrelevant or "too burdensome" to require proper discovery responses and answers.

Defendant Swenson's attorney Izen gave Government counsel Jennings several stipulated enlargements to time to answer and respond to Defendant Swenson's First Set of Written Interrogatories and First Requests for Production. The record and docket in this case do not reveal an order from this Court specifically enlarging the thirty day periods for responses and answers provided by FRCP Rules 33 and 34 for serving proper answers and responses to such discovery. To the extent the Government makes objections to Defendant Swenson's written discovery after those thirty day periods expired, the Government's objections, mainly on relevance grounds, reiterated and restated in all of its discovery responses *WERE WAIVED*.

The Government has not yet provided any Certificate of Assessments to Defendant Swenson Trustee for any of the trusts at issue in this case. If the Government portal actually contained Certificate of Assessment documents at the link provided by the Government in March, 2024, Defendant Swenson Trustee was unable

to access those Certificates of Assessment because there was no link to download them provided in the Box. See Declaration of Joe Alfred Izen, Jr. in Support of Exclusion of Evidence or Other Remedies under FRCP Rule 37.

Currently, trial is set to begin May 7, 2024 and even if proper information and responses were provided by the Government at this late date, Defendant Swenson Trustee is greatly prejudiced in his efforts to prepare for trial and present his case including proof of his affirmative defenses.

**Swenson Request no. 2.** All documents reflecting any IRS audit examination, or summons investigation(s), whether such summons was directed to Defendants or third party(s), involving the Trusts and the Shearers, including records of third parties reflecting the Trusts or the Shearers alleged receipt of gross income in the pertinent tax years from 1995 through 2001 and records establishing any deductible expenses, credits, or allowances against such gross income.

**United States Response:** Because there is no substantial dispute as to the income reported by the Shearers after they submitted amended tax returns, the United States objects to the request for the original audit files as unduly burdensome and unlikely to lead to admissible evidence. Without waiving said objection, the Shearer audit files will be produced. The Trust audit files are not at issue here and will not be produced.

Richard Shearer was the subject of a criminal investigation and prosecution involving the Trusts. The criminal file is not

1  readily available to the civil trial attorney in this case and
2  may be subject to legal restrictions on dissemination and will
3  not be produced, except to the extent that items were used and
4  included in the civil audit files. Requests pertaining to the
5  criminal investigation should be directed to the attorneys in
6  that case. If copies of the publicly-filed criminal exhibits are
7  obtained, a copy will be served on counsel for the Shearers and
8  the Trusts.

9  **SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:**
10 **See Defendant Swenson Trustee's response and objection to Govern-**
11 **ment Response to Request for Production No. 1 above.**

12

13 **Swenson Request no. 3.** All notices of deficiencies based on
14 any assessments which were allegedly mailed to the last known
15 address of the Shearers and/or the Trusts which the Government
16 alleges supports the purported tax deficiencies for tax years
17 1995 through 2001 alleged in the Amended Complaint.

18 **United States Response:** The notices of deficiency with
19 respect to the Shearers will be produced because the assessments
20 are at issue in this case. The Trust assessments are not directly
21 at issue in this case. Because there is no substantial dispute as
22 to the deductions and adjustments allowed by the Service after
23 the Shearers submitted amended tax returns, the United States
24 objects to the request for the trusts notices as unduly burden-
25 some and unlikely to lead to admissible evidence.

26 **SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:**
27 **See Defendant Swenson Trustee's response and objection to Govern-**
28 **ment Response to Request for Production No. 1 above.**

**Swenson Request no. 4.** All proofs of mailing of any notices of deficiency and proofs of receipt of any notices of deficiency for tax years 1995 through 2001 which the Government claims were sent to the Shearer and Trusts by the Plaintiff.

