Joe Alfred Izen, Jr.
5526 McKnight Street
Houston, Texas 77035
(713) 668-8815
(713) 668-9402 FAX

Jihad M. Smaili, Esq.
SMAILI & ASSOCIATES, PC
Civic Center Plaza Towers
600 West Santa Ana Blvd., Suite 202
Santa Ana, California 92701
(714) 547-4700
(714) 547-4710 (f)
www.smaililaw.com
ATTORNEYS FOR DEFENDANT,
STANLEY SWENSON, TRUSTEE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § VS. § § L. RICHARD SHEARER, et al., § § Defendants. § § | CASE NO. 2:12-CV-02334 |

**DEFENDANT SWENSON TRUSTEE'S RESPONSE TO GOVERNMENT'S MOTION TO EXCUSE THE UNITED STATES FROM SANCTIONS FOR FAILURE TO COMPLY WITH RULE 26(a) AND IN FURTHER SUPPORT OF EXCLUSION OF EVIDENCE AND OTHER RELIEF UNDER F.R.C.P. RULES 26 AND 37**

TO THE PRESIDING UNITED STATES DISTRICT JUDGE OF THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION:

COMES NOW, Defendant, Stanley Swenson in his capacity as Trustee for the Hotlum Trust, Regency Trust, and Berryvale Trust, and files this his Response to the Government's Motion to Excuse the United States From Sanctions For Failure to Comply With Rule 26(a) and in Support of Exclusion of Evidence and Other Relief under F.R.C.P. Rules 26 and 37 and, would show the Court the following:

1

**FACT AND FAULT ANALYSIS:**

**EVIDENCE SUPPORTING DEFENDANT SWENSON'S RESPONSE AND REQUEST FOR EXCLUSION AND OTHER RELIEF:**

1. The Government admits that it failed to comply with the voluntary disclosure provisions of Federal Rules of Civil Procedure Rule 26 in the Government's Response.

2. The Government claims that its Rule 26 violation should be excused because it responded to Defendant Swenson Trustee's First Set of Written Interrogatories and Request for Production and produced documents which provided Defendant Swenson Trustee with the discovery the Government was required to provide under Rule 26 through such responses and production.

3. The Government's claim that it provided all of the required Rule 26 discovery disclosure and information to Defendant Swenson Trustee is false. This Response is based on the Declaration of Joe Alfred Izen, Jr. with its attached Exhibits 1 through 4.

4. Exhibits 1 and 2 attached to the Izen Declaration contains Swenson Trustee's interrogatories and requests for production, the Government's verbatim responses thereto, and Swenson Trustee's objections and response to the Government's responses which expose the Government's failure to provide any meaningful discovery to the Trusts that Defendant Swenson represents as Trustee.

5. The Government claimed in its responses that only a few documents relevant to the Trusts would be produced in the future. As of the date of filing this response, Defendant Swenson Trustee and his attorney Izen have not obtained those documents that IRS

2

Agent Cha claimed "would be provided" consisting of Certificates of Assessments and Notices of Liens related to the trusts.

6. IRS Agent Cha determined that all of the other discovery sought by Defendant Swenson Trustee other than the names of potential witnesses was irrelevant as well as too burdensome to produce.

7. Here, on the eve of trial, Defendant Swenson Trustee has received no documents from the Government which the Government will use in its case-in-chief to avoid Defendant Swenson Trustee's affirmative defenses such as administrative estoppel and statute of limitations.

8. FRCP 26 clearly required the Government to disclose those documents which will be used by the Government in an effort to defeat Defendant Swenson Trustee's affirmative defenses.

**GOVERNMENT FAULT FOR RULE 26 VIOLATION:**

9. Neither the Bissell Declaration nor the Government's Motion to Excuse itself provide any reason why the Government did not comply with Rule 26 at the inception of this case, during the progress of this case, and finally on the eve of trial.

