DAVID A. HUBBERT
Deputy Assistant Attorney General

Alexander Stevko (CABN 301359)
Chelsea Bissell (MTBN 58862977)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
(202) 616-2380 (AS)
(202) 307-1372 (CB)
(202) 307-0054 (f)
Alexander.Stevko@usdoj.gov
Chelsea.E.Bissell@usdoj.gov
*Counsel for the United States of America*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. Richard Shearer; Diane Shearer; Stanley Swenson as Trustee of the Hotlum Trust, Berryvale Trust, and Regency Trust; et al.;<br><br>　　　　　Defendants. | No. 2:12-CV-02334-TLN-DB<br><br>**REPLY IN SUPPORT OF THE UNITED STATE'S MOTION TO EXCUSE IT FROM SANCTIONS FOR FAILURE TO COMPLY WITH RULE 26(a)** |

The Court should grant the United States' Motion to excuse its formal compliance with Federal Rule of Civil Procedure 26(a) (ECF No. 162) because the United States shared the substance of Rule 26(a) disclosures – identifying witnesses, identifying documents in its possession, and producing the documents – with the defendants while discovery was still open, so they are not prejudiced in any way. The narrow issue for the Court to decide is whether the United States' substantive compliance with Rule 26(a) by disclosing the same information contemplated by the rule through discovery responses excuses its formal non-compliance in failing to make such disclosures in a document captioned "Rule 26(a) disclosures." Issues related

to objections raised to specific question in 2014 or the sufficiency of the evidence the United States will present at trial are separate and not germane to the United States' motion. The oppositions filed by Diane Shearer (ECF No. 163) and Stanley Swenson as trustee (ECF No. 165), however, mostly discuss these separate issues and are therefore irrelevant; they spend pages arguing issues that should have been litigated during discovery or relate to the merits of the issues to be decided at trial. Nothing in the responses, therefore, justifies denying the United States' motion and preventing the United States from relying on witnesses – including the defendants themselves – and documents it previously identified. The United States will reply to both defendants' oppositions below by first replying to the unique arguments or issues raised by each opposition and then replying to the incorrect shared argument that failure to formally comply with Rule 26(a) necessitates the exclusion of all witnesses and evidence.

## ARGUMENT

### I. Diane Shearer previously received and relied on the disputed documents and her arguments are irrelevant and unrelated to the United States' motion.

As an initial matter, it bears repeating that in 2014, Diane Shearer was represented by attorney Matthew Gilmartin, and there is no dispute that the United States served two disks with exhibits Bates stamped IRS 00001 – 04354 and 04410 – 04992 and interrogatory responses identifying witnesses on Mr. Gilmartin while discovery was open in this case. Mrs. Shearer, through Mr. Gilmartin, relied on these documents in her motion for summary judgment in this case. *See* Gilmartin Decl. (ECF No. 66-2, pp. 1-2). This means that Mrs. Shearer timely received these documents during discovery, and this should end consideration for her request to exclude the United States' identified exhibits and witnesses. Indeed, Dr. Shearer, who is still represented by Mr. Gilmartin, is not opposing the United States' motion, and it is frivolous for Mrs. Shearer to adopt a different litigating position now based on events that happened while she too was represented by Mr. Gilmartin.

2

Mrs. Shearer's specific arguments all fail to justify the Court granting her requested relief. First, she claims that the United States did not produce documents to her when she informally requested them in 2023, but there were no pending deadlines or discovery obligations on the United States at that time, and she could have just as easily asked her previous counsel for the documents he possessed. In fact, that is what should have happened: when she chose to proceed pro se in 2022, Mrs. Shearer should have received all the case files she wanted from her previous attorney, and those files would have included the documents she now demands from the United States. That said, in addition to timely identifying its potential exhibits in the joint pretrial statement (ECF No. 157), the United States also re-produced all the documents for all the defendants on March 14, 2024 through an online filesharing service. *See* Bissell Decl. (ECF No. 162-1, ¶ 12).

