```
MATTHEW GILMARTIN,
Ohio Bar #0024683
Matthew Gilmartin,
Attorney at Law, LLC
P.O. Box 38040
Olmsted Falls, OH 44138
matt7g@att.net
(440)558-9014

SHAUN CUNNINGHAM (Local Counsel)
Law Office of Shaun Cunningham
41 Vantis Drive
Aliso Viejo, CA 92656
mrshauncunningham@gmail.com
Attorneys for L. Richard Shearer
```

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| Plaintiff, | § |
| VS. | § CASE NO. 2:12-CV-02334 |
| L. RICHARD SHEARER, et al., | § |
| Defendants | § |

**DEFENDANT, L. RICHARD SHEARER'S, ADOPTION AND JOINDER IN DEFENDANT, STANLEY SWENSON, TRUSTEE'S RESPONSE TO GOVERNMENT'S MOTION TO EXCUSE THE UNITED STATES FROM SANCTIONS FOR FAILURE TO COMPLY WITH RULE 26(a) AND IN FURTHER SUPPORT OF EXCLUSION OF EVIDENCE AND OTHER RELIEF UNDER F.R.C.P. RULES 26 AND 37**

TO THE PRESIDING UNITED STATES DISTRICT JUDGE OF THE EASTERN DISTRICT OF CALIFORNIA:

Defendant, L. Richard Shearer ("SHEARER") through his counsel of record, Matthew Gilmartin, hereby certifies that Defendant Shearer adopts and joins in the responsive pleadings of Defendant, Stanley Swenson, Trustee, titled Defendant, Stanley Swenson, Trustee's Response to Government's Motion to Excuse the United States From Sanctions for Failure to Comply with Rule 26(a) and in Further Support of Exclusion of Evidence and Other Relief Under F.R.C.P. Rules 26 and 37 and for grounds in support

1

of such adoption and joinder, would show the Court the following:

**GROUNDS SUPPORTING ADOPTION AND FILING OF JOINDER**

I.

1. Previously, this Court set a schedule for consideration and ruling on the United States' Motion to Excuse the United States From Sanctions For Failure to Comply With Rule 26(a). The United States filed its Motion to Excuse from Rule 37 sanctions for noncompliance with Rule 26(a) on March 20, 2024. DKT 160.

2. Based on this Court's order Defendant Shearer's response to such Government's motion was due to be filed on March 28, 2024. DKT. 159.

3. Shearer's counsel Gilmartin began experiencing life threatening medical complications caused by his pre-existing condition of diabetic disease including the following:

> Starting in the morning of Thursday March 28th and throughout the remainder of the day, he was feeling aches and pains all over his body and especially in his arms and shoulders. He had to rest and was unable to do any work or attend to his clients' legal affairs. In the afternoon, around 2:30 p.m., he got up to get a drink of water and was unable to maintain his balance to walk down the hall in his apartment without falling over towards the wall to catch himself. He became very concerned and laid back down. At about 3:00 p.m. he wanted to go to his doctor's office which is about three miles away. He did not think that he was able to drive his car the three miles to her office. He called his friend. His friend advised him to call 911 and have EMS come and take him. Gilmartin did so. When they arrived, they were concerned that either Gilmartin was having the start of a heart attack or a stroke.

> Gilmartin has been a diabetic since 2002. One of the diabetic medicines that he has been on for about three months, Manjourna is on its manufacturer back log for about a month. He ran out of it about three weeks ago and has not been able to refill it. While he was on it, his sugar numbers were under control. Since he has stopped taking it, his sugars have shot up into the 200 to 400's.

> Gilmartin also has had two heart attacks in the recent past. The last one on October 27th, 2020 resulted in him undergoing a triple bypass at the Cleveland Clinic.
>
> When Gilmartin arrived at the emergency room, at about 3:30 p.m. the nurses and M.D. had the same concerns as the EMS paramedics. They ordered an X-Ray, CAT Scan of Gilmartin's head, chest and abdomen. These were not done until about 1:00 a.m. the next day. Gilmartin also had a low fever, so after they checked him into hospital bed, he was kept under observation and on an antibiotic drip until he was discharged from the hospital on the following Sunday, March 31st, 2024. Fortunately, the CAT Scan, etc. showed no signs of a stroke or heart attack but did show gallstones and a possible infection in his gallbladder. Gilmartin am supposed to schedule follow up appointments with his doctor.

