UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-cv-02334-DJC-DB |
| Plaintiff, | |
| v. | ORDER |
| L. RICHARD SHEARER, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion for Relief from Sanctions for failure to comply with Rule 26.  For the reasons discussed herein, the Court will GRANT IN PART and DENY IN PART Plaintiff's Motion.  The Court finds that Plaintiff sufficiently disclosed the witnesses and many of the documents it intends to rely on at trial, but that it has failed to disclose at least some of the documents as to Defendant Stanley Swenson.  The Court will therefore impose evidentiary sanctions excluding the undisclosed documents.

**I.   Background**

The present action was initiated on September 11, 2012, following the disposition of a criminal matter that determined that Defendant L. Richard Shearer had engaged in a scheme to conceal income from the Internal Revenue Service ("IRS") through a series of sham trusts. (First Am. Compl. ("FAC") (ECF No. 4) ¶ 1; *see United*

1

*States v. Bullock*, No. 2:00-cr-00345-KJM-4 (E.D. Cal.).)  The purpose of the action is to assess the federal tax liability of Defendants L. Richard Shearer and Diane Shearer, to adjudicate the legal status of alleged trusts used by the Shearers, and to foreclose tax liens against certain properties.  (FAC ¶ 1.)  Fact discovery in this case closed on February 1, 2016, with the exception of a limited reopening of discovery for the purpose of taking select depositions which then closed on May 16, 2023.  (See Mot. to Compel Order (ECF No. 151) at 2.)

In their Joint Pretrial Statement (ECF No. 157 at 17, 35) and during the March 20, 2024 status conference, Defendants asserted that they did not receive Rule 26 disclosures or the documents on which Plaintiff intends to rely at trial.  The Court set a hearing for April 4, 2024 to determine whether the Plaintiff had produced the required discovery or otherwise complied with Rule 26.  In anticipation of this hearing, Plaintiff filed the present Motion (ECF No. 162), and a Reply (ECF No. 167) with supporting documentation, which Defendants have opposed (ECF Nos. 163–65, 168). At the hearing, Alexander Stevko and Chelsea Bissell appeared for Plaintiff, Joe Izen appeared for Defendant Swenson, Matthew Gilmartin appeared for Defendant L. Richard Shearer, and Diane Shearer appeared pro se.

## II. Analysis

Rule 26 requires the disclosure of, among other things, individuals likely to have discoverable information and documents the party may use to support its claims or defenses.  Ordinarily, it is appropriate for the district court to impose exclusionary sanctions for the failure to comply with Rule 26.  Fed. R. Civ. Pro. 37 (c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use [the undisclosed] information or witness to supply evidence . . . at a trial."); 37(b)(2)(A)(i)–(vi).  While exclusion of evidence under Rule 37(c) is an "automatic" sanction, the failure to comply with Rule 26 may be excused if the party produces the required information through its discovery responses such that the failure to comply is harmless or substantially justified.  *See* Fed. R. Civ. Pro. 37 (c)(1);

*Merchant v. Corizon Health Inc.*, 993 F.3d 733, 740 (9th Cir. 2021).  In determining whether the failure to comply was harmless, the court should look to "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022).[1]  The Plaintiff has the burden of showing that the harsh sanction of exclusion is not warranted.  *Merchant*, 993 F.3d at 740.

        Based on the evidence produced by the Plaintiff, it is clear that Plaintiff sufficiently disclosed the witnesses at issue: Lonnie Crockett and Daniel Bullock.  In their responses to Defendants' Interrogatories requesting "all witnesses with knowledge of facts relevant to the claims of the United States," Plaintiff lists both Lonnie Crockett and Daniel Bullock. (Mot., Ex. 1 (ECF No. 162-2) at 5; Mot., Ex. 2 (ECF No. 162-3) at 15–16.)  The responses to each Defendant's Interrogatories were sent to all Defendants as evinced by both Fedex shipping receipts and signed proofs of service attached the each. (Mot., Ex. 1 (ECF No. 162-2) at 22–23; Ex. 2 (ECF No. 162-3) at 3–4, 23–24.)  Plaintiff did not provide addresses or contact information for these witnesses, but both are former trustees of the trust accounts at issue and their contact information would have been known to the Defendants. (Joint Pretrial Statement at 14.)  Moreover, each of these witnesses has been deposed in this matter. (*Id.*)  Therefore, Defendants cannot claim they are surprised or prejudiced by the introduction of the witnesses as they were well aware of them and had ample opportunity to depose or otherwise prepare for the introduction of the witnesses.

