UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. RICHARD SHEARER, et al.,<br><br>　　　　　Defendants. | No.  2:12-cv-02334-DJC-DB<br><br><br>MODIFIED PRETRIAL ORDER |

On October 19, 2023 the Court conducted a Pretrial Status Conference. Alexander E. Stevko and Chelsea Bissell appeared on behalf of the United States, Matthew Gilmartin appeared on behalf of Dr. L. Richard Shearer; Joe A. Izen appeared on behalf of Stanley Swenson, Vernon L. Swenson, Leora Swenson, the Hotlum Trust, the Berryvale Trust, and the Regency Trust; and Diane Shearer appeared pro se. Based on the results of that pretrial conference, the Court now issues this Final Pretrial Order.

This action proceeds on Plaintiff's First Amended Complaint against Defendants to adjudicate the status of the above-named trusts as either nominee or sham trusts, and the ownership of property held by the trusts.  This matter is set for trial on May 7, 2024.

////

## I. Jurisdiction/Venue

Jurisdiction is predicated on 28 U.S. Code § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). Venue and Jurisdiction are not contested.

## II. Pretrial Conference and Joint Pretrial Statement

The Final Pretrial Conference is set for March 7, 2024. The parties are ordered to file a Joint Pretrial Statement in accordance with the Court's Standing Order seven days before the Final Pretrial Conference.

## III. Jury

This action will be tried by the court, not a jury, pursuant to the Court's Order, ECF No. 102.

## IV. Motions in Limine/Disputed Evidentiary Issues

The parties have not yet filed motions in limine. The Court does not encourage the filing of motions in limine unless they are addressed to issues that can realistically be resolved by the Court prior to trial and without reference to the other evidence which will be introduced by the parties at trial. Any motions in limine counsel elect to file shall be filed on or before April 25, 2024. Each party's motions in limine should be filed in a single document with each motion beginning on a new page within that document. Opposition shall be filed on or before April 30, 2024. Each party's oppositions to motions in limine should be filed in a single document with each opposition beginning on a new page within that document. Where necessary for sealing purposes, a motion in limine or opposition to a motion in limine may be filed separately from the rest of the motions/oppositions. Parties should be prepared to present argument on these motions at the final status conference.

## V. Witnesses

Plaintiff's and Defendants' witnesses shall be those described in the Joint Pretrial Statement. Each party may call any witnesses designated by the other.

**The court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following**

2

**criteria:**

1. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or
2. The witness was discovered after the pretrial conference and the proffering party makes the showing described below.

Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses by filing a notice on the docket so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

1. The witness could not reasonably have been discovered prior to the discovery cutoff;
2. The court and opposing parties were promptly notified upon discovery of the witness;
3. If time permitted, the party proffered the witness for deposition; and
4. If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

### VI.    Exhibits

Plaintiff's and Defendants' exhibits shall be those identified in the Joint Pretrial Statement.  Counsel and/or parties shall file a copy of their respective final exhibit lists no later than April 25, 2024.

No exhibit shall be marked with or entered into evidence under multiple exhibit numbers.  All exhibits must be pre-marked as discussed below.

At trial, joint exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.  Plaintiff's exhibits shall be listed numerically, and Defendants' exhibits shall be listed alphabetically.  The parties must prepare three (3) separate exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the

specifications above. Each binder shall have an identification label on the front and spine. **The final exhibit binders are due to the court on the first day of trial.**

The parties must exchange exhibits no later than 28 days before trial. Any objections to exhibits shall be filed on or before April 30, 2024. In making any objection, the party is to set forth the grounds for the objection. As to each exhibit that is not objected to, no further foundation will be required for it to be received into evidence, if offered.

The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or
2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph B, below.

Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits by filing a notice on the docket so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

1. The exhibits could not reasonably have been discovered earlier;
2. The court and the opposing parties were promptly informed of their existence;
3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**VII.    Further Discovery**

Discovery has been completed and is now closed.

////

**VIII.   Stipulations**

 None.

**IX.   Trial Briefs**

Trial Briefs from both parties shall be filed on April 25, 2024.  The parties' Trial Briefs shall be considered in lieu of opening statements.

**X.   Joint Statement of the Case**

 As this is a bench trial, presentation of an agreed neutral statement of the case is not necessary.

**XI.   Filing Documents**

All documents mentioned above, including but not limited to the Joint Pretrial Statement, Witness Lists, Exhibit Lists, and Motions in Limine, shall be filed on the docket in this action **and** also emailed as a Word document to djcorders@caed.uscourts.gov.

**XII.   Final Status Conference**

The Court will conduct a Final Status Conference on May 2, 2024.  At that time, the Court will hear argument on motions in limine and any outstanding matters to be resolved before trial.

**XIII.   Trial Date/Estimated Time of Trial**

Bench Trial is set for May 7, 2024, at 9 a.m. in Courtroom 10 before the Honorable Daniel J. Calabretta.  Trial is anticipated to last three court days.  The parties are directed to Judge Calabretta's standard procedures available on his webpage on the court's website.

The parties are to contact Gabriel Michel, Courtroom Deputy for Judge Calabretta, via email (gmichel@caed.uscourts.gov), one week prior to trial to ascertain the status of the trial date.

**XIV.   Post Trial Briefs**

Within five days of trial, each party shall request a copy of the full trial transcript. Post Trial Briefs of no more than 15 pages, and each party's Proposed Findings of Fact

and Conclusions of Law, shall be filed 30 days after receipt of the transcript. The Post Trial Briefs will be considered in lieu of closing arguments. The Proposed Findings of Fact and Conclusions of Law must include a record citation for each finding of fact. The parties may file Reply Briefs of no more than 5 pages within 14 days of the Post Trial Brief filing date.

The matter will be submitted upon completion of the briefing. If the Court subsequently concludes that oral argument is necessary, a hearing will be set and the parties notified accordingly.

### XV. Objections to Pretrial Order

Each party is granted 7 days from the date of this order to file objections to the modified portions of the order. If no objections are filed, the order will become final without further order of this Court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this Court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

Dated: April 11, 2024        /s/ Daniel J. Calabretta
                             THE HONORABLE DANIEL J. CALABRETTA
                             UNITED STATES DISTRICT JUDGE