**United States Response:** The proofs of mailing for the Shearers will be produced. Because the trust assessments are not at issue, the trust proofs of mailing will not be produced. To the extent that any further information is requested, the United States objects to the request as unduly burdensome, and unlikely to lead to admissible evidence.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:** See Defendant Swenson Trustee's response and objection to Government Response to Request for Production No. 1 above.

**Swenson Request no. 5.** All documents and evidence reflecting any payments or credits on the Shearers' and Trusts' tax liabilities alleged in the Government's Amended Complaint from 1995 through 2001.

**United States Response:** The United States will provided Certificate of Assessments and Payments for the years at issue for the Shearers and the Trusts (if assessments were made) and more current transcripts. To the extent that any further information is requested, the United States objects to the request as unduly burdensome, and unlikely to lead to admissible evidence.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:** See Defendant Swenson Trustee's response and objection to Government Response to Request for Production No. 1 above.

**Swenson Request no. 6.** All documents and evidence which may be introduced by the Government at the trial on the merits reflecting that the Shearers and/or the Trusts were liable for estimated tax penalties under IRC 6654 in the amount of $1,943.86. (Documents applicable to 1999 tax year).

**United States Response:** The documents will be produced.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:**

**The Government has not yet provided any Certificate of Assessments and Notices of Lien to Defendant Swenson Trustee for any of the trusts at issue in this case. If the Government portal actually contained Certificate of Assessment and Notices of Lien documents at the link provided by the Government in March, 2024, Defendant Swenson Trustee was unable to access those Certificates of Assessment because there was no link to download them provided in the Box. See Declaration of Joe Alfred Izen, Jr. in Support of Exclusion of Evidence or Other Remedies under FRCP Rule 37.**

**Swenson Request no. 7.** All correspondence between the Shearers and/or the Trusts and the Internal Revenue Service concerning these Defendants and their affairs with the Internal Revenue 1988 through 2001.

**United States Response:** The Shearer's civil administrative files will be produced, redacted for privileged material and not containing grand jury or criminal file material. Criminal material should be sought from the prosecutors. If copies of the publicly-filed criminal exhibits are obtained, a copy will be

served on counsel for the Shearers and the Trusts.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:** See Defendant Swenson Trustee's response and objection to Government Response to Request for Production No. 1 above.

**Swenson Request no. 8.** I.R.S.'s complete Administrative Files for the Shearers and the Trust(s) for Tax Years 1995 through 2011.

**United States Response:** The Shearer's civil administrative files will be produced, redacted for privileged material and not containing grand jury or criminal file material. Criminal material should be sought from the prosecutors. If copies of the publicly-filed criminal exhibits are obtained, a copy will be served on counsel for the Shearers and the Trusts.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:** See Defendant Swenson Trustee's response and objection to Government Response to Request for Production No. 1 above.

**Swenson Request no. 9.** All documents and evidence reflecting payment and receipt of income allegedly received by the Shearers and Trusts direct or from third parties during tax years 1995, 1996, 1997, 1998, 1999, 2000 and 2001.

**United States Response:** Because there is no substantial dispute as to the tax assessments against the Shearers for the years 1995- 2001, the United States objects to the request as unduly burdensome and unlikely to lead to admissible evidence.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:** See Defendant Swenson Trustee's response and objection to Govern-

ment Response to Request for Production No. 1 above.

**Swenson Request no. 10.** All documents and evidence, if any, reviewed by IRS to confirm the accuracy of any forms submitted to IRS by third parties reflecting alleged payment of income to the Shearers and/or the Trusts during tax years 1995, 1996, 1997, 1998, 1999, 2000, and 2001.

**United States Response:** Because there is no substantial dispute as to the tax assessments against the Shearers for the years 1995-2001, the United States objects to the request as unduly burdensome and unlikely to lead to admissible evidence.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:** See Defendant Swenson Trustee's response and objection to Government Response to Request for Production No. 1 above.