10. The Government failed to serve Defendant Swenson Trustee or his attorney Izen with the Government's responsive documents to the Shearers' discovery requests. See Izen Declaration, P. 3.

11. The Government claims it sent attorney Izen its responses to Defendant Swenson Trustee's interrogatories and requests for production and the responsive documents on either July 1 or July 8, 2014. This date is uncertain because the Government produced a transmittal letter containing a July 1 date which was

altered by a handwritten date of July 8 superimposed on July 1, 2014. See Bissell Declaration, Exhibit 2, P. 1.

12. Although the Government claims that item was sent by Federal Express, no proof of actual Federal Express delivery of that letter was produced. Bissell Declaration, Exhibit 5.

13. The Government points to a September 26, 2014 Federal Express delivery to attorney Izen's Bellaire, Texas office as further proof that it provided documents in that delivery which satisfied its requirement to produce Rule 26 documents concerning Defendant Swenson Trustee's affirmative defenses to attorney Izen. Although Defendant Swenson Trustee does not dispute the fact that Federal Express made a delivery of documents to attorney Izen's Bellaire office on September 26, 2014 the Government's transmittal letter authored by its then attorney Jennings completely contradicts and dispels the Government's claim documents pertaining to the Government's attempted avoidance of Defendant Swenson Trustee's affirmative defenses were provided as required by Federal Rules of Civil Procedure Rule 26. Declaration of Izen, P. 4-5.

14. Was the Government's failure to comply with Rule 26 intentional? The evidence seems to leave no doubt that it was. Although the DOJ attorneys in charge of this case may claim that they were merely negligent in failing to read IRS agent Cha's responses to Defendant Swenson Trustee's discovery requests which clearly stated that no meaningful documents would be provided by the Government concerning the trusts because that evidence was irrelevant and burdensome, the clear unambiguous wording of attorney Jennings letter belies that claim of negligent ignor-

ance, Declaration of Izen, P. 4-5.

15. Any competent DOJ attorney from the Tax Division that read IRS Agent Cha's responses knew that the documents described in attorney Jennings' September 25, 2014 letter that were being transmitted were not the documents required to be produced to Defendant Swenson Trustee under the voluntary disclosure provisions of FRCP Rule 26.

16. Under the above analysis, the Government is at fault for intentionally withholding Rule 26 documents which had to be produced, but were not.

## II.  HARM ANALYSIS:

1. The harm and prejudice which Defendant Swenson Trustee has suffered as the result of the Government's failure to comply with Rule 26 disclosures is set out in laborious detail in Exhibits 1 and 2 which are attached to Izen's Declaration. Each of those Exhibits provides a lengthy description of the relevance of the documents which the Government should have produced, but failed to produce pursuant to Rule 26. Izen's Declaration, Exhibits 1 and 2.

2. As explained in Defendant Swenson Trustee's objections to the Government's purported responses, Defendant Swenson Trustee and the trusts were entitled to confront any documentary evidence which might become Government trial exhibits and could be used to refute Defendant Swenson Trustee's defenses or affirmative defenses to the Government's claims of sham, alter ego, nominee, or fraudulent transfer.

3. In this case, the Government has the burden of proof on its fraudulent transfer claims and must show that the Shearers'

conveyance of real estate to the trusts rendered the Shearers financially insolvent so they would be unable to pay their tax debts which they knew or should have known they either had or would have in the future. It is not enough for the IRS or the Government to squeal "fraud" in order to set aside a real estate conveyance as fraudulent. The Government must prove that after the attacked conveyances it was defrauded because the debtors/taxpayers conveyed away their ability to pay their taxes.

    4. Defendant Swenson Trustee asked for this financial proof, but none was ever forthcoming. Instead, IRS agent Cha claimed that the evidence "will be provided." So far, it has not been forthcoming.