Mrs. Shearer also says it was improper for the United States not to share a free copy of the deposition transcripts at issue in this case. This, too, is something she could have asked her previous counsel about or obtained on her own, and the United States was under no obligation to undercut the court reporting service and make copies for the defendants. Litigants may not circumvent court reporter costs through requests for production. *E.g., Brown v. Johnson & Johnson, Inc.*, No. 117CV01285AWIEPG, 2018 WL 5734531, at *3 (E.D. Cal. Oct. 31, 2018). Nor is there any rule entitling pro se litigants, even those proceeding in forma pauperis (unlike Mrs. Shearer), to free copies of deposition transcripts. *E.g., Spencer v. Lopez*, No. 120CV01203JLTCDBPC, 2022 WL 16751917, at *2 (E.D. Cal. Nov. 7, 2022). Simply put, there is nothing improper or unfair about Mrs. Shearer being required to pay for her own copies of deposition transcripts from the officer(s) before whom the depositions were taken.

Second, Mrs. Shearer claims the disclosure through discovery responses was not harmless because the interrogatory response did not alert Dr. and Mrs. Shearer that they may have to testify

3

about issues other than the sham trusts. Interrogatory Six from the defendants to the United States asked the United States to "List, name, and describe all witnesses with knowledges of facts relevant to the claims of the United States against Defendants L. Richard Shearer, Diane Shearer and Stanley Swenson…". *See* Inter. (ECF No. 162-2, p. 5). Listing the defendants' names in the answer thus should have reasonably given the defendants notice that they could be witnesses regarding any of the United States' claims. The United States' response added that the Shearers and Stanley Swenson may have information about "the sham trust arrangement," but that does not mean the defendants should not have anticipated being called as witnesses at trial more broadly. As parties, they were always on notice they may have to testify in this case, and the interrogatory response said they may have information about the "sham trust arrangement" and not only the specific claim in the complaint about the sham trust. In any event, the United States' other remaining claims, such as nominee and fraudulent transfer, are all directly tied to the trust arrangement disputed in this case, so the discovery response sufficiently identified both the defendants and other possible witnesses that the United States may rely on for trial, and identifying these witnesses in a discovery response while discovery was open rather than a document captioned "Rule 26(a) disclosures" was harmless.

      Lastly, Mrs. Shearer's other arguments relate to issues not at issue presently. She makes claims about the value of the transferred property, but that is something to be addressed at trial and post-trial briefing, and her arguments about payment they made for Mr. Shearer's criminal restitution are separate from this case and unrelated to disclosure of documents and witnesses. Indeed, the Court has properly stricken these irrelevant portions of Mrs. Shearer's response. (ECF No. 166.)

      Nothing in Mrs. Shearer's response justifies denying the United States' motion.

**II.     The United States made the equivalent of Rule 26(a) disclosures to Stanley Swenson.**

Stanley Swenson claims that he never received the documents Bates stamped IRS 00001 – 04354, and he points to the lack of a FedEx delivery confirmation for that specific item as proof. Mr. Swenson's argument fails for both legal and factual reasons, either of which is sufficient for the Court to grant the United States' motion.

As a legal matter, whether Mr. Swenson through his attorney Joe Izen, received actual copies of the documents Bates stamped IRS 00001 – 04354 is not the proper question. Under Rule 26(a), a party must just identify documents such that an opposing party can request them. *See Dhaliwal v. Singh*, No. 1:13-CV-00484-LJO, 2014 WL 2957310, at *5 (E.D. Cal. June 30, 2014) (noting that "Rule 26(a) (1)(A)(ii) does not require the actual production of documents."); *Forbes v. 21st Century Ins. Co.*, 258 F.R.D. 335, 337 (D. Ariz. 2009) ("a duty to disclose is not synonymous with a duty to produce"); Advisory Committee Note to 1993 Amendment to Rule 26 ("the other parties are expected to obtain the documents desired by proceeding under Rule 34 or through informal requests"). In the letter from previous United States counsel on July 8, 2014, attorney Patrick Jennings told Joe Izen, "You previously received the documents referred to in the discovery response enclosed, a CD-ROM containing pdf files Bates IRS00001 – IRS04354", and the substantive response to Mr. Swenson's discovery discussed several documents and included a privilege log further describing documents in the IRS administrative file. *See* Bissell Decl., Exhibit 2 (ECF No. 162-3). Joe Izen was also served with a copy of the United States' responses to written discovery from the Shearers, which identified the same documents on January 30, 2014. *See* Bissell Decl., Exhibit 1 (ECF No. 162-3, p. 23). And Joe Izen was included on emails between Matthew Gilmartin and Patrick Jennings discussing the United States' production of a CD with documents Bates stamped IRS 00001 – 04354. *See* Bissell Decl., Exhibit 3 (ECF No. 162-4, p.5).