These incidents that resulted, ultimately in Gilmartin's hospitalization in Cleveland, Ohio at Southwest General Hospital located in Middleburg Hts., which is a suburb of Cleveland, Ohio, from Thursday afternoon, March 28th, 2024 until Sunday evening March 31st, 2024.

    4.   Attorney Gilmartin was unable to fully research the issues raised by the Government's Motion to Excuse and the questions concerning Federal Rules of Civil Procedure Rule 26 raised by this Court between the time the Government filed its motion, and the time attorney Gilmartin was discharged from the hospital.

    5.   Defendant Shearer is claimed to be a transferor of what the Government claims were fraudulent transfers of real estate to transferee Defendant Swenson Trustee.  A potential conflict of interest exists between the Shearer transferors and transferee Defendant Swenson Trustee with respect to the Government's fraudulent transfer case.  The Government's access to the trust real estate previously conveyed by the Shearers to Defendant Swenson Trustee would assist in paying the United States income taxes and other amounts this Court finally determines are owed by the

1  Shearer Defendants if the Government were able to set aside the
2  transfers and sell the property.
3      6.  On the other hand, the Defendant Shearers have the right
4  to defend against the Government's fraudulent transfer claim in
5  their capacity as alleged transferors in a fraudulent transfer
6  case even if the Shearer Defendants are also taxpayers alleged to
7  be in default of their prior income tax obligations.
8      7.  The required Rule 26 disclosures which the Government
9  failed to make concealed evidence crucial to the Shearers' de-
10 fense of the fraudulent transfer action which the Shearers could
11 make as transferor Defendants including the proof that the Gov-
12 ernment would have to present to satisfy its burden that the
13 Shearer Defendants were rendered insolvent by the transfers
14 attacked by the Government as fraudulent and/or that the Shearer
15 Defendants had no reasonable expectation of being able to pay
16 future tax obligations out of their future income after the
17 fraudulent transfers.
18     8.  The parties are approaching the mandatory attendance
19 dates ordered by this Court for settlement conference with an
20 assigned U.S. Magistrate.  Due to the Government's discovery
21 default, Defendant Shearer faces extreme prejudice in evaluating
22 the validity and strength of the Government's fraudulent transfer
23 case. That inability to evaluate the Government's case prejudices
24 any reasonable settlement efforts and ultimately the presentation
25 of Defendant Shearer's case-in-chief at the bench trial if the
26 case does not settle.
27     9.  Accordingly, Defendant Shearer certifies through his
28 counsel that he adopts and joins in all of the arguments and

1 briefing and factual proof presented by Defendant Swenson Trustee in support of Defendant Swenson Trustee's Response to the Government's Motion to Excuse.

10. Defendant Shearer's counsel had the opportunity to fully read and review Defendant Swenson Trustee's response and has discussed this adoption and joinder with his client, Defendant Shearer before making this adoption and joinder. Attorney Gilmartin has also previously discussed with Defendant Shearer the potential conflict of interest in this case between the interests of the trusts represented by Defendant Swenson Trustee and the Shearer Defendants individually.

**LEGAL AUTHORITY IN SUPPORT OF ADOPTION AND JOINDER**

II.

1. Federal Rules of Civil Procedure Rule 10 generally allows a party to adopt the content of his pleadings or "other pleadings" including any attachments or Exhibits to such pleadings or other pleadings. Federal Rules of Civil Procedure Rule 10 considers such pleading attachments to be part of the pleadings and allow adoption.

2. Thus the text of Federal Rules of Civil Procedure Rule 10 supports adoption, but does not specifically address a party's rights to adopt the arguments in pleadings, motions, or briefs, of another party.

3. Adoption of arguments including both legal positions and factual arguments as well as joinders in requests for affirmative relief or responsive relief or defenses was an approved practice which pre-existed the enactment and adoption of the Federal Rules of Civil Procedure.