        Similarly, there is sufficient evidence that documents Bates range IRS04410 to IRS04992 were sent to all Defendants.  Exhibits 4 and 6 to Plaintiff's Motion contains cover letters addressed to both Joe Izen, counsel for Defendant Swenson, and

---

[1] While the Court should also consider lesser sanctions, it is the burden of the party facing sanctions to show that "a sanction other than exclusion is better suited to the circumstances." *Merchant*, 993 F.3d at 741.  Here the Plaintiff has failed to offer any lesser sanctions.

Matthew Gilmartin, counsel for the Shearers,[2] FedEx shipping labels, and signed proof of service which refer to production of these documents. (Mot., Ex. 4 (ECF No. 162-5); Mot. Ex. 6 (ECF No. 162-6).) Because Plaintiff provided these documents through the course of discovery, and well in advance of trial, there is no prejudice or surprise to the Defendants if these documents are introduced into evidence.

However, there is insufficient evidence that Plaintiff produced certain other documents on which it intends to rely to Defendant Swenson. The record shows that documents Bates range IRS00001 to IRS04535 were only sent to the Shearers. A cover letter addressed to Mr. Gilmartin, dated April 29, 2014, states that Bates range IRS00001 to IRS04535 were sent in CD format to Mr. Gilmartin. In an April 30, 2014 email exchange between Mr. Gilmartin and Guy Jennings (the former US Attorney overseeing this case), Mr. Gilmartin confirms receipt of the CDs and asks "[d]id you send a copy to Joe Izen?" to which Mr. Jennings replies "[n]o copy from me to Izen. Two identical copies to you. You can share your information if you chose." (Mot., Ex. 6 (ECF No 162-7) at 2.) Mr. Gilmartin does not state that he did or intended to share the documents. There is no similar cover letter, proof of service, or Fedex label addressed to Mr. Izen from this time, and the exchange between Mr. Gilmartin and Mr. Jennings suggests the documents were not sent to Mr. Izen. There is also no evidence of a sharing agreement between the Defendants. While the Plaintiffs would have this Court infer that the documents were provided by Mr. Gilmartin to Mr. Izen, they have not satisfied their burden of establishing that fact with sufficient evidence. Accordingly, the Court concludes that these documents were not provided to Defendant Swenson.

Despite the failure to produce these documents, the Government sufficiently disclosed certain documents within that Bates range during the course of depositions which satisfies the Rule 26 requirements or makes the failure to disclose harmless.

---

[2] Mr. Gilmartin was counsel for Diane Shearer at the time, though Ms. Shearer is now self-represented. (ECF No. 123.)

4

Rule 26 is satisfied by a description of the category and location of the documents, not necessarily by the production of documents. *N. Am. Lubricants Co. v. Terry*, No. CIV S-11-1284 KJM, 2011 WL 5828232, at *5 (E.D. Cal. Nov. 18, 2011) (finding that the party may meet is disclosure requirements "by providing copies or a []description . . . of all documents").  By marking the documents as exhibits with counsel for Defendant Swenson present, and providing a description of each document in the exhibit indexes, Plaintiff disclosed each of these documents to him within the meaning of Rule 26.  *See Crescenta Valley Water Dist. v. Exxon Mobil Corp.*, No. CV 07–2630–JST (ANX), 2013 WL 12095206, at *2 (C.D. Cal. June 24, 2013) (finding that party satisfied its rule 26 obligation through deposition exhibits and testimony); *U.S. Axminster, Inc. v. Chamberlain*, 176 F.R.D. 532, 534 (N.D. Miss. 1997) (finding that failure to produce document was harmless where the party alerted the other side to the existence of the document during deposition).  Moreover, use of an exhibit in a deposition puts opposing counsel on notice that those same exhibits may be used in trial.  Defendant Swenson is therefore not prejudiced by the introduction of these documents.