**Swenson Request no. 11.** All documents and evidence, if any, reviewed by I.R.S. to calculate any deductions, exemptions, tax credits, or allowances, to which the Shearers and/or Trusts, were, or might be entitled for tax years 1995, 1996, 1997, 1998, 1999, 2000, and 2001.

**United States Response:** Because there is no substantial dispute as to the tax assessments against the Shearers for the years 1995- 2001, the United States objects to the request as unduly burdensome and unlikely to lead to admissible evidence.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:** See Defendant Swenson Trustee's response and objection to Government Response to Request for Production No. 1 above.

**Swenson Request no. 12.** All documents and evidence reflecting the content, date, time, and place of filing, of any tax liens, levy(s), or Notices of Lien and/or Levy against the Shearers and/or Trusts, for tax years 1995, 1996, 1997, 1998, 1999, 2000 and 2001.

**United States Response:** Copies of the filed notices of federal tax lien will be provided.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:**

**The Government has not yet provided any Certificate of Assessments and Notices of Lien to Defendant Swenson Trustee for any of the trusts at issue in this case. If the Government portal actually contained CertificateS of Assessment and Notices of Lien documents at the link provided by the Government in March, 2024, Defendant Swenson Trustee was unable to access those Certificates of Assessment and Notices of Lien because there was no link to download them provided in the Box. See Declaration of Joe Alfred Izen, Jr. in Support of Exclusion of Evidence or Other Remedies under FRCP Rule 37.**

**Swenson Request no. 13.** The administrative file maintained by the IRS, concerning the alleged tax liability of the Shearers and/or the Trusts for tax years 1995 through 2001, including any correspondence by and between the IRS and the Shearers and the Trusts and any third parties, along with all completed I.R.S. forms, including income tax examination change forms.

**United States Response:** The administrative files for the Shearers will be produced, redacted for privileged material and not containing grand jury or criminal file material. Third party

contacts will be produced to the extent it was retained in the administrative files. The Trust assessments are not directly at issue in this case, so the request is unduly burdensome and unlikely to lead to admissible evidence.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:** **See Defendant Swenson Trustee's response and objection to Govern-ment Response to Request for Production No. 1 above.**

**Swenson Request no. 14.** All revenue agent reports or similar documents including those suggesting, or referencing income tax examination changes for the Shearers and/or the Trusts for the years 1995 through 2001.

**United States Response:** The administrative files for the Shearers will be produced, redacted for privileged material and not containing grand jury or criminal file material. Third party contacts will be produced to the extent it was retained in the administrative files. The Trust assessments are not directly at issue in this case, so the request is unduly burdensome and unlikely to lead to admissible evidence.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:** **See Defendant Swenson Trustee's response and objection to Govern-ment Response to Request for Production No. 1 above.**

**Swenson Request no. 15.** Any documents and evidence reflect-ing or tending to prove that the Shearers were financially insol-vent and/or were unable to pay their debts in the ordinary course of business when the Shearers made the transfers of property to the Trusts as alleged in the Plaintiff;s Amended Complaint.

12

**United States Response:** The documents will be produced.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:**

The Government has not yet provided any Certificate of Assessments and Notices of Lien or any other additional supplemental documents to Defendant Swenson Trustee for any of the trusts at issue in this case. If the Government portal actually contained CertificateS of Assessment and Notices of Lien documents or other supplemental documents at the link provided by the Government in March, 2024, Defendant Swenson Trustee was unable to access those Certificates of Assessment and Notices of Lien or other supplmental documents because there was no link to download them provided in the Box. See Declaration of Joe Alfred Izen, Jr. in Support of Exclusion of Evidence or Other Remedies under FRCP Rule 37.

**Swenson Request no. 16.** Any documents or evidence reflecting or tending to prove that the trusts were nominees of the Shearers and that the proper rules of internal governance or trust formalities for such trust entities under California State Law were not observed or followed during the tax years at issue, or during any other relevant time period.