    5. Swenson Trustee as a transferee is not the taxpayer / debtor. Swenson Trustee should not be forced to prove that the Shearers were solvent after the conveyances attacked by the Government. Instead, the Government should be put to its burden of proof. Part of that burden of proof is producing its required documentary evidence supporting its claims under FRCP Rule 26. This is the very harm contemplated by the authors of Rule 26 and its committee comments which requires imposition of exclusion or other sanctions when Rule 26 evidence is not properly produced.

    6. The Government in its pretrial statements cited authority in supposed support of the sham theory and other entity avoidance theories it has raised in this case such alter ego or nominee. Defendant Swenson Trustee demanded production of this evidence from the Government concerning the trusts. IRS Agent Cha labelled this evidence as irrelevant or too burdensome to produce. Whether Defendant Swenson Trustee operated the trusts on

which he was trustee in conformity with the operational test for valid trust entities described in the very cases cited by the Government is an issue that will be tried in this case along with the organizational test which looks to the proper formation of the trusts through documentation under applicable state law. See *Muhich v. C.I.R,* 238. F.3d 860 (7th Cir. 2001).

7. Failing to identify the name of the special agent from IRS criminal division who would supposedly testify about these tests which the Government intends to use at trial to avoid the trusts' status as legal entities and failure to produce the special agent's report on which that agent relies were also grave deficiencies in the Government's compliance with Rule 26 which were not excused in any way by the Government's discovery responses to Defendant Swenson Trustee's discovery requests. See Izen Declaration, Exhibit 1, P. 9, Interrogatory 6.

8. Finally neither IRS agent Cha nor the DOJ attorneys from the Tax Division assigned to this case seem to be able to grasp the clear relevance of proof concerning IRS assessment and collection of taxes from trust entities that IRS and the Government claim are shams that can be ignored as legal entities under that test or other entity avoidance tests provided by state or other law. In this case, one of the trusts on which Defendant Swenson is trustee was assessed over $12,000 by the IRS and those taxes were collected by levy. IRS rules and regulations as well as revenue procedures do not permit collection of taxes by lien, levy, or otherwise, against trusts which are claimed to be invalid entities. Further even when IRS issues "whip saw" deficiencies, IRS does not collect the whipsaw deficiency against a trust

attacked under a sham theory unless and until it loses its sham attack on the whipsawed trust. IRS Agent Cha if produced as a witness at trial will be closely interrogated concerning these IRS practices. Failure to produce the Rule 26 required information and documents relevant to the IRS audit and collection against the Swenson trusts has caused incurable harm to Defendant Swenson Trustee's efforts to adequately prepare for trial and defend against the Government's claims both in the Government's case and in his own case-in-chief.

9. The Government's intentional failure to comply with Rule 26 was the Government's fault and not excusable and exclusion of evidence against Defendant Swenson Trustee should be ordered pursuant to Rules 26 and 37.

**III. LEGAL ANALYSIS:**

1. The Government's Motion to Excuse relies on one case *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022) as authority which excuses its intentional fault in failing to properly respond and provide disclosure required by Rule 26. In that case the Ninth Circuit reversed a Trial Court's order striking testimony of a Rule 26 disclosed witness on an undisclosed subject which had not been provided during initial disclosures. The Ninth Circuit simply held that such an exclusionary order of a disclosed witness' testimony on an undisclosed subject went too far and was tantamount to a dismissal. According to the Ninth Circuit, dismissal was too harsh of a remedy.

2. The Ninth Circuit's decision in *Brodeur* does not apply to failure to produce documents. Nor does that decision equate document production in response to requests for production or

answers to interrogatories with the mandatory disclosures required under Rule 26. Answers to interrogatories and responses to requests for production are not mentioned in *Brodeur*. Obviously, the parties in *Brodeur* which suffered alleged prejudice of non-disclosure of the subject had the opportunity to investigate a named witness who had been disclosed and after such investigation, could have taken his deposition if the subjects of his testimony and their application to the merits of the case were unclear.