Joe Izen was given even further notice about these documents during the depositions that were taken in this case. For example, on June 3, 2014 (so before the July 8th letter in which U.S. counsel referenced the previously disclosed government documents to Joe Izen), Patrick Jennings deposed Richard Shearer; he also deposed Stanley Swenson on June 4, 2014, and Daniel Bullock on June 5, 2014. During these depositions, Patrick Jennings referenced multiple exhibits from the identified Bates range of IRS 00001 – 04354. *See* Stevko Decl. ¶¶ 3-5, Exhibits 7-9. This alone is sufficient to render any lack of initial disclosures harmless. *See Tijerina v. Alaska Airlines, Inc.*, No. 22-CV-203 JLS (BGS), 2023 WL 3997972, at *6 (S.D. Cal. June 14, 2023) (allowing reliance on witnesses disclosed during deposition rather than in initial disclosures); *Orellana v. Cnty. of Los Angeles*, No. CV1201944MMMCWX, 2013 WL 12129290, at *10 (C.D. Cal. June 26, 2013) (citing cases and finding document sufficiently disclosed where it was described during deposition); *Jenkins v. Med. Lab'ys of E. Iowa, Inc.*, 880 F. Supp. 2d 946, 956 (N.D. Iowa 2012), *aff'd*, 505 F. App'x 610 (8th Cir. 2013) (finding no surprise or prejudice when a witness that was not included in a formal initial disclosure was identified in a deposition).

Stanley Swenson, through his counsel, was therefore given notice of the documents multiple times, and that is sufficient to meet Rule 26(a). Even if he did not receive copies of the documents (which the United States disputes, as discussed below) he could have requested them specifically by Bates number either informally or pursuant to Rule 34 as the advisory committee notes to Rule 26 suggest. The United States therefore made the proper disclosures required by Rule 26(a) and the failure to specifically identify them as "Rule 26 disclosures" is harmless as discussed below.

Because the United States met the legal requirements of Rule 26 through its undisputed communications with counsel for Stanley Swenson, the Court does not need to determine if a disk with documents IRS 00001 – 04354 was ever actually served on Joe Izen. But a review of the

facts makes clear that it was. First, previous U.S. counsel stated that Joe Izen should have received such a disk, and it is undisputed that all other discovery responses were served on both counsel for the different defendants. When the parties needed to discuss discovery over email, they would. *See* Stevko Decl. ¶ 7, Exhibit 11. It is therefore not believable that after receiving multiple letters and emails about such a disk, and after seeing documents contained on the disk in depositions, Joe Izen would not have followed up by email if he had not received the documents.