5

4. A relic of former common law pleading practice in the Federal Courts, adoption and joinder are an allowed practice under Federal Rules of Civil Procedure which is still viable and recognized.

5. The following authorities support Defendant Shearer's adoption and joinder he hereby certifies through the filing of this paper:

a. *American Bell Tel. Co. v. W.U. Tel. Co.*, 69 F. 666 (1st Cir. 1895) (Joinder in Motion to Dismiss with prejudice allowed prior to dismissal without prejudice).

b. *In re DFWS, Inc.*, 32-CA-261075, P. 1 (N.L.R.B. Nov 20, 2020) (Right to join in MSJ filed by another party recognized in NLRB case).

c. *Sanders v. John Nuveen &amp; Co., Inc.*, 463 F.2d 1075, 1077 (7th Cir. 1972) (Adoption of pleadings allowed by specific document requesting adoption.)

d. *Fleischer, Matter of*, 9 F.3d 107 (6th Cir. 1993) (Mere appearance by counsel on prior pleadings not enough; adoption and joinder requires formal document or pleading ratifying and adopting prior pleadings).

e. *Zunamon v. Brown*, 418 F.2d 883 at fn 1 (8th Cir. 1969) (Adoption allowed in federal court of both pleadings and briefs of other parties).

f. *Johnson v. Barney*, 53 F.2d 770, 771 (8th Cir. 1931) (Adoption of pleadings allowed in federal court for trustee in bankruptcy).

g. *United States v. State Road Department of Florida*, 189

F.2d 591, 593 (5th Cir. 1951) (Adoption of pleadings is a joinder that is allowed in actions with US as party).

h. *Walker v. United States*, 180 F.2d 217, 218 (7th Cir. 1950) (Adoption of pleadings allowed against US by defendants).

**PRAYER**

WHEREFORE, Defendant Shearer adopts and joins in the legal and factual arguments contained and set out in Defendant Swenson Trustee's Response to Government's Motion to Excuse the United States From Sanctions for Failure to Comply with Rule 26(a) and in Further Support of Exclusion of Evidence and Other Relief Under F.R.C.P. Rules 26 and 37 and moves this Court to enter the following order: (1) denying the Government's Motion to Excuse and all relief requested therein; and (2) granting Defendant Shearer such other and further relief to which he may be entitled in law or in equity.

Respectfully submitted,

/s/ Matthew Gilmartin
MATTHEW GILMARTIN,
Ohio Bar #024683
Matthew Gilmartin,
Attorney at Law, LLC
P.O. Box 38040
Olmsted Falls, OH 44138
(440)558-9014 Tel.
(440)398-0179 Fax
matt7g@att.net
Attorney for L. Richard Shearer

7

**Matthew Gilmartin's Declaration under the Penalty of Perjury Concerning his Medical Emergency**

I, Matthew Gilmartin, do hereby swear and declare under the penalty of perjury, that the statements of facts that I made in the above motion concerning my medical emergency and hospitalization from Thursday March 28 through March 31, 2024 are true and correct to the best of my knowledge, so help me God.

/s/ Matthew Gilmartin
Matthew Gilmartin

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document were sent to the following attorneys and parties on April 2nd, 2024 via ECF transmission:

Joe Alfred Izen, Jr.
5526 McKnight Street
Houston, Texas  77035
Attorney for Stanley
Swenson Trustee

JIHAD M. SMAILI (Local Counsel)
SMAILI & ASSOCIATES
615 Civic Center Drive West,
Suite 300
Santa Ana, CA 92701
jihad@smaililaw.com

SHAUN CUNNINGHAM (Local Counsel)
Law Office of Shaun Cunningham
41 Vantis Drive
Aliso Viejo, CA 92656
mrshauncunningham@gmail.com
Attorney for L. Richard Shearer

Diane Shearer, Pro se
701 Pine Street
Mt. Shasta, CA 96067
office@drshearer.com

Chelsea Bissell and
Alexander Stevko
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683

/s/ Matthew Gilmartin
Matthew Gilmartin