During the hearing, Plaintiff asserted that its responses to Defendants' Requests for Production, which the evidence shows were served on all Defendants, similarly satisfy the disclosure requirement.  However, the Government's description of the documents it produced in response to the requests are not sufficient to meet Rule 26's disclosure requirement.  In *Dhaliwal v. Singh*, cited by Plaintiff, the descriptions referencing broad categories of documents including "[l]oan documents" "[a]ccounting records" "[f]inancial records" and correspondence "that pertain to payments, the loan, investment, operations of the Defendant and other matters" were too vague to provide proper notice to the other party about which documents would be relied on.  No. 1:13-CV-00484-LJO, 2014 WL 2957310, at *8 (E.D. Cal. June 30, 2014).  Plaintiff's responses here were, on the whole, similarly broad and vague.  In many instances Plaintiff simple stated "[t]he documents will be produced" in response to requests for, for example, "documents tending to prove that the Shearer's (sic) were

5

financially insolvent." (Mot., Ex. 1 at 13.) Such a response does not put the other party on notice of what those documents are or what they may contain. If the Government believes that particular documents were sufficiently disclosed by particular responses it may make that argument in a motion in limine, keeping in mind its burden to show lack of prejudice. Otherwise, the responses do not fulfill the Rule 26 obligation.

As to any documents not otherwise disclosed, Defendant Swenson would be prejudiced by their introduction with one exception: Defendant Swenson is not prejudiced by the introduction of documents which he or the Trusts provided to the Government or clearly possessed based on information on the face of the document. As the Trustee, Defendant Swenson should have knowledge of and access to that class of documents such that he cannot claim surprise or prejudice. Any other documents not within Defendant Swenson's knowledge or control would, however, result in prejudice if they were admitted at trial.

Although the Court had previously ordered Plaintiff to reproduce all discovery to all Defendants during the March 20, 2024 status conference, given the short period of time before the May 7, 2024 trial date, the late production is unable to remedy the prejudice. The Court would need to continue the trial date to give Defendant Swenson enough time to review the recently provided documents, and would potentially be compelled to reopen discovery depending on how the undisclosed documents impact his defenses. Because this case is nearly 12 years old and the Court has extended discovery and continued trial dates numerous times, the Court finds that continuance would significantly prejudice Defendants and disrupt trial. The failure to disclose these documents is not harmless and the Court will therefore impose the exclusionary sanctions contemplated by Rule 37. This outcome, while harsh, is dictated by the failure to comply with the rules and the prejudice that has resulted. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

////

**CONCLUSION**

For the above reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Sanctions (ECF No. 162) is GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiff may introduce witnesses Lonnie Crockett and Daniel Bullock;
2. Plaintiff may introduce documentary evidence corresponding with Bates range IRS04410 to IRS04992;
3. Plaintiff may introduce those documents entered as exhibits during depositions in which counsel for all Defendants was present, and documents which Defendant Swenson provided to the Government or documents for which it is clear on their face that Defendant Swenson had in his possession; and
4. All other documentary evidence corresponding with Bates range IRS00001 to IRS04535 is excluded as to Defendant Swenson[3] unless the Plaintiff can make an individualized showing that the document was sufficiently disclosed in its responses to the Defendants' Requests for Production.

IT IS SO ORDERED.

Dated:   **April 9, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC2 – 12-cv-02334.Rule26sanctions

---

[3] Although Plaintiffs may theoretically use this evidence as to the Shearers, it appears there are no remaining claims against the Shearers which do not implicate the trusts such that, as a practical matter, the evidence is likely inadmissible at trial.