**United States Response:** The documents will be produced.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:**

The Government has not yet provided any Certificate of Assessments and Notices of Lien or any other additional supplemental documents to Defendant Swenson Trustee for any of the trusts at issue in this case. If the Government portal actually contained CertificateS of Assessment and Notices of Lien docu-

ments or other supplemental documents at the link provided by the Government in March, 2024, Defendant Swenson Trustee was unable to access those Certificates of Assessment and Notices of Lien or other supplmental documents because there was no link to download them provided in the Box. See Declaration of Joe Alfred Izen, Jr. in Support of Exclusion of Evidence or Other Remedies under FRCP Rule 37.

**Swenson Request no. 17.** Any documents or evidence reflecting or tending to prove that the trusts were alter egos of the Shearers and that the proper rules of internal governance or trust formalities for such trust entities under California State Law were not observed or followed during the tax years at issue, or during any other relevant time period.

**United States Response:** The documents will be produced.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:**

The Government has not yet provided any Certificate of Assessments and Notices of Lien or any other additional supplemental documents to Defendant Swenson Trustee for any of the trusts at issue in this case. If the Government portal actually contained CertificateS of Assessment and Notices of Lien documents or other supplemental documents at the link provided by the Government in March, 2024, Defendant Swenson Trustee was unable to access those Certificates of Assessment and Notices of Lien or other supplmental documents because there was no link to download them provided in the Box. See Declaration of Joe Alfred Izen, Jr. in Support of Exclusion of Evidence or Other Remedies under FRCP Rule 37.

**Swenson Request no. 18.** Any documents or other evidence reflecting or tending to prove that no consideration or inadequate or unfair consideration was paid by the Trusts for any conveyance by the Shearers rendering such conveyances or transfers fraudulent.

**United States Response:** The documents will be produced.

**SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:**

**The Government has not yet provided any Certificate of Assessments and Notices of Lien or any other additional supplemental documents to Defendant Swenson Trustee for any of the trusts at issue in this case. If the Government portal actually contained CertificateS of Assessment and Notices of Lien documents or other supplemental documents at the link provided by the Government in March, 2024, Defendant Swenson Trustee was unable to access those Certificates of Assessment and Notices of Lien or other supplmental documents because there was no link to download them provided in the Box. See Declaration of Joe Alfred Izen, Jr. in Support of Exclusion of Evidence or Other Remedies under FRCP Rule 37.**

**Swenson Request no. 19.** All business master files, BMF's, or individual master files reflecting tax payments, audits, notices of deficiencies, and any other transactions concerning the Strawberry Valley Family Trust, whose E.I.N. is 68-6122595, from years 1995 through 2014.

**United States Response:** The response to request no. 2, above, is incorporated here.

1    **SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:**
2    **See Defendant Swenson Trustee's response and objection to Govern-**
3    **ment Response to Request for Production No. 1 above.**

5    **Swenson Request no. 20.** All business master files (BMF's) or
6    individual master files reflecting tax payments, audits, notices
7    of deficiencies, and any other transactions concerning the Re-
8    gency Trust, whose E.I.N. is 56-6469905, from years 1995 through
9    2014.

10    **United States Response:** Because there is no substantial
11    dispute as to the tax assessments against the Shearers for the
12    years 1995-2001, the United States objects to the request as
13    unduly burdensome and unlikely to lead to admissible evidence.
14    The amount of the assessments against the Trusts are not at issue
15    in this case because the Trusts will be disregarded as entities
16    if the United States prevails. The trial attorney does not have
17    ready access to the files, if any, for tax years after 2001. The
18    United States objects to the request for post-suit years as
19    unduly burdensome, but reserves the right to ask the Trustees
20    about activity after 2001 to show nominee status.

21    **SWENSON OBJECTION TO GOVERNMENT'S OBJECTION AND RESPONSE:**
22    **See Defendant Swenson Trustee's response and objection to Govern-**
23    **ment Response to Request for Production No. 1 above.**