3. The *Brodeur* case does not support the Government's argument that failure to produce documents required to be produced by Rule 26 can be excused by later discovery responses to non-Rule 26 discovery. Even if it did, *Brodeur* is inapplicable here because it is clear that the Government intentionally and by its own choice failed to provide the documents to Defendant Swenson Trustee necessary for preparation of the trusts' defense and case-in-chief.

**RELEVANCE TEST UNDER FRE 401 REBUKES AGENT CHA'S FAILURE TO PRODUCE AND RULINGS OF IRRELEVANCY:**

4. As cited in Defendant Swenson Trustee's responses and objections to IRS Agent Cha's responses to Defendant Swenson Trustee's written interrogatories, the relevancy test applied in the Federal District Courts under the Federal Rules of Civil Procedure is very broad. The clear relevance of the evidence Agent Cha and the Government suppressed in this case by failing to properly respond to discovery was explained in Defendant Swenson Trustee's response and objection to the Government's and Agent Cha's responses to Defendant Swenson Trustee's written

interrogatories. Declaration of Izen, Exhibit 1. Response to Interrogatory No. 1.

5. Neither the Government, agent Cha, or even the Defendants in this case, can set themselves up as pooh bah arbiters of what evidence is relevant in a federal tax case. That job falls to the U.S. Supreme Court and has already been performed through its various decisions interpreting relevance under FRE 401. *Sprint/United Mgmt. v. Mendelsohn* 552 U.S. 379, 387 (2008):

> Relevance and prejudice under [FRE] 401 and 403 are determined in the context of the facts and arguments in a particular case, and thus are generally not amenable to broad per se rules [that would exclude the evidence]." See also *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 587 (1993) (FRE 401's basic standard of relevance is liberal one.)

Having improvidently set itself up as the arbiter of relevance and having failed to make proper Rule 26 disclosures, the Government must face the consequences.

**NO "GOOD CAUSE" SUPPORTS GOVERNMENT'S INTENTIONAL FAILURE TO COMPLY WITH RULE 26:**

6. The main and faulty premise of the Government's arguments in support of its Motion to Excuse is that failure to comply with Rule 26 must be treated as a failure to answer written interrogatories or a failure to respond to a request for production and make production.

7. Such is not the state of the law in the Ninth Circuit or elsewhere. Unlike a party that fails to timely respond to requests for written discovery under other Federal Rules of Civil Procedure such as Rules 33, 34, or 35, a party seeking to avoid the sanctions of failure to comply with Rule 26 must plead and prove "good cause" for not complying and must obtain a protective

order on the basis that Rule 26 disclosure "is not appropriate." See *Roman Catholic Archbishop of Portland in Oregon v. Various Tort Claimants,* 661 F.3d 417, 424, 2011 Daily Journal D.A.R. 16301 (9th Cir. 2011):

> Under Rule 26, however, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). The party opposing disclosure has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir.2003).

No effort whatsoever was made by the Government to obtain a protective order or a finding from this Court that the required Rule 26 voluntary disclosures were inappropriate in this case.

8. Rule 26 was enacted and written to operate automatically without Court intervention. Objections to Disclosure under Rule 26 are frowned on and the party who would make such objection must shoulder the burden of proving "good cause" or face Rule 37 sanctions for non-compliance.

**CONCLUSION**

Based on the facts and record of this case referenced by this response, the Declaration of Joe Alfred Izen, Jr. with its supporting Exhibits and the legal argument and authority presented in this response, this Court should enter an order: (1) denying all relief requested by the Government in its Motion to Excuse the United States From Sanctions For Failure to Comply With Rule 26(a); (2) excluding the Government's evidence which was not properly disclosed under FRCP Rule 26 and/or making such other orders as the Court deems in its discretion to be just; and (3) granting Defendant Swenson Trustee such other and further

relief, both in law and in equity, to which he may show himself to be justly entitled.