Furthermore, the available evidence indicates that Matthew Gilmartin forwarded on the duplicate disk he received to Joe Izen. The two communicated regularly and sometimes one would act on behalf of the other with regard to the United States. *See* Stevko Decl. ¶ 6, Exhibit 10. Stanley Swenson's response notably contains no declaration from Mr. Gilmartin swearing that he did *not* forward the disk to Mr. Izen. And even if Mr. Gilmartin did fail to share the disk as everyone contemplated at the time, it would be wrong to hold that against the United States now. As reflected in the correspondence, the United States followed the parties' instructions regarding where and how to make the first document production and made no secret that it anticipated the defendants would share the duplicate disks sent to Mr. Gilmartin. For Stanley Swenson to now, years later, complain about a production method the defendants themselves requested and accepted amounts to a belated "gotcha" that the Court should reject. *Dhaliwal*, 2014 WL 2957310, at *7 (refusing to exclude evidence where party failed to raise complaints about disclosure during discovery period); *Perry v. Brown*, No. CV 18-9543-JFW(SSX), 2019 WL 6888048, at *4 (C.D. Cal. June 11, 2019) (finding lack of formal disclosures substantially justified and harmless where Defendant's counsel "never complained or raised any issue" earlier in litigation).

With the record before the parties and the Court, it is not credible that Joe Izen never received the documents and never moved to compel or contacted previous U.S. counsel in any

7

way. The most obvious explanation for the lack of such actions is because he did in fact receive the documents at the time and cannot remember it now. This means that not only did the United States meet the legal requirement of Rule 26(a) by identifying the documents in its possession multiple times, but it also went further and produced copies of the actual documents.

### III. Stanley Swenson's legal arguments misstate the legal standard for Rule 37 sanctions or are irrelevant.

Mr. Swenson's opposition raises many arguments as to why the documents identified in the pretrial statement should be excluded: failure to comply with Rule 26 along with a narrow interpretation of *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185 (9th Cir. 2022) and Rule 37, failure to disclose some documents at all, and the United States' purported failure to obtain a protective order. All these arguments fail.

The United States concedes that it can find no record that it disclosed the information included in Rule 26(a) on a specific document captioned "Rule 26(a) disclosures" after an initial Rule 26 conference.[1] But as explained in the previous sections, the United States provided the same substantial information in discovery responses and other communications while discovery was still open, and defendants could have acted on it. In such a situation, Rule 37 says to exclude such documents and witnesses only if the failure to formally comply with Rule 26 was not substantially justified or harmless. *Liberty Ins. Corp. v. Brodeur*, 41 F.4th at 1190–91; *Mollica v. Cnty. of Sacramento*, No. 2:19-CV-02017-KJM-DB, 2023 WL 6723395, at *3 (E.D. Cal. Oct. 12, 2023). To make such a determination, courts consider four factors: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence. *Id.*

---

[1] The United States notes that there is likewise no record that either of the Shearers or Stanley Swenson ever made such disclosures.

The United States explained in its motion why the four factors supported allowing the United States to rely on the disputed documents and witnesses at trial here: (1) there is no prejudice because the witnesses and documents were identified and disclosed during discovery and before depositions began; (2) the United States can and has easily cured any prejudice by re-producing the documents; (3) because the information was disclosed over a decade before trial and the documents were recently reproduced[2], this issue will not disrupt trial; and (4) there is no evidence of bad faith in the failure to formally comply with Rule 26. The oppositions claim bad faith and wrongdoing by the government, but they do not provide any evidence of this, and previous U.S. counsel's forthrightness in sharing the information shows there was no intent to conceal information for a bad faith surprise at trial.

Swenson attempts to confuse the issue by claiming that *Brodeur* is inapposite because it dealt with witnesses and not documents. But that is incorrect. While *Brodeur* did specifically deal with untimely disclosed witnesses, it is interpreting Rule 37(c), and Rule 37(c) applies equally to the failure to provide "information" or witnesses required by 26(a), and that information would include identified documents. The same standard therefore applies to the witnesses and exhibits the United States disclosed through discovery and plans to use at trial, and the lack of harm from relying on any such exhibit or witness means the Court should grant the United States' motion.