>                                    Respectfully submitted,
>
>                                    /s/ Joe Alfred Izen, Jr.
>                                    _____
>                                    Joe Alfred Izen, Jr.
>                                    TBC # 10443500
>                                    5526 McKnight Street
>                                    Houston, Texas  77035
>                                    (713) 668-8815
>                                    (713) 668-9402 FAX
>                                    jizen@comcast.net
>                                    Attorney for Defendant Stanley
>                                    Swenson, Trustee for Hotlum
>                                    Trust, Berryvale Trust, and
>                                    Regency Trust

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document and the Declaration of Joe Alfred Izen, Jr. with its attached Exhibits were sent to the following attorneys and parties on March 28, 2024 via ECF transmission:

| | |
|---|---|
| MATTHEW GILMARTIN, | JIHAD M. SMAILI (Local Counsel) |
| Ohio Bar #024683 | SMAILI & ASSOCIATES |
| Matthew Gilmartin, | 615 Civic Center Drive West, |
| Attorney at Law, LLC | Suite 300 |
| P.O. Box 939 | Santa Ana, CA 92701 |
| North Olmsted, OH 44070 | jihad@smaililaw.com |
| matt7g@att.net | |
| Attorney for L. Richard Shearer | Diane Shearer |
| | 701 Pine Street |
| SHAUN CUNNINGHAM (Local Counsel) | Mt. Shasta, CA 96067 |
| Law Office of Shaun Cunningham | office@drshearer.com |
| 41 Vantis Drive | Pro se |
| Aliso Viejo, CA 92656 | |
| mrshauncunningham@gmail.com | Chelsea Bssell and |
| Attorney for L. Richard Shearer | Alexander Stevko |
| and Diane Shearer | Trial Attorneys, Tax Division |
| | U.S. Department of Justice |
| | P.O. Box 683 |
| | Ben Franklin Station |
| | Washington, D.C. 20044-0683 |

>                                    /s/ Joe Alfred Izen, Jr.
>                                    _____
>                                    Joe Alfred Izen, Jr.

SHEARER.OBJ/TK526

Joe Alfred Izen, Jr.
5222 Spruce Street
Bellaire, Texas 77401
(713) 668-8815
(713) 668-9402 FAX

Jihad M. Smaili, Esq.
SMAILI & ASSOCIATES, PC
Civic Center Plaza Towers
600 West Santa Ana Blvd., Suite 202
Santa Ana, California 92701
(714) 547-4700
(714) 547-4710 (f)
www.smaililaw.com
ATTORNEYS FOR DEFENDANT,
STANLEY SWENSON, TRUSTEE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § VS. § § L. RICHARD SHEARER, et al., § § Defendants. § § | CASE NO. 2:12-CV-02334 |

**ORDER ON
DEFENDANT SWENSON TRUSTEE'S RESPONSE TO GOVERNMENT'S MOTION TO EXCUSE THE UNITED STATES FROM SANCTIONS FOR FAILURE TO COMPLY WITH RULE 26(a) AND IN FURTHER SUPPORT OF EXCLUSION OF EVIDENCE AND OTHER RELIEF UNDER F.R.C.P. RULES 26 AND 37**

BEFORE the Court came on to be heard the Government's Motion to Excuse the United States from Sanctions for Failure to Comply with Rule 26(a).

This Court, after considering said motion and all responses thereto filed by the Defendants in this case, Defendant Swenson Trustee, L. Richard Shearer, and Diane Shearer, and the arguments of counsel at the hearing held by this Court on the Government's motion is of the opinion that the relief requested by the Govern-

ment SHOULD / SHOULD NOT BE GRANTED.  Based on this determination, it is;

ORDERED that the Government's Motion to Excuse the United States From Sanctions For Failure to Comply With Rule 26(a) IS / IS NOT DENIED in all of its particulars.  It is further;

ORDERED that the Government's evidence which was not properly disclosed under FRCP Rule 26 IS / IS NOT EXCLUDED from entry into evidence at the trial on the merits of this case.

SIGNED on this the ___ day of April, 2024.

_____
UNITED STATES DISTRICT JUDGE
DANIEL J. CALABRETTA