Swenson's other arguments fail. It is unclear, but it seems as if Swenson is arguing that the United States did not disclose or identify documents in discovery and should therefore not be able to rely on them. The United States is only going to rely on exhibits that are within the Bates

---

[2] In his declaration, Joe Izen claims he was not able to view the documents and the United States failed to respond to his requests for assistance. The email that Mr. Izen attached as Exhibit 4 to his declaration shows that he emailed a nonresponsive email from the file-sharing service rather than email U.S. counsel at their DOJ email addresses or call. The United States would have and can assist Mr. Izen if he actually contacts U.S. counsel and asks for assistance or to otherwise confer about this matter. *See* Stevko Decl. ¶ 8.

range of previously disclosed documents, so this is not an issue. Swenson's citation to *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417 (9th Cir. 2011) is irrelevant because the United States is not relying on a protective order under Rule 26. The United States disclosed the information required by Rule 26, just not in a formal "initial disclosure." And Swenson's arguments about improper objections from the United States in its 2014 responses are inappropriate at this time. If he wanted to litigate the merits of an objection, the time to do so was when written discovery was still open; Swenson never moved to compel different responses. And, in any event, the United States is not relying on any documents it may have withheld under a claimed objection, so this does not affect any of the documents or witnesses currently at issue.

**IV.    The defendants fail to show any harm from the lack of formal initial disclosures that would justify excluding all witnesses and evidence.**

Ultimately, Mrs. Shearer and Swenson fail in identifying *any* actual harm. They instead focus on procedural technicalities when the evidence shows that all the parties operated with some level of informality when discovery was open. The United States' witnesses listed in the pretrial order include only the defendants themselves or witnesses who were already deposed. The defendants therefore cannot claim surprise about the identity of any witness, nor can they claim to be surprised about potential future testimony. Similarly, the documents the United States listed as exhibits range from tax records submitted by the defendants to financial and other records of the trusts or defendants; these are all documents the defendants should have had some familiarity with. Most are documents the defendants themselves originally controlled or created. This means that the defendants cannot claim any harm. To show the type of harm that would justify exclusion under Rule 37, the defendants would have to show true surprise and that they would have done something differently during discovery they cannot do now, such as depose an untimely disclosed witness. Defendants have not – and cannot – show any of this.

**CONCLUSION**

For the foregoing reasons, the Court should grant the United States' motion and hold that the United States may rely on the exhibits and witnesses identified in the pretrial order.

Date: April 2, 2024					Respectfully submitted,

						DAVID A. HUBBERT
						Deputy Assistant Attorney General

						*/s/Alexander Stevko*
						ALEXANDER STEVKO
						Trial Attorney, Tax Division
						U.S. Department of Justice

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on April 2, 2024, I caused a copy of the foregoing Motion, to be sent to the following by ECF notification:

| | |
|---|---|
| MATTHEW GILMARTIN,<br>Ohio Bar #024683<br>Matthew Gilmartin, Attorney at Law, LLC<br>P.O. Box 939<br>North Olmsted, OH 44070<br>matt7g@att.net | Attorney for L. Richard Shearer |
| SHAUN CUNNINGHAM (Local Counsel)<br>Law Office of Shaun Cunningham<br>41 Vantis Drive<br>Aliso Viejo, CA 92656<br>mrshauncunningham@gmail.com | Attorney for L. Richard Shearer and Diane Shearer |
| JOE ALFRED IZEN, Jr<br>5222 Spruce Street<br>Bellaire, TX 7740<br>jizen@comcast.net | Attorney for Stanley Swenson as Trustee of the Hotlum Trust, the Berryvale Trust and the Regency Trust |
| JIHAD M. SMAILI (Local Counsel)<br>SMAILI & ASSOCIATES<br>615 Civic Center Drive West, Suite 300<br>Santa Ana, CA 92701<br>jihad@smaililaw.com | Attorneys for Stanley Swenson as Trustee for Hotlum, Berryvale, and Regency Trusts |

I also certify that on the same day I served the following parties by mail and email:

Diane Shearer
701 Pine Street
Mt. Shasta, CA 96067
office@drshearer.com
*Pro se*

                                                    /s/ *Alexander Stevko*
                                                    Alexander Stevko
                                                    Trial Attorney, Tax Division
                                                    U.S. Department of Justice